## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC,<br><br>          Plaintiff,<br><br>    v.<br><br>SCHRADER-BRIDGEPORT INTERNATIONAL, INC. d/b/a SCHRADER INTERNATIONAL, INC.; SCHRADER ELECTRONICS LTD.; and SCHRADER ELECTRONICS, INC.,<br><br>          Defendants. | C.A. No. 13-763-GMS<br><br>JURY TRIAL DEMANDED<br><br>█████████████<br><br>**REDACTED PUBLIC VERSION** |

## AMENDED FINAL PRETRIAL ORDER[1]

Kenneth L. Dorsney (#3726)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801-1494
(302) 888-6800

Tara D. Elliott (#4483)
Heath A. Brooks (admitted pro hac vice)
Arianna Evers (admitted pro hac vice)
WILMER CUTLER PICKERING HALE
   AND DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
(202) 663-6748

Robert D. Cultice (admitted pro hac vice)
Cynthia D. Vreeland (admitted pro hac vice)
Monica Grewal (admitted pro hac vice)
Rachel Gurvich (admitted pro hac vice)
WILMER CUTLER PICKERING HALE
   AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000

*Attorneys for Plaintiff*
*Bridgestone Americas Tire Operations, LLC*


**Public version filed: May 22, 2015**

Mary B. Graham (#2256)
Jeremy A. Tigan (#5239)
Thomas Curry (#5877)
MORRIS, NICHOLS, ARSHT &
   TUNNELL LLP
1201 N. Market Street
Wilmington, DE 19801
(302) 658-9200

Jane Michaels
Mher Hartoonian
Benjamin N. Simler
HOLLAND & HART LLP
555 17th Street, Suite 3200
Denver, CO 80202
(303) 295-8000

Donald A. Degnan
Timothy P. Getzoff
Nadya C. Davis
HOLLAND & HART LLP
One Boulder Plaza
1800 Broadway, Suite 300
Boulder, CO 80302
(303) 473-2700

*Attorneys for Defendants*
*Schrader-Bridgeport International, Inc.,*
*d/b/a Schrader International, Inc., Schrader*
*Electronics Ltd., and*
*Schrader Electronics, Inc.*

---

[1] Note that only exhibits 4, 5, 10, 11 and 17 have been amended.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC, <br><br>          Plaintiff, <br><br>    v. <br><br> SCHRADER-BRIDGEPORT INTERNATIONAL, INC. d/b/a SCHRADER INTERNATIONAL, INC.; SCHRADER ELECTRONICS LTD.; and SCHRADER ELECTRONICS, INC., <br><br>          Defendants. | C.A. No. 13-763-GMS <br><br> JURY TRIAL DEMANDED <br><br>  <br><br> **REDACTED PUBLIC VERSION** |

## <u>AMENDED FINAL PRETRIAL ORDER</u>

       This matter having come before the court at a pretrial conference held pursuant to Fed. R.

Civ. P. ("Rule") 16, and Morris James LLP, 500 Delaware Avenue Suite 1500, Wilmington, DE

19801-1494, (302) 888-6800; Wilmer Cutler Pickering Hale and Dorr LLP, 1875 Pennsylvania

Avenue, N.W., Washington, DC 20006, (202) 663-6748; and Wilmer Cutler Pickering Hale and

Dorr LLP, 60 State Street, Boston, MA 02109, (617) 526-6000,  having appeared as counsel for

Plaintiff Bridgestone Americas Tire Operations, LLC ("Bridgestone" or "Plaintiff"); and Morris,

Nichols, Arsht & Tunnell LLP, 1201 N. Market Street, P.O. Box 1347, Wilmington, DE 19899-

1347, (302) 658-9200; Holland & Hart LLP, One Boulder Plaza, 1800 Broadway, Suite 300,

Boulder, CO 80302, (303) 473-2700; Holland & Hart LLP, 555 17th Street, Suite 3200, Denver,

CO 80202 (303) 2955 8000; and Holland & Hart LLP, 222 South Main Street Suite 2200, Salt

Lake City, UT 84101, (801) 799-5800, having appeared as counsel for Defendants Schrader-

Bridgeport International, Inc. d/b/a Schrader International Inc., Schrader Electronics Ltd., and

Schrader Electronics, Inc. (collectively "Schrader" or "Defendants"), the following actions were taken:

## I.     JURISDICTION

This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code.  Bridgestone alleges that Schrader infringes U.S. Patent Nos. 6,630,885 and 7,161,476.  Jurisdiction is invoked under 28 U.S.C. §§ 1331 and 1338(a). Jurisdiction is not disputed.

## II.    STIPULATIONS AND STATEMENTS

The following stipulations and statements were submitted and are attached to and made a part of this Order.

### A.     Statement of Uncontested Facts

1.     The parties' statement of uncontested facts is attached as **Exhibit 1**.

### B.     Statement of Contested Issues of Fact and Law

1.     The parties' statement of contested issues of fact and law is attached as **Exhibit 2**.

### C.     Exhibit Lists

1.     The parties' joint trial exhibit list is attached as **Exhibit 3.**

2.     Bridgestone's list of exhibits, including Schrader's objections, is attached as **Exhibit 4.**  This exhibit also includes a key to the exhibit list objections used by both parties.

3.     Schrader's list of exhibits, including Bridgestone's objections, is attached as **Exhibit 5.**

4.      Each party reserves the right to use exhibits from the other party's exhibit list, even if not separately listed on its own exhibit list.

5.      The listing of a document on a party's exhibit list is not an admission that such document is relevant or admissible when offered by the opposing party for the purpose that the opposing party wishes to admit the document.

6.      Each party may use exhibits not set forth in its exhibit list for purposes of impeachment or rebuttal.

7.      The parties agree that the demonstrative exhibits that the parties intend to use at trial need not be included on their respective lists of trial exhibits.  Plaintiff's demonstratives will be identified with PDX numbers.  Defendant's demonstratives will be identified with DDX numbers.

8.      The parties will identify witnesses expected to testify by 7:00PM two days before the direct examination is expected to take place (for example, a party would identify by Monday at 7:00PM those witnesses it expects to call on Wednesday).

9.      The parties agree to the following procedure for the exchange of trial exhibits to be used with witnesses.  Each party shall identify, for each witness it intends to call on direct examination, the trial exhibits that it expects to use in an examination by 7:00PM on the day before the examination is expected to take place.  The receiving party shall provide to the disclosing party any objections to these exhibits by 8:30PM the day before the examination is expected to take place.  The parties shall then meet and confer in an attempt to resolve any objections to the trial exhibits that are expected to be used during examination.  The parties shall endeavor to resolve all disputes efficiently and in good faith.

10.     The parties agree to the following procedure for the exchange of demonstrative exhibits to be used with witnesses on direct examination.  The examining party shall provide the other party with final copies of any new demonstrative exhibits, not previously disclosed, to be used in its examination by 7:00PM the night prior to the day that the witness will testify in court.  The examining party must provide color PDF files of all demonstratives to be used with each witness, with the exception of demonstrative exhibits created in the courtroom during testimony at trial or the enlargement, highlighting, ballooning, or excerption of trial exhibits or testimony.  The other party shall notify the examining party of any objections that it has to the demonstrative exhibits by 8:30PM the day prior to the witness's testimony.  The parties shall then meet and confer regarding any objections to any demonstrative exhibits.

11.     With respect to opening statements, the parties shall identify any trial exhibits to be used and identify and serve copies of any demonstrative exhibits as color PDF files by 6:00PM on the day before trial is to commence with the exception of demonstrative exhibits created in the courtroom during opening or the enlargement, highlighting, ballooning, or excerption of trial exhibits.  The parties shall make objections, if any, to the exhibits or demonstratives disclosed by 8:30PM.  Neither party may present deposition testimony during opening statements.

12.     Any objections to any trial exhibit or demonstrative exhibit that is maintained following the meet-and-confer process may be taken up with the Court prior to the opening or the witness's testimony or as otherwise directed by the Court.

4

**D.      The Parties' Lists of Witnesses to Be Called at Trial**

1.      Bridgestone's list of the fact and expert witnesses that it intends to call at trial, together with Schrader's objections thereto, is attached as **Exhibit 6**.

2.      Schrader's list of the fact and expert witnesses that it intends to call at trial, together with Bridgestone's objections thereto, is attached as **Exhibit 7**.

3.      Each side's list of deposition designations is incorporated by reference into its list of witnesses that it intends to call at trial, except that a party may not call a witness for live testimony if that witness appears only on the list of deposition designations and not on the list of witnesses.

4.      Any witness not listed in the exhibits referenced above will be precluded from testifying absent good cause shown, except that each party reserves the right to call such rebuttal witnesses (who are not presently identifiable) as may be necessary, upon reasonable notice to the opposing party.

5.      The parties agree to exchange a list identifying the specific witnesses that each party intends to call in its case-in-chief by noon on May 26, 2015, in the order that it intends to call those witnesses at trial.  Further, each party shall identify whether each witness will be called live or by deposition.

**E.      Expert Witnesses**

1.      Bridgestone's statement setting forth the qualifications of each of its expert witnesses and the subject matter of each expert witness's testimony is attached as **Exhibit 8**.

2.     Schrader's statement setting forth the qualifications of each of Schrader's expert witnesses and the subject matter of each expert witness's testimony is attached as **Exhibit 9**.

**F.     Deposition Designations**

1.     Bridgestone's Deposition Designations (including Schrader's objections and counter-designations and Bridgestone's objections thereto) are attached as **Exhibit 10**.  This exhibit also includes a key to the deposition designations objections used by both parties.

2.     Schrader's Deposition Designations (including Bridgestone's objections and counter-designations and Schrader's objections thereto) are attached as **Exhibit 11**.

3.     The parties have agreed that deposition designations need not be submitted at this time for the testimony of witnesses previously disclosed by each party to the other side on March 9, 2015 as "will call live" witnesses.  The parties reserve the right to designate and present the prior deposition testimony of any such witness identified on these lists should such witnesses not come to trial.  However, the parties also agree that, notwithstanding the fact that a witness has been previously identified as a "will call live" witness, a party may still use their depositions consistent with Fed. R. Civ. P. Rule 32(a)(3) (subject to any otherwise applicable objections).

4.     A party's designation of certain testimony is not an admission that (1) it would be appropriate for the opposing party to present that testimony or related testimony to the jury, or (2) that the subject matter is appropriate for the jury trial in this action.

5.     The parties reserve the right to withdraw testimony that they have affirmatively designated.

G.      **Special Damages**

1.      Bridgestone reserves the right to seek enhanced damages, attorneys' fees and costs, expenses, pre-judgment and post-judgment interest, an accounting, and any other form of appropriate relief pursuant to 35 U.S.C. §§ 283-285 or other applicable law, including a determination that the case is exceptional.  Bridgestone also reserves the right to seek a permanent injunction precluding further infringement of U.S. Patent Nos. 7,161,476 and 6,630,885 pursuant to 35 U.S.C. § 283.

2.      Schrader reserves the right to seek attorneys' fees and costs pursuant to 35 U.S.C. § 285 or other applicable law.

H.      **Waivers of Claims and Defenses**

1.      Bridgestone's contentions regarding waivers of any claims or defenses that have been abandoned by any party are set forth at **Exhibit 12**.

2.      Schrader's contentions regarding waivers of any claims or defenses that have been abandoned by any party are set forth at **Exhibit 13**.

I.      **Trial Briefs, Jury Instructions, and Voir Dire Questions:**

1.      Bridgestone's trial brief is attached as **Exhibit 14**.

2.      Schrader's trial brief is as **Exhibit 15**.

3.      Proposed preliminary jury instructions are attached as **Exhibit 16**.  This document includes disputed instructions with respect to certain issues; however, the parties have met and conferred on preliminary jury instructions and will continue to attempt to narrow issues in advance of the Pre-Trial Conference and in advance of trial.

4.      Proposed final jury instructions are attached as **Exhibit 17**.  This document includes disputed instructions with respect to certain issues; however, the

7

parties have met and conferred on final jury instructions and will continue to attempt to narrow issues in advance of the Pre-Trial Conference and in advance of and during trial.

5.      Bridgestone's proposed verdict form is attached as **<u>Exhibit 18</u>**.  Schrader's proposed verdict form is attached as **<u>Exhibit 19</u>**.  The parties have submitted separate proposals for the verdict form, but have met and conferred on the verdict form and will continue to attempt to narrow issues in advance of the Pre-Trial Conference and in advance of and during trial.

6.      An agreed list of the voir dire questions the parties request the court ask prospective jurors is attached as **<u>Exhibit 20</u>**.

**J.      Proposed Findings of Fact and Conclusions of Law**

1.      In the event the Court determines that the jury will not render a decision on the issues of laches, indefiniteness, and/or any other issue that only one party contends should be submitted to the jury, the parties will submit Proposed Findings of Fact and Conclusions of Law as directed by the Court.

**K.      Settlement Negotiations**

1.      Representatives of Bridgestone and Schrader have had numerous discussions since the inception of this case seeking to reach pre-trial settlement of this matter, including a number of in-person meetings in Munich, New York, and Nashville. Settlement efforts are not ongoing and are unlikely to be productive.

**L.      Discovery**

1.      Discovery in this action is complete, with the exception of Bridgestone's pending Motion for Sanctions (D.I. 191).

**M.**   **Evidentiary Issues**

  1. Bridgestone's List of Evidentiary Issues it Intends to Raise is attached as

**Exhibit 21**.

  2. Schrader's List of Evidentiary Issues it Intends to Raise is attached as

**Exhibit 22**.

## III. TRIAL SCHEDULE

Trial of this case is expected to take eight days.  Trial is scheduled to begin at 9:30am on

June 1, 2015.

## IV. TYPE OF TRIAL

This is a jury trial.

## V. NUMBER OF JURORS

The parties recommend that 8 jurors be selected at the commencement of the trial and

that all jurors deliberate.

## VI. ORDER TO CONTROL COURSE OF ACTION

This Order will control the course of the trial and may not be amended except by consent

of the parties and the court, or by order of the court to prevent manifest injustice.


          _____

          UNITED STATES DISTRICT JUDGE


Date:_____

9

**Public version filed:  May 22, 2015**

By:___/s/ Kenneth L. Dorsney_____
Kenneth L. Dorsney (#3726)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801-1494
(302) 888-6800
kdorsney@morrisjames.com

Tara D. Elliott (#4483)
Heath A. Brooks (admitted pro hac vice)
Arianna Evers (admitted pro hac vice)
WILMER CUTLER PICKERING HALE
    AND DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
(202) 663-6748
tara.elliott@wilmerhale.com
heath.brooks@wilmerhale.com
arianna.evers@wilmerhale.com

Robert D. Cultice (admitted pro hac vice)
Cynthia D. Vreeland (admitted pro hac vice)
Monica Grewal (admitted pro hac vice)
Rachel Gurvich (admitted pro hac vice)
WILMER CUTLER PICKERING HALE
    AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000
robert.cultice@wilmerhale.com
cynthia.vreeland@wilmerhale.com
monica.grewal@wilmerhale.com
rachel.gurvich@wilmerhale.com

*Attorneys for Plaintiff*
*Bridgestone Americas Tire Operations, LLC*

By:___/s/ Thomas Curry_____
Mary B. Graham (#2256)
Jeremy A. Tigan (#5239)
Thomas Curry (#5877)
MORRIS, NICHOLS, ARSHT &
    TUNNELL LLP
1201 N. Market Street
Wilmington, DE 19801
(302) 658-9200
mgraham@mnat.com
jtigan@mnat.com
tcurry@mnat.com

Jane Michaels
Mher Hartoonian
Benjamin N. Simler
HOLLAND & HART LLP
555 17th Street, Suite 3200
Denver, CO 80202
(303) 295-8000
jmichaels@hollandhart.com
mhartoonian@hollandhart.com
bsimler@hollandhart.com

Donald A. Degnan
Timothy P. Getzoff
Nadya C. Davis
HOLLAND & HART LLP
One Boulder Plaza
1800 Broadway, Suite 300
Boulder, CO 80302
(303) 473-2700
ddegnan@hollandhart.com
tgetzoff@hollandhart.com
ncdavis@hollandhart.com

*Attorneys for Defendants*
*Schrader-Bridgeport International, Inc.,*
*d/b/a Schrader International, Inc.,*
*Schrader Electronics Ltd., and*
*Schrader Electronics, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>SCHRADER-BRIDGEPORT INTERNATIONAL, INC. d/b/a SCHRADER INTERNATIONAL, INC.; SCHRADER ELECTRONICS LTD.; and SCHRADER ELECTRONICS, INC.,<br><br>　　　　　Defendants. | C.A. No. 13-763-GMS<br><br>JURY TRIAL DEMANDED |

**EXHIBIT 1**

**<u>STATEMENT OF UNCONTESTED FACTS</u>**

The parties agree to the following uncontested facts:

1.　　　Plaintiff Bridgestone Americas Tire Operations, LLC ("Bridgestone") is a limited liability company organized and existing under the laws of the state of Delaware.

2.　　　Defendant Schrader-Bridgeport International, Inc. is a corporation organized and existing under the laws of the state of Delaware.

3.　　　Defendant Schrader Electronics Ltd. is a corporation organized and existing under the laws of the United Kingdom.

4.　　　Defendant Schrader Electronics, Inc. is a corporation organized and existing under the laws of the state of Delaware. (All three Defendant entities will collectively be referred to as "Schrader").

5.　　　United States Patent No. 6,630,885 (the "'885 patent"), entitled "Electronic Tire Management System," issued on October 7, 2003. The application that matured into the '885

1

patent was filed on July 26, 2001.  The '885 patent has priority to a provisional application filed on July 26, 2000.

6.      The named inventors of the '885 Patent are Gordon E. Hardman, John W. Pyne, Molly A. Hardman, Paul B. Wilson, David M. Coombs, and Brett W. Floyd.

7.      United States Patent No. 7,161,476 (the "'476 patent"), entitled "Electronic Tire Management System," issued on January 9, 2007.  The application that matured into the '476 patent was filed on July 26, 2001 and is a continuation-in-part of application No. 09/915,858, which was filed on July 26, 2001, and which matured into the '885 patent.

8.      The named inventors of the '476 Patent are Gordon E. Hardman, John W. Pyne, Molly A. Hardman, David A. Przygocki, David M. Coombs, Paul B. Wilson, Ronald C. Grush, Philip B. Loudin, and Brett W. Floyd.

9.      Schrader sells and offers to sell tire pressure monitoring sensor ("TPMS") devices based on the Gen 3 ASIC in the United States.

10.     Schrader sells and offers to sell TPMS devices based on the Gen 4 ASIC in the United States.

11.     Schrader sells and offers to sell TPMS devices based on the Gen 5 ASIC in the United States.

12.     Schrader sells and offers to sell TPMS devices based on the Gen 6 ASIC in the United States.

13.     Schrader sells and offers to sell TPMS devices called EZ-Sensors in the United States ("EZ-Sensor devices").  These are based on Schrader's Gen 5 ASICs.

14.     Schrader previously sold and previously offered to sell TPMS devices called EZ-Tire in the United States ("EZ-Tire devices").  These were based on Schrader's ████

ASICs.

15.     The document Bates numbered SCH532126 accurately reflects the volume and revenues of Schrader's sales of accused aftermarket sensors in the United States from 2007 through 2014.

16.     The document Bates numbered SCH532127 accurately reflects the volume and revenues of Schrader's sales of accused OEM sensors and receivers in the United States from 2007 through 2014.

17.     The document Bates numbered SCH532128 accurately reflects the volume and revenues of Schrader's sales of accused TPMS tools in the United States from 2007 through 2014.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC, | |
| Plaintiff, | |
| v. | |
| SCHRADER-BRIDGEPORT INTERNATIONAL, INC. d/b/a SCHRADER INTERNATIONAL, INC.; SCHRADER ELECTRONICS LTD.; and SCHRADER ELECTRONICS, INC., | C.A. No. 13-763-GMS JURY TRIAL DEMANDED |
| Defendants. | |

**EXHIBIT 2**

**AGREED STATEMENT OF CONTESTED ISSUES OF FACT AND LAW**

The following contested issues of fact and law are agreed to by Plaintiff Bridgestone

Americas Tire Operations, LLC ("Bridgestone") and Defendants Schrader-Bridgeport

International, Inc., Schrader Electronics, Ltd., and Schrader Electronics, Inc. (collectively,

"Schrader").

**I.     Ownership**

1.     Whether Bridgestone has shown by a preponderance of the evidence that it is the

sole owner of United States Patent No. 6,630,885 and United States Patent No. 7,161,476.

Bridgestone contends that Schrader has waived this issue. To the extent that the issue is not

waived, Bridgestone contends that, in light of the record before the United States Patent Office, it

is Schrader's burden to show that Bridgestone is not the sole owner of the patents-in-suit.

Furthermore, Bridgestone contends that the issue of whether Schrader has met its burden to

disprove ownership is not appropriate for presentation to the jury.

## II.     Infringement

### A.     Literal Infringement

2.     Whether Bridgestone has shown by a preponderance of the evidence that Schrader literally infringes claims 12, 25,   and 92 of United States Patent No. 6,630,885 and claims 1 and 136 of United States Patent No. 7,161,476 (collectively, the "Asserted Claims").

### B.     Doctrine of Equivalents

3.     Whether Bridgestone has shown by a preponderance of the evidence that Schrader infringes the Asserted Claims under the doctrine of equivalents.    However, Schrader contends that Bridgestone has waived any right to assert infringement under the doctrine of equivalents.

### C.     Induced Infringement

4.     Whether Bridgestone has shown by a preponderance of the evidence that Schrader has induced infringement of one or more of the Asserted Claims.

## III.    Invalidity

### A.     Obviousness

5.     Whether Schrader has shown by clear and convincing evidence that one or more of the Asserted Claims are invalid as obvious under 35 U.S.C. § 103.

### B.     Indefiniteness

6.     Whether Schrader has shown by clear and convincing evidence that one or more of the Asserted Claims are invalid as indefinite under 35 U.S.C. § 112.    Bridgestone contends: (1) that Schrader has waived its indefiniteness defense; and (2) that, in any event, the issue is a question of law and should be presented only to the Court.    Schrader contends that indefiniteness depends on issues of fact and should be should be presented to the jury.

## IV.     Laches

7.     Whether Bridgestone's infringement claims are barred by laches.    Bridgestone

contends this is an issue for the Court and should not be presented to the jury.    Schrader

contends it should be presented to the jury.

**V.      Marking**

1.       Whether 35 U.S.C. § 287(a) ("the marking statute") limits the amount of damages,

if any, to which Bridgestone is entitled.    Schrader contends Bridgestone should be precluded

from seeking damages for any period prior to the date on which Bridgestone first complied with

the marking statute.    Bridgestone contends that it complied with the marking statute during the

period for which it seeks damages.

**VI.     Damages**

1.       If the jury finds that Schrader infringes any of the Asserted Claims and that those

claims are not invalid, whether Bridgestone has shown by a preponderance of the evidence the

amount of damages adequate to compensate for the infringement.

2.       If the jury finds that Schrader infringes any of the Asserted Claims and that those

claims are not invalid, the amount of reasonable royalty to which Bridgestone is entitled.

**VII.    Injunctive Relief and Attorneys' Fees**

1.       If the jury finds that Schrader infringes any of the Asserted Claims and that those

claims are not invalid, whether Bridgestone is entitled to an injunction to prevent future

infringement.    This is an issue for the Court.

2.       Whether this is an exceptional case pursuant to 35 U.S.C. § 285.    This is an issue

for the Court.

3.       Whether Bridgestone or Schrader is entitled to attorneys' fees and costs under 35

U.S.C. § 285.    This is an issue for the Court.

# EXHIBIT   3

# EXHIBIT  REDACTED
# IN  ITS  ENTIRETY

# EXHIBIT   4

# EXHIBIT  REDACTED
# IN  ITS  ENTIRETY

# EXHIBIT   5

# EXHIBIT  REDACTED
# IN  ITS  ENTIRETY

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC, <br><br>      Plaintiff, <br><br> v. <br><br> SCHRADER-BRIDGEPORT INTERNATIONAL, INC. d/b/a SCHRADER INTERNATIONAL, INC.; SCHRADER ELECTRONICS LTD.; and SCHRADER ELECTRONICS, INC., <br><br>      Defendants. | C.A. No. 13-763-GMS <br><br> JURY TRIAL DEMANDED |

**EXHIBIT 6**

**<u>BRIDGESTONE'S LIST OF POTENTIAL TRIAL WITNESSES</u>**

Plaintiff Bridgestone Americas Tire Operations, LLC ("Bridgestone") hereby identifies

the following witnesses that it expects to call or may call to testify live or by prior testimony

(including possibly by video) at the trial, other than witnesses for unanticipated rebuttal or

impeachment purposes, as of May 1, 2015.  For prior deposition testimony that is expected to be,

or may be, read or played into evidence, Bridgestone has set forth separately those portions of

the testimony expected to be used at trial.  (*See* Exhibits 10-11 to Pretrial Order).

Bridgestone reserves the right to amend and update this list, to submit as appropriate,

additions and/or deletions or revisions to this list as the pretrial and trial process evolves,

including meeting and conferring with defendants on outstanding trial management issues,

receiving the Court's rulings on matters such as the parties' respective evidentiary issues, to

remove witnesses that prove unnecessary, and to rebut unanticipated evidence presented at trial

by defendants.  Bridgestone reserves the right to call any witness on defendants' witness list and

any witness called by defendants.  Bridgestone reserves the right to designate and present the

prior deposition testimony of any witness that defendants have indicated they expect to testify

live at trial should such witnesses not come to trial, and furthermore Bridgestone expressly

reserves its right to introduce deposition testimony in accordance with Fed. R. Civ. P. 32(a)(3).

## I.    Expects to Call

Bridgestone expects to call the following witnesses to testify, either live or by prior

deposition testimony, in this action:

1.    Dr. Nader Bagherzadeh
      Contact through WilmerHale
      1875 Pennsylvania Avenue, NW
      Washington, DC 20006

2.    Dr. Stephen Becker
      Contact through WilmerHale
      1875 Pennsylvania Avenue, NW
      Washington, DC 20006

3.    David Johnson
      Contact through WilmerHale
      1875 Pennsylvania Avenue, NW
      Washington, DC 20006

4.    Carl Wacker
      Schrader Electronics
      1940 Opdyke Court
      Auburn Hills, Michigan 48326

## II.    May Call

Bridgestone may call the following witnesses to testify, either live or by prior deposition

testimony, if needed:

1.    Andrew Brenz
      General Motors Company
      30001 Van Dyke Avenue
      Warren, MI 48090-9020

2

2.  Hugh Charvat
    Schrader International
    9635 Maroon Circle, Suite #420
    Englewood, Colorado 80112

3.  David Coombs
    Contact through WilmerHale
    1875 Pennsylvania Avenue, NW
    Washington, DC 20006

4.  Anthony Davenport
    Schrader Electronics
    9635 Maroon Circle, Suite #420
    Englewood, Colorado 80112

5.  James Davies
    Schrader Electronics
    11, Technology Park, Belfast Road,
    Antrim, N. Ireland BT41 1QS

6.  Brett Floyd
    Contact through WilmerHale
    1875 Pennsylvania Avenue, NW
    Washington, DC 20006

7.  Ronald Grush
    Contact through WilmerHale
    1875 Pennsylvania Avenue, NW
    Washington, DC 20006

8.  Gordon Hardman
    Contact through WilmerHale
    1875 Pennsylvania Avenue, NW
    Washington, DC 20006

9.  Molly Hardman
    Contact through WilmerHale
    1875 Pennsylvania Avenue, NW
    Washington, DC 20006

10. Scot Holloway
    Bartec USA
    44231 Phoenix Drive
    Sterling Heights, MI 48314

11.   Dennis Jones
      Contact through WilmerHale
      1875 Pennsylvania Avenue, NW
      Washington, DC 20006

12.   Russell Koch
      Contact through WilmerHale
      1875 Pennsylvania Avenue, NW
      Washington, DC 20006

13.   Michelle Lane
      Contact through WilmerHale
      1875 Pennsylvania Avenue, NW
      Washington, DC 20006

14.   Stephen McClelland
      Schrader Electronics
      11, Technology Park, Belfast Road,
      Antrim, N. Ireland BT41 1QS

15.   Nevin Molyneaux
      Schrader Electronics
      11, Technology Park, Belfast Road,
      Antrim, N. Ireland BT41 1QS

16.   Dave Przygocki
      Contact through WilmerHale
      1875 Pennsylvania Avenue, NW
      Washington, DC 20006

17.   John Pyne
      Contact through WilmerHale
      1875 Pennsylvania Avenue, NW
      Washington, DC 20006

18.   John Rensel
      Contact through WilmerHale
      1875 Pennsylvania Avenue, NW
      Washington, DC 20006

19.   Barry Rexroad
      Contact through WilmerHale
      1875 Pennsylvania Avenue, NW
      Washington, DC 20006

20. Schrader by 30(b)(6)
    Contact through Holland & Hart LLP
    1800 Broadway, Suite 300
    Boulder, CO 80302

21. Sam Strahan
    Schrader Electronics
    11, Technology Park, Belfast Road,
    Antrim, N. Ireland BT41 1QS

22. Hiroyoshi Takigawa
    Contact through WilmerHale
    1875 Pennsylvania Avenue, NW
    Washington, DC 20006

23. Graeme Thompson
    Schrader Electronics
    11, Technology Park, Belfast Road,
    Antrim, N. Ireland BT41 1QS

24. John Turner
    Contact through WilmerHale
    1875 Pennsylvania Avenue, NW
    Washington, DC 20006

25. Guy Walenga
    Contact through WilmerHale
    1875 Pennsylvania Avenue, NW
    Washington, DC 20006

26. Paul Wilson
    Contact through WilmerHale
    1875 Pennsylvania Avenue, NW
    Washington, DC 20006

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC, | |
| Plaintiff, | |
| v. | |
| SCHRADER-BRIDGEPORT INTERNATIONAL, INC. d/b/a SCHRADER INTERNATIONAL, INC.; SCHRADER ELECTRONICS LTD.; and SCHRADER ELECTRONICS, INC., | C.A. No. 13-763-GMS  JURY TRIAL DEMANDED |
| Defendants. | |

**<u>SCHRADER'S OBJECTIONS TO BRIDGESTONE'S WITNESS LIST</u>**

Schrader hereby provides its objections to Bridgestone's witness list, together with the grounds therefor.

Schrader incorporates by reference its objections and counter-designations to Bridgestone's deposition designations as well as Schrader's list of evidentiary issues to be raised at the pre-trial conference.  Schrader objects to any testimony from any witness concerning matters which Schrader contends Bridgestone has waived or should be precluded from presenting at trial.

Schrader further reserves the right to object on any ground of improper or irrelevant testimony advanced at trial by any of Bridgestone's witnesses (including on cross-examination of Bridgestone's or third-party witnesses).

Schrader reserves the right to object to any purported rebuttal witnesses called by Bridgestone on any grounds.

1

Schrader reserves the right to supplement, modify or withdraw any of the objections herein.

## III.     Expects to Call

Bridgestone expects to call the following witnesses to testify, either live or by prior deposition testimony, in this action:

| **Witness** | **Schrader Objections** |
|---|---|
| 1.  Dr. Nader Bagherzadeh<br>Contact through WilmerHale<br>1875 Pennsylvania Avenue, NW<br>Washington, DC 20006 | Schrader objects to any testimony from Dr. Bagherzadeh outside the scope of the specific opinions set forth in his expert report. |
| 2.  Dr. Stephen Becker<br>Contact through WilmerHale<br>1875 Pennsylvania Avenue, NW<br>Washington, DC 20006 | Schrader objects to any testimony from Dr. Becker outside the scope of the specific opinions set forth in his expert reports. |
| 3.  David Johnson<br>Contact through WilmerHale<br>1875 Pennsylvania Avenue, NW<br>Washington, DC 20006 | |
| 4.  Carl Wacker<br>Schrader Electronics<br>1940 Opdyke Court<br>Auburn Hills, Michigan 48326 | Schrader objects to Bridgestone purporting to require Mr. Wacker to appear in person in Bridgestone's case in chief. |

## IV.   May Call

Bridgestone may call the following witnesses to testify, either live or by prior deposition

testimony, if needed:

| Witness | Schrader Objections |
|---|---|
| 1.   Andrew Brenz<br>General Motors Company<br>30001 Van Dyke Avenue<br>Warren, MI 48090-9020 | Schrader incorporates by this reference its objections to the deposition designations for this witness. |
| 2.   Hugh Charvat<br>Schrader International<br>9635 Maroon Circle, Suite #420<br>Englewood, Colorado 80112 | Schrader incorporates by this reference its objections to the deposition designations for this witness.<br>Schrader objects to Bridgestone calling this witness live in its case-in-chief. |
| 3.   David Coombs<br>Contact through WilmerHale<br>1875 Pennsylvania Avenue, NW<br>Washington, DC 20006 | Inadequate disclosure of subject matter pursuant to Rules 26(a)(1) and 26(e). |
| 4.   Anthony Davenport<br>Schrader Electronics<br>9635 Maroon Circle, Suite #420<br>Englewood, Colorado 80112 | Schrader incorporates by this reference its objections to the deposition designations for this witness.<br>Schrader objects to Bridgestone calling this witness live in its case-in-chief |
| 5.   James Davies<br>Schrader Electronics<br>11, Technology Park, Belfast Road,<br>Antrim, N. Ireland BT41 1QS | Schrader incorporates by this reference its objections to the deposition designations for this witness.<br>Schrader objects to Bridgestone calling this witness live in its case-in-chief |
| 6.   Brett Floyd<br>Contact through WilmerHale<br>1875 Pennsylvania Avenue, NW<br>Washington, DC 20006 | Inadequate disclosure of subject matter pursuant to Rules 26(a)(1) and 26(e). |
| 7.   Ronald Grush<br>Contact through WilmerHale<br>1875 Pennsylvania Avenue, NW<br>Washington, DC 20006 | Inadequate disclosure of subject matter pursuant to Rules 26(a)(1) and 26(e). |
| 8.   Gordon Hardman<br>Contact through WilmerHale<br>1875 Pennsylvania Avenue, NW<br>Washington, DC 20006 | Schrader incorporates by this reference its objections to the deposition designations for this witness.<br>Schrader objects to Bridgestone calling this witness via deposition designation. |

| 9. | Molly Hardman<br>Contact through WilmerHale<br>1875 Pennsylvania Avenue, NW<br>Washington, DC 20006 | Inadequate disclosure of subject matter pursuant to Rules 26(a)(1) and 26(e). |
|---|---|---|
| 10. | Scot Holloway<br>Bartec USA<br>44231 Phoenix Drive<br>Sterling Heights, MI 48314 | Schrader incorporates by this reference its objections to the deposition designations for this witness. |
| 11. | Dennis Jones<br>Contact through WilmerHale<br>1875 Pennsylvania Avenue, NW<br>Washington, DC 20006 | Schrader objects to this witness as not relevant based on Bridgestone's description of subject matter applicable to this witness. |
| 12. | Russell Koch<br>Contact through WilmerHale<br>1875 Pennsylvania Avenue, NW<br>Washington, DC 20006 | Inadequate disclosure of subject matter pursuant to Rules 26(a)(1) and 26(e). Schrader objects to this witness as not relevant based on Bridgestone's description of subject matter applicable to this witness. |
| 13. | Michelle Lane<br>Contact through WilmerHale<br>1875 Pennsylvania Avenue, NW<br>Washington, DC 20006 | Schrader objects to Bridgestone calling this witness via deposition designation.<br>Schrader incorporates by this reference its objections to the deposition designations for this witness.<br>Schrader objects to this witness on relevance grounds. |
| 14. | Stephen McClelland<br>Schrader Electronics<br>11, Technology Park, Belfast Road,<br>Antrim, N. Ireland BT41 1QS | Schrader incorporates by this reference its objections to the deposition designations for this witness.<br>Schrader objects to Bridgestone calling this witness live in its case-in-chief |
| 15. | Nevin Molyneaux<br>Schrader Electronics<br>11, Technology Park, Belfast Road,<br>Antrim, N. Ireland BT41 1QS | Schrader incorporates by this reference its objections to the deposition designations for this witness.<br>Schrader objects to Bridgestone calling this witness live in its case-in-chief |
| 16. | Dave Przygocki<br>Contact through WilmerHale<br>1875 Pennsylvania Avenue, NW<br>Washington, DC 20006 | Inadequate disclosure of subject matter pursuant to Rules 26(a)(1) and 26(e). |
| 17. | John Pyne<br>Contact through WilmerHale<br>1875 Pennsylvania Avenue, NW<br>Washington, DC 20006 | Schrader incorporates by this reference its objections to the deposition designations for this witness.<br>Schrader objects to Bridgestone calling this witness via deposition designation. |

| | | |
|---|---|---|
| 18. | John Rensel<br>Contact through WilmerHale<br>1875 Pennsylvania Avenue, NW<br>Washington, DC 20006 | Schrader objects to Bridgestone calling this witness via deposition designation.<br>Schrader incorporates by this reference its objections to the deposition designations for this witness. |
| 19. | Barry Rexroad<br>Contact through WilmerHale<br>1875 Pennsylvania Avenue, NW<br>Washington, DC 20006 | Schrader objects to Bridgestone calling this witness via deposition designation.<br>Schrader incorporates by this reference its objections to the deposition designations for this witness. |
| 20. | Schrader by 30(b)(6)<br>Contact through Holland & Hart<br>1800 Broadway, Suite 300<br>Boulder, CO 80302 | Schrader incorporates by this reference its objections to the deposition designations for this witness. |
| 21. | Sam Strahan<br>Schrader Electronics<br>11, Technology Park, Belfast Road,<br>Antrim, N. Ireland BT41 1QS | Schrader incorporates by this reference its objections to the deposition designations for this witness.<br>Schrader objects to Bridgestone calling this witness live in its case-in-chief |
| 22. | Hiroyoshi Takigawa<br>Contact through WilmerHale<br>1875 Pennsylvania Avenue, NW<br>Washington, DC 20006 | Inadequate disclosure of subject matter pursuant to Rules 26(a)(1) and 26(e).  Schrader objects to this witness as not relevant based on Bridgestone's description of subject matter applicable to this witness. |
| 23. | Graeme Thompson<br>Schrader Electronics<br>11, Technology Park, Belfast Road,<br>Antrim, N. Ireland BT41 1QS | Schrader incorporates by this reference its objections to the deposition designations for this witness.<br>Schrader objects to Bridgestone calling this witness live in its case-in-chief |
| 24. | John Turner<br>Contact through WilmerHale<br>1875 Pennsylvania Avenue, NW<br>Washington, DC 20006 | Inadequate disclosure of subject matter pursuant to Rules 26(a)(1) and 26(e).  Schrader objects to this witness as not relevant based on Bridgestone's description of subject matter applicable to this witness. |
| 25. | Guy Walenga<br>Contact through WilmerHale<br>1875 Pennsylvania Avenue, NW<br>Washington, DC 20006 | Schrader objects to Bridgestone calling this witness via deposition designation.<br>Schrader incorporates by this reference its objections to the deposition designations for this witness.<br>Schrader objects to this witness on relevance grounds. |

| | |
|---|---|
| 26. Paul Wilson<br>Contact through WilmerHale<br>1875 Pennsylvania Avenue, NW<br>Washington, DC 20006 | Schrader objects to Bridgestone calling this witness via deposition designation. Schrader incorporates by this reference its objections to the deposition designations for this witness. |

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| SCHRADER-BRIDGEPORT INTERNATIONAL, INC. d/b/a SCHRADER INTERNATIONAL, INC.; SCHRADER ELECTRONICS LTD.; and SCHRADER ELECTRONICS, INC., | ) ) ) ) ) ) |
| Defendants. | ) |

C.A. No. 13-763 (GMS)

**EXHIBIT 7**

**DEFENDANTS' LIST OF POTENTIAL TRIAL WITNESSES**

Defendants Schrader-Bridgeport International, Inc., Schrader Electronics Ltd., and

Schrader Electronics, Inc. (collectively, "Schrader") hereby identify the following witnesses that

it expects to call or may call to testify live or by prior testimony (including possibly by video) at

the trial, other than witnesses for unanticipated rebuttal or impeachment purposes, as of May 1,

2015. Schrader reserves the right to amend and update this list as the pretrial and trial process

evolves, including meeting and conferring with defendants on outstanding trial management

issues, receiving the Court's rulings on matters such as the parties' respective evidentiary issues,

to remove witnesses that prove unnecessary, and to rebut unanticipated evidence presented at

trial by defendants.  Schrader reserves the right to call any witness on Bridgestone's witness list

and any witness called by Bridgestone. Schrader reserves the right to designate the prior

testimony of any witness Bridgestone has represented it expects to call to testify live at trial

should such witnesses not come to trial.

## I.  Expects to Call – Live Testimony

### Fact Witnesses

| Name | Address |
|------|---------|
| Stephen McClelland | c/o Holland & Hart LLP<br>1800 Broadway, Suite 300<br>Boulder, CO 80302 |
| Carl Wacker | c/o Holland & Hart LLP<br>1800 Broadway, Suite 300<br>Boulder, CO 80302 |

### Expert Witnesses

| Name | Address | Subject Matter of Testimony |
|------|---------|------------------------------|
| Curtis N. Kell | 35417 Oak Knoll Road<br>Burlington, WI 53105 | Invalidity |
| Richard Mihran, Ph.D. | University of Colorado<br>Campus Box 425<br>Boulder, CO 80309 | Non-Infringement |
| Shirley Webster | 1200 Smith, Suite 610<br>Houston, TX 77002 | Damages |

## II.  May Call – Live Testimony

### Fact Witnesses

| Name | Address |
|------|---------|
| Hugh Charvat | c/o Holland & Hart LLP<br>1800 Broadway, Suite 300<br>Boulder, CO 80302 |
| Anthony Davenport | c/o Holland & Hart LLP<br>1800 Broadway, Suite 300<br>Boulder, CO 80302 |
| Nevin Molyneaux | c/o Holland & Hart LLP<br>1800 Broadway, Suite 300<br>Boulder, CO 80302 |
| Graeme Thompson | c/o Holland & Hart LLP<br>1800 Broadway, Suite 300<br>Boulder, CO 80302 |
| Sam Strahan | c/o Holland & Hart LLP<br>1800 Broadway, Suite 300<br>Boulder, CO 80302 |

| | |
|---|---|
| Robin Montgomery | c/o Holland & Hart LLP<br>1800 Broadway, Suite 300<br>Boulder, CO 80302 |

## III.     May Call – By Deposition or Live if Present

### Fact Witnesses

| Name | Address |
|---|---|
| John Pyne | 1820 Centaur Village Drive<br>Lafayette, CO |
| John Rensel | c/o Wilmer Hale<br>1875 Pennsylvania Avenue, NW<br>Washington, DC  20006 |
| Barry Rexroad | c/o Wilmer Hale<br>1875 Pennsylvania Avenue, NW<br>Washington, DC  20006 |
| Guy Walenga | c/o Wilmer Hale<br>1875 Pennsylvania Avenue, NW<br>Washington, DC  20006 |
| Garry Hardman | c/o Wilmer Hale<br>1875 Pennsylvania Avenue, NW<br>Washington, DC  20006 |
| Michelle Lane | c/o Wilmer Hale<br>1875 Pennsylvania Avenue, NW<br>Washington, DC  20006 |
| Steven Vossberg[1] | c/o Wilmer Hale<br>1875 Pennsylvania Avenue, NW<br>Washington, DC  20006 |
| Scot Holloway | c/o Harness Dickey<br>5445 Corporate Dr., Suite 200<br>Troy, MI 48098 |
| Andrew Brenz | c/o Williams Acosta PLLC<br>535 Griswold Street, Suite 1000<br>Detroit, MI 48226 |
| Bridgestone by 30(b)(6) | c/o Wilmer Hale<br>1875 Pennsylvania Avenue, NW<br>Washington, DC  20006 |



| Marty Yurjevich[2] | c/o Wilmer Hale<br>1875 Pennsylvania Avenue, NW<br>Washington, DC  20006 |

████████████████████████████████████████████████████████████████████████

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC,<br><br>                Plaintiff,<br><br>    v.<br><br>SCHRADER-BRIDGEPORT INTERNATIONAL, INC. d/b/a SCHRADER INTERNATIONAL, INC.; SCHRADER ELECTRONICS LTD.; and SCHRADER ELECTRONICS, INC.,<br><br>              Defendants. | C.A. No. 13-763-GMS<br><br>JURY TRIAL DEMANDED |

## BRIDGESTONE'S OBJECTIONS TO SCHRADER'S WITNESS LIST

Bridgestone hereby provides its objections to Schrader-Bridgeport International, Inc., Schrader Electronics Ltd., and Schrader Electronics, Inc. (collectively, "Schrader")'s witness list, together with the grounds therefor.

Bridgestone incorporates by reference its objections and counter-designations to Schrader's deposition designations as well as Bridgestone's list of evidentiary issues to be raised at the pre-trial conference.

Bridgestone further reserves the right to object on any ground of improper or irrelevant testimony advanced at trial by any of Schrader's witnesses (including on cross-examination of Bridgestone's or third-party witnesses).

Bridgestone objects to any testimony from Mr. Kell, Dr. Mihran, or Ms. Webster outside the scope of the specific opinions set forth in their respective expert reports.  Bridgestone objects to any testimony from Mr. Kell purporting to relate to non-infringement, and to any testimony from Dr. Mihran purporting to relate to invalidity.

1

Bridgestone objects to the testimony of Robin Montgomery on the grounds of inadequate disclosure of subject matter pursuant to Rules 26(a)(1) and 26(e).

Bridgestone objects to Schrader's inclusion of Steven Vossberg on its witness list for three reasons.  First, Bridgestone objects to this request because Mr. Vossberg was not disclosed by Schrader in its initial disclosures until January 30, 2015, 17 days after Mr. Vossberg was deposed by TRW in a separate lawsuit.  Second, Schrader itself chose not to depose Mr. Vossberg.  In any event, Schrader was not prejudiced.

Bridgestone objects to the addition of Marty Yurjevich to Schrader's witness list, ███

Bridgestone reserves the right to object to any purported rebuttal witnesses called by Schrader on any grounds.

Bridgestone reserves the right to supplement, modify or withdraw any of the objections above.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC,<br><br>                    Plaintiff,<br><br>    v.<br><br>SCHRADER-BRIDGEPORT INTERNATIONAL, INC. d/b/a SCHRADER INTERNATIONAL, INC.; SCHRADER ELECTRONICS LTD.; and SCHRADER ELECTRONICS, INC.,<br><br>                    Defendants. | <br><br><br><br><br><br>C.A. No. 13-763-GMS<br><br>JURY TRIAL DEMANDED |

**EXHIBIT 8**

**BRIDGESTONE'S STATEMENT OF QUALIFICATIONS OF EXPERTS**

**Dr. Nader Bagherzadeh**

Dr. Nader Bagherzadeh is a professor in the Electrical Engineering and Computer Science Department at the University of California at Irvine, where he has taught, supervised doctoral students, and conducted research for 28 years.  He chaired the department from 1998 until 2002.  Dr. Bagherzadeh earned an M.S. in Electrical Engineering from the University of Texas at Austin and a Ph.D. in Computer Engineering in 1979 and 1987, respectively.  He is also the Director of the Advanced Computer Architecture Group at the Henry Samueli School of Engineering at the University of California Irvine.  In 2014, he became an Elected Fellow of the Institute of Electrical and Electronics Engineers (IEEE), a preeminent professional society for electrical engineering, based on his design work on a reconfigurable microprocessor system.

Dr. Bagherzadeh is a distinguished researcher in the area of computer architecture.  He teaches undergraduate and graduate courses on the subject.  He has received over eight million

dollars in grants from government and industry collaborators in the field of computer system design.  Specifically, his current research focuses on integrated circuits.

Dr. Bagherzadeh also has practical industrial design experience, having worked on different aspects of microprocessor-based systems for over 25 years.  From 1980 to 1984, he served as a Member of the Technical Staff (MTS) at AT&T Bell Laboratories, where his work related to the design and development of hardware and software.  With the help of his graduate students, he has fully designed, fabricated, and tested multiple microprocessors over the years.

Dr. Bagherzadeh also has experience with remote sensing devices and power management technology, including a project for the U.S. Department of Defense whose objective was to develop techniques for reducing power consumption to prolong mission duration on limited stored energy.  The project yielded an embedded computing system that included several microprocessors, sensors (including temperature sensors), and RF communication subsystems in which numerous tasks had to be activated and run on the microprocessor; some were activated periodically and others awakened by interrupts.  In 2000, he co-founded Morpho Technologies, a company based on the reconfigurable computing project.

Dr. Bagherzadeh currently serves as a consultant to different technology firms working on computer architecture, including flash memory CODEC design, RADAR DSP board design, and DSP design for communication and multimedia systems.

Dr. Bagherzadeh has served as an expert witness in intellectual property litigation matters that involve microprocessors, graphics processing units, network interface cards, LED driver circuits, memory modules, and DRAM memory devices.  The subject matter of Dr. Bagherzadeh's testimony will concern Schrader's infringement of the '885 and '476 patents and the validity of the same patents, comparability of certain licenses, and rebuttal to Schrader's

2

preferred opinions on design alternatives, consistent with the opinions and bases set forth in his expert reports and elaborated upon at his deposition.

**Dr. Stephen Becker**

Dr. Stephen Becker is a founder and Director of Applied Economics Consulting Group, Inc. ("Applied Economics"). He has an undergraduate degree in Computer Science and Engineering from the Moore School of Electrical Engineering at the University of Pennsylvania, an MBA with a concentration in Finance from the University of Texas at Austin, and a Ph.D. in Public Policy from the LBJ School of Public Affairs at the University of Texas at Austin.

Dr. Becker's consulting firm, Applied Economics, conducts economic and financial analysis of a wide variety of clients across a number of industries. In connection with his work at Applied Economics and his previous work at Booz-Allen & Hamilton, Dr. Becker has significant experience with corporate financial analysis and the assessment of economic damages. He has been engaged in the past to assist in the analysis of damages claims in intellectual property matters, and to review and prepare evaluations of economic damages claims.

The subject matter of Dr. Becker's testimony will concern the monetary damages which should be awarded to compensate Bridgestone for Schrader's infringement of the '885 and '476 patents, consistent with the opinions and bases set forth in his expert reports and elaborated upon at his deposition.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC, | ) ) |
| | ) |
| Plaintiff, | ) |
| | )   C.A. No. 13-763 (GMS) |
| v. | ) |
| | ) |
| SCHRADER-BRIDGEPORT INTERNATIONAL, INC. d/b/a SCHRADER INTERNATIONAL, INC.; SCHRADER ELECTRONICS LTD.; and SCHRADER ELECTRONICS, INC., | ) ) ) ) ) |
| | ) |
| Defendants. | ) |

**EXHIBIT 9**

**SCHRADER'S STATEMENT OF QUALIFICATIONS OF EXPERTS**

**Dr. Richard Mihran**

Dr. Richard Mihran is a Professor Adjunct in the Department of Electrical, Computer and Energy Engineering at the University of Colorado at Boulder, where he has taught and supervised graduate student research for 25 years. Dr. Mihran earned a Bachelor of Science degree in Electrical Engineering and Applied Physics from Case Western Reserve University. He went on to earn a Master of Science degree in Electrical and Computer Engineering, and a Ph.D. in Electrical Engineering from the University of Colorado at Boulder in 1988 and 1990, respectively.

Dr. Mihran teaches a wide variety of classes at the undergraduate and graduate level covering circuit theory; microelectronics; microprocessor and digital logic circuits; data storage and transfer; and radio-frequency (RF) devices and wireless communication.  He has conducted research and development in academic and industrial settings pertaining to electronic, optical and

ultrasonic devices and systems for a variety of applications, including both hardware and software development, for over 30 years.

Dr. Mirhan has been a consultant to industry for decades and has been directly involved in the design and analysis of microprocessor-based devices and systems utilizing commercial microprocessors manufactured by Intel, Motorola, Zilog and Microchip, among others.  He has also consulted in the area of radio-frequency identification, or RFID devices and access networks for over twenty years.

Dr. Mihran is an inventor on three U.S. patents and one Canadian patent associated with some of these activities, two involving microprocessor-based Doppler radar signal processing and data analysis, and two involving data telemetry utilizing spread spectrum wireless radio links and database analysis systems for agricultural management.

Dr. Mihran has served as an expert witness in many patent litigation matters in the areas of both active and passive radio-frequency identification (RFID) devices and systems, wired and wireless telecommunications, computers and computer networks, data storage, medical devices, and others.  His testimony will address his analysis of the operation of Schrader's products and his opinion that Schrader's products do not infringe the asserted claims of the '885 and '476 patents, consistent with the opinions and basis set forth in his expert reports and as further discussed at his deposition in this case.

## Curtis N. Kell

Mr. Curtis Kell is the President and Founder of Kell Laboratories, Inc., a consulting and design services firm that specializes in electronics design and product development. Mr. Kell earned a Bachelor of Science degree in Electrical Engineering Technology (BSEET) from the DeVry Institute of Technology in Chicago, Illinois.

He has over 20 years of experience in designing electrical components that implement RF design and embedded firmware, including specific experience in designing and developing Tire Pressure Monitoring Systems (TPMS) technology. Throughout the course of his career he has had the opportunity to design products in the automotive, marine, consumer and industrial markets.  Mr. Kell is the inventor of ten U.S. Patents, including one that relates to tire pressure monitoring – U.S. Patent No. 7,250,852, entitled "Handheld Tire Sensor Communication Device."

Prior to founding Kell Laboratories, Mr. Kell was employed with Delco Electronics (later Delphi), a division of General Motors ("GM"), where he designed a wide range of products for the automotive market, including TPMS, vehicle security systems, anti-lock brake systems, and wireless products such as Remote Keyless Entry (RKE).

While at GM, Mr. Kell personally designed TPMS sensors and TPMS interrogator devices, as well as receivers for receiving transmissions from tire pressure monitor sensors. He also worked on the specification of TPMS sensors from automotive suppliers for use in GM vehicles, and the integration of those TPMS sensors into GM vehicles.

Mr. Kell has served as an expert in other TPMS cases, and has given expert testimony relating to those fields.  Mr. Kell's testimony will address his analysis of the '885 and '476 patents, prior art to those patents, available design alternatives, and his opinion that the asserted claims of those patents are not valid, consistent with the opinions and basis set forth in his expert reports and as further discussed at his deposition in this case.

**Shirley Webster**

Ms. Shirley Webster is a Managing Director at Ocean Tomo, an consulting firm providing financial products and services related to Intellectual Property expert services, valuation, strategy, investments, innovation management and transaction brokerage. Ms. Webster

earned a Bachelor of Arts degree from the University of Texas at Austin in economics and an M.B.A. from Houston Baptist University. She completed her Ph.D. coursework in economics, without dissertation, at the University of North Carolina at Chapel Hill. Ms. Webster has also instructed law students regarding intellectual property damages at the University of Houston.

She has provided financial and economic consulting services for over 30 years and has worked on a broad range of intellectual property subject matter for more than 20 years. Her experience includes analyzing the value of intellectual property, including damages claims, in a variety of industries, as well as performing financial analyses supporting the feasibility of large capital improvement programs and evaluating the financial viability of companies in bankruptcy proceedings.

Ms. Webster's testimony will address the monetary damages which, in the event the jury finds Schrader to be liable for infringement, should be awarded, consistent with the opinions and bases set forth in her expert report and elaborated upon at her deposition.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC, | |
| Plaintiff, | |
| v. | |
| SCHRADER-BRIDGEPORT INTERNATIONAL, INC. d/b/a SCHRADER INTERNATIONAL, INC.; SCHRADER ELECTRONICS LTD.; and SCHRADER ELECTRONICS, INC., | C.A. No. 13-763-GMS JURY TRIAL DEMANDED |
| Defendants. | |

## EXHIBIT 10

## BRIDGESTONE'S AFFIRMATIVE DEPOSITION DESIGNATIONS

The attached document includes Bridgestone's affirmative deposition designations; Schrader's objections and counter-designations to those designations; and Bridgestone's objections to Schrader's counter-designations.

Bridgestone has designated prior testimony of those witnesses Schrader has indicated it will call live at the trial only consistent with Fed. R. Civ. P. 32(a)(3). Should Schrader decide not to call such witnesses, Bridgestone reserves the right to designate any prior testimony of any of these witnesses.

As set forth in its contemporaneous filings, Bridgestone does not believe that Schrader's equitable defense of laches should be part of the jury trial in this matter.  Accordingly, Bridgestone has included a number of contingent designations in the event that Schrader's laches claim is a part of the trial, but Bridgestone makes those contingent designations without waiving its continued objections to this claim being part of the trial in this matter.  These contingent

1

designations are noted in a separate table.   More generally, Bridgestone incorporates by reference its Statement Regarding Evidentiary Issues and its Statement Regarding Waivers with respect to both its affirmative designations and its objections to Schrader's counter-designations.

Bridgestone's designation of particular testimony is not an admission that such testimony is appropriate for use by Schrader at any trial in this matter.

Bridgestone has endeavored to include on its Exhibit List all documents discussed in the below designated testimony.  To the extent any such exhibit was inadvertently omitted, it is to be considered included within the exhibits Bridgestone expects to introduce at trial.

Bridgestone reserves the right to use any and all of its initial designations as counter-designations to Schrader's initial designations.  Bridgestone also reserves the right to supplement its designations, including designations for authenticity purposes.  Bridgestone further reserves the right to use any deposition testimony that does not appear in these designations for purposes of impeachment.

Bridgestone continues its investigations and trial preparations and reserves the right, in appropriate circumstances and in accordance with all applicable Federal Rules, Local Rules and Court Orders, to amend, supplement, and/or withdraw its designations or objections to Schrader's counter-designations, including, but not limited to, in response to further negotiations between the parties, Court orders and rulings, and other developments in the case.

**JOINT DEPOSITION DESIGNATION OBJECTION KEY**

| Objection Code | Objection |
|---|---|
| 408 | Privileged settlement communications |
| 602 | Witness lacks personal knowledge |
| 701 | Improper opinion testimony by lay witness |
| 702 | Improper expert opinion testimony |
| 1002 | Best evidence |
| AAA | Asked and answered |
| AF | Assumes facts not in evidence |
| ARG | Argumentative |
| BSER | Beyond the scope of the expert report |
| CLC | Calls for a legal conclusion |
| COMP | Compound |
| CS | Calls for speculation |
| F | Lacks foundation |
| H | Hearsay |
| IMP C | Improper counter |
| INQA | Incomplete question or answer |
| L | Leading |
| LA | Legal argument |
| MD | Mischaracterizes document |
| MT | Misstates testimony |
| NT | Not testimony |
| 403-P | Prejudice, confusion, misleading |
| 403-C | Cumulative, waste of time |
| PRIV | Privileged |
| R | Relevance |
| SCOPE | Beyond the scope of the 30(b)(6) notice |
| V | Vague |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Brenz, Andrew (2014-12-04) | 7:13-7:22 | | | |
| Brenz, Andrew (2014-12-04) | 8:19-8:21 | | 8:22-9:2 | |
| Brenz, Andrew (2014-12-04) | 23:24-24:3 | V, CS | 22:23-23:2 23:5-12 | |
| Brenz, Andrew (2014-12-04) | 24:7-24:13 | | | |
| Brenz, Andrew (2014-12-04) | 24:22-24:23 | | | |
| Brenz, Andrew (2014-12-04) | 25:1-25:4 | | 25:6-9 25:15-16 25:19-23 | R, IMP C |
| Brenz, Andrew (2014-12-04) | 33:20-34:1 | | 34:2-14 34:16-18 36:14-18 36:21-24 37:5 37:7-21 37:23 | R, IMP C, F, CS, 602, AAA, H, 403-P*** For optional completeness, if the Court permits defendants' counter designations over the stated objections, the following also should be played to the jury: 34:20-23, 35: 2-6, 35:10-12, 35:15, 35:17-23, 35:25-36:4. 37:25-38:3, 39:25-40:1, 40:5-6, 40:8-10, 40:13-14. |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Brenz, Andrew (2014-12-04) | 38:4-38:6 | L | 36:14-18 36:21-24 37:5 37:7-21 37:23 | R, IMP C, F, CS, 602, AAA, H, 403-P*** For optional completeness, if the Court permits defendants' counter designations over the stated objections, the following also should be played to the jury: 34:20-23, 35: 2-6, 35:10-12, 35:15, 35:17-23, 35:25-36:4. 37:25-38:3, 39:25-40:1, 40:5-6, 40:8-10, 40:13-14. |
| Brenz, Andrew (2014-12-04) | 38:8-38:8 | | 36:14-18 36:21-24 37:5 37:7-21 37:23 | R, IMP C, F, CS, 602, AAA, H, 403-P*** For optional completeness, if the Court permits defendants' counter designations over the stated objections, the following also should be played to the jury: 34:20-23, 35: 2-6, 35:10-12, 35:15, 35:17-23, 35:25-36:4. 37:25-38:3, 39:25-40:1, 40:5-6, 40:8-10, 40:13-14. |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Brenz, Andrew (2014-12-04) | 38:10-38:12 | | 36:14-18<br>36:21-24<br>37:5<br>37:7-21<br>37:23 | R, IMP C, F, CS, 602, AAA, H, 403-P*** For optional completeness, if the Court permits defendants' counter designations over the stated objections, the following also should be played to the jury: 34:20-23, 35: 2-6, 35:10-12, 35:15, 35:17-23, 35:25-36:4. 37:25-38:3, 39:25-40:1, 40:5-6, 40:8-10, 40:13-14. |
| Brenz, Andrew (2014-12-04) | 39:6-39:8 | F, CS, 602 | 38:20-39:5 | |
| Brenz, Andrew (2014-12-04) | 39:12-39:12 | F, CS, 602 | 38:20-39:5 | |
| Brenz, Andrew (2014-12-04) | 39:14-39:24 | F, L, CS, 602 | 38:20-39:5 | |
| Brenz, Andrew (2014-12-04) | 41:10-41:13 | L | 40:20-41:9<br>44:3-10<br>44:17 | H, R, 403-P, F, IMP C |
| Brenz, Andrew (2014-12-04) | 41:16-41:16 | | 40:20-41:9<br>44:3-10<br>44:17 | H, R, 403-P, F, IMP C |
| Brenz, Andrew (2014-12-04) | 41:18-41:24 | | 40:20-41:9<br>44:3-10<br>44:17 | H, R, 403-P, F, IMP C |
| Brenz, Andrew (2014-12-04) | 48:19-49:25 | L, AF, 403P | 48:3-18<br>50:4-13 | R, 403-P, IMP C |
| Brenz, Andrew (2014-12-04) | 51:6-51:11 | L | | |
| Brenz, Andrew (2014-12-04) | 51:14-51:14 | | | |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Brenz, Andrew (2014-12-04) | 52:9-52:10 | L | | |
| Brenz, Andrew (2014-12-04) | 52:13-52:13 | | | |
| Brenz, Andrew (2014-12-04) | 61:23-62:3 | L, R, V | 62:4-8 62:10 | V, F, R |
| Brenz, Andrew (2014-12-04) | 62:12-62:24 | R, V | 62:4-8 62:10 | V, F, R |
| Brenz, Andrew (2014-12-04) | 63:9-64:9 | F, CS, 602 | | |
| Brenz, Andrew (2014-12-04) | 64:25-65:1 | F, CS, 602 | 66:9-13 | H, IMP C, F, 403-P, R |
| Brenz, Andrew (2014-12-04) | 65:5-65:5 | F, CS, 602 | 66:9-13 | H, IMP C, F, 403-P, R |
| Brenz, Andrew (2014-12-04) | 65:7-65:8 | F, CS, 602 | 66:9-13 | H, IMP C, F, 403-P, R |
| Brenz, Andrew (2014-12-04) | 65:13-65:17 | F, CS, 602 | 66:9-13 | H, IMP C, F, 403-P, R |
| Brenz, Andrew (2014-12-04) | 67:4-67:14 | | 67:15-68:14 68:17 | R, 1002, H |
| Brenz, Andrew (2014-12-04) | 69:13-69:19 | | | |
| Brenz, Andrew (2014-12-04) | 69:21-69:21 | | | |
| Brenz, Andrew (2014-12-04) | 69:25-70:5 | | | |
| Brenz, Andrew (2014-12-04) | 70:8-70:8 | | | |
| Brenz, Andrew (2014-12-04) | 70:10-71:3 | | | |
| Brenz, Andrew (2014-12-04) | 71:12-71:20 | F, CS, 602 | | |
| Brenz, Andrew (2014-12-04) | 71:22-71:22 | F, CS, 602 | | |
| Brenz, Andrew (2014-12-04) | 71:24-72:13 | F, CS, 602 | | |
| Brenz, Andrew (2014-12-04) | 73:5-73:9 | F, CS, 602, L | | |
| Brenz, Andrew (2014-12-04) | 74:2-74:7 | F, CS, 602 | | |
| Brenz, Andrew (2014-12-04) | 74:16-74:22 | F, CS, 602 | | |
| Brenz, Andrew (2014-12-04) | 75:1-75:1 | F, CS, 602 | | |
| Brenz, Andrew (2014-12-04) | 75:4-75:16 | F, CS, 602 | | |
| Brenz, Andrew (2014-12-04) | 75:19-75:19 | F, CS, 602 | | |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Brenz, Andrew (2014-12-04) | 75:21-76:9 | 75:21-76:3 F, CS, 602 | 76:19-22 76:25 77:2-4 77:13-14 | IMP C, R, 403-P |
| Brenz, Andrew (2014-12-04) | 76:13-76:15 | F, CS, 602 | 76:19-22 76:25 77:2-4 77:13-14 | IMP C, R, 403-P |
| Brenz, Andrew (2014-12-04) | 76:17-76:17 | F, CS, 602 | 76:19-22 76:25 77:2-4 77:13-14 | IMP C, R, 403-P |
| Brenz, Andrew (2014-12-04) | 77:22-77:24 | F, CS, 602 | | |
| Brenz, Andrew (2014-12-04) | 78:2-78:5 | F, CS, 602 | | |
| Brenz, Andrew (2014-12-04) | 78:9-78:9 | F, CS, 602 | | |
| Brenz, Andrew (2014-12-04) | 78:18-78:25 | F, CS, 602 | | |
| Brenz, Andrew (2014-12-04) | 79:3-79:3 | F, CS, 602 | | |
| Brenz, Andrew (2014-12-04) | 80:8-80:10 | F, CS, 602 | | |
| Brenz, Andrew (2014-12-04) | 80:16-80:16 | F, CS, 602 | | |
| Brenz, Andrew (2014-12-04) | 80:18-80:19 | F, CS, 602 | | |
| Brenz, Andrew (2014-12-04) | 80:23-80:23 | F, CS, 602 | | |
| Brenz, Andrew (2014-12-04) | 80:25-81:3 | F, CS, 602 | | |
| Brenz, Andrew (2014-12-04) | 81:10-81:12 | F, CS, 602 | | |
| Brenz, Andrew (2014-12-04) | 81:16-81:17 | F, CS, 602 | | |
| Brenz, Andrew (2014-12-04) | 81:25-82:1 | F, CS, 602 | | |
| Brenz, Andrew (2014-12-04) | 82:4-82:4 | F, CS, 602 | | |
| Brenz, Andrew (2014-12-04) | 82:6-82:9 | F, CS, 602, L | | |
| Brenz, Andrew (2014-12-04) | 82:21-82:25 | | 83:1-3 | |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---------|--------------------------|------------------------|----------------------------------|------------------------------------------------|
| Brenz, Andrew (2014-12-04) | 83:4-83:5 | | 83:6-7 | |
| Brenz, Andrew (2014-12-04) | 83:8-83:13 | | | |
| Brenz, Andrew (2014-12-04) | 83:20-83:22 | | 83:23-84:2 | 1002, 403-C, H |
| Brenz, Andrew (2014-12-04) | 84:3-84:12 | F, CS, 602, 403C | | |
| Brenz, Andrew (2014-12-04) | 84:15-84:17 | F, CS, 602, 403C | | |
| Brenz, Andrew (2014-12-04) | 84:22-84:24 | F, CS, 602, L | | |
| Brenz, Andrew (2014-12-04) | 85:5-85:5 | F, CS, 602 | | |
| Brenz, Andrew (2014-12-04) | 85:7-85:10 | F, CS, 602 | | |
| Brenz, Andrew (2014-12-04) | 85:12-85:12 | F, CS, 602 | | |
| Brenz, Andrew (2014-12-04) | 85:14-85:15 | F, CS, 602 | | |
| Brenz, Andrew (2014-12-04) | 85:17-85:17 | F, CS, 602 | | |
| Brenz, Andrew (2014-12-04) | 85:20-85:23 | F, CS, 602 | | |
| Brenz, Andrew (2014-12-04) | 86:1-86:1 | F, CS, 602 | | |
| Brenz, Andrew (2014-12-04) | 86:3-86:6 | F, CS, 602 | | |
| Brenz, Andrew (2014-12-04) | 86:14-86:17 | F, CS, 602 | | |
| Brenz, Andrew (2014-12-04) | 86:20-86:23 | F, CS, 602 | | |
| Brenz, Andrew (2014-12-04) | 90:3-90:5 | F, CS, 602 | | |
| Brenz, Andrew (2014-12-04) | 90:12-90:12 | F, CS, 602 | | |
| Brenz, Andrew (2014-12-04) | 112:1-112:5 | | 112:9-10 112:21-23 113:2-19 114:7-10 | |
| Brenz, Andrew (2014-12-04) | 112:7-112:7 | | 112:9-10 112:21-23 113:2-19 114:7-10 | |

6

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Brenz, Andrew (2014-12-04) | 115:24-116:1 | | 112:9-10<br>112:21-23<br>113:2-19<br>114:7-10<br>116:5<br>116:9-12 | |
| Brenz, Andrew (2014-12-04) | 116:3-116:3 | | 112:9-10<br>112:21-23<br>113:2-19<br>114:7-10 | |
| Brenz, Andrew (2014-12-04) | 116:14-116:14 | CLC, F, CS | 112:9-10<br>112:21-23<br>113:2-19<br>114:7-10 | |
| Brenz, Andrew (2014-12-04) | 117:1-117:1 | | | |
| Brenz, Andrew (2014-12-04) | 117:3-117:5 | CLC, F, CS | | |
| Brenz, Andrew (2014-12-04) | 147:25-148:2 | | 147:17-19<br>147:22-24 | R, 403-P, L, V, MT |
| Brenz, Andrew (2014-12-04) | 148:4-148:10 | | 148:15-18<br>148:20<br>148:22-149:8 | R, 403-P, F, CS, L, 602 |
| Brenz, Andrew (2014-12-04) | 149:9-149:10 | | | |
| Brenz, Andrew (2014-12-04) | 149:15-149:15 | | 149:17-20<br>149:23-150:2<br>150:4-14<br>150:16<br>150:18-22<br>150:25-151:1<br>151:3 | R, 403-P, F, V, L, 602, MT, CS |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Brenz, Andrew (2014-12-04) | 171:19-172:3 | | 170:8-12<br>170:19-171:10<br>171:12<br>171:14-18<br>172:14-16<br>172:18-21<br>173:19-22<br>173:23<br>173:25-174:1<br>174:3<br>174:5-13 | R, 403-P, V, L, IMP C, CS, F, 602 |
| Brenz, Andrew (2014-12-04) | 172:5-172:5 | | | |
| Brenz, Andrew (2014-12-04) | 179:14-179:19 | F, CS, 602, 403C, L | | |
| Brenz, Andrew (2014-12-04) | 179:22-179:22 | F, CS, 602, 403C | | |
| Brenz, Andrew (2014-12-04) | 179:24-180:3 | F, CS, 602, 403C | | |
| Brenz, Andrew (2014-12-04) | 180:7-180:7 | F, CS, 602, 403C | | |
| Brenz, Andrew (2014-12-04) | 180:9-180:10 | F, CS, 602, 403C | | |
| Brenz, Andrew (2014-12-04) | 180:13-180:13 | F, CS, 602, 403C | | |
| Brenz, Andrew (2014-12-04) | 180:15-180:17 | F, CS, 602, 403C | | |
| Brenz, Andrew (2014-12-04) | 180:21-180:21 | F, CS, 602, 403C | | |
| Brenz, Andrew (2014-12-04) | 180:25-181:3 | | | |
| Brenz, Andrew (2014-12-04) | 181:8-181:12 | | | |
| Brenz, Andrew (2014-12-04) | 181:17-181:25 | | | |
| Brenz, Andrew (2014-12-04) | 182:24-183:3 | | | |
| Brenz, Andrew (2014-12-04) | 183:20-183:22 | | | |
| Brenz, Andrew (2014-12-04) | 183:24-183:24 | | 184:14-16<br>184:18<br>184:21-185:1 | |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Brenz, Andrew (2014-12-04) | 184:1-184:3 | F, CS, 602 | 184:14-16 184:18 184:21-185:1 | |
| Brenz, Andrew (2014-12-04) | 184:6-184:7 | | 184:14-16 184:18 184:21-185:1 | |
| Brenz, Andrew (2014-12-04) | 184:9-184:9 | | 184:14-16 184:18 184:21-185:1 | |
| Brenz, Andrew (2014-12-04) | 184:11-184:13 | | 184:14-16 184:18 184:21-185:1 | |
| Brenz, Andrew (2014-12-04) | 186:15-186:18 | F, CS, 602 | | |
| Brenz, Andrew (2014-12-04) | 189:13-189:24 | F, CS, 602 | | |
| Brenz, Andrew (2014-12-04) | 190:3-190:3 | F, CS, 602 | | |
| Brenz, Andrew (2014-12-04) | 190:5-190:10 | F, CS, 602 | | |
| Brenz, Andrew (2014-12-04) | 190:13-190:13 | F, CS, 602 | | |
| Brenz, Andrew (2014-12-04) | 197:8-197:10 | F, CS, 602, R, L | | |
| Brenz, Andrew (2014-12-04) | 197:13-197:13 | F, CS, 602, R | | |
| Brenz, Andrew (2014-12-04) | 197:15-197:18 | F, CS, 602, R | | |
| Brenz, Andrew (2014-12-04) | 197:20-197:20 | F, CS, 602, R | | |
| Brenz, Andrew (2014-12-04) | 199:8-199:11 | F, CS, 602, R, L | | |
| Brenz, Andrew (2014-12-04) | 199:16-199:16 | F, CS, 602, R | | |
| Brenz, Andrew (2014-12-04) | 202:8-202:21 | | | |
| Brenz, Andrew (2014-12-04) | 202:23-202:23 | | | |
| Brenz, Andrew (2014-12-04) | 202:25-203:1 | L | | |
| Brenz, Andrew (2014-12-04) | 203:4-203:4 | | | |
| Brenz, Andrew (2014-12-04) | 203:6-203:10 | F, CS, 602, L | | |

9

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Brenz, Andrew (2014-12-04) | 203:14-203:18 | F, CS, 602, L | | |
| Brenz, Andrew (2014-12-04) | 203:22-203:24 | F, CS, 602 | | |
| Brenz, Andrew (2014-12-04) | 204:1-204:1 | F, CS, 602 | | |
| Brenz, Andrew (2014-12-04) | 204:3-204:6 | F, CS, 602 | 204:7-12 | |
| Brenz, Andrew (2014-12-04) | 204:13-204:15 | | 204:7-12 | |
| Brenz, Andrew (2014-12-04) | 214:4-214:7 | F, CS, 602, L | | |
| Brenz, Andrew (2014-12-04) | 214:11-214:12 | L | | |
| Brenz, Andrew (2014-12-04) | 214:14-214:14 | | | |
| Brenz, Andrew (2014-12-04) | 214:16-214:18 | F, CS, 602, L | | |
| Brenz, Andrew (2014-12-04) | 214:20-214:20 | | | |
| Brenz, Andrew (2014-12-04) | 214:22-214:24 | F, CS, 602, L | | |
| Brenz, Andrew (2014-12-04) | 215:1-215:1 | | | |
| Charvat, Hugh (2014-10-24) | 8:7-8:11 | | | |
| Charvat, Hugh (2014-10-24) | 9:16-9:23 | | 9:24-10:19 | R, IMPC |
| Charvat, Hugh (2014-10-24) | 16:25-17:4 | | 13:14-14:24 15:17-16:24 17:5-19 | R, IMPC |
| Charvat, Hugh (2014-10-24) | 17:20-18:21 | | 13:14-14:25 15:17-16:24 17:5-19 18:22-19:6 21:6-15 | R, IMPC |
| Charvat, Hugh (2014-10-24) | 20:2-20:8 | | 18:22-19:6 21:6-15 | R, IMPC |
| Charvat, Hugh (2014-10-24) | 20:12-20:14 | | 18:22-19:6 21:6-15 | R, IMPC |
| Charvat, Hugh (2014-10-24) | 20:16-20:18 | | 18:22-19:6 21:6-15 | R, IMPC |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Charvat, Hugh (2014-10-24) | 20:20-21:5 | | 18:22-19:6<br>21:6-15 | R, IMPC |
| Charvat, Hugh (2014-10-24) | 23:11-24:5 | 23:11-16 R, F<br>23:17-24:5 R, 403C, 403P | 21:16-24 (counter to 23:11-16) | R, IMPC |
| Charvat, Hugh (2014-10-24) | 24:8-24:9 | R, 403C, 403P | | |
| Charvat, Hugh (2014-10-24) | 24:11-25:19 | R, 403C, 403P | | |
| Charvat, Hugh (2014-10-24) | 25:25-26:6 | R, 403P | | |
| Charvat, Hugh (2014-10-24) | 26:8-26:10 | R, 403C | | |
| Charvat, Hugh (2014-10-24) | 29:16-29:21 | R, 403P, F | | |
| Charvat, Hugh (2014-10-24) | 30:1-30:3 | R, 403P, F | | |
| Charvat, Hugh (2014-10-24) | 30:11-30:12 | R, 403P, F | | |
| Charvat, Hugh (2014-10-24) | 30:15-30:16 | R, 403P, F | | |
| Charvat, Hugh (2014-10-24) | 31:12-32:3 | 31:12-24 R, 403P | | |
| Charvat, Hugh (2014-10-24) | 32:7-32:14 | 32:12-14 R, 403P | | |
| Charvat, Hugh (2014-10-24) | 32:17-32:17 | R, 403P | | |
| Charvat, Hugh (2014-10-24) | 33:1-34:3 | 33:1-23 R, 403P | 34:4-8 | IMPC, R, LA, 701, 602 |
| Charvat, Hugh (2014-10-24) | 37:2-38:2 | R, 403P | 40:4-41:3 | IMPC, R |
| Charvat, Hugh (2014-10-24) | 41:4-41:11 | | 40:4-41:3 | IMPC, R |
| Charvat, Hugh (2014-10-24) | 42:24-43:12 | | 44:22-45:9 (counter to 43:8-12)<br>45:24-46:11 (counter to 43:8-12) | IMPC, nonresponsive (46:4-11), R |
| Charvat, Hugh (2014-10-24) | 43:14-43:14 | | 44:22-45:9<br>45:24-46:11 | IMPC, R |
| Charvat, Hugh (2014-10-24) | 43:16-43:17 | INQA, V | | |
| Charvat, Hugh (2014-10-24) | 43:19-43:21 | INQA, V | | |
| Charvat, Hugh (2014-10-24) | 43:23-44:2 | | | |
| Charvat, Hugh (2014-10-24) | 44:8-44:15 | R, 403P, V | | |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Charvat, Hugh (2014-10-24) | 46:13-46:15 | F | 44:22-45:9 45:24-46:11 | IMPC, R, |
| Charvat, Hugh (2014-10-24) | 46:18-46:21 | F | 44:22-45:9 45:24-46:11 | IMPC, R, |
| Charvat, Hugh (2014-10-24) | 47:16-47:24 | | 40:4-41:3 48:3-6 | IMPC, R |
| Charvat, Hugh (2014-10-24) | 48:14-48:21 | 48:19-21 F, V | 48:3-6 49:3-7 | IMPC |
| Charvat, Hugh (2014-10-24) | 48:24-49:1 | | 48:3-6 49:3-7 | IMPC |
| Charvat, Hugh (2014-10-24) | 50:11-50:25 | F, CS | | |
| Charvat, Hugh (2014-10-24) | 51:7-51:14 | R, F | | |
| Charvat, Hugh (2014-10-24) | 51:20-52:10 | F | | |
| Charvat, Hugh (2014-10-24) | 52:18-53:2 | F | 49:3-7 | IMPC |
| Charvat, Hugh (2014-10-24) | 54:11-54:17 | F, CS | | |
| Charvat, Hugh (2014-10-24) | 56:6-56:11 | F, CS | | |
| Charvat, Hugh (2014-10-24) | 56:15-56:22 | F, CS | | |
| Charvat, Hugh (2014-10-24) | 57:7-57:19 | F | | |
| Charvat, Hugh (2014-10-24) | 57:24-58:3 | R, V, F, CS | | |
| Charvat, Hugh (2014-10-24) | 58:6-58:14 | R, V, F, CS | | |
| Charvat, Hugh (2014-10-24) | 58:16-59:15 | R, V, F, CS | | |
| Charvat, Hugh (2014-10-24) | 61:21-62:10 | R, V, F, CS | | |
| Charvat, Hugh (2014-10-24) | 63:5-63:10 | R | | |
| Charvat, Hugh (2014-10-24) | 66:16-66:20 | R | 67:10-68:14 | IMPC, nonresponsive (67:18-68:14), 403-C (67:18-68:14) |
| Charvat, Hugh (2014-10-24) | 67:2-67:9 | F, CS | 67:10-68:14 | IMPC, nonresponsive (67:18-68:14), 403-C (67:18-68:14) |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---------|------------------------|----------------------|--------------------------------|----------------------------------------------|
| Charvat, Hugh (2014-10-24) | 68:18-68:23 | V, ARG, COMP | 67:10-68:14 | IMPC, nonresponsive (67:18-68:14), 403-C (67:18-68:14) |
| Charvat, Hugh (2014-10-24) | 69:1-69:5 | V | 67:10-68:14 | IMPC, nonresponsive (67:18-68:14), 403-C (67:18-68:14) |
| Charvat, Hugh (2014-10-24) | 69:8-69:14 | F | 69:18-25<br>71:4-6<br>71:18-72:8<br>72:25-73:12<br>73:19-21<br>74:18-22 | IMPC, 602 (except 72:25-73:3) |
| Charvat, Hugh (2014-10-24) | 70:1-71:3 | | 69:18-25<br>71:4-6<br>71:18-72:8<br>72:25-73:12<br>73:19-21<br>74:18-22 | IMPC, 602 (except 72:25-73:3) |
| Charvat, Hugh (2014-10-24) | 71:7-71:17 | H, CS | 69:18-25<br>71:4-6<br>71:18-72:8<br>72:25-73:12<br>73:19-21<br>74:18-22 | IMPC, 602 (except 72:25-73:3) |
| Charvat, Hugh (2014-10-24) | 72:20-72:24 | H, CS | 69:18-25<br>71:4-6<br>71:18-72:8<br>72:25-73:12<br>73:19-21<br>74:18-22 | IMPC, 602 (except 72:25-73:3) |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Charvat, Hugh (2014-10-24) | 73:13-73:18 | H, CS | 69:18-25<br>71:4-6<br>71:18-72:8<br>72:25-73:12<br>73:19-21<br>74:18-22 | IMPC, 602 (except 72:25-73:3) |
| Charvat, Hugh (2014-10-24) | 73:25-74:8 | H, CS | 69:18-25<br>71:4-6<br>71:18-72:8<br>72:25-73:12<br>73:19-21<br>74:18-22 | IMPC, 602 (except 72:25-73:3) |
| Charvat, Hugh (2014-10-24) | 74:12-74:17 | H, CS | 69:18-25<br>71:4-6<br>71:18-72:8<br>72:25-73:12<br>73:19-21<br>74:18-22 | IMPC, 602 (except 72:25-73:3) |
| Charvat, Hugh (2014-10-24) | 75:4-75:7 | H, CS | 69:18-25<br>71:4-6<br>71:18-72:8<br>72:25-73:12<br>73:19-21<br>74:18-22 | IMPC, 602 (except 72:25-73:3) |
| Charvat, Hugh (2014-10-24) | 75:11-75:13 | | 69:18-25<br>71:4-6<br>71:18-72:8<br>72:25-73:12<br>73:19-21<br>74:18-22 | IMPC, 602 (except 72:25-73:3) |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Charvat, Hugh (2014-10-24) | 75:17-76:9 | | 69:18-25<br>71:4-6<br>71:18-72:8<br>72:25-73:12<br>73:19-21<br>74:18-22 | IMPC, 602 (except 72:25-73:3) |
| Charvat, Hugh (2014-10-24) | 78:1-78:6 | R, F, CS, H | 77:1-25<br>78:14-17 | 602(14:-17) |
| Charvat, Hugh (2014-10-24) | 78:21-79:2 | R, F, CS, H | 77:1-25<br>79:3-6 | 403-P, 403-C, R, 602(79:3-6) |
| Charvat, Hugh (2014-10-24) | 79:10-79:17 | R, F, CS, H | 77:1-25 | 403-P, 403-C, R |
| Charvat, Hugh (2014-10-24) | 79:21-80:13 | R, F, CS, H | 77:1-25 | 403-P, 403-C, R |
| Charvat, Hugh (2014-10-24) | 80:17-81:8 | R, F, CS, H, 403P | 77:1-25<br>81:9-11 | 403-P, 403-C, R, 602(81:9-11) |
| Charvat, Hugh (2014-10-24) | 82:8-82:10 | | 77:1-25 | 403-P, 403-C, R |
| Charvat, Hugh (2014-10-24) | 82:11-84:5 | | 77:1-25 | 403-P, 403-C, R |
| Charvat, Hugh (2014-10-24) | 84:8-84:9 | | 77:1-25 | 403-P, 403-C, R |
| Charvat, Hugh (2014-10-24) | 84:11-84:16 | F, CS | 77:1-25 | 403-P, 403-C, R |
| Charvat, Hugh (2014-10-24) | 84:22-85:12 | 85:11-12 F, CS | 77:1-25 | 403-P, 403-C, R |
| Charvat, Hugh (2014-10-24) | 85:15-85:17 | | | |
| Charvat, Hugh (2014-10-24) | 85:19-85:22 | F | | |
| Charvat, Hugh (2014-10-24) | 85:25-86:2 | | | |
| Charvat, Hugh (2014-10-24) | 86:19-87:12 | | | |
| Charvat, Hugh (2014-10-24) | 88:19-89:25 | | 90:1-10<br>91:20-92:1<br>92:12-93:8<br>93:14-19<br>93:23-94:10 | IMPC, 602(91:20-92:1, 92:22-93:8, 93:14-19, 93:23-94:10), 403-C, R (90:6-10, 91:20-92:1, 92:12-93:8, 93:14-19, 93:23-94:10) |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Charvat, Hugh (2014-10-24) | 90:11-90:20 | | 90:1-10<br>91:20-92:1<br>92:12-93:8<br>93:14-19<br>93:23-94:10 | IMPC, 602(91:20-92:1, 92:22-93:8, 93:14-19, 93:23-94:10), 403-C, R (90:6-10, 91:20-92:1, 92:12-93:8, 93:14-19, 93:23-94:10) |
| Charvat, Hugh (2014-10-24) | 90:24-91:14 | | 90:1-10<br>91:20-92:1<br>92:12-93:8<br>93:14-19<br>93:23-94:10 | IMPC, 602(91:20-92:1, 92:22-93:8, 93:14-19, 93:23-94:10), 403-C, R (90:6-10, 91:20-92:1, 92:12-93:8, 93:14-19, 93:23-94:10) |
| Charvat, Hugh (2014-10-24) | 91:16-91:19 | | 90:1-10<br>91:20-92:1<br>92:12-93:8<br>93:14-19<br>93:23-94:10 | IMPC, 602(91:20-92:1, 92:22-93:8, 93:14-19, 93:23-94:10), 403-C, R (90:6-10, 91:20-92:1, 92:12-93:8, 93:14-19, 93:23-94:10) |
| Charvat, Hugh (2014-10-24) | 92:3-92:6 | R, F, CS | 90:1-10<br>91:20-92:1<br>92:12-93:8<br>93:14-19<br>93:23-94:10 | IMPC, 602(91:20-92:1, 92:22-93:8, 93:14-19, 93:23-94:10), 403-C, R (90:6-10, 91:20-92:1, 92:12-93:8, 93:14-19, 93:23-94:10) |
| Charvat, Hugh (2014-10-24) | 92:8-92:10 | R, F, CS | 90:1-10<br>91:20-92:1<br>92:12-93:8<br>93:14-19<br>93:23-94:10 | IMPC, 602(91:20-92:1, 92:22-93:8, 93:14-19, 93:23-94:10), 403-C, R (90:6-10, 91:20-92:1, 92:12-93:8, 93:14-19, 93:23-94:10) |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Charvat, Hugh (2014-10-24) | 93:9-93:13 | R, F, AF | 90:1-10<br>91:20-92:1<br>92:12-93:8<br>93:14-19<br>93:23-94:10 | IMPC, 602(91:20-92:1, 92:22-93:8, 93:14-19, 93:23-94:10), 403-C, R (90:6-10, 91:20-92:1, 92:12-93:8, 93:14-19, 93:23-94:10) |
| Charvat, Hugh (2014-10-24) | 94:12-94:16 | R, F, AF, CS | 90:1-10<br>91:20-92:1<br>92:12-93:8<br>93:14-19<br>93:23-94:10 | IMPC, 602(91:20-92:1, 92:22-93:8, 93:14-19, 93:23-94:10), 403-C, R (90:6-10, 91:20-92:1, 92:12-93:8, 93:14-19, 93:23-94:10) |
| Charvat, Hugh (2014-10-24) | 94:19-94:19 | R, F, AF, CS | 90:1-10<br>91:20-92:1<br>92:12-93:8<br>93:14-19<br>93:23-94:10 | IMPC, 602(91:20-92:1, 92:22-93:8, 93:14-19, 93:23-94:10), 403-C, R (90:6-10, 91:20-92:1, 92:12-93:8, 93:14-19, 93:23-94:10) |
| Charvat, Hugh (2014-10-24) | 95:1-95:4 | | 90:1-10<br>91:20-92:1<br>92:12-93:8<br>93:14-19<br>93:23-94:10 | IMPC, 602(91:20-92:1, 92:22-93:8, 93:14-19, 93:23-94:10), 403-C, R (90:6-10, 91:20-92:1, 92:12-93:8, 93:14-19, 93:23-94:10) |
| Charvat, Hugh (2014-10-24) | 95:23-96:8 | R, 403P, F | 90:1-10<br>91:20-92:1<br>92:12-93:8<br>93:14-19<br>93:23-94:10 | IMPC, 602(91:20-92:1, 92:22-93:8, 93:14-19, 93:23-94:10), 403-C, R (90:6-10, 91:20-92:1, 92:12-93:8, 93:14-19, 93:23-94:10) |
| Charvat, Hugh (2014-10-24) | 96:12-96:16 | R, 403P, F | | |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Charvat, Hugh (2014-10-24) | 96:21-97:3 | R, 403P, F | | |
| Charvat, Hugh (2014-10-24) | 98:14-98:19 | | 124:15-125:6 | IMPC, R |
| Charvat, Hugh (2014-10-24) | 98:21-98:22 | | 124:15-125:6 | IMPC, R |
| Charvat, Hugh (2014-10-24) | 99:2-99:10 | | 124:15-125:6 | IMPC, R |
| Charvat, Hugh (2014-10-24) | 100:6-100:14 | | 124:15-125:6 | IMPC, R |
| Charvat, Hugh (2014-10-24) | 106:7-106:14 | R | 106:15-20 110:16-19 124:15-125:6 | R, 403-C (106:15-20), IMPC (124:15-125:6) |
| Charvat, Hugh (2014-10-24) | 108:3-108:17 | R, 403P | 106:15-20 110:16-19 124:15-125:6 | R, 403-C (106:15-20), IMPC (124:15-125:6) |
| Charvat, Hugh (2014-10-24) | 109:1-110:3 | R, 403P, CS | 106:15-20 110:16-19 124:15-125:6 | R, 403-C (106:15-20), IMPC (124:15-125:6) |
| Charvat, Hugh (2014-10-24) | 111:13-112:16 | 111:13-21 R, 403P | 124:15-125:6 | IMPC, R |
| Charvat, Hugh (2014-10-24) | 115:12-115:24 | R, F, 403P | 124:15-125:6 | IMPC, R |
| Charvat, Hugh (2014-10-24) | 117:4-117:8 | | 117:25-118:5 124:15-125:6 | IMPC (124:15-125:6), R (124:15-125:6) |
| Charvat, Hugh (2014-10-24) | 118:6-119:1 | | 117:25-118:5 119:2-11 124:15-125:6 | Nonresponsive (119:2-11), LC (119:2-11), 701 (119:2-11), 403-P (119:2-11), R (119:2-11, 124:15-125:6) IMPC (124:15-125:6) |
| Charvat, Hugh (2014-10-24) | 120:10-120:12 | | 119:2-11 124:15-125:6 | Nonresponsive (119:2-11), LC (119:2-11), 701 (119:2-11), 403-P (119:2-11), R (119:2-11, 124:15-125:6) IMPC (124:15-125:6) |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Charvat, Hugh (2014-10-24) | 120:15-120:15 | | 119:2-11<br>124:15-125:6 | Nonresponsive (119:2-11), LC (119:2-11), 701 (119:2-11), 403-P (119:2-11), R (119:2-11, 124:15-125:6) IMPC (124:15-125:6) |
| Charvat, Hugh (2014-10-24) | 121:15-121:19 | | 121:25-126:2<br>124:15-125:6 | R, IMPC (124:15-125:6) 602 (121:25-126:2) |
| Charvat, Hugh (2014-10-24) | 121:22-121:24 | | 121:25-126:2<br>124:15-125:6 | R, IMPC (124:15-125:6) 602 (121:25-126:2) |
| Charvat, Hugh (2014-10-24) | 122:20-123:7 | | 124:15-125:6 | IMPC, R |
| Charvat, Hugh (2014-10-24) | 131:6-131:10 | R, V | | |
| Charvat, Hugh (2014-10-24) | 131:19-131:25 | R, V | | |
| Charvat, Hugh (2014-10-24) | 136:13-136:23 | R, F, CS, 403P | | |
| Charvat, Hugh (2014-10-24) | 137:15-138:9 | 138:1-9 R, 403P | | |
| Charvat, Hugh (2014-10-24) | 138:11-138:14 | R, 403P | | |
| Charvat, Hugh (2014-10-24) | 139:15-139:19 | R, 403P, V | | |
| Charvat, Hugh (2014-10-24) | 139:21-139:22 | R, 403P, V | | |
| Charvat, Hugh (2014-10-24) | 139:24-140:13 | R, 403P, V | | |
| Charvat, Hugh (2014-10-24) | 140:23-140:25 | R, 403P, V | | |
| Charvat, Hugh (2014-10-24) | 141:2-141:3 | R, 403P | | |
| Charvat, Hugh (2014-10-24) | 141:5-141:13 | R, 403P | | |
| Charvat, Hugh (2014-10-24) | 142:3-142:12 | R, 403P | | |
| Charvat, Hugh (2014-10-24) | 144:24-145:6 | R, 403P | 145:25-146:2<br>146:9-12 | IMPC (146:9-12) |
| Charvat, Hugh (2014-10-24) | 145:17-145:21 | | 145:25-146:2<br>146:9-12 | IMPC (146:9-12) |
| Charvat, Hugh (2014-10-24) | 146:17-146:23 | R, 403P | | |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Charvat, Hugh (2014-10-24) | 147:6-147:8 | | | |
| Charvat, Hugh (2014-10-24) | 147:10-147:11 | | | |
| Charvat, Hugh (2014-10-24) | 154:22-155:10 | R, 403P | 155:11-14 | |
| Charvat, Hugh (2014-10-24) | 157:2-157:14 | R, 403P | | |
| Charvat, Hugh (2014-10-24) | 169:18-170:4 | R, 403P | | |
| Charvat, Hugh (2014-10-24) | 174:10-174:25 | R, 403P, 403C | 176:3-9 | R, 602, IMPC |
| Charvat, Hugh (2014-10-24) | 175:3-175:6 | R, 403P, 403C | 176:3-9 | R, 602, IMPC |
| Charvat, Hugh (2014-10-24) | 175:8-175:16 | R, 403P, 403C | 176:3-9 | R, 602, IMPC |
| Charvat, Hugh (2014-10-24) | 175:19-175:19 | R, 403P, 403C | 176:3-9 | R, 602, IMPC |
| Charvat, Hugh (2014-10-24) | 175:25-176:2 | F, V | 176:3-9 | R, 602, IMPC |
| Charvat, Hugh (2014-10-24) | 177:4-177:5 | R, 403P | 180:3-17 | |
| Charvat, Hugh (2014-10-24) | 177:10-177:14 | R, 403P | 180:3-17 | R, 403-C |
| Charvat, Hugh (2014-10-24) | 177:16-177:18 | R, 403P | 180:3-17 | R, 403-C |
| Charvat, Hugh (2014-10-24) | 177:22-178:13 | R, 403P | 180:3-17 | R, 403-C |
| Charvat, Hugh (2014-10-24) | 178:16-178:19 | R, 403P | 180:3-17 | R, 403-C |
| Charvat, Hugh (2014-10-24) | 179:19-180:2 | R, 403P | 180:3-17 | R, 403-C |
| Charvat, Hugh (2014-10-24) | 185:9-186:6 | R, 403P, C | | |
| Charvat, Hugh (2014-10-24) | 186:9-186:13 | R, 403P, C | | |
| Charvat, Hugh (2014-10-24) | 186:17-186:21 | R, F | 186:22-25 | R, 403-C |
| Charvat, Hugh (2014-10-24) | 191:22-191:24 | R, 403P | | |
| Charvat, Hugh (2014-10-24) | 193:16-193:18 | R, 403P, 403C | | |
| Charvat, Hugh (2014-10-24) | 196:5-196:9 | R, 403P | | |
| Charvat, Hugh (2014-10-24) | 197:14-197:25 | R, 403P, V, F | | |
| Charvat, Hugh (2014-10-24) | 198:3-198:6 | R, 403P, V, F | | |
| Charvat, Hugh (2014-10-24) | 198:8-198:15 | R, 403P, V, F | | |
| Charvat, Hugh (2014-10-24) | 199:5-199:7 | R, 403P, 403C, F | | |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Charvat, Hugh (2014-10-24) | 199:10-199:13 | R, 403P, 403C, F | | |
| Charvat, Hugh (2014-10-24) | 199:15-200:2 | R, 403P, 403C, F | | |
| Charvat, Hugh (2014-10-24) | 200:14-200:16 | R, 403P, 403C | | |
| Charvat, Hugh (2014-10-24) | 200:19-200:21 | R, 403P, 403C | | |
| Charvat, Hugh (2014-10-24) | 201:7-201:9 | R, 403P, 403C, V | | |
| Charvat, Hugh (2014-10-24) | 201:12-201:17 | R, 403P, 403C, V | | |
| Charvat, Hugh (2014-10-24) | 202:10-202:17 | R, F, 403P | | |
| Charvat, Hugh (2014-10-24) | 203:10-203:12 | R, 403C | | |
| Charvat, Hugh (2014-10-24) | 204:5-205:1 | R, 403P, 403C | | |
| Charvat, Hugh (2014-10-24) | 207:14-208:9 | R, 403P | | |
| Charvat, Hugh (2014-10-24) | 208:12-208:17 | R, F, CS | 208:18-21 | R, 403-C |
| Charvat, Hugh (2014-10-24) | 210:23-211:9 | | | |
| Charvat, Hugh (2014-10-24) | 211:24-213:2 | F, R, CS, 403P, AF | | |
| Charvat, Hugh (2014-10-24) | 213:5-213:6 | F, R, CS, 403P, AF | | |
| Charvat, Hugh (2014-10-24) | 214:16-214:21 | F, R, CS, 403P, AF | | |
| Charvat, Hugh (2014-10-24) | 215:5-215:9 | F, R, CS, 403P, AF | | |
| Charvat, Hugh (2014-10-24) | 216:3-216:8 | R, 403P | | |
| Charvat, Hugh (2014-10-24) | 218:5-218:11 | R, 403P | | |
| Charvat, Hugh (2014-10-24) | 223:19-224:8 | R, 403P, F | | |
| Charvat, Hugh (2014-10-24) | 225:17-225:20 | CS, F, R, 403P | | |
| Charvat, Hugh (2014-10-24) | 225:23-226:1 | CS, F, R, 403P | | |
| Charvat, Hugh (2014-10-24) | 226:3-226:5 | CS, F, R, 403P | | |
| Charvat, Hugh (2014-10-24) | 227:1-227:8 | CS, F, R, 403P | | |
| Charvat, Hugh (2014-10-24) | 227:13-227:16 | CS, F, R, 403P | | |
| Charvat, Hugh (2014-10-24) | 227:19-227:22 | CS, F, R, 403P | | |
| Charvat, Hugh (2014-10-24) | 227:24-228:12 | CS, F, R, 403P | | |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Charvat, Hugh (2014-10-24) | 229:3-229:7 | R, 403P, AAA, V | | |
| Charvat, Hugh (2014-10-24) | 229:10-229:12 | R, 403P, AAA, V | | |
| Charvat, Hugh (2014-10-24) | 230:2-230:6 | R, F, CS | 230:7 230:12-14 | R, 403-C |
| Charvat, Hugh (2014-10-24) | 231:3-231:12 | R, F, CS | | |
| Charvat, Hugh (2014-10-24) | 231:19-232:9 | R, F, CS | | |
| Charvat, Hugh (2014-10-24) | 232:16-232:21 | R, F, CS | | |
| Charvat, Hugh (2014-10-24) | 233:19-233:20 | F | | |
| Charvat, Hugh (2014-10-24) | 233:22-233:23 | | | |
| Charvat, Hugh (2014-10-24) | 233:25-234:25 | 234:4-25 R, 403P, F, CS | | |
| Charvat, Hugh (2014-10-24) | 235:6-235:24 | | | |
| Charvat, Hugh (2014-10-24) | 237:8-237:13 | R, F, CS, AAA, V | | |
| Charvat, Hugh (2014-10-24) | 237:15-237:18 | R, F, CS, AAA, V | | |
| Charvat, Hugh (2014-10-24) | 237:20-238:13 | R, F, CS, AAA, V | | |
| Charvat, Hugh (2014-10-24) | 238:15-238:19 | R, F, CS, AAA, V | | |
| Charvat, Hugh (2014-10-24) | 238:21-238:24 | R, F, CS, AAA, V | | |
| Charvat, Hugh (2014-10-24) | 240:9-240:15 | R, F, CS | | |
| Charvat, Hugh (2014-10-24) | 241:7-241:18 | R, F, 403C | 241:19-23 | 602, R, IMPC |
| Charvat, Hugh (2014-10-24) | 247:25-248:4 | R, F, 403P, 403C | | |
| Charvat, Hugh (2014-10-24) | 249:21-253:16 | 249:21-252:10 R 253:14-16 F, V | 263:10-15 263:22-264:2 | INQA(263:22-264:22), 403-C |
| Charvat, Hugh (2014-10-24) | 253:19-253:23 | | 263:10-15 263:22-264:2 | INQA(263:22-264:22), 403-C |
| Charvat, Hugh (2014-10-24) | 253:25-254:22 | | 263:10-15 263:22-264:2 | INQA(263:22-264:22), 403-C |
| Charvat, Hugh (2014-10-24) | 255:12-256:7 | 403C | 263:10-15 263:22-264:2 | INQA(263:22-264:22), 403-C |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Charvat, Hugh (2014-10-24) | 256:9-256:12 | 403C | 263:10-15 263:22-264:2 | INQA(263:22-264:22), 403-C |
| Charvat, Hugh (2014-10-24) | 256:14-256:21 | 403C | 263:10-15 263:22-264:2 | INQA(263:22-264:22), 403-C |
| Charvat, Hugh (2014-10-24) | 257:1-258:2 | 403C | 263:10-15 263:22-264:2 | INQA(263:22-264:22), 403-C |
| Charvat, Hugh (2014-10-24) | 264:3-264:8 | R, F, CS, V | 263:10-15 263:22-264:2 | INQA(263:22-264:22), 403-C |
| Charvat, Hugh (2014-10-24) | 264:10-264:11 | R, F, CS, V | 263:10-15 263:22-264:2 | INQA(263:22-264:22), 403-C |
| Charvat, Hugh (2014-10-24) | 264:17-264:21 | | 263:10-15 263:22-264:2 | INQA(263:22-264:22), 403-C |
| Charvat, Hugh (2014-10-24) | 267:2-267:10 | | | |
| Charvat, Hugh (2014-10-24) | 269:18-270:1 | 403C | 271:18-22 272:2-4 272:8-273:2 | 403-P, 403-C, INQA (272:8-273:2) |
| Charvat, Hugh (2014-10-24) | 270:20-271:17 | 271:5-17 V | 271:10-22 272:2-4 272:7-273:2 | 403-P, 403-C (except 271:10-17) |
| Charvat, Hugh (2014-10-24) | 273:3-273:15 | 403C | 273:16-20 274:1-2 | 403-P, 403-C, nonresponsive (274:1-2) |
| Charvat, Hugh (2014-10-24) | 273:23-273:25 | R, 403C | 273:16-20 274:1-2 | 403-P, 403-C, nonresponsive (274:1-2) |
| Charvat, Hugh (2014-10-24) | 274:4-274:7 | R, 403C | 273:16-20 274:1-2 | 403-P, 403-C, nonresponsive (274:1-2) |
| Charvat, Hugh (2014-10-24) | 274:9-276:7 | R, 403C | 273:16-20 274:1-2 276:8-18 (counter to 276:1-7) | 403-P, 403-C, nonresponsive (274:1-2) |
| Charvat, Hugh (2014-10-24) | 277:18-277:23 | R, 403C | | |
| Charvat, Hugh (2014-10-24) | 280:16-281:12 | R, 403C | | |

23

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---------|--------------------------|------------------------|----------------------------------|-----------------------------------------------|
| Charvat, Hugh (2014-10-24) | 286:4-286:7 | R, 403C | 288:3-290:4 | 602, 403-P, 403-C |
| Charvat, Hugh (2014-10-24) | 286:10-286:15 | R, 403C | 288:3-290:4 | 602, 403-P, 403-C |
| Charvat, Hugh (2014-10-24) | 286:17-288:2 | R, 403C | 288:3-290:4 | 602, 403-P, 403-C |
| Charvat, Hugh (2014-10-24) | 291:5-292:3 | R, V | 292:4-11 | IMPC, R |
| Charvat, Hugh (2014-10-24) | 292:12-292:25 | R, F, CS, H | 292:4-11 293:9-17 | R, 403-P (293:9-17), IMPC (292:4-11) |
| Charvat, Hugh (2014-10-24) | 293:2-293:7 | R, F, 1002, CS | 292:4-11 293:9-17 | R, 403-P |
| Charvat, Hugh (2014-10-24) | 293:18-293:19 | R, F, CS, H | 292:4-11 | R, 403-P |
| Charvat, Hugh (2014-10-24) | 293:22-294:1 | R, F, CS, H | 292:4-11 | R, 403-P |
| Charvat, Hugh (2014-10-24) | 294:12-294:13 | R, F, V, CS, H | | |
| Charvat, Hugh (2014-10-24) | 294:15-294:16 | R, F, V, CS, H | | |
| Charvat, Hugh (2014-10-24) | 294:18-294:20 | R, F, V, CS, H | | |
| Charvat, Hugh (2014-10-24) | 294:22-295:1 | R, F, V, CS, H | | |
| Charvat, Hugh (2014-10-24) | 295:3-295:10 | R, F | | |
| Charvat, Hugh (2014-10-24) | 295:20-296:6 | R, F, 403C, V | | |
| Charvat, Hugh (2014-10-24) | 296:17-296:23 | R, F, CS, H | 296:24-297:7 | R, 403-P |
| Charvat, Hugh (2014-10-24) | 297:12-297:21 | R, F | | |
| Charvat, Hugh (2014-10-24) | 298:12-298:19 | R, F, C S, H | 298:20-299:1 | R, 403-P |
| Charvat, Hugh (2014-10-24) | 299:5-299:9 | R, F | | |
| Charvat, Hugh (2014-10-24) | 299:17-299:22 | R, F, CS, H | 299:23-300:6 | R, 403-P |
| Charvat, Hugh (2014-10-24) | 300:11-300:16 | R, F | | |
| Charvat, Hugh (2014-10-24) | 300:21-301:3 | R, F, H, CS | 301:4-9 | R, 403-P |
| Charvat, Hugh (2014-10-24) | 301:13-301:21 | R, F, H, CS | | |
| Charvat, Hugh (2014-10-24) | 302:1-302:17 | R, F, H, CS | | |
| Charvat, Hugh (2014-10-24) | 302:20-302:25 | R, F | 303:1 303:6-7 | R, 403-P, 403-C |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Charvat, Hugh (2014-10-24) | 304:19-305:14 | 304:19-25 R, F<br>305:1-14 R, F, 403P, CS | 305:15-306:10 | 602, speculative, 403-C |
| Charvat, Hugh (2014-10-24) | 306:11-306:14 | R, F, CS | 305:15-306:10 | 602, speculative, 403-C |
| Charvat, Hugh (2014-10-24) | 306:16-306:20 | R, F, CS | 305:15-306:10 | 602, speculative, 403-C |
| Charvat, Hugh (2014-10-24) | 307:4-307:23 | R, F, 403P | 307:24-308:2 | 403-C |
| Charvat, Hugh (2014-10-24) | 308:3-308:11 | R, F, 403P | 307:24-308:2 | 403-C |
| Charvat, Hugh (2014-10-24) | 308:15-309:11 | R, F, 403P | 307:24-308:2 | 403-C |
| Charvat, Hugh (2014-10-24) | 309:24-310:11 | R, F, 403P, CS | 310:12-20 | 403-C, 602 |
| Charvat, Hugh (2014-10-24) | 313:11-313:20 | R, 403P, AAA | | |
| Charvat, Hugh (2014-10-24) | 313:24-314:2 | R, 403P, AAA | | |
| Charvat, Hugh (2014-10-24) | 314:6-314:10 | R, 403P, AAA | | |
| Charvat, Hugh (2014-10-24) | 314:12-314:17 | R, 403P, AAA | | |
| Charvat, Hugh (2014-10-24) | 314:20-314:22 | R, 403P, AAA | | |
| Charvat, Hugh (2014-10-24) | 314:24-315:6 | R, 403P | 315:7-8 | 602 |
| Charvat, Hugh (2014-10-24) | 315:9-315:13 | R, 403P | 315:7-8 | 602 |
| Charvat, Hugh (2014-10-24) | 316:8-316:10 | R, 403P, 701, V | | |
| Charvat, Hugh (2014-10-24) | 316:12-316:15 | R, 403P, 701, V | | |
| Charvat, Hugh (2014-10-24) | 317:4-317:11 | R, 403P, F, CS | | |
| Charvat, Hugh (2014-10-24) | 317:14-317:24 | R, 403P, F, CS | | |
| Charvat, Hugh (2014-10-24) | 318:1-318:2 | R, 403P, F, CS | 318:25-319:3 | 403-C, ARG |
| Charvat, Hugh (2014-10-24) | 318:7-318:24 | R, 403P, F, CS | 318:25-319:3 | 403-C, ARG |
| Charvat, Hugh (2014-10-24) | 319:4-319:12 | R, 403P, F, CS | 318:25-319:3 | 403-C, ARG |
| Charvat, Hugh (2014-10-24) | 319:14-320:7 | R, 403P, F, CS | 318:25-319:3 | 403-C, ARG |
| Charvat, Hugh (2014-10-24) | 320:11-320:13 | R, 403P, F, CS | 318:25-319:3 | 403-C, ARG |
| Charvat, Hugh (2014-10-24) | 320:16-320:17 | R, 403P, F, CS | 318:25-319:3 | 403-C, ARG |
| Charvat, Hugh (2014-10-24) | 321:7-321:12 | R, 403P, F, CS | 322:1-13 | R, 403-P, 403-C |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Charvat, Hugh (2014-10-24) | 321:15-321:19 | R, 403P, F, CS | 322:1-13 | R, 403-P, 403-C |
| Charvat, Hugh (2014-10-24) | 321:21-321:21 | R, 403P, F, CS | 322:1-13 | R, 403-P, 403-C |
| Charvat, Hugh (2014-10-24) | 321:23-321:25 | R, 403P, F, CS | 322:1-13 | R, 403-P, 403-C |
| Charvat, Hugh (2014-10-24) | 322:17-322:20 | R, F, CS | 322:21-323:9 | 602, R, 403-P, 403-C |
| Charvat, Hugh (2014-10-24) | 323:11-323:21 | R, F, CS | 322:21-323:9 | 602, R, 403-P, 403-C |
| Charvat, Hugh (2014-10-24) | 324:14-326:2 | R | 322:21-323:9 | 602, R, 403-P, 403-C |
| Charvat, Hugh (2014-10-24) | 326:6-326:22 | R | | |
| Davenport, Anthony (2014-10-22) | 7:8-7:18 | | | |
| Davenport, Anthony (2014-10-22) | 7:23-8:1 | | | |
| Davenport, Anthony (2014-10-22) | 10:11-10:24 | | | |
| Davenport, Anthony (2014-10-22) | 11:24-12:4 | | | |
| Davenport, Anthony (2014-10-22) | 12:8-12:13 | | | |
| Davenport, Anthony (2014-10-22) | 13:7-13:21 | | | |
| Davenport, Anthony (2014-10-22) | 14:3-15:1 | | | |
| Davenport, Anthony (2014-10-22) | 15:6-15:12 | | | |
| Davenport, Anthony (2014-10-22) | 15:23-16:1 | | | |
| Davenport, Anthony (2014-10-22) | 16:3-16:11 | | | |
| Davenport, Anthony (2014-10-22) | 17:14-18:1 | | | |
| Davenport, Anthony (2014-10-22) | 18:2-18:10 | CS, F | | |
| Davenport, Anthony (2014-10-22) | 18:11-18:20 | 18:19-22 V, R | | |
| Davenport, Anthony (2014-10-22) | 18:22-18:22 | | | |
| Davenport, Anthony (2014-10-22) | 19:2-19:16 | 19:2-7 MT, F, R | | |
| Davenport, Anthony (2014-10-22) | 19:21-19:23 | 403P, R | | |
| Davenport, Anthony (2014-10-22) | 21:17-21:20 | | | |
| Davenport, Anthony (2014-10-22) | 22:12-22:23 | | | |
| Davenport, Anthony (2014-10-22) | 23:1-23:4 | | | |
| Davenport, Anthony (2014-10-22) | 23:21-23:24 | INQA, 403P, R | | |
| Davenport, Anthony (2014-10-22) | 24:13-25:4 | | | |
| Davenport, Anthony (2014-10-22) | 26:3-26:7 | | | |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Davenport, Anthony (2014-10-22) | 26:11-26:24 | | | |
| Davenport, Anthony (2014-10-22) | 27:5-27:14 | | | |
| Davenport, Anthony (2014-10-22) | 28:7-28:11 | | 28:12-15 | |
| Davenport, Anthony (2014-10-22) | 28:20-28:25 | | | |
| Davenport, Anthony (2014-10-22) | 33:22-34:4 | | | |
| Davenport, Anthony (2014-10-22) | 36:10-36:15 | | | |
| Davenport, Anthony (2014-10-22) | 42:2-42:14 | | | |
| Davenport, Anthony (2014-10-22) | 42:18-42:20 | 403C | | |
| Davenport, Anthony (2014-10-22) | 42:21-43:3 | | | |
| Davenport, Anthony (2014-10-22) | 43:4-43:9 | 43:7-9 CS | | |
| Davenport, Anthony (2014-10-22) | 43:12-43:12 | CS | | |
| Davenport, Anthony (2014-10-22) | 43:14-44:4 | 43:14-19 403C 43:20-44:4 F, CS, 602 | 44:10-13 | |
| Davenport, Anthony (2014-10-22) | 44:5-44:9 | | | |
| Davenport, Anthony (2014-10-22) | 44:14-44:15 | V, CS | | |
| Davenport, Anthony (2014-10-22) | 44:17-44:18 | V | | |
| Davenport, Anthony (2014-10-22) | 44:20-44:23 | F, CS | | |
| Davenport, Anthony (2014-10-22) | 44:24-45:6 | | | |
| Davenport, Anthony (2014-10-22) | 45:7-45:13 | 403C | | |
| Davenport, Anthony (2014-10-22) | 46:17-47:21 | 47:2-6 MT 47:7-15 403C | 45:14-24 | |
| Davenport, Anthony (2014-10-22) | 48:1-48:6 | | | |
| Davenport, Anthony (2014-10-22) | 48:17-49:5 | | | |
| Davenport, Anthony (2014-10-22) | 49:10-50:11 | | | |
| Davenport, Anthony (2014-10-22) | 50:18-51:7 | 50:18-20 R | | |
| Davenport, Anthony (2014-10-22) | 51:8-52:6 | | | |
| Davenport, Anthony (2014-10-22) | 53:10-54:20 | F, CS | | |
| Davenport, Anthony (2014-10-22) | 56:13-56:17 | CS, F | | |
| Davenport, Anthony (2014-10-22) | 56:23-57:25 | 57:14-25 ARG, 403C | | |
| Davenport, Anthony (2014-10-22) | 58:10-58:19 | 403C, 403P, CS | 60:3-8 | |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Davenport, Anthony (2014-10-22) | 58:20-58:22 | | 60:3-8 | |
| Davenport, Anthony (2014-10-22) | 59:4-59:7 | | 60:3-8 | |
| Davenport, Anthony (2014-10-22) | 59:8-59:11 | R, 403P, F, CS | 60:3-8 | |
| Davenport, Anthony (2014-10-22) | 59:19-59:21 | R, 403P, ARG | 60:3-8 | |
| Davenport, Anthony (2014-10-22) | 60:18-60:21 | R, 403P, 403C | 60:3-8 | |
| Davenport, Anthony (2014-10-22) | 60:22-60:25 | | | |
| Davenport, Anthony (2014-10-22) | 61:6-61:9 | 403C, 403P, R | | |
| Davenport, Anthony (2014-10-22) | 62:3-62:6 | | 62:7-9 62:11-12 | |
| Davenport, Anthony (2014-10-22) | 62:14-63:17 | 62:14-17 403C 63:5-9 403C | 62:7-9 62:11-12 | |
| Davenport, Anthony (2014-10-22) | 64:7-66:6 | | | |
| Davenport, Anthony (2014-10-22) | 66:19-66:21 | | | |
| Davenport, Anthony (2014-10-22) | 66:25-67:6 | | | |
| Davenport, Anthony (2014-10-22) | 67:15-67:20 | 403C, AAA | 67:21-68:2 | |
| Davenport, Anthony (2014-10-22) | 68:3-68:6 | R, 403C | | |
| Davenport, Anthony (2014-10-22) | 68:13-68:15 | R | | |
| Davenport, Anthony (2014-10-22) | 68:19-69:19 | 69:3-19 F, R, 403P, 403C, CLC, CS | | |
| Davenport, Anthony (2014-10-22) | 71:8-71:14 | | | |
| Davenport, Anthony (2014-10-22) | 72:5-72:12 | R, F, CS, V | 71:20-25 | IMP C, Not responsive, R, 403-P |
| Davenport, Anthony (2014-10-22) | 72:25-73:8 | | | |
| Davenport, Anthony (2014-10-22) | 75:13-75:19 | | | |
| Davenport, Anthony (2014-10-22) | 76:4-76:9 | | | |
| Davenport, Anthony (2014-10-22) | 76:19-76:22 | | | |
| Davenport, Anthony (2014-10-22) | 77:1-77:18 | 77:1-3 403C 77:10-13 INQA | | |
| Davenport, Anthony (2014-10-22) | 78:2-79:14 | F, CS, 403P, R | 77:19-78:1 79:24-80:3 | R, F, CS, IMP C |
| Davenport, Anthony (2014-10-22) | 80:25-81:8 | 81:3-8 CS, H 80:25-81:2 R | | |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Davenport, Anthony (2014-10-22) | 82:5-82:9 | ARG, AAA, CS, 403C, 403P, F | | |
| Davenport, Anthony (2014-10-22) | 82:12-82:12 | ARG, AAA, CS, 403C, 403P, F | | |
| Davenport, Anthony (2014-10-22) | 82:14-82:20 | ARG, AAA, CS, 403C, 403P, F | | |
| Davenport, Anthony (2014-10-22) | 83:25-84:15 | F, 403C, CS | | |
| Davenport, Anthony (2014-10-22) | 84:24-85:3 | R | | |
| Davenport, Anthony (2014-10-22) | 85:6-85:8 | 403C | | |
| Davenport, Anthony (2014-10-22) | 85:15-85:21 | R, CS, F | | |
| Davenport, Anthony (2014-10-22) | 86:6-87:1 | F, CS | 87:5-8 | *We note that this counter was not highlighted in the transcript, but assuming this was an intentional designation, then F, CS. *** For optional completeness, if the Court permits defendants' counter designations over the stated objections, the following also should be played to the jury: 87:2-4 |
| Davenport, Anthony (2014-10-22) | 87:24-88:5 | | | |
| Davenport, Anthony (2014-10-22) | 88:17-89:1 | 403C | | |
| Davenport, Anthony (2014-10-22) | 89:15-90:7 | 89:15-89:23 F 89:24-90:7 403C, 403P, ARG | | |
| Davenport, Anthony (2014-10-22) | 91:13-91:20 | 91:17-20 403C | | |
| Davenport, Anthony (2014-10-22) | 92:24-93:2 | 403C | | |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Davenport, Anthony (2014-10-22) | 94:20-95:10 | F, V, CS | 93:25-94:4<br>94:10-15<br>95:11-13<br>98:7-9 | IMP C |
| Davenport, Anthony (2014-10-22) | 95:14-95:21 | | | |
| Davenport, Anthony (2014-10-22) | 96:4-96:15 | F, R | | |
| Davenport, Anthony (2014-10-22) | 96:23-96:25 | F, R | | |
| Davenport, Anthony (2014-10-22) | 99:7-99:21 | | | |
| Davenport, Anthony (2014-10-22) | 100:1-100:13 | F, CS | | |
| Davenport, Anthony (2014-10-22) | 100:17-101:7 | 403C | | |
| Davenport, Anthony (2014-10-22) | 102:8-102:11 | R | | |
| Davenport, Anthony (2014-10-22) | 102:12-104:3 | F, 403P, CS, 701 | | |
| Davenport, Anthony (2014-10-22) | 104:11-104:25 | | | |
| Davenport, Anthony (2014-10-22) | 105:1-105:7 | F, CS, 602 | | |
| Davenport, Anthony (2014-10-22) | 105:8-105:20 | 105:1-16 R, F, CS | | |
| Davenport, Anthony (2014-10-22) | 106:7-107:1 | 106:7-14 F, 403C | | |
| Davenport, Anthony (2014-10-22) | 107:6-107:17 | 107:6-9 403C | 107:18-20<br>108:2-6 | R, F, CS |
| Davenport, Anthony (2014-10-22) | 109:19-110:23 | F, CS | 110:24-111:2 | |
| Davenport, Anthony (2014-10-22) | 113:2-113:5 | R, F | 113:6-11 | R |
| Davenport, Anthony (2014-10-22) | 113:15-114:7 | | | |
| Davenport, Anthony (2014-10-22) | 114:12-114:15 | CS, F | | |
| Davenport, Anthony (2014-10-22) | 114:16-114:19 | CS, F | | |
| Davenport, Anthony (2014-10-22) | 115:17-116:25 | | 117:1-4 | |
| Davenport, Anthony (2014-10-22) | 117:24-117:24 | R, 403P | | |
| Davenport, Anthony (2014-10-22) | 118:3-118:13 | R, 403P | 118:14-18 | |
| Davenport, Anthony (2014-10-22) | 119:5-119:14 | R | 118:14-18 | |
| Davenport, Anthony (2014-10-22) | 119:23-119:23 | R | | |
| Davenport, Anthony (2014-10-22) | 119:25-120:6 | R | | |
| Davenport, Anthony (2014-10-22) | 120:7-120:14 | H, R, F, CS | | |
| Davenport, Anthony (2014-10-22) | 120:20-121:5 | 403C, R, F, CS, 602 | | |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Davenport, Anthony (2014-10-22) | 121:6-121:8 | 403C, R, F, CS, 602 | | |
| Davenport, Anthony (2014-10-22) | 121:9-121:25 | 403C, R, F, CS, 602 | | |
| Davenport, Anthony (2014-10-22) | 122:1-123:8 | 403C, R, F, CS, 602 | | |
| Davenport, Anthony (2014-10-22) | 123:14-123:21 | R, V, 403P, 403C | | |
| Davenport, Anthony (2014-10-22) | 123:22-124:4 | R, V, 403P, 403C | | |
| Davenport, Anthony (2014-10-22) | 124:25-125:3 | | 125:4-5 | |
| Davenport, Anthony (2014-10-22) | 125:6-126:18 | 125:10-126:18 R, 403P, CS, F | | |
| Davenport, Anthony (2014-10-22) | 126:24-127:2 | F, CS, ARG | | |
| Davenport, Anthony (2014-10-22) | 127:8-127:16 | F, CS, 403C | | |
| Davenport, Anthony (2014-10-22) | 127:24-128:22 | 403C, 403P, F, CS, ARG | 127:3-7 | Non-responsive, R |
| Davenport, Anthony (2014-10-22) | 128:23-129:6 | F, CS, R | 127:3-7 129:7-21 | Non-responsive, R |
| Davenport, Anthony (2014-10-22) | 129:22-130:1 | 403C, R, F, CS | 129:7-21 | |
| Davenport, Anthony (2014-10-22) | 131:4-131:8 | F, CS | | |
| Davenport, Anthony (2014-10-22) | 131:13-131:16 | F, CS | | |
| Davenport, Anthony (2014-10-22) | 131:18-132:6 | | | |
| Davenport, Anthony (2014-10-22) | 132:16-132:21 | 403C | | |
| Davenport, Anthony (2014-10-22) | 133:3-133:5 | | | |
| Davenport, Anthony (2014-10-22) | 133:10-133:14 | | | |
| Davenport, Anthony (2014-10-22) | 133:23-134:1 | 403C | 134:2-4 | |
| Davenport, Anthony (2014-10-22) | 134:8-134:11 | 403C, CS, F | | |
| Davenport, Anthony (2014-10-22) | 135:4-135:5 | | | |
| Davenport, Anthony (2014-10-22) | 135:10-136:6 | F, CS, 403P | | |
| Davenport, Anthony (2014-10-22) | 136:7-136:22 | F, CS, 403P | | |
| Davenport, Anthony (2014-10-22) | 136:23-138:10 | | | |
| Davenport, Anthony (2014-10-22) | 140:16-141:11 | F, CS | | |
| Davenport, Anthony (2014-10-22) | 141:15-143:4 | 141:15-23 F, CS 142:19-143:4 F, CS | | |
| Davenport, Anthony (2014-10-22) | 145:22-146:9 | F, CS | 146:13-23 | R, IMP C |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Davenport, Anthony (2014-10-22) | 148:2-148:16 | | | |
| Davenport, Anthony (2014-10-22) | 148:19-150:7 | 149:3-150:7 403C, 403P, F, R, CS | | |
| Davenport, Anthony (2014-10-22) | 150:16-150:24 | 403C, CLC, LA, F, 403P | | |
| Davenport, Anthony (2014-10-22) | 153:4-153:8 | 403C, CLC, LA, F, 403P | | |
| Davenport, Anthony (2014-10-22) | 153:10-153:10 | 403C, CLC, LA, F, 403P, CS | | |
| Davenport, Anthony (2014-10-22) | 154:2-154:5 | 403C, F, 403P | | |
| Davenport, Anthony (2014-10-22) | 154:7-154:7 | 403C, F, 403P | | |
| Davenport, Anthony (2014-10-22) | 154:9-154:12 | 403C, F, 403P | | |
| Davenport, Anthony (2014-10-22) | 154:18-155:15 | 154:18-25 403C, F, 403P<br>155:1-15 403C, CS | | |
| Davenport, Anthony (2014-10-22) | 156:5-156:8 | F, INQA | | |
| Davenport, Anthony (2014-10-22) | 157:3-157:9 | 403C, 403P, AAA, ARG, R | | |
| Davenport, Anthony (2014-10-22) | 157:10-157:16 | 403C, 403P, AAA, ARG, R | | |
| Davenport, Anthony (2014-10-22) | 157:19-157:19 | 403C, 403P, AAA, ARG, R | | |
| Davenport, Anthony (2014-10-22) | 157:21-157:21 | 403C, 403P, AAA, ARG, R | | |
| Davenport, Anthony (2014-10-22) | 159:5-159:24 | 159:5-9 F | | |
| Davenport, Anthony (2014-10-22) | 160:6-160:25 | F, CS | | |
| Davenport, Anthony (2014-10-22) | 161:1-161:6 | CS, F | | |
| Davenport, Anthony (2014-10-22) | 161:7-161:10 | CS, F | 161:11-20 | F, CS |
| Davenport, Anthony (2014-10-22) | 163:4-164:6 | R, 403P | | |
| Davenport, Anthony (2014-10-22) | 164:12-164:20 | F, CS, R | | |
| Davenport, Anthony (2014-10-22) | 165:13-165:16 | | | |
| Davenport, Anthony (2014-10-22) | 167:2-167:5 | F, R, 403P | | |
| Davenport, Anthony (2014-10-22) | 167:10-167:14 | F, R, 403P, 403C | | |
| Davenport, Anthony (2014-10-22) | 168:3-168:13 | CS, R, 403P | | |
| Davenport, Anthony (2014-10-22) | 168:22-168:25 | R | | |
| Davenport, Anthony (2014-10-22) | 170:3-170:16 | R, CS, 403P | | |
| Davenport, Anthony (2014-10-22) | 172:12-173:1 | | | |
| Davenport, Anthony (2014-10-22) | 173:19-174:17 | F, CS | 173:2-5 | |
| Davenport, Anthony (2014-10-22) | 175:8-175:12 | | | |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Davenport, Anthony (2014-10-22) | 175:20-175:24 | CS, F | | |
| Davenport, Anthony (2014-10-22) | 176:7-176:21 | 403C, CS, F, R, 602 | | |
| Davenport, Anthony (2014-10-22) | 177:2-178:12 | R, CS, 403C | | |
| Davenport, Anthony (2014-10-22) | 178:24-179:3 | 403C, F, CS | | |
| Davenport, Anthony (2014-10-22) | 179:7-179:15 | F | 179:19-22 181:15-24 | |
| Davenport, Anthony (2014-10-22) | 181:12-181:14 | | | |
| Davenport, Anthony (2014-10-22) | 181:25-182:3 | INQA | | |
| Davenport, Anthony (2014-10-22) | 182:7-182:22 | 182:16-22 F, R | | |
| Davenport, Anthony (2014-10-22) | 184:6-184:16 | R, 403P | 186:4-7 | |
| Davenport, Anthony (2014-10-22) | 184:21-185:14 | R, 403P | 186:4-7 | |
| Davenport, Anthony (2014-10-22) | 186:1-186:3 | R, 403P | 186:4-7 | |
| Davenport, Anthony (2014-10-22) | 186:10-186:13 | R, 403P | 186:4-7 | |
| Davenport, Anthony (2014-10-22) | 186:22-187:1 | R, 403P, F | | |
| Davenport, Anthony (2014-10-22) | 187:4-189:8 | R, 403P | | |
| Davenport, Anthony (2014-10-22) | 189:23-189:24 | R, 403P | | |
| Davenport, Anthony (2014-10-22) | 190:2-190:6 | R, 403P | | |
| Davenport, Anthony (2014-10-22) | 190:24-191:13 | F, R, 403P, AF | 191:14-17 | |
| Davenport, Anthony (2014-10-22) | 191:18-193:11 | 191:18-21 R, 403P, 403C, AF 191:22-192:10 F, R, 403P, AF, MD 192:16-193:7 F, R, 403P, 403C, AF | 193:23-25 194:3-23 | |
| Davenport, Anthony (2014-10-22) | 193:12-193:22 | R, 403P, 403C | 193:23-25 194:3-23 | |
| Davenport, Anthony (2014-10-22) | 194:24-195:5 | R, 403P, 403C | 193:23-25 194:3-23 | |
| Davenport, Anthony (2014-10-22) | 195:8-196:1 | R, 403P | | |
| Davenport, Anthony (2014-10-22) | 196:18-197:7 | 196:18-25 R, 403P 197:1-7 R, 403P, INQA | | |
| Davenport, Anthony (2014-10-22) | 198:7-198:12 | F, R, 403P, 403C, AF, V | | |
| Davenport, Anthony (2014-10-22) | 198:14-198:14 | F, R, 403P, 403C, AF, V | | |
| Davenport, Anthony (2014-10-22) | 198:16-198:19 | R, 403P | 198:20-199:4 | F, 602, IMP C |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Davenport, Anthony (2014-10-22) | 199:5-200:4 | F, R, 403P, 403C, CS | | |
| Davenport, Anthony (2014-10-22) | 200:5-200:5 | F, R, 403P, 403C | | |
| Davenport, Anthony (2014-10-22) | 200:15-200:17 | R, 403C | | |
| Davenport, Anthony (2014-10-22) | 201:6-201:10 | F, R, 403P, 403C, V | | |
| Davenport, Anthony (2014-10-22) | 201:12-201:13 | F, R, 403P, 403C, V | | |
| Davenport, Anthony (2014-10-22) | 201:15-202:8 | F, R, 403P, 403C, V | | |
| Davenport, Anthony (2014-10-22) | 202:15-202:23 | F, R, 403P, 403C, V | | |
| Davenport, Anthony (2014-10-22) | 203:2-203:19 | F, R, 403P, 403C | | |
| Davenport, Anthony (2014-10-22) | 203:20-204:8 | F, R, 403P, 403C, MT | | |
| Davenport, Anthony (2014-10-22) | 204:9-204:22 | F, R, 403P, 403C | | |
| Davenport, Anthony (2014-10-22) | 205:3-205:8 | 403C | | |
| Davenport, Anthony (2014-10-22) | 205:14-205:19 | 403C, AAA | | |
| Davenport, Anthony (2014-10-22) | 205:23-206:16 | 403C, 403P, R, CS | | |
| Davenport, Anthony (2014-10-22) | 207:19-208:5 | 403C, 403P, R, AAA, CS | | |
| Davenport, Anthony (2014-10-22) | 208:8-208:8 | 403C, 403P, R, AAA, CS | | |
| Davenport, Anthony (2014-10-22) | 208:10-208:13 | 403C, 403P, R, AAA, CS | | |
| Davenport, Anthony (2014-10-22) | 208:21-209:11 | 403C, 403P, R, AAA, ARG | | |
| Davenport, Anthony (2014-10-22) | 209:14-209:14 | 403C, 403P, R, AAA, ARG | | |
| Davenport, Anthony (2014-10-22) | 209:16-209:18 | 403C, 403P, R, AAA, ARG | | |
| Davenport, Anthony (2014-10-22) | 209:20-209:20 | 403C, 403P, R, AAA, ARG | | |
| Davenport, Anthony (2014-10-22) | 209:22-209:23 | 403C, 403P, R, AAA, ARG | | |
| Davenport, Anthony (2014-10-22) | 209:25-209:25 | 403C, 403P, R, AAA, ARG | | |
| Davenport, Anthony (2014-10-22) | 210:2-210:8 | 403C, 403P, R, AAA, ARG | | |
| Davenport, Anthony (2014-10-22) | 210:11-210:11 | 403C, 403P, R, AAA, ARG | | |
| Davenport, Anthony (2014-10-22) | 210:13-210:15 | 403C, 403P, R, AAA, ARG | | |
| Davenport, Anthony (2014-10-22) | 210:17-210:17 | 403C, 403P, R, AAA, ARG | | |
| Davenport, Anthony (2014-10-22) | 210:19-211:4 | 210:19-211:1 403C, 403P, R, AAA , ARG 211:2-4 403C, 403P, V, R , ARG | | |
| Davenport, Anthony (2014-10-22) | 211:6-211:7 | 403C, 403P, V, R, ARG | | |
| Davenport, Anthony (2014-10-22) | 211:9-211:12 | 403C, 403P, V, R, ARG | | |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Davenport, Anthony (2014-10-22) | 212:2-212:3 | 403C, 403P, R, V, AAA, ARG | | |
| Davenport, Anthony (2014-10-22) | 212:6-212:6 | 403C, 403P, R, V, AAA, ARG | | |
| Davenport, Anthony (2014-10-22) | 212:8-212:13 | 403C, 403P, R, V, AAA, ARG | | |
| Davenport, Anthony (2014-10-22) | 212:15-212:15 | 403C, 403P, R, V, AAA, ARG | | |
| Davenport, Anthony (2014-10-22) | 212:17-213:10 | 212:17-212: 24 403C, 403P, R, V, AAA, ARG<br>212:25-213:8 403C, 403P, R, MT<br>213:9-10 F | | |
| Davenport, Anthony (2014-10-22) | 213:13-213:14 | F | | |
| Davenport, Anthony (2014-10-22) | 213:18-214:17 | 403C, 403P, F, R, ARG, CS | | |
| Davenport, Anthony (2014-10-22) | 214:20-214:20 | 403C, 403P, F, R, ARG, CS | | |
| Davenport, Anthony (2014-10-22) | 214:22-215:22 | 214:22-25 403C, 403P, F, R, ARG, CS<br>215:1-22 403C, 403P, R, CS | | |
| Davenport, Anthony (2014-10-22) | 215:23-216:13 | 215:23-216:3 403P, F, CS | | |
| Davenport, Anthony (2014-10-22) | 217:6-217:10 | 403P, F, AF, ARG | | |
| Davies, James (2014-09-19) | 5:5-5:11 | | | |
| Davies, James (2014-09-19) | 5:17-5:20 | | | |
| Davies, James (2014-09-19) | 7:1-7:22 | | | |
| Davies, James (2014-09-19) | 10:16-11:20 | | 11:21-12:6<br>12:16-25<br>19:25-20:2<br>20:5-11 | IMPC (19:25-20:2, 20:5-11) |
| Davies, James (2014-09-19) | 12:7-12:10 | | 12:11-14 | |
| Davies, James (2014-09-19) | 13:15-13:23 | | | |
| Davies, James (2014-09-19) | 14:2-15:9 | | | |
| Davies, James (2014-09-19) | 15:19-15:23 | | | |
| Davies, James (2014-09-19) | 16:12-16:24 | | | |
| Davies, James (2014-09-19) | 17:1-17:17 | | 16:25 | |
| Davies, James (2014-09-19) | 18:21-19:5 | | | |
| Davies, James (2014-09-19) | 19:22-19:24 | F, CS, 602, 403P | | |
| Davies, James (2014-09-19) | 21:13-21:24 | | | |

35

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Davies, James (2014-09-19) | 22:2-22:4 | | | |
| Davies, James (2014-09-19) | 22:8-22:8 | | | |
| Davies, James (2014-09-19) | 22:10-22:22 | 22:18-22 F, CS, 602, 403P | | |
| Davies, James (2014-09-19) | 23:1-23:3 | F, CS, 602, 403P | | |
| Davies, James (2014-09-19) | 23:21-24:8 | | 24:9-18 | IMPC, ARG |
| Davies, James (2014-09-19) | 24:19-25:6 | | 24:9-18 | IMPC, ARG |
| Davies, James (2014-09-19) | 29:13-30:14 | | 30:15-17 | IMPC |
| Davies, James (2014-09-19) | 30:24-31:5 | | | |
| Davies, James (2014-09-19) | 31:12-32:8 | F, CS | 32:9-15 | IMPC |
| Davies, James (2014-09-19) | 32:16-32:24 | F, CLC, V | 32:9-15 | IMPC |
| Davies, James (2014-09-19) | 33:1-33:4 | CLC, V | 32:9-15 33:10-22 | IMPC |
| Davies, James (2014-09-19) | 33:23-35:5 | | | |
| Davies, James (2014-09-19) | 36:20-36:25 | | 37:1-6 38:8-16 | IMPC ARG (38:13-16) |
| Davies, James (2014-09-19) | 37:9-37:24 | F | 38:8-16 | IMPC ARG (38:13-16) |
| Davies, James (2014-09-19) | 38:4-38:7 | F | 38:8-16 | IMPC ARG (38:13-16) |
| Davies, James (2014-09-19) | 40:3-40:5 | | 40:6-13 40:18-41:13 41:22-42:5 42:12-43:15 | IMPC (40:18-41:13, 41:22-42:5, 42:12-43:15) |
| Davies, James (2014-09-19) | 40:14-40:17 | | 40:6-13 40:18-41:13 41:22-42:5 42:12-43:15 | IMPC |
| Davies, James (2014-09-19) | 41:14-41:21 | | 40:6-13 40:18-41:13 41:22-42:5 42:12-43:15 | IMPC |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Davies, James (2014-09-19) | 44:3-44:5 | 403C | 44:12-20 | IMPC |
| Davies, James (2014-09-19) | 48:6-48:9 | | 48:10-19 | 403-C |
| Davies, James (2014-09-19) | 48:20-48:23 | F, CS | 48:24-49:5 | R |
| Davies, James (2014-09-19) | 49:6-49:13 | F, CS | 48:24-49:5 | R |
| Davies, James (2014-09-19) | 55:22-56:1 | | 55:14-21 56:2-4 | IMPC, R |
| Davies, James (2014-09-19) | 56:19-57:4 | F, CS | 55:14-21 56:2-4 | IMPC, R |
| Davies, James (2014-09-19) | 57:15-58:7 | 57:23-58:7 F, CS | 58:8-10 59:1-8 | IMPC, R |
| Davies, James (2014-09-19) | 58:11-58:12 | F | 58:8-10 59:1-8 | IMPC, R |
| Davies, James (2014-09-19) | 59:25-60:8 | F, V, CS | 60:9-13 | IMPC, R |
| Davies, James (2014-09-19) | 64:2-64:7 | | | |
| Davies, James (2014-09-19) | 64:23-65:7 | R, V | 65:8-12 65:18-21 | IMPC, R, 403-C (65:8-12) |
| Davies, James (2014-09-19) | 65:13-65:17 | R, V | 65:8-12 65:18-21 | IMPC, R, 403-C (65:8-12) |
| Davies, James (2014-09-19) | 65:22-66:1 | R, V | 65:8-12 65:18-21 | IMPC (65:8-12), R (65:8-12) |
| Davies, James (2014-09-19) | 69:10-70:5 | F | | |
| Davies, James (2014-09-19) | 84:16-84:19 | | | |
| Davies, James (2014-09-19) | 87:12-88:14 | | | |
| Davies, James (2014-09-19) | 88:21-89:9 | | 88:18-20 | IMPC, R |
| Davies, James (2014-09-19) | 91:1-91:5 | | | |
| Hardman, Gordon (2014-11-21) | 8:17-8:21 | H | 11:10-24 | R, 403-P, IMPC |
| Hardman, Gordon (2014-11-21) | 14:6-14:15 | H | 14:16-22 | |
| Hardman, Gordon (2014-11-21) | 18:12-18:23 | H | 18:24-19:17 | R, 403-P, 403-C |
| Hardman, Gordon (2014-11-21) | 19:18-19:20 | H | 71:15-19 | R, 403-P, IMPC |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---------|--------------------------|------------------------|----------------------------------|------------------------------------------------|
| Hardman, Gordon (2014-11-21) | 26:6-26:10 | F, V, H | 22:2-23<br>23:1-24:2 | R, 403-P, AAA, V, IMPC |
| Hardman, Gordon (2014-11-21) | 26:12-26:19 | F, V, H | 22:2-23<br>23:1-24:2 | R, 403-P, AAA, V, IMPC |
| Hardman, Gordon (2014-11-21) | 28:10-28:11 | H | 31:16-17<br>31:19-22<br>33:19-34:2<br>34:4<br>37:3-38:8<br>38:11-12<br>38:24-39:3<br>44:17-45:23<br>48:4-13 | R, 403-P, V, 403-C, CS, F |
| Hardman, Gordon (2014-11-21) | 28:13-28:20 | H | 31:16-17<br>31:19-22<br>33:19-34:2<br>34:4<br>37:3-38:8<br>38:11-12<br>38:24-39:3<br>44:17-45:23<br>48:4-13 | R, 403-P, V, 403-C, CS, F |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Hardman, Gordon (2014-11-21) | 28:22-28:23 | H | 31:16-17<br>31:19-22<br>33:19-34:2<br>34:4<br>37:3-38:8<br>38:11-12<br>38:24-39:3<br>44:17-45:23<br>48:4-13<br>163:16-18<br>163:21-21<br>163:24-164:4<br>164:7-164:16<br>164:19 | R, 403-P, V, 403-C, CS, F |
| Hardman, Gordon (2014-11-21) | 28:25-29:6 | H | 31:16-17<br>31:19-22<br>33:19-34:2<br>34:4<br>37:3-38:8<br>38:11-12<br>38:24-39:3<br>44:17-45:23<br>48:4-13<br>49:19-50:14<br>163:16-18<br>163:21-21<br>163:24-164:4<br>164:7-164:16<br>164:19 | R, 403-P, V, 403-C, CS, F |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Hardman, Gordon (2014-11-21) | 48:14-48:19 | **H** | 31:16-17<br>31:19-22<br>33:19-34:2<br>34:4-4<br>37:3-38:8<br>38:11-12<br>38:24-39:3<br>44:17-45:23<br>48:4-13<br>72:12-13<br>72:15-18<br>72:21-24<br>73:1<br>95:2-3<br>95:5-8<br>95:10<br>95:12-17 | R, 403-P, V, 403-C, CS, F, IMPC |
| Hardman, Gordon (2014-11-21) | 57:22-57:23 | H | 72:12-13<br>72:15-18<br>72:21-24<br>73:1 | R, 403-P, AAA, V, F |
| Hardman, Gordon (2014-11-21) | 57:25-58:9 | H | 72:12-13<br>72:15-18<br>72:21-24<br>73:1 | R, 403-P, AAA, V, F |
| Hardman, Gordon (2014-11-21) | 58:11-58:15 | F, CS, R, 403P, V, H | 72:12-13<br>72:15-18<br>72:21-24<br>73:1 | R, 403-P, AAA, V, F |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Hardman, Gordon (2014-11-21) | 154:5-154:7 | V, R, H | 163:16-18 163:21 163:24-164:4 164:7-164:16 164:19 | R, 403-P, V, F |
| Hardman, Gordon (2014-11-21) | 154:9-154:16 | V, R, H | 163:16-18 163:21 163:24-164:4 164:7-164:16 164:19 | R, 403-P, V, F |
| Holloway, Scot 30(b)(6) (2014-10-08) | 9:8-9:25 | | | |
| Holloway, Scot 30(b)(6) (2014-10-08) | 10:10-10:11 | | | |
| Holloway, Scot 30(b)(6) (2014-10-08) | 13:9-13:11 | | | |
| Holloway, Scot 30(b)(6) (2014-10-08) | 13:25-13:25 | | | |
| Holloway, Scot 30(b)(6) (2014-10-08) | 14:2-14:12 | | | |
| Holloway, Scot 30(b)(6) (2014-10-08) | 14:19-14:23 | | | |
| Holloway, Scot 30(b)(6) (2014-10-08) | 14:25-14:25 | | | |
| Holloway, Scot 30(b)(6) (2014-10-08) | 15:3-15:25 | | | |
| Holloway, Scot 30(b)(6) (2014-10-08) | 16:2-16:7 | | | |
| Holloway, Scot 30(b)(6) (2014-10-08) | 17:20-17:25 | | | |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Holloway, Scot 30(b)(6) (2014-10-08) | 18:2-18:10 | | | |
| Holloway, Scot 30(b)(6) (2014-10-08) | 19:2-19:16 | | | |
| Holloway, Scot 30(b)(6) (2014-10-08) | 19:25-19:25 | | | |
| Holloway, Scot 30(b)(6) (2014-10-08) | 20:2-20:10 | | 21:6-14 | R, IMP C |
| Holloway, Scot 30(b)(6) (2014-10-08) | 21:20-21:25 | | 20:11-21:5 | R, IMP C |
| Holloway, Scot 30(b)(6) (2014-10-08) | 22:2-22:14 | | 20:11-21:5 | R, IMP C |
| Holloway, Scot 30(b)(6) (2014-10-08) | 23:21-23:25 | R, 403P | | |
| Holloway, Scot 30(b)(6) (2014-10-08) | 24:2-24:25 | R, 403P | | |
| Holloway, Scot 30(b)(6) (2014-10-08) | 25:2-25:10 | R, 403P | | |
| Holloway, Scot 30(b)(6) (2014-10-08) | 27:2-27:12 | | | |
| Holloway, Scot 30(b)(6) (2014-10-08) | 27:21-27:25 | | | |
| Holloway, Scot 30(b)(6) (2014-10-08) | 28:2-28:16 | | | |
| Holloway, Scot 30(b)(6) (2014-10-08) | 28:18-28:22 | | | |
| Holloway, Scot 30(b)(6) (2014-10-08) | 29:5-29:25 | F, CS, 403C | | |
| Holloway, Scot 30(b)(6) (2014-10-08) | 30:2-30:25 | | 37:20-24 | R, IMP C, 403-P |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---------|--------------------------|------------------------|----------------------------------|-----------------------------------------------|
| Holloway, Scot 30(b)(6) (2014-10-08) | 31:2-31:4 | | | |
| Holloway, Scot 30(b)(6) (2014-10-08) | 31:7-31:8 | | | |
| Holloway, Scot 30(b)(6) (2014-10-08) | 31:21-31:25 | MT (31-21-22) | | |
| Holloway, Scot 30(b)(6) (2014-10-08) | 32:2-32:6 | | | |
| Holloway, Scot 30(b)(6) (2014-10-08) | 33:4-33:10 | | | |
| Holloway, Scot 30(b)(6) (2014-10-08) | 33:25-33:25 | | 33:21-24 33:11-12 33:15-20 | F, 602, R, IMPC, SCOPE, 403-P |
| Holloway, Scot 30(b)(6) (2014-10-08) | 34:2-34:11 | | 33:21-24 33:11-12 33:15-20 | F, 602, R, IMPC, SCOPE, 403-P |
| Holloway, Scot 30(b)(6) (2014-10-08) | 34:14-34:15 | | 35:6-8 | |
| Holloway, Scot 30(b)(6) (2014-10-08) | 34:19-34:19 | R | | |
| Holloway, Scot 30(b)(6) (2014-10-08) | 34:21-34:24 | R | | |
| Holloway, Scot 30(b)(6) (2014-10-08) | 35:18-35:19 | | 35:13-17 | R, IMP C, SCOPE, 403-P |
| Holloway, Scot 30(b)(6) (2014-10-08) | 35:22-35:22 | | 35:13-17 | R, IMP C, SCOPE, 403-P |
| Holloway, Scot 30(b)(6) (2014-10-08) | 36:3-36:3 | R, F, CS, V | | |
| Holloway, Scot 30(b)(6) (2014-10-08) | 36:5-36:7 | R, F, CS, V | | |

43

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Holloway, Scot 30(b)(6) (2014-10-08) | 36:22-36:24 | | 36:11<br>36:14-15<br>36:17-21 | |
| Holloway, Scot 30(b)(6) (2014-10-08) | 37:12-37:19 | | 36:25<br>37:2-3<br>37:9-12<br>37:20-24 | R, IMP C, 403-P, F |
| Holloway, Scot 30(b)(6) (2014-10-08) | 37:25-37:25 | | | |
| Holloway, Scot 30(b)(6) (2014-10-08) | 38:2-38:15 | 38:2-13 R | | |
| Holloway, Scot 30(b)(6) (2014-10-08) | 38:17-38:18 | | | |
| Holloway, Scot 30(b)(6) (2014-10-08) | 38:20-38:21 | | 39:4-10 | F, 602, R, 403-P |
| Holloway, Scot 30(b)(6) (2014-10-08) | 38:24-38:24 | | 39:4-10 | F, 602, R, 403-P |
| Holloway, Scot 30(b)(6) (2014-10-08) | 39:2-39:3 | | | |
| Holloway, Scot 30(b)(6) (2014-10-08) | 39:12-39:14 | | | |
| Holloway, Scot 30(b)(6) (2014-10-08) | 40:12-40:17 | | 40:7-11<br>141:15-17<br>141:25-142:4<br>142:6-11 | R,403-P, IMP C, INC, ARG, F, CS,  602, SCOPE, V, A |
| Holloway, Scot 30(b)(6) (2014-10-08) | 41:8-41:21 | | 41:6-7 | |
| Holloway, Scot 30(b)(6) (2014-10-08) | 42:25-42:25 | | 40:7-11<br>43:14-25<br>44:2-25<br>45:1-12 | R, 403-P |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Holloway, Scot 30(b)(6) (2014-10-08) | 43:2-43:13 | | 40:7-11<br>43:14-25<br>44:2-25<br>45:1-12 | R, 403-P |
| Holloway, Scot 30(b)(6) (2014-10-08) | 45:18-45:25 | R, F, CS | 43:14-25<br>44:2-25<br>45:1-12 | |
| Holloway, Scot 30(b)(6) (2014-10-08) | 46:2-46:10 | F, CS, R, | 43:14-25<br>44:2-25<br>45:1-12 | |
| Holloway, Scot 30(b)(6) (2014-10-08) | 46:19-46:21 | R | | |
| Holloway, Scot 30(b)(6) (2014-10-08) | 50:16-50:17 | R, CS, F | 46:25-47:3<br>47:6-48:6<br>49:6-50:15<br>69:9-10<br>69:14 | R, 403-P, F, calls for narrative, IMP C SCOPE, |
| Holloway, Scot 30(b)(6) (2014-10-08) | 50:19-50:25 | R, CS, F | 46:25-47:3<br>47:6-48:6<br>49:6-50:15<br>69:9-10<br>69:14 | R, 403-P, F, calls for narrative, IMP C, SCOPE |
| Holloway, Scot 30(b)(6) (2014-10-08) | 51:2-51:2 | R, CS, F | 46:25-47:3<br>47:6-48:6<br>49:6-50:15<br>69:9-10<br>69:14 | R, 403-P, F, calls for narrative, IMP C, SCOPE |
| Holloway, Scot 30(b)(6) (2014-10-08) | 52:15-52:19 | | | |
| Holloway, Scot 30(b)(6) (2014-10-08) | 52:22-52:24 | | | |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Holloway, Scot 30(b)(6) (2014-10-08) | 53:2-53:14 | | | |
| Holloway, Scot 30(b)(6) (2014-10-08) | 61:6-61:23 | R, F, 403P, | 136:19-137:9 | L, V, R, 403-P, COMP |
| Holloway, Scot 30(b)(6) (2014-10-08) | 64:6-64:8 | R, F, 403P, | 136:19-137:9 | L, V, R, 403-P, COMP |
| Holloway, Scot 30(b)(6) (2014-10-08) | 64:10-64:13 | R, F, 403P, | 136:19-137:9 | L, V, R, 403-P, COMP |
| Holloway, Scot 30(b)(6) (2014-10-08) | 65:20-65:25 | R, 403P | 136:19-137:9 | L, V, R, 403-P, COMP |
| Holloway, Scot 30(b)(6) (2014-10-08) | 66:2-66:16 | R, 403P | 136:19-137:9 | L, V, R, 403-P, COMP |
| Holloway, Scot 30(b)(6) (2014-10-08) | 67:5-67:7 | R, 403P | 136:19-137:9 137:20-138:17 | L, V, IMP C, R, 403-P, F |
| Holloway, Scot 30(b)(6) (2014-10-08) | 67:10-67:22 | R, 403P | 136:19-137:9 137:20-138:17 | L, V, IMP C, R, 403-P, F |
| Holloway, Scot 30(b)(6) (2014-10-08) | 68:4-68:16 | R, 403P | 136:19-137:9 137:15-19 | L, V, IMP C, R, 403-P |
| Holloway, Scot 30(b)(6) (2014-10-08) | 68:18-68:18 | R, 403P | 136:19-137:9 137:15-19 | L, V, IMP C, R, 403-P |
| Holloway, Scot 30(b)(6) (2014-10-08) | 69:2-69:4 | R, V | 69:9-10 69:14 | F, SCOPE |
| Holloway, Scot 30(b)(6) (2014-10-08) | 69:7-69:7 | R, V | 69:9-10 69:14 | F, SCOPE |
| Holloway, Scot 30(b)(6) (2014-10-08) | 70:8-70:9 | R | 70:5-7 71:15-19 | |
| Holloway, Scot 30(b)(6) (2014-10-08) | 70:13-70:16 | R | | |
| Holloway, Scot 30(b)(6) (2014-10-08) | 70:20-70:21 | R | | |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Holloway, Scot 30(b)(6) (2014-10-08) | 70:23-70:25 | R | | |
| Holloway, Scot 30(b)(6) (2014-10-08) | 71:2-71:4 | R | | |
| Holloway, Scot 30(b)(6) (2014-10-08) | 75:20-75:25 | | 74:25 75:1-19 | R, 403-P |
| Holloway, Scot 30(b)(6) (2014-10-08) | 76:2-76:3 | | 74:25 75:1-19 | R, 403-P |
| Holloway, Scot 30(b)(6) (2014-10-08) | 76:6-76:25 | R | 77:11-13 77:15-78:8 134:18-22 135:2-21 | R, V,  L, 403-P, IMPC, MT |
| Holloway, Scot 30(b)(6) (2014-10-08) | 77:2-77:10 | R | 77:11-13 77:15-78:8 134:18-22 135:2-21 | R, V,  L, 403-P, IMPC, MT |
| Holloway, Scot 30(b)(6) (2014-10-08) | 78:9-78:25 | R | 78:3-8 134:18-22 135:2-21 | R, V,  L, 403-P, IMPC, MT |
| Holloway, Scot 30(b)(6) (2014-10-08) | 79:2-79:4 | R | 134:18-22 135:2-21 | R, V,  L, 403-P, IMPC, MT |
| Holloway, Scot 30(b)(6) (2014-10-08) | 79:13-79:25 | R | 79:5-12 80:6-25 81:2-3 134:18-22 135:2-21 | IMP C, MT, V, L, R, 403-P |
| Holloway, Scot 30(b)(6) (2014-10-08) | 80:2-80:5 | R | 79:5-12 80:6-25 81:2-3 134:18-22 135:2-21 | IMP C, MT, V, L, R, 403-P |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Holloway, Scot 30(b)(6) (2014-10-08) | 81:4-81:9 | | 80:6-25<br>81:2-3<br>134:18-22<br>135:2-21 | IMP C, MT, V, L, R, 403-P |
| Holloway, Scot 30(b)(6) (2014-10-08) | 81:22-81:25 | R, CS, F | 81:11-17 | R, 403-P |
| Holloway, Scot 30(b)(6) (2014-10-08) | 82:2-82:4 | R, CS, F | 81:11-17 | R, 403-P |
| Holloway, Scot 30(b)(6) (2014-10-08) | 82:14-82:18 | R | 80:6-14 | IMP C, INCQ |
| Holloway, Scot 30(b)(6) (2014-10-08) | 83:4-83:12 | R | 83:13-25<br>84:10-19<br>134:18-22<br>135:2-21 | R, 403-P, F, MT, V, L, F, IMP C, 403-C |
| Holloway, Scot 30(b)(6) (2014-10-08) | 85:24-85:25 | | 86:24-25<br>87:4-25<br>88:2<br>133:7-12<br>133:19-21<br>133:24-25<br>134:4-6 | R, 403-P,  V, L, F, IMPC, CLC |
| Holloway, Scot 30(b)(6) (2014-10-08) | 86:3-86:3 | | 86:24-25<br>87:4-25<br>88:2<br>133:7-12<br>133:19-21<br>133:24-25<br>134:4-6 | R, 403-P,  V, L, F, IMPC, CLC |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Holloway, Scot 30(b)(6) (2014-10-08) | 86:5-86:12 | | 86:24-25 87:4-25 88:2 133:7-12 133:19-21 133:24-25 134:4-6 | R, 403-P,  V, L, F, IMPC, CLC |
| Holloway, Scot 30(b)(6) (2014-10-08) | 86:14-86:23 | | 86:24-25 87:4-25 88:2 133:7-12 133:19-21 133:24-25 134:4-6 | R, 403-P,  V, L, F, IMPC, CLC |
| Holloway, Scot 30(b)(6) (2014-10-08) | 88:3-88:4 | R, CS, F, V | | |
| Holloway, Scot 30(b)(6) (2014-10-08) | 88:6-88:6 | R, CS, F, V | | |
| Holloway, Scot 30(b)(6) (2014-10-08) | 88:9-88:15 | R, CS, F, V | | |
| Holloway, Scot 30(b)(6) (2014-10-08) | 88:22-88:25 | R | | |
| Holloway, Scot 30(b)(6) (2014-10-08) | 89:2-89:11 | R | | |
| Holloway, Scot 30(b)(6) (2014-10-08) | 90:2-90:3 | R | | |
| Holloway, Scot 30(b)(6) (2014-10-08) | 90:6-90:7 | R | | |
| Holloway, Scot 30(b)(6) (2014-10-08) | 91:4-91:6 | | | |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Holloway, Scot 30(b)(6) (2014-10-08) | 91:9-91:23 | | 91:24-25<br>92:2-3<br>92:11-13 | |
| Holloway, Scot 30(b)(6) (2014-10-08) | 92:4-92:5 | | 91:24-25<br>92:2-3<br>92:11-13 | |
| Holloway, Scot 30(b)(6) (2014-10-08) | 92:7-92:9 | | 91:24-25<br>92:2-3<br>92:11-13 | |
| Holloway, Scot 30(b)(6) (2014-10-08) | 92:20-92:25 | | 93:5-25<br>96:2-9 | 1002, H, IMP C, INC, R, 403-C |
| Holloway, Scot 30(b)(6) (2014-10-08) | 93:2-93:4 | | 93:5-25<br>96:2-9 | 1002, H, IMP C, INC, R, 403-C |
| Holloway, Scot 30(b)(6) (2014-10-08) | 96:18-96:21 | | 97:7-21 | |
| Holloway, Scot 30(b)(6) (2014-10-08) | 96:23-96:25 | | 97:7-21 | |
| Holloway, Scot 30(b)(6) (2014-10-08) | 97:2-97:5 | | 97:7-21 | |
| Holloway, Scot 30(b)(6) (2014-10-08) | 98:4-98:12 | R | 98:13-25<br>99:2-14<br>99:17-20 | R, |
| Holloway, Scot 30(b)(6) (2014-10-08) | 100:15-100:23 | R | 98:13-25<br>99:2-14<br>99:17-20 | R, |
| Holloway, Scot 30(b)(6) (2014-10-08) | 101:11-101:25 | | 102:10-12 | R, 403-P |
| Holloway, Scot 30(b)(6) (2014-10-08) | 102:2-102:3 | R, Scope | 102:10-12 | R, 403-P |
| Holloway, Scot 30(b)(6) (2014-10-08) | 102:6-102:8 | R, Scope | 102:10-12 | R, 403-P |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Holloway, Scot 30(b)(6) (2014-10-08) | 105:5-105:14 | | 104:11-25<br>105:2-4<br>105:17-24 | R, 403-P, IMP C |
| Holloway, Scot 30(b)(6) (2014-10-08) | 106:11-106:14 | | 105:17-24 | |
| Holloway, Scot 30(b)(6) (2014-10-08) | 106:25-106:25 | R | | |
| Holloway, Scot 30(b)(6) (2014-10-08) | 107:2-107:9 | R | | |
| Holloway, Scot 30(b)(6) (2014-10-08) | 110:3-110:5 | R, F, CS, 602 | 109:7-10<br>109:12-17 | F, CS, 602 |
| Holloway, Scot 30(b)(6) (2014-10-08) | 110:8-110:9 | R, F, CS, 602 | | |
| Holloway, Scot 30(b)(6) (2014-10-08) | 110:18-110:25 | R, V, Scope | 129:12-15<br>129:16-20 | |
| Holloway, Scot 30(b)(6) (2014-10-08) | 111:2-111:2 | R, V, Scope | 129:12-15<br>129:16-20 | |
| Holloway, Scot 30(b)(6) (2014-10-08) | 114:3-114:6 | | 112:4-10<br>112:13-25<br>113:2-6<br>113:8-12<br>113:14-16<br>113:19-21<br>113:23-25<br>114: 2 | R, 403-P, F, IMP C |
| Holloway, Scot 30(b)(6) (2014-10-08) | 114:22-114:24 | | 114:14-15<br>114:18-21<br>114:25-115:9 | R, 403-P,  IMP C |
| Holloway, Scot 30(b)(6) (2014-10-08) | 118:14-118:16 | R | 117:13-118:9<br>118:12<br>118:20-23 | R, IMP C |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Holloway, Scot 30(b)(6) (2014-10-08) | 118:18-118:18 | R | 117:13-118:9<br>118:12<br>118:20-23 | R, IMP C |
| Holloway, Scot 30(b)(6) (2014-10-08) | 132:3-132:17 | | 129:12-20<br>132:18-20<br>132:22-23 | R, 403-P, V, L, F, IMP C |
| Holloway, Scot 30(b)(6) (2014-10-08) | 133:13-133:18 | | 133:7-12<br>133:19-21<br>133:24-25<br>134:4-6<br>135:2-21<br>136:19-25<br>137:2-9<br>137:15-25<br>138:2-17 | R, 403-P, V, L, F, IMP C |
| Holloway, Scot 30(b)(6) (2014-10-08) | 156:22-156:24 | R, 403C | 134:18-22<br>135:2-21 | V, L, R |
| Holloway, Scot 30(b)(6) (2014-10-08) | 157:3-157:3 | R, 403C | 134:18-22<br>135:2-21 | V, L, R |
| Holloway, Scot 30(b)(6) (2014-10-08) | 157:5-157:6 | R, 403C | 134:18-22<br>135:2-21 | V, L, R |
| Holloway, Scot 30(b)(6) (2014-10-08) | 157:8-157:8 | R, 403C | 134:18-22<br>135:2-21 | V, L, R |
| McClelland, Stephen (2014-11-13) | 20:3-20:15 | | | |
| McClelland, Stephen (2014-11-13) | 20:20-20:23 | | | |
| McClelland, Stephen (2014-11-13) | 24:4-25:9 | | 20:24-22:4<br>22:14-24 | IMP C |
| McClelland, Stephen (2014-11-13) | 25:14-26:19 | F, CS, | 27:22-28:5<br>28:20-29:5 | IMP C, R, 403-P |
| McClelland, Stephen (2014-11-13) | 26:22-26:24 | F, CS | | |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---------|--------------------------|------------------------|----------------------------------|-----------------------------------------------|
| McClelland, Stephen (2014-11-13) | 26:25-27:18 | | 27:22-28:5<br>28:20-29:5 | IMP C, R, 403-P |
| McClelland, Stephen (2014-11-13) | 27:21-27:21 | | 27:22-28:5<br>28:20-29:5 | IMP C, R, 403-P |
| McClelland, Stephen (2014-11-13) | 29:11-30:7 | | 27:22-28:5<br>28:20-29:5 | IMP C, R, 403-P |
| McClelland, Stephen (2014-11-13) | 30:12-31:10 | | 31:24-32:23 | |
| McClelland, Stephen (2014-11-13) | 33:15-34:13 | F, C, 602 | | |
| McClelland, Stephen (2014-11-13) | 34:16-34:24 | F, C, 602 | 34:25-35:6<br>37:25-38:10 | IMP C, 403-P |
| McClelland, Stephen (2014-11-13) | 38:11-39:5 | 38:11-16 F, CS, 602 | 37:25-38:10<br>39:6-9<br>40:7-14 | |
| McClelland, Stephen (2014-11-13) | 39:15-40:6 | | 40:7-14 | |
| McClelland, Stephen (2014-11-13) | 40:15-40:18 | | | |
| McClelland, Stephen (2014-11-13) | 40:21-40:25 | F, CS, 602 | | |
| McClelland, Stephen (2014-11-13) | 41:8-41:23 | 41:8-10 F, CS, 602<br>41:12-23 F, CS, 602 | | |
| McClelland, Stephen (2014-11-13) | 46:3-46:7 | F, CS, 602 | | |
| McClelland, Stephen (2014-11-13) | 48:1-48:13 | F, CS, 602 | 48:14-22 | |
| McClelland, Stephen (2014-11-13) | 48:23-49:6 | | 48:14-22<br>49:7-17<br>49:23-50:1<br>50:4-14<br>50:24-51:5 | IMP C |
| McClelland, Stephen (2014-11-13) | 51:6-51:9 | F, CS, 602 | 50:4-14<br>50:24-51:5 | IMP C |
| McClelland, Stephen (2014-11-13) | 51:11-52:4 | 51:11-14 F, CS, 602 | 50:4-14<br>50:24-51:5 | IMP C |
| McClelland, Stephen (2014-11-13) | 52:9-52:13 | | | |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| McClelland, Stephen (2014-11-13) | 52:19-52:25 | | | |
| McClelland, Stephen (2014-11-13) | 53:5-53:13 | | 53:14-54:4 | |
| McClelland, Stephen (2014-11-13) | 54:10-54:18 | F, CS, 602, R | | |
| McClelland, Stephen (2014-11-13) | 55:15-55:18 | | | |
| McClelland, Stephen (2014-11-13) | 55:21-56:1 | | | |
| McClelland, Stephen (2014-11-13) | 56:3-56:3 | | | |
| McClelland, Stephen (2014-11-13) | 59:11-60:11 | R, 403P | | |
| McClelland, Stephen (2014-11-13) | 60:20-61:12 | R, 403P | 61:13-17 | |
| McClelland, Stephen (2014-11-13) | 61:18-62:2 | R | | |
| McClelland, Stephen (2014-11-13) | 62:3-62:8 | R | 61:13-17 62:15-17 | |
| McClelland, Stephen (2014-11-13) | 67:16-68:4 | R, F, 1002 | | |
| McClelland, Stephen (2014-11-13) | 70:12-70:16 | R, 403P | 70:17-71:1 72:7-13 74:9-19 | IMP C |
| McClelland, Stephen (2014-11-13) | 71:2-71:4 | | 71:5-10 | |
| McClelland, Stephen (2014-11-13) | 71:21-71:23 | R, V, 403P | | |
| McClelland, Stephen (2014-11-13) | 72:3-72:6 | R, V, 403P | 72:7-13 | IMP C |
| McClelland, Stephen (2014-11-13) | 72:14-74:4 | 72:14-25 R, V, 403P 73:1-74:4 F, CS, 602, 403P, R | 72:7-13 | |
| McClelland, Stephen (2014-11-13) | 74:6-74:8 | F, CS, 602, 403P, R | | |
| McClelland, Stephen (2014-11-13) | 77:1-77:21 | | | |
| McClelland, Stephen (2014-11-13) | 79:11-79:14 | | | |
| McClelland, Stephen (2014-11-13) | 79:16-79:19 | | 79:20-80:5 | |
| McClelland, Stephen (2014-11-13) | 141:1-141:4 | F, CS, 602 | 140:13-22 140:25 | |
| McClelland, Stephen (2014-11-13) | 141:18-142:4 | F, CS, 602 | 140:13-22 140:25 | |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| McClelland, Stephen (2014-11-13) | 142:6-142:11 | F, CS, 602 | 140:13-22 140:25 | |
| McClelland, Stephen (2014-11-13) | 150:11-150:22 | 403P, V, INQA, CLC | 150:23-151:16 153:11-154:2 | IMP C, R, 403-P |
| McClelland, Stephen (2014-11-13) | 213:9-213:16 | | 213:17-214:5 | IMP C, R, 403-P |
| McClelland, Stephen (2014-11-13) | 241:20-242:17 | | 242:18-243:16 | IMP C |
| McClelland, Stephen (2014-11-13) | 243:23-244:9 | | 244:10-18 | |
| McClelland, Stephen (2014-11-13) | 285:22-287:3 | F, CS, 602, R | | |
| McClelland, Stephen (2014-11-13) | 287:6-287:15 | R, CS, 602, R | | |
| McClelland, Stephen (2014-11-13) | 287:25-288:6 | F, CS, 602, R | | |
| McClelland, Stephen (2014-11-13) | 288:20-289:5 | F, CS, 602, R | | |
| McClelland, Stephen (2014-11-13) | 289:7-289:9 | F, CS, 602, R | | |
| McClelland, Stephen (2014-11-13) | 289:11-289:11 | F, CS, 602, R | | |
| McClelland, Stephen (2014-11-13) | 316:25-317:13 | F, CS, 602, R, 403P | 317:14-18 | IMP C, R, 403-P |
| McClelland, Stephen (2014-11-13) | 317:23-318:16 | F, CS, 602, R, 403P | | |
| McClelland, Stephen (2014-11-13) | 319:14-321:10 | F, CS, 602, R, 403P | | |
| McClelland, Stephen (2014-11-13) | 321:13-322:8 | F, CS, 602, R, 403P | | |
| McClelland, Stephen (2014-11-13) | 322:15-322:18 | F, CS, 602, R, 403P | | |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 5:25-6:4 | | | |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 7:7-7:15 | | | |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 8:11-8:17 | | 9:1-3 | R, 403-C |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 8:21-8:25 | | 9:1-3 | R, 403-C |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 10:1-11:25 | | 12:1-6 13:5-11 | R, 403-C; IMP C |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 12:7-13:4 | | 12:1-6<br>13:5-11 | R, 403-C, IMP C |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 13:12-14:14 | | 12:1-6<br>13:5-11 | R, 403-C, IMP C |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 14:21-15:4 | | 15:24-16:6 | R, 403-C, 602 |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 15:10-15:13 | | 15:14-16 | R, 403-C, 602 |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 15:17-15:18 | | 15:24-16:6 | R, 403-C, 602, IMP C |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 16:7-16:14 | | 16:15-18 | R, 403-C, 602 |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 16:19-17:8 | | | |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 17:15-18:7 | | | |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 18:11-18:19 | R, 403P, V, COMP | 19:9-15<br>20:22-21:2<br>21:6-9<br>21:17-22:16 | R, 403-C, IMP C, 403-P |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 18:21-19:1 | R, 403P, V, COMP | 19:9-15<br>20:22-21:2<br>21:6-9<br>21:17-22:16 | R, 403-C, IMP C, 403-P |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 19:3-19:8 | R, 403P, V, COMP | 19:9-15<br>20:22-21:2<br>21:6-9<br>21:17-22:16 | R, 403-C, IMP C, 403-P |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 19:16-20:21 | R, 403P | 19:9-15 20:22-21:2 21:6-9 21:17-22:16 | R, 403-C, IMP C, 403-P |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 21:3-21:5 | | 19:9-15 20:22-21:2 21:6-9 21:17-22:16 | R, 403-C, IMP C, 403-P |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 21:10-21:16 | | 19:9-15 20:22-21:2 21:6-9 21:17-22:16 | R, 403-C, IMP C, 403-P |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 22:23-23:8 | | | |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 23:14-23:19 | | | |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 24:15-25:9 | R | 24:8-14 | R, 403-C, 403-P |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 25:24-26:11 | | 25:10-18 | R, 403-C, 403-P |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 26:15-28:14 | | 25:10-18 | R, 403-C, IMP C, 403-P |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 28:21-29:8 | | 26:12-14 | R, 403-C, 602, IMP C, 403-P |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 29:14-29:24 | R, 403P, 403C | | |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 30:5-30:9 | | 29:25 – 30:4 30:10-25 | R, 403-C, IMP C, 403-P |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 31:1-31:20 | R, 403P, 403C | 30:10-25 | R, 403-C, IMP C |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 31:23-31:24 | R, 403P, 403C | 31:25 – 32:3 | R, 403-C, 403-P, IMP C |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 32:4-32:6 | R, 403P, 403C | 31:25 – 32:3 | R, 403-C, 403-P, IMP C |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 32:11-32:12 | R, 403P, 403C | | |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 32:20-33:10 | R, 403P, 403C | | |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 33:20-33:22 | R, 403P, 403C | | |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 34:1-34:4 | R, 403P, 403C | | |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 34:18-35:11 | R, 403P, 403C | 34:8-17 | R, 403-C, 602, IMP C |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 35:13-35:25 | R, 403P, 403C | | |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 36:11-36:23 | R, 403P, 403C | | |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 37:25-38:5 | | | |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 38:9-39:4 | | | |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 41:3-43:10 | R | | |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 43:18-43:25 | | | |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 44:3-45:8 | | | |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 45:13-46:6 | | | |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 46:14-46:16 | | | |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 46:19-46:19 | | | |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 46:21-46:23 | | 46:24 – 47:3 | R, IMP C, 402-P, 403-C |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 47:7-47:9 | | 46:24 – 47:3 | R, IMP C, 402-P, 403-C |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 47:11-47:11 | | 46:24 – 47:3 | R, IMP C, 402-P, 403-C |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 47:13-47:13 | | | |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 47:15-47:19 | | | |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 48:7-50:4 | | | |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 50:8-52:18 | | | |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 52:21-54:3 | | | |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 54:6-54:17 | | | |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 54:23-55:2 | | | |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 55:10-55:12 | | | |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 55:14-55:15 | | | |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 55:17-55:19 | | 56:16 – 18 56:20 | IMP C, 403-P, R, 403-C |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 56:22-57:10 | | 56:16 – 18 56:20 | R, 403-C, 403-P, IMP C |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 57:25-58:6 | V, 403P, COMP | 59:15-21 | R, 403-C, 403-P, IMP C |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 58:8-58:11 | | 59:15-21 | R, 403-C, 403-P, IMP C |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 58:13-58:14 | | 59:15-21 | R, 403-C, 403-P, IMP C |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 58:16-58:21 | | 59:15-21 | R, 403-C, 403-P, IMP C |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 58:23-59:1 | | 59:15-21 | R, 403-C, 403-P, IMP C |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 59:9-59:14 | | 59:15-21 | R, 403-C, 403-P, IMP C |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 60:2-60:10 | | 59:15-21 | R, 403-C, 403-P, IMP C |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 60:13-61:7 | | 59:15-21 | R, 403-C, 403-P, IMP C |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 61:18-62:2 | F, 403P, 403C, 403P | 59:15-21 | R, 403-C, 403-P, IMP C |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 62:22-63:1 | F, V, 403C, 403P | | |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 63:4-63:6 | F, V, 403, 403P | | |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 63:8-63:19 | F, V, 403C, 403P | | |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 64:5-68:18 | 403P, 403C | | |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 68:21-69:4 | 403P | | |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 69:6-69:6 | | 78:21-24<br>79:2-5<br>79:19-22<br>81:1-12<br>81:14-15<br>83:1-6 | IMP C, 403-P, V, INQA, R, 403-C |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 69:8-69:8 | V, 403P | | |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 69:10-69:25 | V, 403P | | |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 70:3-70:9 | | | |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 70:11-71:6 | | | |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 71:11-72:15 | 403C, 403P | | |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 72:21-73:15 | | | |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 73:19-74:9 | 403C | 75:25 – 76:2<br>76:4 – 22 | R, 403-P, IMP C, 403-C, nonresponsive |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 74:11-74:13 | 403C | 75:25 – 76:2<br>76:4 – 22 | R, 403-P, IMP C, 403-C, nonresponsive |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 74:17-75:3 | 403C | 75:25 – 76:2<br>76:4 – 22 | R, 403-P, IMP C, 403-C, nonresponsive |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 75:10-75:19 | | 75:25 – 76:2<br>76:4-22 | R, 403-P, IMP C, 403-C, nonresponsive |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 77:7-77:21 | 403C | | |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 78:9-78:20 | | 78:21-24<br>79:2-5<br>79:19-22 | R, 403-P, IMP C, Nonresponsive, 403-C |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 79:7-79:11 | | 78:21-24<br>79:2-5<br>79:19-22 | R, 403-P, IMP C, Nonresponsive, 403-C |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 79:14-79:14 | | 78:21-24<br>79:2-5<br>79:19-22 | R, 403-P, IMP C, Nonresponsive, 403-C |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 79:16-79:18 | | 78:21-24<br>79:2-5<br>79:19-22 | R, 403-P, IMP C, Nonresponsive, 403-C |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 79:23-80:5 | | 78:21-24<br>79:2-5<br>79:19-22 | R, 403-P, IMP C, Nonresponsive, 403-C |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 80:10-80:12 | | 78:21-24<br>79:2-5<br>79:19-22 | R, 403-P, IMP C, Nonresponsive, 403-C |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 81:17-82:1 | 403C, AAA | 80:24-81:12<br>81:14-15 | R, 403-P, IMP C, 403-C |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 82:7-82:11 | 403C, AAA | 80:24-81:12<br>81:14-15 | R, 403-P, IMP C, 403-C |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 82:13-82:25 | | 83:1-6 | R, 403-P, 403-C, nonresponsive |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 83:7-83:16 | | | |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 83:22-83:23 | 403C, AAA | | |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 83:25-84:1 | 403C, AAA | | |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 84:3-84:5 | 403C, AAA | | |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 84:8-84:11 | 403C, AAA | | |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 84:21-84:23 | 403C | | |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 84:25-85:4 | 403C | | |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 85:12-87:1 | | | |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 87:11-87:17 | 403C, AAA | 88:21-23 89:1-5 | 403-C, nonresponsive |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 87:19-87:25 | 403C, AAA | 88:21-23 89:1-5 | 403-C, nonresponsive |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 88:3-88:8 | 403C, AAA | 88:21-23 89:1-5 | 403-C, nonresponsive |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 88:10-88:12 | 403C, AAA | 88:21-23 89:1-5 | 403-C, nonresponsive |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 90:14-90:16 | 403C, AAA | 88:21-23 89:1-5 | 403-C, nonresponsive |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 90:19-90:22 | | | |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 90:24-91:13 | | 91:14-20 93:9-12 94:2-12 | R, 602, 403-P, IMP C, nonresponsive |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 92:2-93:8 | | 91:14-20 93:9-12 94:2-12 | R, 602, 403-P, IMP C, nonresponsive |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 93:20-94:1 | | 91:14-20 93:9-12 94:2-12 | R, 602, 403-P, IMP C, nonresponsive |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 95:5-95:25 | | 96:1-10 | R, 403-C, 403-P, IMP C |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 96:11-100:18 | | 96:1-10 | R, 403-C, 403-P, IMP C |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 100:10-100:23 | 403C, MT | | |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 100:25-102:7 | 100:25-101:1 403C<br>101:2-102:7 403C, MT | 102:12-16 | R, 403-C, IMP C, 403-P |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 102:9-102:10 | 403C, MT | 102:12-16 | R, 403-C, IMP C, 403-P |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 102:21-104:3 | 101:4-104:3 V | | |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 104:5-104:6 | | | |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 104:8-105:2 | | | |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 106:9-106:14 | 403C | | |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 106:22-107:8 | | | |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 107:14-107:22 | | | |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 107:25-108:3 | | | |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 108:9-108:14 | | | |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 109:14-110:4 | | | |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 110:7-110:12 | | | |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 110:18-110:23 | | | |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 111:11-112:16 | | 112:17-20<br>113:9-17<br>114:1-4 | R, 403-C, IMP C, 403-P |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 112:21-113:8 | | 112:17-20 113:9-17 114:1-4 | R, 403-C, 403-P, IMP C |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 113:18-113:25 | | 112:17-20 113:9-17 114:1-4 | R, 403-C, 403-P, IMP C |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 114:5-116:11 | | 112:17-20 113:9-17 114:1-4 | R, 403-C, 403-P, IMP C |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 116:19-119:14 | 117:22-119:14 403C | | |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 120:14-120:21 | | 120:22 – 121:2 | 403-P, nonresponsive |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 121:3-121:13 | | 120:22 – 121:2 | 403-P, nonresponsive |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 121:19-121:22 | | | |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 122:2-122:21 | | | |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 123:1-123:19 | | 123:20-21 | 403-C, IMP C, R, 403-P |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 124:11-125:17 | | 124:7-10 | R, 403-C, 403-P, IMP C |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 125:20-126:16 | 403C | 124:7-10 | R, 403-C, 403-P, IMP C |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 126:18-126:21 | 403C | 124:7-10 | R, 403-C, 403-P, IMP C |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 126:23-129:1 | 403C | 124:7-10 | R, 403-C, 403-P, IMP C |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 129:3-129:7 | 403C | 124:7-10 | R, 403-C, 403-P, IMP C |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---------|--------------------------|------------------------|----------------------------------|-----------------------------------------------|
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 129:14-129:22 | 403C | | |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 130:9-131:10 | | 135:13-136:14 | 403-P, R, IMP C |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 131:23-132:9 | F, CS | 135:13-136:14 | 403-P, R, IMP C |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 132:25-133:8 | | 135:13-136:14 | 403-P, R, IMP C |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 134:2-134:14 | F, CS | 135:13-136:14 | 403-P, R, IMP C |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 134:16-134:18 | F, CS | 135:13-136:14 | 403-P, R, IMP C |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 134:24-135:12 | | 135:13-136:14 | 403-P, R, IMP C |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 136:15-137:8 | | 135:13-136:14 | 403-P, R, IMP C |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 137:19-138:23 | | | |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 139:5-140:3 | | | |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 140:25-141:8 | V | | |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 141:15-141:17 | V | | |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 141:19-141:23 | V | | |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 142:5-142:6 | V | | |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 142:8-142:12 | V | | |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 142:14-142:25 | | | |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 143:10-143:18 | | | |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 143:23-144:19 | | 144:20 – 145:13 | R, 403-C |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 145:14-146:3 | | 144:20 – 145:13 | R, 403-C |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 146:8-146:16 | | | |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 146:25-147:15 | | 147:16-18 | |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 147:19-148:9 | | 147:16-18 | |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 149:16-150:4 | | 150:5-25 | 403-C, 403-P, R, IMP C |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 151:15-151:15 | | | |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 152:22-153:14 | | | |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 153:17-156:8 | | 156:9-15 | 403-C, 403-P, R, IMP C |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 156:17-157:5 | | 156:9-15 | 403-C, 403-P, R, IMP C |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 157:12-159:3 | 158:16-159:3 F, CS | | |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 166:18-167:3 | R, 403C, 403P | | |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 167:8-167:11 | | | |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 167:13-167:24 | | | |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 168:8-169:2 | | | |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 169:5-169:14 | | | |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 169:22-172:15 | | 172:16-23 | R, 403-C, 403-P, IMP C |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 172:24-175:2 | 174:23-175:2 MT, 403P | 172:16-23 | R, 403-C, 403-P, IMP C |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 175:4-175:6 | MT, 403P | | |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 175:8-175:13 | | | |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 176:7-177:11 | | | |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 177:16-178:24 | | | |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 179:4-179:15 | | | |
| Molyneaux, Nevin Vol. 1 (2014-09-18) | 180:24-182:2 | | | |
| Molyneaux, Nevin (2014-11-14) | 18:8-19:13 | 18:8-18:21 R, 403P<br>18:22-18:25 F, CS<br>19:1-13 F, CS, H | | |
| Molyneaux, Nevin (2014-11-14) | 19:16-20:6 | F, CS, H | | |
| Molyneaux, Nevin (2014-11-14) | 20:9-20:19 | F, CS, H | | |
| Molyneaux, Nevin (2014-11-14) | 21:14-21:20 | F, CS, H | | |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Molyneaux, Nevin (2014-11-14) | 22:15-24:4 | 22:15-23:2 R, 403P, LA<br>23:3-23:25 Scope (Court's Order), 403P, 403C<br>24:1-24:4 Scope (Court's Order), 403P, 403C, MD | | |
| Molyneaux, Nevin (2014-11-14) | 24:7-25:10 | 24:7-24:23 Scope (Court's Order), 403P, 403C, MD<br>24:24-25:10 Scope (Court's Order), 403P, AAA, 403C | | |
| Molyneaux, Nevin (2014-11-14) | 25:22-27:8 | Scope (Court's Order), 403P, AAA, 403C | | |
| Molyneaux, Nevin (2014-11-14) | 28:6-28:23 | F, CS | 28:24-29:13 | 403-C, 602 |
| Molyneaux, Nevin (2014-11-14) | 29:14-29:21 | F, CS, MD, 403P, 602, 702 | 28:24-29:13<br>31:39 | 403-C, 602 |
| Molyneaux, Nevin (2014-11-14) | 30:1-30:5 | F, CS, MD, 403P, 602, 702 | 28:24-29:13<br>31:3-9 | 403-C, 602 |
| Molyneaux, Nevin (2014-11-14) | 30:15-30:22 | F, CS, MD, 403P, 602, 702 | 28:24-29:13<br>31:3-9 | 403-C, 602 |
| Molyneaux, Nevin (2014-11-14) | 30:25-31:2 | F, CS, MD, 403P, 602, 702 | 28:24-29:13<br>31:3-9 | 403-C, 602 |
| Molyneaux, Nevin (2014-11-14) | 31:10-32:6 | F, CS, MD, 403P, 602, 702 | 28:24-29:13<br>31:3-9 | 403-C, 602 |
| Molyneaux, Nevin (2014-11-14) | 32:25-33:19 | F, CS, MD, 403P, 602, 702, INQA | 28:24-29:13<br>31:3-9 | 403-C, 602 |
| Molyneaux, Nevin (2014-11-14) | 35:3-35:11 | F, CS, V, MD, 403P, 702 | 34:22-35:2<br>35:12-19 | R, INQA, 602, nonresponsive |
| Molyneaux, Nevin (2014-11-14) | 37:22-38:10 | 38:7-38:10 F, CS | | |
| Molyneaux, Nevin (2014-11-14) | 38:12-40:11 | F, CS | | |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Molyneaux, Nevin (2014-11-14) | 42:7-42:16 | F, CS, V, MT, AAA | 40:12-15<br>40:18-41:18<br>41:21-42:6<br>44:12-17<br>44:20-25<br>45:1-8<br>45:11-21<br>48:16-23<br>49:1-14 | 602, 403-P, 403-C, nonresponsive |
| Molyneaux, Nevin (2014-11-14) | 42:22-43:4 | F, CS, V, MT, AAA | 40:12-15<br>40:18-41:18<br>41:21-42:6<br>44:12-17<br>44:20-25<br>45:1-8<br>45:11-21<br>48:16-23<br>49:1-14 | 602, 403-P, 403-C, nonresponsive |
| Molyneaux, Nevin (2014-11-14) | 43:9-44:11 | F, CS, V, MT | 40:12-15<br>40:18-41:18<br>41:21-42:6<br>44:12-17<br>44:20-25<br>45:1-8<br>45:11-21<br>48:16-23<br>49:1-14 | 602, 403-P, 403-C, nonresponsive |
| Molyneaux, Nevin (2014-11-14) | 49:15-49:18 | F, CS, 602 | 50:12-51:14 | R, 403-C, 602 |
| Molyneaux, Nevin (2014-11-14) | 54:4-54:12 | F, CS, 602 | | |
| Molyneaux, Nevin (2014-11-14) | 54:16-55:16 | 54:16-54:25 F, CS, R<br>55:1-55:16 R | | |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Molyneaux, Nevin (2014-11-14) | 55:21-56:14 | 55:21-56:12 R | | |
| Molyneaux, Nevin (2014-11-14) | 56:23-59:17 | 56:23-56:25 F, CS, 602<br>57:1-59:13 F, CS, 602<br>59:14-59:17 F, CS, 602, V 403P | 60:5-7<br>60:10-18<br>61:13-19 | IMPC, 403-C, 403-P |
| Molyneaux, Nevin (2014-11-14) | 59:20-60:4 | F, CS, 602, V, 403P | 60:5-7<br>60:10-18<br>61:13-19 | IMPC, 403-C, 403-P |
| Molyneaux, Nevin (2014-11-14) | 61:22-63:20 | F, CS | | |
| Molyneaux, Nevin (2014-11-14) | 64:10-65:1 | F, CS, 701, Scope (Court's Order) | 65:14-15<br>65:19-22<br>68:3-68:14 | R, 403-C, 403-P |
| Molyneaux, Nevin (2014-11-14) | 65:6-65:13 | F, CS, 701, Scope (Court's Order) | 65:14-15<br>65:19-22<br>68:3-68:14 | R, 403-C, 403-P |
| Molyneaux, Nevin (2014-11-14) | 65:16-65:18 | F, CS, 701, Scope (Court's Order) | 65:14-15<br>65:19-22<br>68:3-68:14 | R, 403-C, 403-P |
| Molyneaux, Nevin (2014-11-14) | 66:3-66:9 | F, CS, Scope (Court's Order) | 65:14-15<br>65:19-22<br>68:3-68:14 | R, 403-C, 403-P |
| Molyneaux, Nevin (2014-11-14) | 66:11-68:2 | F, CS, Scope (Court's Order) | 65:14-15<br>65:19-22<br>68:3-68:14 | R, 403-C, 403-P |
| Molyneaux, Nevin (2014-11-14) | 69:3-69:7 | F, CS, Scope (Court's Order) | 65:14-15<br>65:19-22<br>68:3-68:14 | R, 403-C, 403-P |
| Molyneaux, Nevin (2014-11-14) | 70:17-70:20 | F, CS, Scope (Court's Order) | | |
| Molyneaux, Nevin (2014-11-14) | 70:22-70:23 | F, CS, Scope (Court's Order) | | |
| Molyneaux, Nevin (2014-11-14) | 71:8-71:10 | F, CS, AAA, Scope (Court's Order) | | |
| Molyneaux, Nevin (2014-11-14) | 71:13-71:16 | F, CS, AAA, Scope (Court's Order) | | |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Molyneaux, Nevin (2014-11-14) | 71:20-71:25 | F, CS, R | | |
| Molyneaux, Nevin (2014-11-14) | 72:4-74:6 | 72:4-72:19 F, CS, R 72:20-73:4 F, CS, 403P, R, AF 73:5-74:6 F, CS, R | | |
| Molyneaux, Nevin (2014-11-14) | 74:10-74:14 | F, CS, AF | | |
| Molyneaux, Nevin (2014-11-14) | 74:16-75:2 | F, CS, AF | | |
| Molyneaux, Nevin (2014-11-14) | 81:23-82:3 | R, 403P, 403C | | |
| Molyneaux, Nevin (2014-11-14) | 82:11-83:2 | R, V, 403P, 403C | | |
| Molyneaux, Nevin (2014-11-14) | 83:4-83:25 | R, V, 403P, 403C | | |
| Molyneaux, Nevin (2014-11-14) | 84:2-85:1 | R, V, 403P, 403C | | |
| Molyneaux, Nevin (2014-11-14) | 30:25-31:2 | | | |
| Pyne, John (2014-11-19) | 10:14-10:16 | H | 10:17-18 10:21-22 13:10-21 14:7-14 | R, 403-P |
| Pyne, John (2014-11-19) | 11:1-11:4 | H | | |
| Pyne, John (2014-11-19) | 26:23-27:6 | H | 10:21-22 | |
| Pyne, John (2014-11-19) | 27:9-27:10 | H | | |
| Pyne, John (2014-11-19) | 27:12-27:17 | H | 27:19-28:2 | R, 403-P |
| Pyne, John (2014-11-19) | 28:14-28:16 | H | | |
| Pyne, John (2014-11-19) | 29:10-30:1 | H | 79:19-80:10 | R |
| Pyne, John (2014-11-19) | 30:3-30:3 | H | | |
| Pyne, John (2014-11-19) | 30:5-30:10 | V, H | | |
| Pyne, John (2014-11-19) | 30:12-30:12 | V, H | | |
| Pyne, John (2014-11-19) | 30:14-30:23 | F, H | | |
| Pyne, John (2014-11-19) | 30:25-30:25 | F, H | | |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Pyne, John (2014-11-19) | 31:12-33:10 | H | 33:16-34:2<br>34:8-9<br>35:14-18<br>79:19-80:10 | F, 602, R |
| Pyne, John (2014-11-19) | 39:17-39:21 | V, H | | |
| Pyne, John (2014-11-19) | 39:23-39:23 | V, H | | |
| Pyne, John (2014-11-19) | 39:25-40:2 | H | | |
| Pyne, John (2014-11-19) | 45:16-45:18 | H | | |
| Pyne, John (2014-11-19) | 46:5-46:10 | F, H | | |
| Pyne, John (2014-11-19) | 146:9-146:10 | V, H | | |
| Pyne, John (2014-11-19) | 146:12-146:12 | V, H | | |
| Pyne, John (2014-11-19) | 146:14-146:20 | H | 84:11-18<br>84:20<br>85:17-21<br>85:24-86:5<br>86:8-13<br>92:9-12<br>92:14<br>96:21-25<br>97:15-21<br>101:23-102:3<br>102:5-6<br>102:8-11<br>102:14-17<br>102:19 R,<br>104:10-11<br>104:15-105:5 | IMPC, R, V, CS |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Pyne, John (2014-11-19) | 147:1-147:4 | H | 84:11-18<br>84:20<br>85:17-21<br>85:24-86:5<br>86:8-13<br>92:9-12<br>92:14<br>96:21-25<br>97:15-21<br>101:23-102:3<br>102:5-6<br>102:8-11<br>102:14-17<br>102:19<br>104:10-11<br>104:15-105:5 | IMPC, R, V, CS |
| Pyne, John (2014-11-19) | 147:14-147:16 | H | | |
| Pyne, John (2014-11-19) | 147:18-147:18 | H | | |
| Pyne, John (2014-11-19) | 147:20-148:6 | CS, H | | |
| Pyne, John (2014-11-19) | 148:9-148:10 | CS, H | | |
| Pyne, John (2014-11-19) | 159:25-160:6 | H | 182:18-183:20 | IMPC, R, 403-P, ARG |
| Pyne, John (2014-11-19) | 160:9-160:12 | H | 182:18-183:20 | IMPC, R, 403-P, ARG |
| Pyne, John (2014-11-19) | 160:25-161:6 | H | 182:18-183:20 | IMPC, R, 403-P, ARG |
| Pyne, John (2014-11-19) | 161:9-161:9 | H | 182:18-183:20 | IMPC, R, 403-P, ARG |
| Pyne, John (2014-11-19) | 189:17-190:5 | H | | |
| Pyne, John (2014-11-19) | 190:7-190:8 | H | | |
| Pyne, John (2014-11-19) | 190:11-190:13 | H | | |
| Pyne, John (2014-11-19) | 190:19-190:22 | MT, 403P, 403C, H | | |
| Pyne, John (2014-11-19) | 190:25-191:2 | MT, 403P, 403C, H | | |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Pyne, John (2014-11-19) | 191:4-191:6 | AAA, 403P, 403C, H | | |
| Pyne, John (2014-11-19) | 191:10-191:10 | AAA, 403P, 403C, H | | |
| Pyne, John (2014-11-19) | 191:13-191:25 | AAA, 403P, 403C, H | | |
| Pyne, John (2014-11-19) | 192:7-192:11 | AAA, 403P, 403C, H | | |
| Pyne, John (2014-11-19) | 192:14-192:14 | AAA, 403P, 403C, H | | |
| Pyne, John (2014-11-19) | 192:16-192:22 | AAA, 403P, 403C, H | | |
| Pyne, John (2014-11-19) | 194:4-194:10 | AAA, 403P, 403C, H | | |
| Pyne, John (2014-11-19) | 195:20-195:24 | AAA, 403P, 403C. H | | |
| Pyne, John (2014-11-19) | 196:2-196:5 | AAA, 403P, 403C, H | 108:13-17<br>108:20-24<br>109:1-9<br>109:11-19<br>111:7-10<br>111:13-14<br>158:15-20<br>182:18-183:20<br>185:2-9<br>186:11-17<br>187:3-6<br>188:2-8 | IMPC, 403-C, V, R,<br>AAA, 403-P, ARG |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Pyne, John (2014-11-19) | 196:10-197:10 | AAA, 403P, 403C, H | 108:13-17<br>108:20-24<br>109:1-9<br>109:11-19<br>111:7-10<br>111:13-14<br>158:15-20<br>182:18-183:20<br>185:2-9<br>186:11-17<br>187:3-6<br>188:2-8 | IMPC, 403-C, V, R, AAA, 403-P, ARG |
| Pyne, John (2014-11-19) | 197:12-197:15 | AAA, 403P, 403C, H | 197:22-198:2 | 403-P, 602, R |
| Pyne, John (2014-11-19) | 198:8-198:11 | AAA, 403P, 403C, H | | |
| Pyne, John (2014-11-19) | 198:14-198:15 | AAA, 403P, 403C, H | | |
| Pyne, John (2014-11-19) | 198:17-199:2 | AAA, 403P, 403C, H | 199:3-5 | 403-P, 602, R |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Pyne, John (2014-11-19) | 206:22-207:2 | V, H | 84:11-18<br>84:20<br>85:17-21<br>85:24-86:5<br>86:8-13 R,<br>92:9-12<br>92:14 R,<br>96:21-25<br>97:15-21<br>101:23-102:3<br>102:5-6<br>102:8-11<br>102:14-17<br>102:19-19<br>104:10-11<br>104:15-105:5<br>121:1-7<br>121:18-22<br>122:7-14: 122:17-17<br>205:25-206:11 | R, V, CS, 403-P |
| Pyne, John (2014-11-19) | 207:4-207:5 | V, H | | |
| Pyne, John (2014-11-19) | 207:7-207:13 | V, H | | |
| Pyne, John (2014-11-19) | 207:18-207:23 | V, H | | |
| Pyne, John (2014-11-19) | 207:25-208:2 | V, H | | |
| Pyne, John (2014-11-19) | 208:4-208:4 | V, H | | |
| Pyne, John (2014-11-19) | 208:6-208:21 | H | 215:23-216:6<br>216:9-9<br>230:19-23<br>230:25-231:6<br>231:8-8<br>231:10-12 | R, 403-P, V, F, CS |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Pyne, John (2014-11-19) | 208:23-208:23 | H | | |
| Pyne, John (2014-11-19) | 210:4-210:7 | V, F, H | | |
| Pyne, John (2014-11-19) | 210:10-210:15 | V, F, H | 210:17-22 | 602 |
| Pyne, John (2014-11-19) | 217:23-218:6 | H | | |
| Pyne, John (2014-11-19) | 218:8-218:16 | H | | |
| Strahan, Samuel (2014-09-16) | 9:7-9:10 | | | |
| Strahan, Samuel (2014-09-16) | 9:16-9:22 | | | |
| Strahan, Samuel (2014-09-16) | 10:2-10:18 | | | |
| Strahan, Samuel (2014-09-16) | 10:24-11:1 | | | |
| Strahan, Samuel (2014-09-16) | 11:6-11:17 | | | |
| Strahan, Samuel (2014-09-16) | 12:8-12:23 | | 12:24-13:2 | |
| Strahan, Samuel (2014-09-16) | 13:9-13:25 | | 14:1-7 | |
| Strahan, Samuel (2014-09-16) | 14:8-15:17 | | 14:1-7 | |
| Strahan, Samuel (2014-09-16) | 15:24-16:3 | | | |
| Strahan, Samuel (2014-09-16) | 16:8-16:20 | | 16:21-23 | |
| Strahan, Samuel (2014-09-16) | 16:24-17:6 | | | |
| Strahan, Samuel (2014-09-16) | 17:13-18:6 | | | |
| Strahan, Samuel (2014-09-16) | 18:11-19:2 | | 19:3-11 | |
| Strahan, Samuel (2014-09-16) | 19:12-20:17 | | 19:3-11 | IMP C |
| Strahan, Samuel (2014-09-16) | 21:1-21:3 | | 20:23-25 | |
| Strahan, Samuel (2014-09-16) | 21:24-22:13 | | | |
| Strahan, Samuel (2014-09-16) | 22:18-23:14 | R | | |
| Strahan, Samuel (2014-09-16) | 23:21-24:3 | | | |
| Strahan, Samuel (2014-09-16) | 24:18-25:5 | | | |
| Strahan, Samuel (2014-09-16) | 25:17-27:15 | R | | |
| Strahan, Samuel (2014-09-16) | 27:22-27:24 | R, V, CS, F, 403P | | |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Strahan, Samuel (2014-09-16) | 28:1-28:1 | R, V, CS, F, 403P | | |
| Strahan, Samuel (2014-09-16) | 28:3-28:15 | R, V, CS, F, 403P | | |
| Strahan, Samuel (2014-09-16) | 29:7-31:10 | | | |
| Strahan, Samuel (2014-09-16) | 35:8-35:10 | | | |
| Strahan, Samuel (2014-09-16) | 36:10-37:4 | | | |
| Strahan, Samuel (2014-09-16) | 37:9-37:15 | F, CS | | |
| Strahan, Samuel (2014-09-16) | 37:19-37:24 | F, CS | | |
| Strahan, Samuel (2014-09-16) | 38:11-38:17 | F, CS | 38:3-6 39:12-22 | IMP C; 403-P; R |
| Strahan, Samuel (2014-09-16) | 39:23-40:2 | R, F, V, CS, Scope | 39:12-22 40:3-6 42:2-14 | IMP C; 403-P; R |
| Strahan, Samuel (2014-09-16) | 40:19-41:9 | R, F, V, CS, 403P, AF, Scope | 39:12-22 40:3-6 42:2-14 | IMP C; 403-P; R |
| Strahan, Samuel (2014-09-16) | 41:15-42:1 | R, F, V, CS, 403P, AF, Scope | 39:12-22 40:3-6 42:2-14 | IMP C; 403-P; R |
| Strahan, Samuel (2014-09-16) | 42:15-42:22 | | 39:12-22 40:3-6 42:2-14 | IMP C; 403-P; R |
| Strahan, Samuel (2014-09-16) | 43:6-44:7 | 43:16-18 R, F, CS, ARG, AF | 39:12-22 40:3-6 42:2-14 | IMP C; 403-P; R |
| Strahan, Samuel (2014-09-16) | 44:21-44:25 | | | |
| Strahan, Samuel (2014-09-16) | 45:3-45:9 | 403C, R, ARG | | |
| Strahan, Samuel (2014-09-16) | 47:11-48:9 | 47:11-22 403C, 403P, R, ARG | | |
| Strahan, Samuel (2014-09-16) | 48:12-48:23 | | | |
| Strahan, Samuel (2014-09-16) | 49:24-50:1 | | | |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Strahan, Samuel (2014-09-16) | 50:5-52:6 | 51:6-12 403P, R, ARG<br>52:4-6 403C, R | | |
| Strahan, Samuel (2014-09-16) | 52:19-53:4 | | | |
| Strahan, Samuel (2014-09-16) | 53:8-53:19 | R, V | | |
| Strahan, Samuel (2014-09-16) | 53:24-53:25 | R, V | | |
| Strahan, Samuel (2014-09-16) | 54:7-57:10 | 55:10-12 403C, MT, AF<br>56:9-12 403C, MT, AF | | |
| Strahan, Samuel (2014-09-16) | 57:16-58:13 | | | |
| Strahan, Samuel (2014-09-16) | 60:8-60:15 | R | | |
| Strahan, Samuel (2014-09-16) | 65:16-65:25 | | | |
| Strahan, Samuel (2014-09-16) | 66:4-66:10 | | | |
| Strahan, Samuel (2014-09-16) | 71:13-72:20 | R, F, CS | | |
| Strahan, Samuel (2014-09-16) | 72:23-73:13 | | | |
| Strahan, Samuel (2014-09-16) | 73:16-73:19 | | | |
| Strahan, Samuel (2014-09-16) | 73:23-73:25 | | 74:1-12 | R; 403-P; IMP C |
| Strahan, Samuel (2014-09-16) | 74:17-75:11 | | | |
| Strahan, Samuel (2014-09-16) | 75:18-76:17 | 76:6-9 F | | |
| Strahan, Samuel (2014-09-16) | 76:20-76:22 | | | |
| Strahan, Samuel (2014-09-16) | 77:2-77:6 | F, CS, V | | |
| Strahan, Samuel (2014-09-16) | 77:11-77:14 | F, CS, V | | |
| Strahan, Samuel (2014-09-16) | 78:8-78:10 | F, CS, V, Scope | | |
| Strahan, Samuel (2014-09-16) | 78:17-78:19 | F, CS, V, Scope | | |
| Strahan, Samuel (2014-09-16) | 78:21-78:21 | R, V | | |
| Strahan, Samuel (2014-09-16) | 79:2-79:5 | 55:10-12 403C, MT, AF<br>56:9-12 403C, MT, AF | | |
| Strahan, Samuel (2014-09-16) | 79:15-79:19 | | | |
| Strahan, Samuel (2014-09-16) | 79:24-80:11 | R | | |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Strahan, Samuel (2014-09-16) | 81:8-81:13 | | | |
| Strahan, Samuel (2014-09-16) | 81:21-82:24 | | | |
| Strahan, Samuel (2014-09-16) | 83:4-83:21 | R, F, CS | | |
| Strahan, Samuel (2014-09-16) | 84:6-84:10 | | | |
| Strahan, Samuel (2014-09-16) | 84:13-84:14 | F, CS, V | | |
| Strahan, Samuel (2014-09-16) | 84:16-84:16 | F, CS, V | | |
| Strahan, Samuel (2014-09-16) | 84:24-84:25 | F, CS, V | | |
| Strahan, Samuel (2014-09-16) | 85:10-85:25 | | | |
| Strahan, Samuel (2014-09-16) | 86:22-87:13 | F, CS, V, Comp | 87:14-16 | |
| Strahan, Samuel (2014-09-16) | 87:17-88:1 | F, CS, V, Comp | | |
| Strahan, Samuel (2014-09-16) | 88:5-88:5 | F, CS, V, Comp | | |
| Strahan, Samuel (2014-09-16) | 88:7-88:22 | | | |
| Strahan, Samuel (2014-09-16) | 89:3-89:13 | F, CS, V, Comp | 89:14-19 | |
| Strahan, Samuel (2014-09-16) | 89:24-90:5 | F, CS, V, Comp | 89:14-19 | |
| Strahan, Samuel (2014-09-16) | 90:25-91:4 | | | |
| Strahan, Samuel (2014-09-16) | 91:21-92:10 | F, CS, V | | |
| Strahan, Samuel (2014-09-16) | 93:3-93:13 | F, CS, V, Scope | | |
| Strahan, Samuel (2014-09-16) | 100:6-100:10 | | 100:11-20 | |
| Strahan, Samuel (2014-09-16) | 100:21-100:24 | | 100:11-20 | |
| Strahan, Samuel (2014-09-16) | 101:4-101:10 | | | |
| Strahan, Samuel (2014-09-16) | 101:19-102:6 | F, CS | | |
| Strahan, Samuel (2014-09-16) | 102:11-102:18 | | | |
| Strahan, Samuel (2014-09-16) | 103:1-103:2 | | | |
| Strahan, Samuel (2014-09-16) | 103:4-103:4 | | | |
| Strahan, Samuel (2014-09-16) | 103:6-103:7 | | | |
| Strahan, Samuel (2014-09-16) | 103:9-103:9 | | | |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Strahan, Samuel (2014-09-16) | 103:11-103:16 | | 103:17-21 | R; 403-P |
| Strahan, Samuel (2014-09-16) | 103:25-104:6 | | | |
| Strahan, Samuel (2014-09-16) | 104:17-105:1 | | | |
| Strahan, Samuel (2014-09-16) | 105:8-105:11 | | 105:12-15 | |
| Strahan, Samuel (2014-09-16) | 105:16-105:21 | | 105:12-15 | |
| Strahan, Samuel (2014-09-16) | 106:23-107:14 | 107:10-14 F, CS, V, 403P, Scope | | |
| Strahan, Samuel (2014-09-16) | 107:18-107:23 | F, CS, V, Scope | 107:15-17 107:24-108:7 | IMP C; R; 403-P |
| Strahan, Samuel (2014-09-16) | 108:13-109:4 | 108:13-23 701, R, F, CS, V Scope | 107:15-17 107:24-108:7 | IMP C; R; 403-P |
| Strahan, Samuel (2014-09-16) | 113:20-113:23 | F, CS, V | | |
| Strahan, Samuel (2014-09-16) | 114:9-115:4 | 701, R, F, CS, V, Scope | | |
| Strahan, Samuel (2014-09-16) | 115:17-117:25 | 115:17-116:25 701, R, F, CS, V, Scope 117:19-25 701, F, CS, V, Scope | | |
| Strahan, Samuel (2014-09-16) | 118:4-118:7 | 701, F, CS, V, Scope | | |
| Strahan, Samuel (2014-09-16) | 118:12-119:4 | 403P, 701, F, CS, V, Scope | 119:5-11 | IMP C; R; 403-P |
| Strahan, Samuel (2014-09-16) | 119:16-119:19 | 403P, 701, F, CS, V, Scope | 119:5-11 | IMP C; R; 403-P |
| Strahan, Samuel (2014-09-16) | 120:6-121:4 | 403P, 701, F, CS, V, Scope | | |
| Strahan, Samuel (2014-09-16) | 121:10-122:5 | 403P, 701, F, CS, V, Scope | | |
| Strahan, Samuel (2014-09-16) | 122:10-123:2 | 403P, 701, F, CS, V, Scope | | |
| Strahan, Samuel (2014-09-16) | 123:20-123:24 | F, CS, V | 123:25 124:10-125:2 125:7-22 | IMP C; R; 403-P |
| Strahan, Samuel (2014-09-16) | 124:1-124:3 | F, CS, V | 123:25 124:10-125:2 125:7-22 | IMP C; R; 403-P |
| Strahan, Samuel (2014-09-16) | 125:3-125:6 | 403P, 701, F, CS, V, Scope | 123:25 124:10-125:2 125:7-22 | IMP C; R; 403-P |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Strahan, Samuel (2014-09-16) | 126:17-126:22 | 403P, 701, F, CS, V, Scope | | |
| Strahan, Samuel (2014-09-16) | 127:2-128:10 | 403P, 701, F, CS, V, CLC, Scope | | |
| Strahan, Samuel (2014-09-16) | 128:12-128:12 | 403P, 701, F, CS, V, CLC, Scope | | |
| Strahan, Samuel (2014-09-16) | 128:15-128:15 | 403P, 701, F, CS, V, CLC, Scope | | |
| Strahan, Samuel (2014-09-16) | 128:17-129:18 | 128:17-25 403P, 701, F, CS, V, CLC, Scope 129:1-18 403P, 701, F, CS, V, MD, Scope | | |
| Strahan, Samuel (2014-09-16) | 129:22-130:1 | 403P, 701, F, CS, V, MD, Scope | | |
| Strahan, Samuel (2014-09-16) | 130:6-131:13 | 130:6-25 403P, 403C, 701, F, CS, V, Scope | | |
| Strahan, Samuel (2014-09-16) | 131:23-132:7 | | | |
| Strahan, Samuel (2014-09-16) | 132:10-132:24 | | 132:25 – 133:7 | IMP C; R; 403-P |
| Strahan, Samuel (2014-09-16) | 133:8-133:19 | 133:14-19 R, F, CS, V, Scope | 133:20-24 | |
| Strahan, Samuel (2014-09-16) | 133:25-134:4 | R, F, CS, V, Scope | | |
| Strahan, Samuel (2014-09-16) | 134:8-135:12 | R, F, CS, V, Scope | | |
| Strahan, Samuel (2014-09-16) | 135:17-136:11 | R, F, CS, V, Scope | | |
| Strahan, Samuel (2014-09-16) | 136:16-137:2 | R, F, CS, V, Scope | | |
| Strahan, Samuel (2014-09-16) | 137:12-138:10 | R, F, CS, V, Scope | 138:11-12 | |
| Strahan, Samuel (2014-09-16) | 139:12-139:22 | R, F, CS, V, Scope | | |
| Strahan, Samuel (2014-09-16) | 140:1-140:4 | R, F, CS, V, Scope | | |
| Strahan, Samuel (2014-09-16) | 140:8-140:9 | R, F, CS, V, Scope | | |
| Strahan, Samuel (2014-09-16) | 140:15-141:1 | R, F, CS, V, Scope | 141:2-7 | |
| Strahan, Samuel (2014-09-16) | 141:8-141:15 | R, F, CS, V, Scope | | |
| Strahan, Samuel (2014-09-16) | 141:20-142:5 | R, F, CS, V, Scope | 141:16-19 | IMP C |
| Strahan, Samuel (2014-09-16) | 142:15-143:3 | R, F, CS, V, Scope | | |
| Strahan, Samuel (2014-09-16) | 143:17-144:17 | R, F, CS, V, Scope | 144:18-19 | |
| Strahan, Samuel (2014-09-16) | 145:12-145:22 | R, F, CS, V, Scope | | |
| Strahan, Samuel (2014-09-16) | 146:6-148:3 | R, F, CS, V, Scope | 148:4-10 | |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Strahan, Samuel (2014-09-16) | 148:11-148:24 | R, F, CS, V, Scope | 148:4-10 | |
| Strahan, Samuel (2014-09-16) | 149:8-149:23 | R, F, CS, V, Scope | | |
| Strahan, Samuel (2014-09-16) | 150:3-150:14 | R, F, CS | | |
| Strahan, Samuel (2014-09-16) | 151:8-151:20 | R, F, CS | 151:21-23 | 403-P |
| Strahan, Samuel (2014-09-16) | 151:24-152:1 | R, F, CS | 151:21-23 | 403-P |
| Strahan, Samuel (2014-09-16) | 152:21-153:5 | | | |
| Strahan, Samuel (2014-09-16) | 153:17-153:19 | | | |
| Strahan, Samuel (2014-09-16) | 154:4-154:20 | | 154:21-155:5 | |
| Strahan, Samuel (2014-09-16) | 155:6-156:6 | | 154:21-155:5 156:7-10 | |
| Strahan, Samuel (2014-09-16) | 156:11-157:6 | | | |
| Strahan, Samuel (2014-09-16) | 157:12-157:17 | | 157:18-21 | |
| Strahan, Samuel (2014-09-16) | 157:22-158:7 | | | |
| Strahan, Samuel (2014-09-16) | 158:13-159:13 | | | |
| Strahan, Samuel (2014-09-16) | 159:16-159:20 | | | |
| Strahan, Samuel (2014-09-16) | 159:24-160:5 | | 160:6-11 160:22-161:3 | 403-P; R |
| Strahan, Samuel (2014-09-16) | 160:12-160:21 | R, F, CS, V | 160:6-11 160:22-161:3 | 403-P; R |
| Strahan, Samuel (2014-09-16) | 162:21-163:3 | | 163:4-7 | |
| Strahan, Samuel (2014-09-16) | 163:8-163:10 | | 163:4-7 | |
| Strahan, Samuel (2014-09-16) | 163:22-164:4 | R, F, CS, V | 164:5-7 | |
| Strahan, Samuel (2014-09-16) | 164:8-164:14 | R, F, CS, V | 164:5-7 | |
| Strahan, Samuel (2014-09-16) | 165:5-165:8 | | 165:9-11 | 403-P; 602 |
| Strahan, Samuel (2014-09-16) | 165:12-165:24 | | 165:9-11 | 403-P; 602 |
| Strahan, Samuel (2014-09-16) | 166:8-166:11 | | 166:12-13 166:20-22 | |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Strahan, Samuel (2014-09-16) | 166:14-166:19 | | 166:12-13 166:20-22 | |
| Strahan, Samuel (2014-09-16) | 166:23-167:21 | | 166:12-13 166:20-22 | |
| Strahan, Samuel (2014-09-16) | 168:4-168:15 | | | |
| Strahan, Samuel (2014-09-16) | 168:18-169:17 | | 169:18-20 | R; 403-P |
| Strahan, Samuel (2014-09-16) | 169:21-170:16 | | 169:18-20 | R; 403-P; IMP C |
| Strahan, Samuel (2014-09-16) | 171:12-171:25 | AF, R, F, CS, V | | |
| Strahan, Samuel (2014-09-16) | 172:17-172:22 | AF, R, F, CS, V | 172:23-173:1 | R; 403-P; IMP C |
| Strahan, Samuel (2014-09-16) | 173:19-174:22 | F | | |
| Strahan, Samuel (2014-09-16) | 175:3-175:24 | | | |
| Strahan, Samuel (2014-09-16) | 176:2-176:16 | | | |
| Strahan, Samuel (2014-09-16) | 177:19-178:15 | | | |
| Strahan, Samuel (2014-09-16) | 180:1-181:12 | 180:25-181:12 F, CS | | |
| Strahan, Samuel (2014-09-16) | 182:10-182:12 | | 182:13-16 | |
| Strahan, Samuel (2014-09-16) | 185:1-185:7 | | 184:23-25 185:8-11 186:4-6 | R; 403-P; IMP C; Non responsive |
| Strahan, Samuel (2014-09-16) | 185:12-185:21 | | 184:23-25 185:8-11 186:4-6 | R; 403-P; IMP C; Non responsive |
| Strahan, Samuel (2014-09-16) | 185:24-186:3 | | 184:23-25 185:8-11 186:4-6 | R; 403-P; IMP C; Non responsive |
| Strahan, Samuel (2014-09-16) | 186:7-186:10 | | 184:23-25 185:8-11 186:4-6 | R; 403-P; IMP C; Non responsive |
| Strahan, Samuel (2014-09-16) | 187:10-188:10 | | 188:11-12 | |
| Strahan, Samuel (2014-09-16) | 188:13-188:16 | | 188:17-20 | |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---------|--------------------------|------------------------|----------------------------------|-----------------------------------------------|
| Strahan, Samuel (2014-09-16) | 188:21-189:6 | | 188:17-20 | |
| Strahan, Samuel (2014-09-16) | 189:13-189:24 | | | |
| Strahan, Samuel (2014-09-16) | 190:2-191:8 | | | |
| Strahan, Samuel (2014-09-16) | 191:12-191:12 | | | |
| Strahan, Samuel (2014-09-16) | 191:22-192:7 | | | |
| Strahan, Samuel (2014-09-16) | 192:12-192:13 | | | |
| Strahan, Samuel (2014-09-16) | 192:17-192:19 | | | |
| Strahan, Samuel (2014-09-16) | 192:23-194:5 | | 194:6-8 | 403-P; R; IMP C |
| Strahan, Samuel (2014-09-16) | 194:9-194:15 | | 194:6-8 | 403-P; R |
| Strahan, Samuel (2014-09-16) | 194:24-195:22 | | | |
| Strahan, Samuel (2014-09-16) | 196:2-196:8 | | 196:9-11 | |
| Strahan, Samuel (2014-09-16) | 196:12-196:14 | | 196:9-11 | |
| Strahan, Samuel (2014-09-16) | 196:22-197:2 | | | |
| Strahan, Samuel (2014-09-16) | 197:6-197:12 | | | |
| Strahan, Samuel (2014-09-16) | 197:15-198:1 | | | |
| Strahan, Samuel (2014-09-16) | 198:5-198:7 | | | |
| Strahan, Samuel (2014-09-16) | 198:12-198:15 | | | |
| Strahan, Samuel (2014-09-16) | 199:5-199:12 | | | |
| Strahan, Samuel (2014-09-16) | 200:6-200:13 | | | |
| Strahan, Samuel (2014-09-16) | 200:24-201:9 | | | |
| Strahan, Samuel (2014-09-16) | 201:23-201:25 | | | |
| Strahan, Samuel (2014-09-16) | 202:23-203:6 | | 203:7-9 | |
| Strahan, Samuel (2014-09-16) | 203:10-203:12 | | 203:7-9 | |
| Strahan, Samuel (2014-09-16) | 203:21-204:6 | | | |
| Strahan, Samuel (2014-09-16) | 204:24-205:15 | | 205:16-22 | R; 403-P |
| Strahan, Samuel (2014-09-16) | 209:6-209:17 | | | |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Strahan, Samuel (2014-09-16) | 209:19-209:19 | | | |
| Strahan, Samuel (2014-09-16) | 209:21-209:23 | | 209:24 – 210:4 210:7 | R; 403-P |
| Strahan, Samuel (2014-09-16) | 210:9-210:13 | Comp, V | 209:24 – 210:4 210:7 210:17-19 210:20 | R; 403-P; IMP C |
| Strahan, Samuel (2014-09-16) | 210:15-210:15 | | 210:17-19 210:20 | |
| Strahan, Samuel (2014-09-16) | 211:14-211:19 | | | |
| Strahan, Samuel (2014-09-16) | 211:22-211:24 | | | |
| Strahan, Samuel (2014-09-16) | 213:23-214:7 | | 214:8-10 214:12 | |
| Strahan, Samuel (2014-09-16) | 215:6-215:9 | | 214:8-10 214:12 | IMP C |
| Strahan, Samuel (2014-09-16) | 215:11-215:11 | | 214:8-10 214:12 | IMP C |
| Strahan, Samuel (2014-09-16) | 215:13-215:23 | | 214:8-10 214:12 | IMP C |
| Strahan, Samuel (2014-09-16) | 217:11-217:18 | 403C | | |
| Strahan, Samuel (2014-09-16) | 219:5-219:14 | 403C | | |
| Strahan, Samuel (2014-09-17) | 236:22-237:16 | | 237:17-238:1 | |
| Strahan, Samuel (2014-09-17) | 238:2-238:12 | 238:2-5 MD | 237:17-238:1 | |
| Strahan, Samuel (2014-09-17) | 238:21-238:23 | | | |
| Strahan, Samuel (2014-09-17) | 239:4-239:4 | | | |
| Strahan, Samuel (2014-09-17) | 239:6-240:1 | | | |
| Strahan, Samuel (2014-09-17) | 240:11-240:14 | | 240:6-10 | |
| Strahan, Samuel (2014-09-17) | 242:3-242:16 | | | |
| Strahan, Samuel (2014-09-17) | 242:22-243:8 | | | |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Strahan, Samuel (2014-09-17) | 243:11-243:16 | | 243:17-244:13 | 403-C; R; 403-P |
| Strahan, Samuel (2014-09-17) | 246:9-247:23 | 403C | 247:24-248:2 248:4-5 249:11-16 | IMP C; Not responsive; 403-P |
| Strahan, Samuel (2014-09-17) | 249:17-250:3 | | 250:17-24 | |
| Strahan, Samuel (2014-09-17) | 250:5-250:5 | | 250:17-24 | |
| Strahan, Samuel (2014-09-17) | 250:7-250:16 | | 250:17-24 | |
| Strahan, Samuel (2014-09-17) | 250:25-251:5 | | 251:6-10 | |
| Strahan, Samuel (2014-09-17) | 251:11-252:1 | | | |
| Strahan, Samuel (2014-09-17) | 252:6-252:6 | | | |
| Strahan, Samuel (2014-09-17) | 252:15-252:18 | | | |
| Strahan, Samuel (2014-09-17) | 253:5-254:21 | | 252:19-253:4 | |
| Strahan, Samuel (2014-09-17) | 254:25-256:25 | | | |
| Strahan, Samuel (2014-09-17) | 257:6-258:1 | | | |
| Strahan, Samuel (2014-09-17) | 258:10-258:14 | | 258:15-23 | |
| Strahan, Samuel (2014-09-17) | 258:23-259:8 | | 258:15-23 259:9-15 | Not responsive; IMP C |
| Strahan, Samuel (2014-09-17) | 260:25-261:22 | | | |
| Strahan, Samuel (2014-09-17) | 262:5-264:1 | | | |
| Strahan, Samuel (2014-09-17) | 264:15-265:4 | | 265:5-11 | |
| Strahan, Samuel (2014-09-17) | 265:12-266:2 | | 265:5-11 266:3-4 | |
| Strahan, Samuel (2014-09-17) | 266:5-266:16 | | 266:3-4 | |
| Strahan, Samuel (2014-09-17) | 267:2-267:6 | | 267:7-10 | Not responsive; IMP C |
| Strahan, Samuel (2014-09-17) | 267:11-268:11 | | 267:7-10 | Not responsive; IMP C |
| Strahan, Samuel (2014-09-17) | 268:15-268:25 | | | |
| Strahan, Samuel (2014-09-17) | 269:2-269:20 | | | |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Strahan, Samuel (2014-09-17) | 269:23-270:13 | | 270:14-20 | |
| Strahan, Samuel (2014-09-17) | 270:21-271:9 | | 270:14-20 | IMP C |
| Strahan, Samuel (2014-09-17) | 271:11-272:1 | | | |
| Strahan, Samuel (2014-09-17) | 272:24-273:6 | | | |
| Strahan, Samuel (2014-09-17) | 273:13-273:16 | | 273:17-21 | |
| Strahan, Samuel (2014-09-17) | 273:22-273:25 | | 273:17-21 | |
| Strahan, Samuel (2014-09-17) | 274:4-275:4 | | | |
| Strahan, Samuel (2014-09-17) | 275:20-276:19 | | | |
| Strahan, Samuel (2014-09-17) | 277:21-278:8 | | | |
| Strahan, Samuel (2014-09-17) | 278:12-278:19 | | | |
| Strahan, Samuel (2014-09-17) | 281:3-281:7 | F, CS | 280:3-11 281:8-11 | 403-P; R; IMP C |
| Strahan, Samuel (2014-09-17) | 281:12-281:21 | F, CS | 280:3-11 281:8-11 | 403-P; R; IMP C |
| Strahan, Samuel (2014-09-17) | 282:10-282:13 | V, R | | |
| Strahan, Samuel (2014-09-17) | 282:15-282:16 | V, R | | |
| Strahan, Samuel (2014-09-17) | 282:18-283:11 | | | |
| Strahan, Samuel (2014-09-17) | 284:2-284:6 | | 283:12-284:1 284:7-13 | 403-P; R |
| Strahan, Samuel (2014-09-17) | 284:14-285:4 | | | |
| Strahan, Samuel (2014-09-17) | 285:8-285:13 | | | |
| Strahan, Samuel (2014-09-17) | 285:17-285:19 | | 285:20-21 | |
| Strahan, Samuel (2014-09-17) | 285:22-286:16 | | 285:20-21 | |
| Strahan, Samuel (2014-09-17) | 287:1-287:15 | R, F, CS | | |
| Strahan, Samuel (2014-09-17) | 289:2-290:9 | | | |
| Strahan, Samuel (2014-09-17) | 291:7-291:13 | | | |
| Strahan, Samuel (2014-09-17) | 292:7-292:17 | | | |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Strahan, Samuel (2014-09-17) | 293:8-294:4 | 293:8-12 R | 294:5-7 | |
| Strahan, Samuel (2014-09-17) | 294:8-294:10 | | 294:5-7 | |
| Strahan, Samuel (2014-09-17) | 294:19-295:4 | 403C | | |
| Strahan, Samuel (2014-09-17) | 295:16-296:14 | 403C | | |
| Strahan, Samuel (2014-09-17) | 296:19-296:23 | 403C | | |
| Strahan, Samuel (2014-09-17) | 297:1-297:18 | 403C | | |
| Strahan, Samuel (2014-09-17) | 298:4-298:13 | R, 403P | | |
| Strahan, Samuel (2014-09-17) | 298:18-299:3 | R, 403P, 701, F, CS, CLC | | |
| Strahan, Samuel (2014-09-17) | 299:7-300:3 | R, 403P, F, CS | 299:4-6<br>300:4-5<br>300:11-15<br>301:23-302:3<br>302:12-15<br>302:17-18 | 403-P; R; IMP C; 403-C |
| Strahan, Samuel (2014-09-17) | 300:6-300:10 | R, 403P, F, CS | 299:4-6<br>300:4-5<br>300:11-15<br>301:23-302:3<br>302:12-15<br>302:17-18 | 403-P; R; IMP C; 403-C |
| Strahan, Samuel (2014-09-17) | 301:8-301:22 | R, 403P, F, CS, 701 | 299:4-6<br>300:4-5<br>300:11-15<br>301:23-302:3<br>302:12-15<br>302:17-18 | 403-P; R; IMP C; 403-C |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Strahan, Samuel (2014-09-17) | 302:4-302:11 | R, 403P, F, CS, 701 | 299:4-6<br>300:4-5<br>300:11-15<br>301:23-302:3<br>302:12-15<br>302:17-18 | 403-P; R; IMP C; 403-C |
| Strahan, Samuel (2014-09-17) | 303:3-303:8 | R, 403P, ARG, F, CS | | |
| Strahan, Samuel (2014-09-17) | 303:19-304:18 | R, 403P, F, CS, 701 | 305:22-25<br>306:5-12<br>306:14-15 | 403-P; R; IMP C; 403-C |
| Strahan, Samuel (2014-09-17) | 305:14-305:21 | R, 403P, F, CS, 701 | 305:22-25<br>306:5-12<br>306:14-15 | 403-P; R; IMP C; 403-C |
| Strahan, Samuel (2014-09-17) | 307:13-308:9 | R, 403P, F, CS, 701, AAA | | |
| Strahan, Samuel (2014-09-17) | 308:11-308:11 | R, 403P, F, CS, 701, AAA | | |
| Strahan, Samuel (2014-09-17) | 308:13-308:16 | R, 403P, F, CS, 701, AAA | | |
| Strahan, Samuel (2014-09-17) | 308:18-308:19 | R, 403P, F, CS, 701, AAA | | |
| Strahan, Samuel (2014-09-17) | 308:21-308:22 | R, 403P, F, CS, 701, AAA | | |
| Strahan, Samuel (2014-09-17) | 308:24-308:25 | R, 403P, F, CS, 701, AAA | | |
| Strahan, Samuel (2014-09-17) | 309:2-309:3 | R, 403P, F, CS, 701, AAA | | |
| Strahan, Samuel (2014-09-17) | 309:6-309:7 | R, 403P, F, CS, 701, AAA, ARG | | |
| Strahan, Samuel (2014-09-17) | 309:9-309:15 | R, 403P, F, CS, 701, AAA, ARG | | |
| Strahan, Samuel (2014-09-17) | 309:17-309:17 | R, 403P, F, CS, 701, AAA, ARG | | |
| Strahan, Samuel (2014-09-17) | 309:19-309:24 | R, 403P, F, CS, 701, AAA, ARG | | |
| Strahan, Samuel (2014-09-17) | 310:2-310:3 | R, 403P, F, CS, 701, AAA, ARG | | |
| Strahan, Samuel (2014-09-17) | 311:14-311:17 | R, 403P, 701,  F, CS | | |
| Strahan, Samuel (2014-09-17) | 312:15-312:16 | R, 403P, 701,  F, CS | | |
| Strahan, Samuel (2014-09-17) | 312:20-312:23 | R, 403P, 701, F, CS | | |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Strahan, Samuel (2014-09-17) | 312:25-313:24 | R, 403P, 701, F, CS | | |
| Strahan, Samuel (2014-09-17) | 315:23-315:25 | | 316:1-13 | |
| Strahan, Samuel (2014-09-17) | 316:14-316:19 | | 316:1-13 | |
| Strahan, Samuel (2014-09-17) | 316:24-317:2 | | 317:3-5 | IMP C; Not responsive; 403-P; 403-C |
| Strahan, Samuel (2014-09-17) | 317:6-317:8 | | 317:3-5 | IMP C; Not responsive; 403-P; 403-C |
| Strahan, Samuel (2014-09-17) | 321:19-322:2 | | | |
| Strahan, Samuel (2014-09-17) | 323:24-324:9 | 403C | | |
| Strahan, Samuel (2014-09-17) | 324:15-324:21 | 403C | | |
| Strahan, Samuel (2014-09-17) | 325:16-325:22 | 403C | 325:23 – 326:1 | 403-P; 403-C |
| Strahan, Samuel (2014-09-17) | 326:2-326:5 | 403C | 325:23 – 326:1 | 403-P; 403-C |
| Strahan, Samuel (2014-09-17) | 340:9-340:13 | 403C | | |
| Strahan, Samuel (2014-09-17) | 341:17-341:25 | | | |
| Strahan, Samuel (2014-09-17) | 342:14-343:7 | | | |
| Strahan, Samuel (2014-09-17) | 343:18-343:24 | | | |
| Strahan, Samuel (2014-09-17) | 344:4-344:9 | | | |
| Strahan, Samuel (2014-09-17) | 344:14-344:20 | | | |
| Strahan, Samuel (2014-09-17) | 346:22-347:1 | | | |
| Strahan, Samuel (2014-09-17) | 349:19-350:12 | 403C | | |
| Strahan, Samuel (2014-09-17) | 351:3-351:25 | | | |
| Strahan, Samuel (2014-09-17) | 353:11-353:18 | F, CS | | |
| Strahan, Samuel (2014-09-17) | 355:8-355:13 | 403C | | |
| Strahan, Samuel (2014-09-17) | 356:2-356:5 | R | | |
| Strahan, Samuel (2014-09-17) | 359:12-359:21 | 403C | | |
| Strahan, Samuel (2014-09-17) | 360:23-361:11 | | | |
| Strahan, Samuel (2014-09-17) | 361:20-362:1 | | | |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Strahan, Samuel (2014-09-17) | 362:18-364:10 | ARG, V, 403P | 364:11-14 365:7-12 | 602; 403-P; Attorney argument; IMP C |
| Strahan, Samuel (2014-09-17) | 366:1-366:4 | ARG, V, 403P | 365:7-12 | 602; 403-P; Attorney argument; IMP C |
| Strahan, Samuel (2014-09-17) | 366:6 | ARG, V, 403P | | |
| Strahan, Samuel (2014-09-17) | 366:8-366:13 | ARG, V, 403P | | |
| Strahan, Samuel (2014-09-17) | 366:19-367:8 | ARG, V, 403P | 365:7-12 | Attorney argument; IMP C |
| Strahan, Samuel (2014-09-17) | 367:18-367:20 | F, CS | | |
| Strahan, Samuel (2014-09-17) | 368:6-368:13 | F, CS | | |
| Strahan, Samuel (2014-09-17) | 370:22-371:3 | | | |
| Strahan, Samuel (2014-09-17) | 371:5-371:5 | | | |
| Strahan, Samuel (2014-09-17) | 371:20-371:24 | 403C | | |
| Strahan, Samuel (2014-09-17) | 372:11-372:19 | 403C | | |
| Strahan, Samuel (2014-09-17) | 372:24-373:10 | 403C | | |
| Strahan, Samuel (2014-09-17) | 374:14-375:11 | | | |
| Strahan, Samuel (2014-09-17) | 376:18-378:1 | 403C, AAA | | |
| Strahan, Samuel (2014-09-17) | 378:3-378:3 | 403C, AAA | | |
| Strahan, Samuel (2014-09-17) | 378:5-379:4 | 403C, AAA, 403P | 379:5-10 | Not responsive; IMP C; 403-P |
| Strahan, Samuel (2014-09-17) | 379:12-379:13 | 403C, AAA | 379:5-10 | Not responsive; IMP C; 403-P |
| Strahan, Samuel (2014-09-17) | 379:15-379:20 | 403C, AAA | | |
| Strahan, Samuel (2014-09-17) | 379:22-380:5 | 403C, AAA | | |
| Strahan, Samuel (2014-09-17) | 381:10-381:15 | | 381:16-24 | Not responsive; IMP C; 403-P; R |
| Strahan, Samuel (2014-09-17) | 381:25-382:3 | | 381:16-24 | Not responsive; IMP C; 403-P; R |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Strahan, Samuel (2014-09-17) | 382:9-382:18 | 403C, AAA | | |
| Strahan, Samuel (2014-09-17) | 386:24-387:12 | 403C, AAA | | |
| Strahan, Samuel (2014-09-17) | 388:3-390:7 | 403C, AAA | 390:16-17 390:19-22 | Not responsive; IMP C; 403-P |
| Strahan, Samuel (2014-09-17) | 390:13-390:15 | 403C, AAA | 390:16-17 390:19-22 | Not responsive; IMP C; 403-P |
| Strahan, Samuel (2014-09-17) | 390:25-391:4 | 403C, AAA | | |
| Strahan, Samuel (2014-09-17) | 391:6-391:6 | 403C, AAA | | |
| Strahan, Samuel (2014-09-17) | 391:8-391:12 | 403C, AAA | | |
| Strahan, Samuel (2014-09-17) | 392:2-392:8 | 403C, AAA | | |
| Strahan, Samuel (2014-09-17) | 392:12-392:19 | | | |
| Strahan, Samuel (2014-09-17) | 393:9-393:14 | | | |
| Strahan, Samuel (2014-09-17) | 394:2-394:14 | F, CS, 602 | | |
| Strahan, Samuel (2014-09-17) | 394:22-394:25 | F, CS, Scope | | |
| Strahan, Samuel (2014-09-17) | 395:3-395:4 | F, CS, Scope | | |
| Strahan, Samuel (2014-09-17) | 396:21-396:24 | F, CS, 602 | | |
| Strahan, Samuel (2014-09-17) | 401:17-401:20 | F, CS, 602 | | |
| Strahan, Samuel (2014-09-17) | 402:6-402:21 | | | |
| Strahan, Samuel (2014-09-17) | 403:4-403:9 | | | |
| Strahan, Samuel (2014-09-17) | 403:13-403:16 | | 403:19-20 | |
| Strahan, Samuel (2014-09-17) | 403:23-404:4 | | 403:19-20 | |
| Strahan, Samuel (2014-09-17) | 404:24-405:19 | 403C, AAA | | |
| Strahan, Samuel (2014-09-17) | 406:20-407:17 | | | |
| Strahan, Samuel (2014-09-17) | 407:21-407:25 | MT | | |
| Strahan, Samuel (2014-09-17) | 408:20-409:13 | F, CS, 403P | | |
| Strahan, Samuel (2014-09-17) | 410:4-410:12 | F, CS, 602 | | |
| Strahan, Samuel (2014-09-17) | 411:4-411:21 | F, CS, 602 | | |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Strahan, Samuel (2014-09-17) | 414:25-415:20 | ARG, AAA, 403C | 415:21-23 | |
| Strahan, Samuel (2014-09-17) | 416:4-416:25 | 416:8-17 F, CS, 602, ARG | | |
| Thompson, Graeme 30(b)(6) (2014-11-12) | 7:18-8:4 | | | |
| Thompson, Graeme 30(b)(6) (2014-11-12) | 8:12-8:20 | | | |
| Thompson, Graeme 30(b)(6) (2014-11-12) | 9:5-9:25 | | 10:1-5 | |
| Thompson, Graeme 30(b)(6) (2014-11-12) | 10:6-10:9 | | | |
| Thompson, Graeme 30(b)(6) (2014-11-12) | 12:8-12:12 | | | |
| Thompson, Graeme 30(b)(6) (2014-11-12) | 14:22-15:4 | R, 403P | | |
| Thompson, Graeme 30(b)(6) (2014-11-12) | 15:19-16:14 | 403C | | |
| Thompson, Graeme 30(b)(6) (2014-11-12) | 16:25-17:10 | | | |
| Thompson, Graeme 30(b)(6) (2014-11-12) | 17:13-17:23 | | | |
| Thompson, Graeme 30(b)(6) (2014-11-12) | 19:13-20:2 | R, 403P | 32:10-25 | IMP C, R, 403-P, 403-C |
| Thompson, Graeme 30(b)(6) (2014-11-12) | 20:6-21:2 | R, 403P | 32:10-25 | IMP C, R, 403-P, 403-C |
| Thompson, Graeme 30(b)(6) (2014-11-12) | 22:8-22:16 | R, 403P | 32:10-25 | IMP C, R, 403-P, 403-C |
| Thompson, Graeme 30(b)(6) (2014-11-12) | 27:13-27:20 | INQA, COMP | | |
| Thompson, Graeme 30(b)(6) (2014-11-12) | 28:10-28:15 | INQA | | |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Thompson, Graeme 30(b)(6) (2014-11-12) | 28:19-29:1 | | | |
| Thompson, Graeme 30(b)(6) (2014-11-12) | 29:25-30:2 | | | |
| Thompson, Graeme 30(b)(6) (2014-11-12) | 30:19-30:20 | | | |
| Thompson, Graeme 30(b)(6) (2014-11-12) | 30:24-31:5 | | | |
| Thompson, Graeme 30(b)(6) (2014-11-12) | 31:22-32:9 | | | |
| Thompson, Graeme 30(b)(6) (2014-11-12) | 33:5-33:16 | | | |
| Thompson, Graeme 30(b)(6) (2014-11-12) | 34:20-36:11 | | | |
| Thompson, Graeme 30(b)(6) (2014-11-12) | 37:6-37:13 | | | |
| Thompson, Graeme 30(b)(6) (2014-11-12) | 37:16-38:21 | | 39:20-22 40:2-5 | |
| Thompson, Graeme 30(b)(6) (2014-11-12) | 40:6-40:15 | | | |
| Thompson, Graeme 30(b)(6) (2014-11-12) | 40:19-41:2 | | 41:3-9 | |
| Thompson, Graeme 30(b)(6) (2014-11-12) | 41:10-42:2 | | 42:3-6 | |
| Thompson, Graeme 30(b)(6) (2014-11-12) | 42:11-42:16 | | 42:17-43:23 | |
| Thompson, Graeme 30(b)(6) (2014-11-12) | 44:11-44:24 | | | |
| Thompson, Graeme 30(b)(6) (2014-11-12) | 45:8-45:13 | | | |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Thompson, Graeme 30(b)(6) (2014-11-12) | 45:17-46:1 | | | |
| Thompson, Graeme 30(b)(6) (2014-11-12) | 47:7-47:17 | | | |
| Thompson, Graeme 30(b)(6) (2014-11-12) | 47:21-48:23 | | | |
| Thompson, Graeme 30(b)(6) (2014-11-12) | 49:2-49:7 | | | |
| Thompson, Graeme 30(b)(6) (2014-11-12) | 51:2-51:8 | | | |
| Thompson, Graeme 30(b)(6) (2014-11-12) | 51:23-52:4 | R, 403P | | |
| Thompson, Graeme 30(b)(6) (2014-11-12) | 52:25-53:18 | R, 403P | 53:19-24 | |
| Thompson, Graeme 30(b)(6) (2014-11-12) | 56:14-57:1 | R, 403P, F | | |
| Thompson, Graeme 30(b)(6) (2014-11-12) | 57:16-58:5 | R, 403P | 58:6-8 | |
| Thompson, Graeme 30(b)(6) (2014-11-12) | 58:9-59:15 | R, 403P | | |
| Thompson, Graeme 30(b)(6) (2014-11-12) | 60:11-60:15 | | | |
| Thompson, Graeme 30(b)(6) (2014-11-12) | 61:6-61:25 | | | |
| Thompson, Graeme 30(b)(6) (2014-11-12) | 62:4-62:5 | | | |
| Thompson, Graeme 30(b)(6) (2014-11-12) | 62:10-63:1 | F, CS, 602, R | 63:2-7 | IMP C, R |
| Thompson, Graeme 30(b)(6) (2014-11-12) | 64:6-64:20 | 64:16-64:20  INQA | | |
| Wacker, Carl 30(b)(1) (2014-09-10) | 7:13-7:21 | | | |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Wacker, Carl 30(b)(1) (2014-09-10) | 13:22-13:24 | | | |
| Wacker, Carl 30(b)(1) (2014-09-10) | 14:6-14:15 | | 14:16-15:7 | |
| Wacker, Carl 30(b)(1) (2014-09-10) | 15:8-16:23 | | 14:16-15:7 | |
| Wacker, Carl 30(b)(1) (2014-09-10) | 18:5-18:22 | | | |
| Wacker, Carl 30(b)(1) (2014-09-10) | 19:2-19:4 | | | |
| Wacker, Carl 30(b)(1) (2014-09-10) | 19:8-19:22 | | | |
| Wacker, Carl 30(b)(1) (2014-09-10) | 20:2-21:3 | | | |
| Wacker, Carl 30(b)(1) (2014-09-10) | 21:10-22:5 | | | |
| Wacker, Carl 30(b)(1) (2014-09-10) | 23:15-23:21 | | | |
| Wacker, Carl 30(b)(1) (2014-09-10) | 24:8-24:16 | | | |
| Wacker, Carl 30(b)(1) (2014-09-10) | 24:23-25:2 | | 25:3-5, 25:24-26:8 | |
| Wacker, Carl 30(b)(1) (2014-09-10) | 26:9-26:24 | R, F, CS | 26:25-27:3 | LA |
| Wacker, Carl 30(b)(1) (2014-09-10) | 27:5-27:11 | R, V | | |
| Wacker, Carl 30(b)(1) (2014-09-10) | 27:13-27:14 | | | |
| Wacker, Carl 30(b)(1) (2014-09-10) | 27:16-28:23 | | | |
| Wacker, Carl 30(b)(1) (2014-09-10) | 29:1-29:5 | | | |
| Wacker, Carl 30(b)(1) (2014-09-10) | 29:19-30:17 | | | |
| Wacker, Carl 30(b)(1) (2014-09-10) | 30:22-31:2 | | 31:4-8 31:20-23 | |
| Wacker, Carl 30(b)(1) (2014-09-10) | 31:9-31:19 | | 31:4-8 31:20-23 | |
| Wacker, Carl 30(b)(1) (2014-09-10) | 31:24-32:9 | | | |
| Wacker, Carl 30(b)(1) (2014-09-10) | 32:18-35:11 | 32:23-35:11 R | | |
| Wacker, Carl 30(b)(1) (2014-09-10) | 36:2-36:6 | | | |
| Wacker, Carl 30(b)(1) (2014-09-10) | 37:7-37:11 | R | | |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Wacker, Carl 30(b)(1) (2014-09-10) | 37:21-38:7 | | 37:18-20<br>38:8-11<br>38:20-22 | 403-C |
| Wacker, Carl 30(b)(1) (2014-09-10) | 38:23-39:11 | | | |
| Wacker, Carl 30(b)(1) (2014-09-10) | 40:5-40:9 | | | |
| Wacker, Carl 30(b)(1) (2014-09-10) | 40:16-41:7 | R, INQA | 41:11-18 | IMP C |
| Wacker, Carl 30(b)(1) (2014-09-10) | 41:9-41:9 | R, INQA | 41:11-18 | IMP C |
| Wacker, Carl 30(b)(1) (2014-09-10) | 41:19-42:3 | R | 44:14-45:3 | IMP C |
| Wacker, Carl 30(b)(1) (2014-09-10) | 45:4-47:3 | R | 47:4-20 | |
| Wacker, Carl 30(b)(1) (2014-09-10) | 52:16-53:14 | | | |
| Wacker, Carl 30(b)(1) (2014-09-10) | 53:17-53:20 | | | |
| Wacker, Carl 30(b)(1) (2014-09-10) | 53:22-55:20 | | | |
| Wacker, Carl 30(b)(1) (2014-09-10) | 55:23-56:3 | | | |
| Wacker, Carl 30(b)(1) (2014-09-10) | 56:5-57:4 | | | |
| Wacker, Carl 30(b)(1) (2014-09-10) | 57:8-58:20 | | | |
| Wacker, Carl 30(b)(1) (2014-09-10) | 58:22-58:23 | | | |
| Wacker, Carl 30(b)(1) (2014-09-10) | 58:25-58:25 | | | |
| Wacker, Carl 30(b)(1) (2014-09-10) | 59:2-59:2 | | | |
| Wacker, Carl 30(b)(1) (2014-09-10) | 59:4-59:15 | | | |
| Wacker, Carl 30(b)(1) (2014-09-10) | 60:3-60:22 | | | |
| Wacker, Carl 30(b)(1) (2014-09-10) | 61:4-62:10 | | 62:11-14 | |
| Wacker, Carl 30(b)(1) (2014-09-10) | 62:21-64:5 | | 65:6-15 | IMP C, AAA, 403-P |
| Wacker, Carl 30(b)(1) (2014-09-10) | 64:7-64:8 | | 65:6-15 | IMP C, AAA, 403-P |
| Wacker, Carl 30(b)(1) (2014-09-10) | 64:10-64:20 | | 65:6-15 | IMP C, AAA, 403-P |
| Wacker, Carl 30(b)(1) (2014-09-10) | 65:16-66:8 | | 65:6-15<br>66:15-67:1 | IMP C, AAA, 403-P |
| Wacker, Carl 30(b)(1) (2014-09-10) | 67:2-67:9 | AF, F, CS, V | | |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Wacker, Carl 30(b)(1) (2014-09-10) | 67:12-67:13 | AF, F, CS, V | | |
| Wacker, Carl 30(b)(1) (2014-09-10) | 67:15-69:3 | AF, F, CS, V | | |
| Wacker, Carl 30(b)(1) (2014-09-10) | 69:8-70:4 | AF, F, CS, V | 70:5-18 | IMP C, R, 403-P |
| Wacker, Carl 30(b)(1) (2014-09-10) | 70:19-71:1 | | 70:5-18 71:2-11 | IMP C, R, 403-P |
| Wacker, Carl 30(b)(1) (2014-09-10) | 71:12-71:19 | | 71:2-11 | |
| Wacker, Carl 30(b)(1) (2014-09-10) | 71:22-71:22 | | 71:2-11 | |
| Wacker, Carl 30(b)(1) (2014-09-10) | 71:24-72:7 | | 71:2-11 72:8-15 | |
| Wacker, Carl 30(b)(1) (2014-09-10) | 72:18-72:21 | F, CS | 73:2-7 | |
| Wacker, Carl 30(b)(1) (2014-09-10) | 73:12-73:19 | F, CS | 73:2-7 73:20-24 | |
| Wacker, Carl 30(b)(1) (2014-09-10) | 74:20-74:23 | F, CS, V | | |
| Wacker, Carl 30(b)(1) (2014-09-10) | 74:25-75:1 | F, CS, V | | |
| Wacker, Carl 30(b)(1) (2014-09-10) | 75:3-78:16 | 75:3-17 F, CS, V | | |
| Wacker, Carl 30(b)(1) (2014-09-10) | 78:21-79:18 | | | |
| Wacker, Carl 30(b)(1) (2014-09-10) | 79:24-80:3 | | | |
| Wacker, Carl 30(b)(1) (2014-09-10) | 80:13-82:2 | 80:13-81:11 R, V | 82:3-14 | |
| Wacker, Carl 30(b)(1) (2014-09-10) | 84:11-86:8 | | | |
| Wacker, Carl 30(b)(1) (2014-09-10) | 86:16-86:22 | V | 86:23-87:1 | |
| Wacker, Carl 30(b)(1) (2014-09-10) | 87:6-88:4 | CLC, 403P, V | | |
| Wacker, Carl 30(b)(1) (2014-09-10) | 88:7-88:10 | F, CS | 88:17-18 | |
| Wacker, Carl 30(b)(1) (2014-09-10) | 88:19-89:9 | F, CS | 88:17-18 | |
| Wacker, Carl 30(b)(1) (2014-09-10) | 89:11-89:13 | F, CS | 88:17-18 | |
| Wacker, Carl 30(b)(1) (2014-09-10) | 89:15-90:10 | F, CS, CLC, 403P | 88:17-18 | |
| Wacker, Carl 30(b)(1) (2014-09-10) | 90:15-90:23 | F, CS | | |
| Wacker, Carl 30(b)(1) (2014-09-10) | 91:1-91:4 | | | |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Wacker, Carl 30(b)(1) (2014-09-10) | 91:12-93:6 | 92:24-93:6 F, CS, R | | |
| Wacker, Carl 30(b)(1) (2014-09-10) | 93:12-93:21 | 93:20-21 F, CS | | |
| Wacker, Carl 30(b)(1) (2014-09-10) | 93:23-93:23 | F, CS | | |
| Wacker, Carl 30(b)(1) (2014-09-10) | 93:25-94:7 | 93:25-94:1 F, CS | | |
| Wacker, Carl 30(b)(1) (2014-09-10) | 94:11-94:13 | R | | |
| Wacker, Carl 30(b)(1) (2014-09-10) | 94:19-95:19 | R | | |
| Wacker, Carl 30(b)(1) (2014-09-10) | 95:21-95:23 | R | | |
| Wacker, Carl 30(b)(1) (2014-09-10) | 95:25-97:7 | R, F, CS | | |
| Wacker, Carl 30(b)(1) (2014-09-10) | 98:2-98:8 | F, CS | | |
| Wacker, Carl 30(b)(1) (2014-09-10) | 98:10-98:15 | F, CS | 98:16-18 | |
| Wacker, Carl 30(b)(1) (2014-09-10) | 98:19-99:4 | F, CS | 98:16-18<br>99:5-9 | |
| Wacker, Carl 30(b)(1) (2014-09-10) | 99:18-99:22 | F, CS | 98:16-18<br>99:23-100:1 | |
| Wacker, Carl 30(b)(1) (2014-09-10) | 100:2-100:5 | F, CS | 98:16-18<br>100:6-8 | |
| Wacker, Carl 30(b)(1) (2014-09-10) | 100:19-101:5 | V, INQA, R | | |
| Wacker, Carl 30(b)(6) - Vol 1 (2014-09-10) | 6:14-6:19 | | | |
| Wacker, Carl 30(b)(6) - Vol 1 (2014-09-10) | 6:25-6:25 | | | |
| Wacker, Carl 30(b)(6) - Vol 1 (2014-09-10) | 7:2-7:19 | | | |
| Wacker, Carl 30(b)(6) - Vol 1 (2014-09-10) | 8:5-8:14 | | 8:19-9:9 | IMP C |
| Wacker, Carl 30(b)(6) - Vol 1 (2014-09-10) | 9:15-9:21 | | 9:22-10:2<br>10:7-17<br>11:14-17<br>11:22-12:14 | |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Wacker, Carl 30(b)(6) - Vol 1 (2014-09-10) | 10:3-10:6 | | 9:22-10:2<br>10:7-17<br>11:14-17<br>11:22-12:14 | |
| Wacker, Carl 30(b)(6) - Vol 1 (2014-09-10) | 10:18-11:13 | | | |
| Wacker, Carl 30(b)(6) - Vol 1 (2014-09-10) | 14:4-14:5 | | 13:11-21<br>15:15-16:6 | |
| Wacker, Carl 30(b)(6) - Vol 1 (2014-09-10) | 14:9-15:14 | | 13:11-21<br>15:15-16:6 | |
| Wacker, Carl 30(b)(6) - Vol 1 (2014-09-10) | 16:7-16:15 | F, CS | 15:15-16:6<br>20:12-23 | |
| Wacker, Carl 30(b)(6) - Vol 1 (2014-09-10) | 17:11-17:12 | F, CS | 15:15-16:6<br>20:12-23 | |
| Wacker, Carl 30(b)(6) - Vol 1 (2014-09-10) | 17:15-17:19 | F, CS | 15:15-16:6<br>20:12-23 | |
| Wacker, Carl 30(b)(6) - Vol 1 (2014-09-10) | 17:21-17:23 | F, CS | 15:15-16:6<br>20:12-23 | |
| Wacker, Carl 30(b)(6) - Vol 1 (2014-09-10) | 18:1-18:5 | F, CS | 15:15-16:6<br>20:12-23 | |
| Wacker, Carl 30(b)(6) - Vol 1 (2014-09-10) | 18:7-20:11 | | 15:15-16:6<br>20:12-23<br>23:14-26:14 | IMP C |
| Wacker, Carl 30(b)(6) - Vol 1 (2014-09-10) | 22:7-22:22 | | 23:14-26:14 | IMP C |
| Wacker, Carl 30(b)(6) - Vol 1 (2014-09-10) | 22:25-23:13 | | 23:14-26:14 | |
| Wacker, Carl 30(b)(6) - Vol 1 (2014-09-10) | 26:15-26:24 | | 23:14-26:14 | |
| Wacker, Carl 30(b)(6) - Vol 1 (2014-09-10) | 27:2-30:4 | 27:21-25 F, CS, AF, R, Scope<br>28:12-29:1 F, CS, AF, R, Scope | 23:14-26:14 | |

102

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Wacker, Carl 30(b)(6) - Vol 1 (2014-09-10) | 30:7-30:10 | | | |
| Wacker, Carl 30(b)(6) - Vol 1 (2014-09-10) | 30:12-32:2 | | | |
| Wacker, Carl 30(b)(6) - Vol 1 (2014-09-10) | 32:8-33:7 | | 33:8-20 | |
| Wacker, Carl 30(b)(6) - Vol 1 (2014-09-10) | 33:21-34:6 | | 33:8-20 | |
| Wacker, Carl 30(b)(6) - Vol 1 (2014-09-10) | 34:9-34:9 | | | |
| Wacker, Carl 30(b)(6) - Vol 1 (2014-09-10) | 34:11-35:20 | 35:16-20 F, CS, R, V, MT, Scope | | |
| Wacker, Carl 30(b)(6) - Vol 1 (2014-09-10) | 35:25-35:25 | F, CS, R, V, MT, Scope | | |
| Wacker, Carl 30(b)(6) - Vol 1 (2014-09-10) | 36:2-36:5 | F, CS, R, V, MT, Scope | | |
| Wacker, Carl 30(b)(6) - Vol 1 (2014-09-10) | 36:8-36:9 | F, CS, R, V, MT, Scope | | |
| Wacker, Carl 30(b)(6) - Vol 1 (2014-09-10) | 36:11-38:13 | 36:11-37:7 F, CS | | |
| Wacker, Carl 30(b)(6) - Vol 1 (2014-09-10) | 39:19-39:24 | | 39:25-40:5 | |
| Wacker, Carl 30(b)(6) - Vol 1 (2014-09-10) | 40:6-40:21 | | 40:22-41:8 | IMP C |
| Wacker, Carl 30(b)(6) - Vol 1 (2014-09-10) | 41:9-41:12 | F, CS | | |
| Wacker, Carl 30(b)(6) - Vol 1 (2014-09-10) | 41:22-42:7 | F, CS | 42:8-15 | IMP C |
| Wacker, Carl 30(b)(6) - Vol 1 (2014-09-10) | 43:16-43:18 | | | |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Wacker, Carl 30(b)(6) - Vol 1 (2014-09-10) | 43:23-44:2 | | | |
| Wacker, Carl 30(b)(6) - Vol 1 (2014-09-10) | 44:4-44:23 | | | |
| Wacker, Carl 30(b)(6) - Vol 1 (2014-09-10) | 45:3-45:6 | | 45:14-19 | |
| Wacker, Carl 30(b)(6) - Vol 1 (2014-09-10) | 45:8-45:13 | | 45:14-19 | |
| Wacker, Carl 30(b)(6) - Vol 1 (2014-09-10) | 45:20-48:1 | | | |
| Wacker, Carl 30(b)(6) - Vol 1 (2014-09-10) | 49:11-50:13 | | | |
| Wacker, Carl 30(b)(6) - Vol 1 (2014-09-10) | 50:19-51:2 | | | |
| Wacker, Carl 30(b)(6) - Vol 1 (2014-09-10) | 51:5-51:16 | | | |
| Wacker, Carl 30(b)(6) - Vol 1 (2014-09-10) | 51:25-53:13 | 51:25-52:25 R, V, Scope<br>53:1-13 CS, V, R, Scope | | |
| Wacker, Carl 30(b)(6) - Vol 1 (2014-09-10) | 53:22-54:5 | | 54:12-17 | |
| Wacker, Carl 30(b)(6) - Vol 1 (2014-09-10) | 54:23-55:9 | R | | |
| Wacker, Carl 30(b)(6) - Vol 1 (2014-09-10) | 55:16-56:5 | R | 56:6-7 | |
| Wacker, Carl 30(b)(6) - Vol 1 (2014-09-10) | 56:8-58:23 | R | 56:6-7<br>58:24-59:1 | |
| Wacker, Carl 30(b)(6) - Vol 1 (2014-09-10) | 59:11-59:18 | R, AF, CS | | |
| Wacker, Carl 30(b)(6) - Vol 1 (2014-09-10) | 60:3-60:18 | 60:3-5 R<br>60:6-18 R, 403C | | |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Wacker, Carl 30(b)(6) - Vol 1 (2014-09-10) | 60:23-61:9 | | 62:1-4 | |
| Wacker, Carl 30(b)(6) - Vol 1 (2014-09-10) | 61:12-61:25 | | 62:1-4 | |
| Wacker, Carl 30(b)(6) - Vol 1 (2014-09-10) | 62:5-63:1 | | | |
| Wacker, Carl 30(b)(6) - Vol 1 (2014-09-10) | 63:7-63:9 | | | |
| Wacker, Carl 30(b)(6) - Vol 1 (2014-09-10) | 63:18-63:20 | | | |
| Wacker, Carl 30(b)(6) - Vol 1 (2014-09-10) | 63:25-64:25 | R, 403C, Scope | | |
| Wacker, Carl 30(b)(6) - Vol 1 (2014-09-10) | 65:5-65:10 | R, 403C, Scope | | |
| Wacker, Carl 30(b)(6) - Vol 1 (2014-09-10) | 65:16-67:5 | | 67:6-9 | |
| Wacker, Carl 30(b)(6) - Vol 1 (2014-09-10) | 67:10-67:15 | | 67:16-21 | |
| Wacker, Carl 30(b)(6) - Vol 1 (2014-09-10) | 67:22-67:23 | | | |
| Wacker, Carl 30(b)(6) - Vol 1 (2014-09-10) | 68:9-68:14 | F, R, Scope | 68:21-22 | R, NOT TESTIMONY |
| Wacker, Carl 30(b)(6) - Vol 1 (2014-09-10) | 68:16-68:20 | F, R, Scope | 68:21-22 | R, NOT TESTIMONY |
| Wacker, Carl 30(b)(6) - Vol 1 (2014-09-10) | 68:23-69:1 | F, R, Scope | 69:2-5 | |
| Wacker, Carl 30(b)(6) - Vol 1 (2014-09-10) | 69:6-69:13 | F, CS, R, Scope | 69:14-20 | |
| Wacker, Carl 30(b)(6) - Vol 1 (2014-09-10) | 70:8-70:11 | | | |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Wacker, Carl 30(b)(6) - Vol 1 (2014-09-10) | 70:13-70:25 | | | |
| Wacker, Carl 30(b)(6) - Vol 1 (2014-09-10) | 71:7-71:10 | | | |
| Wacker, Carl 30(b)(6) - Vol 1 (2014-09-10) | 71:12-72:4 | | | |
| Wacker, Carl 30(b)(6) - Vol 1 (2014-09-10) | 72:7-72:10 | R | | |
| Wacker, Carl 30(b)(6) - Vol 1 (2014-09-10) | 72:12-73:12 | R | | |
| Wacker, Carl 30(b)(6) - Vol 1 (2014-09-10) | 73:15-74:11 | R | | |
| Wacker, Carl 30(b)(6) - Vol 1 (2014-09-10) | 74:14-74:17 | R, Scope, 403P | | |
| Wacker, Carl 30(b)(6) - Vol 1 (2014-09-10) | 74:19-77:1 | R 74:14-75:6  R, Scope, 403P | 77:2 | |
| Wacker, Carl 30(b)(6) - Vol 1 (2014-09-10) | 77:24-80:17 | R 78:22-79:8 Scope | | |
| Wacker, Carl 30(b)(6) - Vol 1 (2014-09-10) | 81:5-81:22 | R, 403P, Scope | | |
| Wacker, Carl 30(b)(6) - Vol 1 (2014-09-10) | 81:24-84:24 | R, 403P, Scope | | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 94:21-95:20 | | | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 96:6-97:9 | F, CS, 602 | 95:21-96:5 | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 97:18-97:25 | F, CS, 602, Scope | | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 98:9-100:19 | 100:8-19 Scope | 103:9-17 103:21-104:6 | |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 101:20-102:1 | 403C, ARG, Scope | 103:9-17 103:21-104:6 | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 102:9-102:15 | 403C, ARG, Scope | 103:9-17 103:21-104:6 | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 104:7-104:13 | ARG, MT, Scope | 103:9-17 103:21-104:6 | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 104:18-106:13 | 105:17-106:13 MT, ARG, Scope | 103:9-17 103:21-104:6 | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 106:20-107:5 | Scope | 107:6-10 | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 107:17-109:14 | Scope | 109:15-18 110:10-14 110:19-111:13 | R, IMP C |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 109:19-110:1 | Scope | 110:10-14 110:19-111:13 | IMP C |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 110:6-110:8 | Scope | 110:10-14 110:19-111:13 | IMP C |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 113:25-114:24 | Scope | 114:25-115:6 | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 115:11-115:13 | Scope, 403C | 114:25-115:6 | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 115:16-115:18 | Scope, 403C | 114:25-115:6 | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 116:8-116:13 | Scope | | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 116:19-117:5 | Scope | | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 117:16-118:3 | CLC, 403C, ARG, AAA, MT, Scope | | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 118:15-119:5 | V, MT, 403C, AAA, CLC, Scope | | |

107

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 119:21-120:4 | V, 403C, AAA, Scope | | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 121:22-122:2 | V, 403C, CLC, MT, AAA, Scope | | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 122:4-122:6 | V, 403C, AAA, CLC, MT, Scope | | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 122:8-122:11 | V, 403C, AAA, CLC, MT, Scope | | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 122:13-122:15 | V, 403C, AAA, CLC, MT, Scope | | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 122:17-123:1 | V, 403C, AAA, MT, Scope | | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 124:3-124:8 | Scope, CS, F, ARG | | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 124:13-124:15 | Scope, CS, F, ARG | | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 124:17-125:15 | 124:17-125:11 Scope, MT, CS, F, ARG | | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 126:25-127:8 | | 127:14-128:7 | IMP C |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 128:10-129:2 | F, CS, R, Scope | 127:14-128:7 | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 129:12-129:14 | F, CS, R, Scope | | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 130:1-130:6 | R, 403C | | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 130:11-130:16 | R, MT, 403C, V, F, Scope | | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 131:1-131:6 | 403C, Scope | | |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 131:10-131:19 | 403C, MT, Scope, | | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 131:25-134:6 | 403C, Scope, | | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 134:15-134:21 | R, Scope | | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 135:9-136:10 | | | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 136:12-136:16 | | 137:5-9 137:22-138:1 | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 136:18-137:4 | | 137:5-9 137:22-138:1 | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 137:10-137:21 | | 137:5-9 137:22-138:1 | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 138:2-138:6 | | 137:5-9 137:22-138:1 | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 138:11-138:23 | R, CLC, 403C | | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 138:25-139:1 | R, 403C | | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 139:3-140:11 | R | | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 140:15-141:4 | 140:15-22 R 140:23-141:4 R, F, CS | 141:5-9 | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 141:10-141:21 | | 141:5-9 141:22-25 | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 142:1-142:21 | | | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 142:25-143:2 | | | |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 143:4-143:18 | | | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 143:23-145:1 | R, 403C | | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 145:10-146:9 | 146:5-9 MD | | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 146:11-146:15 | | | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 146:17-147:11 | 147:8-11 R, F Scope, 403C, AAA | | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 147:14-147:16 | R, F Scope, 403C, AAA | | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 147:18-147:20 | R, F Scope, 403C, AAA | | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 147:24-148:2 | R, F Scope, 403C, AAA | | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 148:4-148:9 | R, F | | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 148:25-149:15 | | 149:16-17 | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 149:18-149:23 | R | | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 150:21-152:16 | R, 403C | 152:17-24 | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 152:25-159:5 | 153:15-154:1 R, CLC 154:2-158:17 R, 403C, CLC | | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 159:13-160:7 | R, F | | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 160:22-162:5 | R | | |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---------|-------------------------|------------------------|----------------------------------|------------------------------------------------|
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 162:11-163:2 | R, MT | | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 163:4-163:9 | R | | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 165:2-165:6 | R | | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 165:8-165:8 | R | | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 165:15-166:19 | 165:15-166:8 R<br>166:9-19 R, F, CS, Comp | 167:11-15 | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 166:22-167:2 | R, F, CS, Comp | 167:11-15 | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 167:4-167:10 | R | 167:11-15 | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 167:16-167:24 | R | 167:11-15 | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 168:17-169:16 | R | | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 170:23-172:5 | | | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 172:15-172:18 | | | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 173:5-175:16 | R | | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 176:1-176:8 | R | 176:9-15 | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 177:4-177:6 | | | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 178:3-178:5 | R | | |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 178:7-178:8 | R | | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 178:10-178:18 | R | | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 178:20-178:20 | R | | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 178:22-180:19 | 178:22-180:12 R | 180:20-25 | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 183:4-183:16 | | 180:20-25 | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 183:19-184:8 | F, CS, 602 | 184:11-15 | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 185:7-186:3 | F, R, 403P | | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 186:12-186:18 | F, R, 403P | | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 186:22-187:3 | F, R, 403P | | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 187:15-187:16 | F | 187:17<br>191:2-4<br>191:7-12 | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 187:25-188:21 | F, R, 403P, CLC | 191:2-4<br>191:7-12 | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 190:6-190:17 | F, R, 403P | 191:2-4<br>191:7-12 | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 190:20-190:24 | F, R, 403P | 191:2-4<br>191:7-12 | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 191:14-191:22 | R | 191:2-4<br>191:7-12 | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 193:8-194:8 | R, 403P | | |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 194:13-198:11 | | | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 198:16-199:10 | | | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 199:12-199:13 | | | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 199:15-200:2 | | 200:11-13 | IMP C |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 200:14-201:2 | 201:1-2 R | | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 201:5-202:10 | R | | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 202:17-203:2 | R | | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 203:11-204:1 | R | | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 204:10-205:7 | R | | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 205:12-205:19 | R | | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 206:7-207:20 | R, 403C | | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 208:3-210:10 | R, 403C | | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 211:1-211:24 | 211:1-211:15 R | | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 212:3-212:4 | | | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 212:6-213:20 | 403C, Scope  213:18-20 403P | | |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 213:23-213:24 | 403C, Scope , 403P | | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 214:6-214:13 | R, Scope | 214:2-5<br>214:14-23 | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 214:24-214:25 | R, Scope | 214:2-5<br>214:14-23 | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 215:4-215:6 | R, Scope | 214:2-5<br>214:14-23 | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 216:6-216:13 | R 216:6-216:9  R, 403P | | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 216:17-217:21 | 216:17-217:2 R, Scope<br>216:10-217:21 R, Scope, 403C | | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 218:2-218:5 | Scope, 403C | | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 218:15-219:8 | Scope, R | | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 219:16-219:19 | | | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 219:24-219:24 | | | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 220:5-220:7 | | | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 221:7-222:15 | R | | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 223:18-224:4 | R, F | | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 225:3-225:19 | | | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 225:25-226:3 | | | |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 226:12-226:17 | R | | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 227:8-228:8 | R, F, CS, 403P | 228:9-19 229:25-230:5 | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 228:20-229:24 | R, F, CS, 403P | 228:9-19 229:25-230:5 | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 231:2-231:9 | R, F, CS, 403P | 231:10-13 | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 231:14-231:23 | R, F, CS, 403P, MT | 231:10-13 | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 231:25-232:1 | R, F, CS, 403P | | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 234:23-237:6 | R, 403P, Scope | | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 237:17-238:9 | R, 403P, Scope | | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 241:3-241:8 | | 241:9-18 | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 241:19-242:1 | | 241:9-18 | |
| Wacker, Carl 30(b)(6) - Vol 2 (2014-10-23) | 242:6-242:14 | | 241:9-18 | |
| Walenga, Guy 30(b)(6) (2014-11-19) | 6:6-6:22 | H | 6:23-7:10 | |
| Walenga, Guy 30(b)(6) (2014-11-19) | 7:11-8:1 | H | 8:2-23 | R, 403-P |
| Walenga, Guy 30(b)(6) (2014-11-19) | 8:24-9:22 | H | | |
| Walenga, Guy 30(b)(6) (2014-11-19) | 11:10-11:15 | R, 403P, H | | |
| Walenga, Guy 30(b)(6) (2014-11-19) | 11:17-11:18 | R, 403P, H | | |
| Walenga, Guy 30(b)(6) (2014-11-19) | 12:1-12:8 | R, 403P, H | | |
| Walenga, Guy 30(b)(6) (2014-11-19) | 15:6-16:24 | R, 403P, H | | |
| Walenga, Guy 30(b)(6) (2014-11-19) | 17:6-17:13 | R, 403P, CS, H | | |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Walenga, Guy 30(b)(6) (2014-11-19) | 18:10-19:23 | R, 403P, F, H, CS, F | | |
| Walenga, Guy 30(b)(6) (2014-11-19) | 20:1-20:4 | H | | |
| Walenga, Guy 30(b)(6) (2014-11-19) | 25:5-25:15 | F, R, 403P, H | | |
| Walenga, Guy 30(b)(6) (2014-11-19) | 25:18-25:18 | F, R, 403P, H | | |
| Walenga, Guy 30(b)(6) (2014-11-19) | 25:20-25:21 | F, R, 403P, H | | |
| Walenga, Guy 30(b)(6) (2014-11-19) | 25:24-25:24 | H | | |
| Walenga, Guy 30(b)(6) (2014-11-19) | 28:10-28:17 | H | 28:18-29:12 | R, 403-P, ARG, V, |
| Walenga, Guy 30(b)(6) (2014-11-19) | 29:21-30:1 | R, 403P, H | | |
| Walenga, Guy 30(b)(6) (2014-11-19) | 30:5-30:15 | R, 403P, H | | |
| Walenga, Guy 30(b)(6) (2014-11-19) | 30:22-31:5 | R, 403P, H | | |
| Walenga, Guy 30(b)(6) (2014-11-19) | 31:13-31:15 | R, 403P, H | | |
| Walenga, Guy 30(b)(6) (2014-11-19) | 31:17-32:7 | R, 403P, H | | |
| Walenga, Guy 30(b)(6) (2014-11-19) | 50:10-52:19 | R, 403P, H | 60:9-61:4<br>61:9-13<br>61:16-16<br>61:19-19 | AF, F, R, 403-P, IMPC |
| Walenga, Guy 30(b)(6) (2014-11-19) | 52:21-52:21 | R, 403P, H | | |
| Walenga, Guy 30(b)(6) (2014-11-19) | 52:23-53:1 | R, 403P, V, H | | |
| Walenga, Guy 30(b)(6) (2014-11-19) | 53:3-53:3 | R, 403P, V, H | | |
| Walenga, Guy 30(b)(6) (2014-11-19) | 53:5-54:1 | R, 403P, H | | |
| Walenga, Guy 30(b)(6) (2014-11-19) | 56:17-57:1 | R, 403P, H | | |
| Walenga, Guy 30(b)(6) (2014-11-19) | 58:22-59:11 | R, 403P, H | 60:9-61:4<br>61:9-13<br>61:16-16<br>61:19-19 | AF, F, R, 403-P |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---------|--------------------------|------------------------|----------------------------------|-----------------------------------------------|
| Walenga, Guy 30(b)(6) (2014-11-19) | 61:5-61:8 | R, 403P, H | | |
| Walenga, Guy 30(b)(6) (2014-11-19) | 66:18-66:24 | R, 403P, H | 144:3-12 144:15-22 144:25-148:11 | R, V, 403-P, CS, AF, IMPC |
| Walenga, Guy 30(b)(6) (2014-11-19) | 71:21-72:5 | R, 403P, H | | |
| Walenga, Guy 30(b)(6) (2014-11-19) | 72:7-72:20 | R, 403P, H | | |
| Walenga, Guy 30(b)(6) (2014-11-19) | 73:2-73:5 | H | 73:6-12 73:25-25 74:1-7 | R, 403-C, 403-P |
| Walenga, Guy 30(b)(6) (2014-11-19) | 74:22-75:3 | R, 403P, H | | |
| Walenga, Guy 30(b)(6) (2014-11-19) | 75:16-76:7 | H | 76:8-18 | R, 403-C |
| Walenga, Guy 30(b)(6) (2014-11-19) | 79:16-79:24 | R, 403P, F, H | | |
| Walenga, Guy 30(b)(6) (2014-11-19) | 80:1-80:17 | R, 403P, F, H | | |
| Walenga, Guy 30(b)(6) (2014-11-19) | 80:19-81:2 | R, 403P, H | | |
| Walenga, Guy 30(b)(6) (2014-11-19) | 82:5-82:14 | R, 403P, H | | |
| Walenga, Guy 30(b)(6) (2014-11-19) | 86:21-87:9 | R, 403P, H | | |
| Walenga, Guy 30(b)(6) (2014-11-19) | 87:12-87:13 | R, 403P, H | | |
| Walenga, Guy 30(b)(6) (2014-11-19) | 87:15-87:17 | R, 403P, F, H | | |
| Walenga, Guy 30(b)(6) (2014-11-19) | 87:20-88:5 | R, 403P, F, H | | |
| Walenga, Guy 30(b)(6) (2014-11-19) | 88:10-88:12 | R, 403P, V, H | | |
| Walenga, Guy 30(b)(6) (2014-11-19) | 88:16-88:16 | R, 403P, INQA, H | | |
| Walenga, Guy 30(b)(6) (2014-11-19) | 88:18-88:20 | R, 403P, V, H | | |
| Walenga, Guy 30(b)(6) (2014-11-19) | 88:22-89:11 | R, 403P, V, AAA, CS, H | | |
| Walenga, Guy 30(b)(6) (2014-11-19) | 89:14-89:17 | R, 403P, V, AAA, CS, H | 89:19-23 | R |
| Walenga, Guy 30(b)(6) (2014-11-19) | 90:1-90:20 | R, 403P, H | 144:3-12 144:15-22 144:25-148:11 | R, 403-P, 403-C, IMPC |

117

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Walenga, Guy 30(b)(6) (2014-11-19) | 90:22-90:25 | R, 403P, AAA, H | | |
| Walenga, Guy 30(b)(6) (2014-11-19) | 91:3-91:7 | R, 403P, AAA, H | | |
| Walenga, Guy 30(b)(6) (2014-11-19) | 91:10-91:13 | R, 403P, V, CS, H | | |
| Walenga, Guy 30(b)(6) (2014-11-19) | 91:17-92:14 | R, 403P, V, CS, H | | |
| Walenga, Guy 30(b)(6) (2014-11-19) | 92:17-92:21 | R, 403P, H | | |
| Walenga, Guy 30(b)(6) (2014-11-19) | 92:24-95:18 | R, 403P, H | 95:19-25 | R |
| Walenga, Guy 30(b)(6) (2014-11-19) | 103:3-104:6 | R, 403P, F, CS, H | 144:3-12 144:15-22 144:25-148:11 | R, V, 403-P, CS, AF, IMPC |
| Walenga, Guy 30(b)(6) (2014-11-19) | 105:24-106:25 | R, 403P, H | 127:19-25 128:3-9 128:12-25 144:3-12 144:15-22 144:25-148:11 | R, V, F, 403-P, CS, AF, IMPC |
| Walenga, Guy 30(b)(6) (2014-11-19) | 107:3-107:7 | R, 403P, H | | |
| Walenga, Guy 30(b)(6) (2014-11-19) | 107:9-109:9 | R, 403P, H | 127:19-25 128:3-9 128:12-25 144:3-12 144:15-22 144:25-148:11 | R, V, F, 403-P, CS, AF, IMPC |
| Walenga, Guy 30(b)(6) (2014-11-19) | 110:16-110:24 | R, 403P, F, H | | |
| Walenga, Guy 30(b)(6) (2014-11-19) | 111:1-111:1 | R, 403P, F, H | | |
| Walenga, Guy 30(b)(6) (2014-11-19) | 111:24-114:9 | R, 403P, H | 127:19-25 128:3-9 128:12-25 144:3-12 144:15-22 144:25-148:11 | R, V, F, 403-P, CS, AF |

118

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---------|--------------------------|------------------------|----------------------------------|-----------------------------------------------|
| Walenga, Guy 30(b)(6) (2014-11-19) | 114:11-116:12 | R, 403P, H | | |
| Walenga, Guy 30(b)(6) (2014-11-19) | 135:10-136:8 | R, 403P, V, H | | |
| Walenga, Guy 30(b)(6) (2014-11-19) | 136:11-136:12 | R, 403P, V, H | | |
| Walenga, Guy 30(b)(6) (2014-11-19) | 136:14-136:25 | R, 403P, H | | |
| Walenga, Guy 30(b)(6) (2014-11-19) | 137:10-137:12 | R, 403P, H | | |
| Walenga, Guy 30(b)(6) (2014-11-19) | 148:14-149:4 | R, 403P, H | | |
| Walenga, Guy 30(b)(6) (2014-11-19) | 162:23-163:3 | R, 403P, H | 163:4-11 | R, 403-C, 403-P |
| Walenga, Guy 30(b)(6) (2014-11-19) | 163:13-163:16 | R, 403P, H | 163:22-24 164:2-6 | R, 403-C, 403-P |
| Walenga, Guy 30(b)(6) (2014-11-19) | 163:19-163:20 | R, 403P, H | 163:22-24 164:2-6 | R, 403-C, 403-P |
| Wilson, Paul 30(b)(6) | 14:2-14:19 | 14:2-13 (F, CS, R, 602); 804, H | 6:6-16; 7:2-17; 8:5-19; 9:2-25; 10:3-11:9; 11:17-14:1 | R, 403-P |
| Wilson, Paul 30(b)(6) | 14:24-16:18 | R, 804, H, 403-P | 37:25-39:2; 39:5-9 | IMPC |
| Wilson, Paul 30(b)(6) | 16:25-18:22 | F, 403-P, R, COMP, V, 602, CS, 804, H | 37:25-39:2; 39:5-9 | IMPC |
| Wilson, Paul 30(b)(6) | 18:25-19:12 | 18:25-19:8 (F, 403-P, R, V) 804, H | 37:25-39:2; 39:5-9 | IMPC |
| Wilson, Paul 30(b)(6) | 19:15-21:12 | 804, H | 37:25-39:2; 39:5-9 | IMPC |
| Wilson, Paul 30(b)(6) | 21:15-22:25 | 804, H | 37:25-39:2; 39:5-9 | IMPC |
| Wilson, Paul 30(b)(6) | 23:3-24:9 | 23:24-24:9 (F, R) 804, H | 37:25-39:2; 39:5-9 | IMPC |
| Wilson, Paul 30(b)(6) | 24:12-27:24 | 24:12-24:22 (F, R) 804, H | 27:25-28:18; 37:25-39:2; 39:5-9 | IMPC, 403-C |
| Wilson, Paul 30(b)(6) | 28:19-28:21 | V, R, 804, H | | |
| Wilson, Paul 30(b)(6) | 28:24-29:13 | F, R, 804, H | | |
| Wilson, Paul 30(b)(6) | 29:15-30:1 | F, R, V, 804, H | | |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Wilson, Paul 30(b)(6) | 30:4-30:12 | F, R, V, AAA, 403-C, CS, 804, H | | |
| Wilson, Paul 30(b)(6) | 30:15-30:22 | F, R, V, AAA, 403-C, CS, 804, H | | |
| Wilson, Paul 30(b)(6) | 32:14-32:18 | F, R, 804, H | | |
| Wilson, Paul 30(b)(6) | 32:21-34:1 | 32:21-33:22 (F, R, AAA, 403-C, CS); 804, H | 37:25-39:2; 39:5-40:5; 40:8-40:22; 40:25-41:12; 41:15-22; 41:25-42:9; 42:12-16; 43:9-24; 44:1-6; 44:10-11; 44:14-19; 72:23-74:17 | IMPC, R, 403-P |
| Wilson, Paul 30(b)(6) | 34:4-34:11 | 804, H | | |
| Wilson, Paul 30(b)(6) | 34:15-36:15 | 34:20-36:15 (F, COMP, V); 804, H | 37:25-39:2; 39:5-40:5; 40:8-40:22; 40:25-41:12; 41:15-22; 41:25-42:9; 42:12-16; 43:9-24; 44:1-6; 44:10-11; 44:14-19; 72:23-74:17 | R, 403-P |
| Wilson, Paul 30(b)(6) | 36:18-36:20 | F, V, 804, H | 37:25-39:2; 39:5-40:5; 40:8-40:22; 40:25-41:12; 41:15-22; 41:25-42:9; 42:12-16; 43:9-24; 44:1-6; 44:10-11; 44:14-19; 72:23- | R, 403-P, 403-C |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| | | | 74:17 | |
| Wilson, Paul 30(b)(6) | 44:20-45:4 | 804, H | 51:17-18; 51:21-52:2; 52:5-12: 52:15-53:2; 53:5-5; 53:23-54:22; 55:9-17; 55:20-21; 56:9-11; 56:16-57:10; 57:13-20; 57:25-58:10; 58:13-21; 58:24-59:1; 59:9-16; 59:22-60:1; 60:3-13; 63:13-16; 63:19-64:4; 68:24-69:16; 69:19-70:11; 70:14-71:8; 71:20-72:4; 72:7-7; 72:12-14; 72:23-74:17 | V, ARG, R, 403-P, F, 602, IMPC, CS, SCOPE |
| Wilson, Paul 30(b)(6) | 45:7-45:18 | 804, H | 51:17-18; 51:21-52:2; 52:5-12: 52:15-53:2; 53:5-5; 53:23-54:22; 55:9-17; 55:20-21; 56:9-11; 56:16-57:10; 57:13-20; 57:25-58:10; 58:13-21; 58:24-59:1; 59:9-16; 59:22-60:1; 60:3-13; 63:13-16; 63:19-64:4; 68:24-69:16; 69:19- | V, ARG, R 403-P, F, 602, IMPC, CS, SCOPE |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| | | | 70:11; 70:14-71:8; 71:20-72:4; 72:7-7; 72:12-14; 72:23-74:17 | |
| Wilson, Paul 30(b)(6) | 45:21-47:10 | 804, H | 37:25-39:2; 39:5-40:5; 40:8-40:22; 40:25-41:12; 41:15-22; 41:25-42:9; 42:12-16; 43:9-24; 44:1-6; 44:10-11; 44:14-19; 51:17-18; 51:21-52:2; 52:5-12; 52:15-53:2; 53:5-5; 53:23-54:22; 55:9-17; 55:20-21; 56:9-11; 56:16-57:10; 57:13-20; 57:25-58:10; 58:13-21; 58:24-59:1; 59:9-16; 59:22-60:1; 60:3-13; 63:13-16; 63:19-64:4; 68:24-69:16; 69:19-70:11; 70:14-71:8; 71:20-72:4; 72:7-7; 72:12-14; 72:23-74:17 | V, ARG, R, 403-P, F, 602, IMPC, CS, SCOPE |
| Wilson, Paul 30(b)(6) | 47:12-47:12 | 804, H | 37:25-39:2; 39:5-40:5; 40:8-40:22; | V, ARG, R, 403-P, F, 602, IMPC, CS, SCOPE |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| | | | 40:25-41:12; 41:15-22; 41:25-42:9; 42:12-16; 43:9-24; 44:1-6; 44:10-11; 44:14-19; 51:17-18; 51:21-52:2; 52:5-12: 52:15-53:2; 53:5-5; 53:23-54:22; 55:9-17; 55:20-21; 56:9-11; 56:16-57:10; 57:13-20; 57:25-58:10; 58:13-21; 58:24-59:1; 59:9-16; 59:22-60:1; 60:3-13; 63:13-16; 63:19-64:4; 68:24-69:16; 69:19-70:11; 70:14-71:8; 71:20-72:4; 72:7-7; 72:12-14; 72:23-74:17 | |
| Wilson, Paul 30(b)(6) | 47:18-47:24 | 804, H | 37:25-39:2; 39:5-40:5; 40:8-40:22; 40:25-41:12; 41:15-22; 41:25-42:9; 42:12-16; 43:9-24; 44:1-6; 44:10-11; 44:14-19; 51:17-18; 51:21-52:2; 52:5-12: | V, ARG, R, 403-P, F, 602, IMPC, CS, SCOPE |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| | | | 52:15-53:2; 53:5-5; 53:23-54:22; 55:9-17; 55:20-21; 56:9-11; 56:16-57:10; 57:13-20; 57:25-58:10; 58:13-21; 58:24-59:1; 59:9-16; 59:22-60:1; 60:3-13; 63:13-16; 63:19-64:4; 68:24-69:16; 69:19-70:11; 70:14-71:8; 71:20-72:4; 72:7-7;  72:23-74:1772:12-14; | |
| Wilson, Paul 30(b)(6) | 48:2-48:3 | 804, H | 37:25-39:2; 39:5-40:5; 40:8-40:22; 40:25-41:12; 41:15-22; 41:25-42:9; 42:12-16; 43:9-24; 44:1-6; 44:10-11; 44:14-19; 51:17-18; 51:21-52:2; 52:5-12; 52:15-53:2; 53:5-5; 53:23-54:22; 55:9-17; 55:20-21; 56:9-11; 56:16-57:10; 57:13-20; 57:25-58:10; 58:13-21; 58:24-59:1; | V, ARG, R, 403-P, F, 602, IMPC, CS, SCOPE |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| | | | 59:9-16; 59:22-60:1; 60:3-13; 63:13-16; 63:19-64:4; 68:24-69:16; 69:19-70:11; 70:14-71:8; 71:20-72:4; 72:7-7; 72:12-14; 72:23-74:17 | |
| Wilson, Paul 30(b)(6) | 50:18-51:9 | 804,H | 37:25-39:2; 39:5-40:5; 40:8-40:22; 40:25-41:12; 41:15-22; 41:25-42:9; 42:12-16; 43:9-24; 44:1-6; 44:10-11; 44:14-19; 51:17-18; 51:21-52:2; 52:5-12; 52:15-53:2; 53:5-5; 53:23-54:22; 55:9-17; 55:20-21; 56:9-11; 56:16-57:10; 57:13-20; 57:25-58:10; 58:13-21; 58:24-59:1; 59:9-16; 59:22-60:1; 60:3-13; 63:13-16; 63:19-64:4; 68:24-69:16; 69:19-70:11; 70:14-71:8; 71:20-72:4; 72:7-7; 72:12- | V, ARG, R, 403-P, F, 602, IMPC, CS, SCOPE |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| | | | 14; 72:23-74:17; 85:4-87:5; 87:8-88:3; 88:6-88:13 | |
| Wilson, Paul 30(b)(6) | 51:11-51:16 | 804, H | 37:25-39:2; 39:5-40:5; 40:8-40:22; 40:25-41:12; 41:15-22; 41:25-42:9; 42:12-16; 43:9-24; 44:1-6; 44:10-11; 44:14-19; 51:17-18; 51:21-52:2; 52:5-12; 52:15-53:2; 53:5-5; 53:23-54:22; 55:9-17; 55:20-21; 56:9-11; 56:16-57:10; 57:13-20; 57:25-58:10; 58:13-21; 58:24-59:1; 59:9-16; 59:22-60:1; 60:3-13; 63:13-16; 63:19-64:4; 68:24-69:16; 69:19-70:11; 70:14-71:8; 71:20-72:4; 72:7-7; 72:12-14; 72:23-74:17; 85:4-87:5; 87:8-88:3; 88:6-88:13 | V, ARG, R, 403-P, F, 602, IMPC, CS, SCOPE |
| Wilson, Paul 30(b)(6) | 53:6-53:22 | 804, H | 51:17-18; 51:21-52:2; | V, ARG, R, 403-P, F, |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| | | | 52:5-12: 52:15-53:2; 53:5-5; 53:23-54:22; 55:9-17; 55:20-21; 56:9-11; 56:16-57:10; 57:13-20; 57:25-58:10; 58:13-21; 58:24-59:1; 59:9-16; 59:22-60:1; 60:3-13; 63:13-16; 63:19-64:4; 68:24-69:16; 69:19-70:11; 70:14-71:8; 71:20-72:4; 72:7-7; 72:12-14; 72:23-74:17 | 602, IMPC, CS, SCOPE |
| Wilson, Paul 30(b)(6) | 60:14-60:25 | 60:20-25 (AAA, CS, 403-C, 403-P); 804, H | 51:17-18; 51:21-52:2; 52:5-12: 52:15-53:2; 53:5-5; 53:23-54:22; 55:9-17; 55:20-21; 56:9-11; 56:16-57:10; 57:13-20; 57:25-58:10; 58:13-21; 58:24-59:1; 59:9-16; 59:22-60:1; 60:3-13; 63:13-16; 63:19-64:4; 68:24-69:16; 69:19-70:11; 70:14-71:8; 71:20-72:4; 72:7-7; | V, ARG, R, 403-P, F, 602, IMPC, CS, SCOPE |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| | | | 72:12-14; 72:23-74:17 | |
| Wilson, Paul 30(b)(6) | 61:12-61:18 | 61:12-14 (INQA);<br><br>804, H | 51:17-18; 51:21-52:2; 52:5-12: 52:15-53:2; 53:5-5; 53:23-54:22; 55:9-17; 55:20-21; 56:9-11; 56:16-57:10; 57:13-20; 57:25-58:10; 58:13-21; 58:24-59:1; 59:9-16; 59:22-60:1; 60:3-13; 61:19-24; 63:13-16; 63:19-64:4; 68:24-69:16; 69:19-70:11; 70:14-71:8; 71:20-72:4; 72:7-7; 72:12-14; 72:23-74:17 | V, ARG, R, 403-P, 602, IMPC, CS, SCOPE |
| Wilson, Paul 30(b)(6) | 61:25-62:22 | 61:25-62:3 (INQA);<br><br>804, H | 51:17-18; 51:21-52:2; 52:5-12: 52:15-53:2; 53:5-5; 53:23-54:22; 55:9-17; 55:20-21; 56:9-11; 56:16-57:10; 57:13-20; 57:25-58:10; 58:13-21; 58:24-59:1; 59:9-16; 59:22-60:1; 60:3-13; 61:19-24; 63:13-16; | V, ARG, F, 602, R, 403-P, IMPC, CS, SCOPE |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| | | | 63:19-64:4; 68:24-69:16; 69:19-70:11; 70:14-71:8; 71:20-72:4; 72:7-7; 72:12-14; 72:23-74:17 | |
| Wilson, Paul 30(b)(6) | 62:24-63:12 | 804, H | 51:17-18; 51:21-52:2; 52:5-12: 52:15-53:2; 53:5-5; 53:23-54:22; 55:9-17; 55:20-21; 56:9-11; 56:16-57:10; 57:13-20; 57:25-58:10; 58:13-21; 58:24-59:1; 59:9-16; 59:22-60:1; 60:3-13; 61:19-24; 63:13-16; 63:19-64:4; 68:24-69:16; 69:19-70:11; 70:14-71:8; 71:20-72:4; 72:7-7; 72:12-14; 72:23-74:17 | V, ARG, R, 403-P, F, 602, IMPC, CS, SCOPE |
| Wilson, Paul 30(b)(6) | 64:9-65:8 | F, V, 804, H CLC, 403-P | 51:17-18; 51:21-52:2; 52:5-12: 52:15-53:2; 53:5-5; 53:23-54:22; 55:9-17; 55:20-21; 56:9-11; 56:16-57:10; 57:13-20; 57:25-58:10; 58:13-21; | V, ARG, R, 403-P, F, 602, IMPC, CS, SCOPE |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| | | | 58:24-59:1; 59:9-16; 59:22-60:1; 60:3-13; 61:19-24; 63:13-16; 63:19-64:4; 68:24-69:16; 69:19-70:11; 70:14-71:8; 71:20-72:4; 72:7-7; 72:12-14; 72:23-74:17 | |
| Wilson, Paul 30(b)(6) | 65:11-65:19 | V, INQA, SCOPE, 804, H CLC, 403-P | 51:17-18; 51:21-52:2; 52:5-12: 52:15-53:2; 53:5-5; 53:23-54:22; 55:9-17; 55:20-21; 56:9-11; 56:16-57:10; 57:13-20; 57:25-58:10; 58:13-21; 58:24-59:1; 59:9-16; 59:22-60:1; 60:3-13; 61:19-24; 63:13-16; 63:19-64:4; 68:24-69:16; 69:19-70:11; 70:14-71:8; 71:20-72:4; 72:7-7; 72:12-14; 72:23-74:17 | V, ARG, R, 403-P, F, 602, IMPC, CS, SCOPE |
| Wilson, Paul 30(b)(6) | 65:24-66:2 | V, SCOPE, 804, H, CLC, 403-P | 51:17-18; 51:21-52:2; 52:5-12: 52:15-53:2; 53:5-5; 53:23-54:22; 55:9-17; 55:20-21; | V, ARG, R, 403-P, F, 602, IMPC, CS, SCOPE |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| | | | 56:9-11; 56:16-57:10; 57:13-20; 57:25-58:10; 58:13-21; 58:24-59:1; 59:9-16; 59:22-60:1; 60:3-13; 61:19-24; 63:13-16; 63:19-64:4; 68:24-69:16; 69:19-70:11; 70:14-71:8; 71:20-72:4; 72:7-7; 72:12-14; 72:23-74:17 | |
| Wilson, Paul 30(b)(6) | 66:9-66:13 | F, AAA, 403-C, 804, H, CLC, 403-P | | |
| Wilson, Paul 30(b)(6) | 66:23-67:20 | F, V, R, 804, H, CLC, 403-P | 51:17-18; 51:21-52:2; 52:5-12: 52:15-53:2; 53:5-5; 53:23-54:22; 55:9-17; 55:20-21; 56:9-11; 56:16-57:10; 57:13-20; 57:25-58:10; 58:13-21; 58:24-59:1; 59:9-16; 59:22-60:1; 60:3-13; 61:19-24; 63:13-16; 63:19-64:4; 68:24-69:16; 69:19-70:11; 70:14-71:8; 71:20-72:4; 72:7-7; 72:12-14; 72:23-74:17 | V, ARG, R, 403-P, F, 602, IMPC, CS, SCOPE |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Wilson, Paul 30(b)(6) | 67:23-68:17 | F, V, R, 403-P, 804, H | 51:17-18; 51:21-52:2; 52:5-12: 52:15-53:2; 53:5-5; 53:23-54:22; 55:9-17; 55:20-21; 56:9-11; 56:16-57:10; 57:13-20; 57:25-58:10; 58:13-21; 58:24-59:1; 59:9-16; 59:22-60:1; 60:3-13; 61:19-24; 63:13-16; 63:19-64:4; 68:24-69:16; 69:19-70:11; 70:14-71:8; 71:20-72:4; 72:7-7; 72:12-14; 72:23-74:17; 85:4-87:5; 87:8-88:3; 88:6-88:13 | V, ARG, R, 403-P, F, 602, IMPC, CS, SCOPE |
| Wilson, Paul 30(b)(6) | 68:19-68:23 | F, V, R, 804, H | 51:17-18; 51:21-52:2; 52:5-12: 52:15-53:2; 53:5-5; 53:23-54:22; 55:9-17; 55:20-21; 56:9-11; 56:16-57:10; 57:13-20; 57:25-58:10; 58:13-21; 58:24-59:1; 59:9-16; 59:22-60:1; 60:3-13; 61:19-24; 63:13-16; | V, ARG, R, 403-P, F, 602, IMPC, CS, SCOPE |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| | | | 63:19-64:4; 68:24-69:16; 69:19-70:11; 70:14-71:8; 71:20-72:4; 72:7-7; 72:12-14; 72:23-74:17; 85:4-87:5; 87:8-88:3; 88:6-88:13 | |
| Wilson, Paul 30(b)(6) | 71:9-71:19 | 804, H | 68:24-69:16; 69:19-70:11; 70:14-71:8; 71:20-72:4; 72:7-7; 72:12-14; 72:23-74:17 | Scope, R, 403-P, F, 602 |
| Wilson, Paul 30(b)(6) | 74:22-75:25 | 804, H | 72:23-74:17; 80:23-81:18; 82:25-83:3; 83:5-18; 84:2-4; 84:7-10 | |
| Wilson, Paul 30(b)(6) | 76:3-77:6 | 804, H | 72:23-74:17; 77:25-78:2; 78:7-12; 78:15-15; 78:20-79:4; 80:3-7; 80:15-20; 80:23-81:18; 82:25-83:3; 83:5-18; 84:2-4; 84:7-10 | IMPC, SCOPE, R, 403-P, F, 602 |
| Wilson, Paul 30(b)(6) | 77:9-77:24 | 804, H | 72:23-74:17; 77:25-78:2; 78:7-12; 78:15-15; 78:20-79:4; 80:3-7; 80:15-20; 80:23- | IMPC, SCOPE, R, 403-P, F, 602 |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| | | | 81:18; 82:25-83:3; 83:5-18; 84:2-4; 84:7-10 | |
| Wilson, Paul 30(b)(6) | 119:4-119:13 | F, 804, INQA, 602, Non-Responsive, H | 89:6-92:14 | 403-P |
| Wilson, Paul 30(b)(6) | 121:8-121:11 | 804, H | 89:6-92:14; 92:19-93:2; 93:5-15; 93:17-22; 94:17-95:6; 96:7-16; 96:19-97:20; 99:6-10; 99:13-100:15; 105:12-106:7; 106:18-22; 106:25-109:20; 109:23-110:5; 120:12-121:7; 123:10-124:1; 124:10-16 | R, 403-P, V, MD |
| Wilson, Paul 30(b)(6) | 121:14-122:17 | 804, H | 89:6-92:14; 92:19-93:2; 93:5-15; 93:17-22; 94:17-95:6; 96:7-16; 96:19-97:20; 99:6-10; 99:13-100:15; 105:12-106:7; 106:18-22; 106:25-109:20; 109:23-110:5; 120:12-121:7; 123:10-124:1; | R, 403-P, V, MD |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| | | | 124:10-16 | |
| Wilson, Paul 30(b)(6) | 122:21-123:9 | 804, H | 89:6-92:14; 92:19-93:2; 93:5-15; 93:17-22; 94:17-95:6; 96:7-16; 96:19-97:20; 99:6-10; 99:13-100:15; 105:12-106:7; 106:18-22; 106:25-109:20; 109:23-110:5; 120:12-121:7; 123:10-124:1; 124:10-16 | R, 403-P, V, MD |
| Wilson, Paul 30(b)(6) | 126:24-127:7 | 127:6-7 (SCOPE, R);<br><br>804, H | 126:16-23 | |
| Wilson, Paul 30(b)(6) | 127:10-128:15 | 127:10-18 (SCOPE, R, 403-P);<br><br>128:12-15 (V, CS, R);<br><br>804, H | | |
| Wilson, Paul 30(b)(6) | 128:17-133:24 | 128:17-19 (V, CS, R);<br><br>129:21-131:20 (R, F, 403-C, COMP);<br><br>133:18-24 (COMP, V, F); | 112:4-18; 112:21-113:21; 113:24-115:7; 115:10-116:13; 116:18-118:7; 118:21-24; 119:1-3; 135:21-24; | IMPC, CS, V, F, 602 |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| | | 804, H | 136:1-12; 169:5-10; 169:13-24; 170:3-25;171:4-8 | |
| Wilson, Paul 30(b)(6) | 134:3-134:13 | COMP, V, F, CLC, AAA, 403-C, 804, H | 135:21-24; 136:1-12; 169:5-10; 169:13-24; 170:3-25;171:4-8 | IMPC, CS, V, F, 602 |
| Wilson, Paul 30(b)(6) | 134:17-135:20 | CLC, AAA, 403-C, F, 804, H | 135:21-24; 136:1-12; 169:5-10; 169:13-24; 170:3-25;171:4-8 | CS, V, F, 602 |
| Wilson, Paul 30(b)(6) | 136:13-137:13 | 137:11-13 (V);<br><br>804, H | 51:17-18; 51:21-52:2; 52:5-12: 52:15-53:2; 53:5-5; 53:23-54:22; 55:9-17; 55:20-21; 56:9-11; 56:16-57:10; 57:13-20; 57:25-58:10; 58:13-21; 58:24-59:1; 59:9-16; 59:22-60:1; 60:3-13; 61:19-24; 63:13-16; 63:19-64:4; 68:24-69:16; 69:19-70:11; 70:14-71:8; 71:20-72:4; 72:7-7; 72:12-14; 72:23-74:17 | SCOPE, R, 403-P, F, 602, CS, IMPC |
| Wilson, Paul 30(b)(6) | 137:15-144:21 | 137:15-139:7 (V, COMP, F, CS);<br><br>140:12-143:17 (F, R, CS); | 51:17-18; 51:21-52:2; 52:5-12: 52:15-53:2; 53:5-5; 53:23-54:22; | SCOPE, R, 403-P, F, 602, CS, IMPC |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| | | 804, H | 55:9-17; 55:20-21; 56:9-11; 56:16-57:10; 57:13-20; 57:25-58:10; 58:13-21; 58:24-59:1; 59:9-16; 59:22-60:1; 60:3-13; 61:19-24; 63:13-16; 63:19-64:4; 68:24-69:16; 69:19-70:11; 70:14-71:8; 71:20-72:4; 72:7-7; 72:12-14; 72:23-74:17; 169:5-10; 169:13-24; 170:3-25;171:4-8 | |
| Wilson, Paul 30(b)(6) | 144:24-145:19 | 804, H | | |
| Wilson, Paul 30(b)(6) | 146:4-146:16 | AAA, 403-C, COMP, V, 804, H | 149:16-20; 149:24-150:8; 150:11-13; 150:23-151:3; 151:7-13; 151:15-15; 151:17-24; 169:5-10; 169:13-24; 170:3-25; 171:4-8; 171:13-14; 171:20-172:3; 172:10-16; 172:21-173:2; 173:8-25; 174:5-175:6; 175:12-15; 175:17-18; | CS, V, F, 602, SCOPE |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---------|--------------------------|------------------------|----------------------------------|-----------------------------------------------|
| | | | 175:21-23; 178:24-179:7; 179:13-16 | |
| Wilson, Paul 30(b)(6) | 146:19-148:2 | AAA, 403-C, COMP, V, F, 804, H | 149:16-20; 149:24-150:8; 150:11-13; 150:23-151:3; 151:7-13; 151:15-15; 151:17-24; 169:5-10; 169:13-24; 170:3-25;171:4-8; 171:13-14; 171:20-172:3; 172:10-16;172:21-173:2; 173:8-25; 174:5-175:6; 175:12-15; 175:17-18; 175:21-23; 178:24-179:7; 179:13-16 | CS, V, F, 602, SCOPE |
| Wilson, Paul 30(b)(6) | 148:5-149:2 | COMP, V, F, 804, H | 149:16-20; 149:24-150:8; 150:11-13; 150:23-151:3; 151:7-13; 151:15-15; 151:17-24; 169:5-10; 169:13-24; 170:3-25;171:4-8; 171:13-14; 171:20-172:3; 172:10-16;172:21-173:2; 173:8-25; 174:5-175:6; 175:12- | IMPC, CS, F, 602, V, SCOPE |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| | | | 15; 175:17-18; 175:21-23; 178:24-179:7; 179:13-16 | |
| Wilson, Paul 30(b)(6) | 151:25-153:17 | AAA, 403-C, V, COMP, F, V, 403-P, 804, H | 149:16-20; 149:24-150:8; 150:11-13; 150:23-151:3; 151:7-13; 151:15-15; 151:17-24; 169:5-10; 169:13-24; 170:3-25;171:4-8; | V, CS, F, 602, SCOPE |
| Wilson, Paul 30(b)(6) | 153:20-153:23 | COMP, 403-P, V, 804, H | 149:16-20; 149:24-150:8; 150:11-13; 150:23-151:3; 151:7-13; 151:15-15; 151:17-24; 169:5-10; 169:13-24; 170:3-25;171:4-8 | IMPC, V, CS, F, 602, SCOPE |
| Wilson, Paul 30(b)(6) | 155:17-156:3 | 804, H | 154:3-19; 154:22-155:11; 155:14-16; 157:22-158:7; 159:24-160:3; | |
| Wilson, Paul 30(b)(6) | 156:6-156:10 | 804, H | 154:3-19; 154:22-155:11; 155:14-16; 157:22-158:7; 159:24-160:3; | |
| Wilson, Paul 30(b)(6) | 156:13-157:7 | 804, H | 154:3-19; 154:22-155:11; 155:14-16; | |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| | | | 157:22-158:7; 159:24-160:3; | |
| Wilson, Paul 30(b)(6) | 157:10-157:21 | 804, H | 154:3-19; 154:22-155:11; 155:14-16; 157:22-158:7; 159:24-160:3 | |
| Wilson, Paul 30(b)(6) | 158:8-158:15 | F, V, CS, 804, H | 154:3-19; 154:22-155:11; 155:14-16; 157:22-158:7; 159:24-160:3; | |
| Wilson, Paul 30(b)(6) | 158:18-158:20 | F, V, CS, 804, H | 154:3-19; 154:22-155:11; 155:14-16; 157:22-158:7; 159:24-160:3; | |
| Wilson, Paul 30(b)(6) | 159:1-159:5 | 804, H | 154:3-19; 154:22-155:11; 155:14-16; 157:22-158:7; 159:24-160:3; | |
| Wilson, Paul 30(b)(6) | 159:8-159:23 | 804, H | 154:3-19; 154:22-155:11; 155:14-16; 157:22-158:7; 159:24-160:3; | |
| Wilson, Paul 30(b)(6) | 160:18-162:10 | 804, H | 154:3-19; 154:22-155:11; 155:14-16; 157:22-158:7; 159:24-160:3; 162:11-15; | IMPC |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Wilson, Paul 30(b)(6) | 162:16-162:23 | V, F, 804, H | 154:3-19; 154:22-155:11; 155:14-16; 157:22-158:7; 159:24-160:3; 162:11-15; 169:5-10; 169:13-24; 170:3-25;171:4-8 | CS, V, F, 602, SCOPE |
| Wilson, Paul 30(b)(6) | 163:1-163:16 | INQA, V, F, 804, H | 154:3-19; 154:22-155:11; 155:14-16; 157:22-158:7; 159:24-160:3; 162:11-15; 169:5-10; 169:13-24; 170:3-25;171:4-8 | IMPC, CS, F, 602, V, SCOPE |
| Wilson, Paul 30(b)(6) | 163:19-164:2 | F, V, CS, 804, H | 154:3-19; 154:22-155:11; 155:14-16; 157:22-158:7; 159:24-160:3; 162:11-15; 169:5-10; 169:13-24; 170:3-25;171:4-8 | IMPC, CS, F, 602, V, SCOPE |
| Wilson, Paul 30(b)(6) | 164:5-165:14 | 164:5-165:8 (F, V, CS);<br><br>804, H | 154:3-19; 154:22-155:11; 155:14-16; 157:22-158:7; 159:24-160:3; 162:11-15; 169:5-10; 169:13-24; 170:3- | IMPC, CS, F, 602, V, SCOPE |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| | | | 25;171:4-8 | |
| Wilson, Paul 30(b)(6) | 165:18-166:5 | 804, H | 154:3-19; 154:22-155:11; 155:14-16; 157:22-158:7; 159:24-160:3; 162:11-15; 169:5-10; 169:13-24; 170:3-25;171:4-8 | IMPC, CS, F, 602, V, SCOPE |
| Wilson, Paul 30(b)(6) | 166:9-166:18 | 804, H | 154:3-19; 154:22-155:11; 155:14-16; 157:22-158:7; 159:24-160:3; 162:11-15; 169:5-10; 169:13-24; 170:3-25;171:4-8 | IMPC, CS, F, 602, V, SCOPE |
| Wilson, Paul 30(b)(6) | 166:21-168:1 | 804, H | 154:3-19; 154:22-155:11; 155:14-16; 157:22-158:7; 159:24-160:3; 162:11-15; 169:5-10; 169:13-24; 170:3-25;171:4-8 | IMPC, CS, F, 602, V, SCOPE |
| Wilson, Paul 30(b)(6) | 184:2-184:17 | 403-P, 403-C, F, MT, R, L, AAA, 804, H | 37:25-39:2; 39:5-40:5; 40:8-40:22; 40:25-41:12; 41:15-22; 41:25-42:9; 42:12-16; 43:9-24; | IMPC, V, F, 602, SCOPE, R, 403-P |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| | | | 44:1-6; 44:10-11; 44:14-19; 51:17-18; 51:21-52:2; 52:5-12: 52:15-53:2; 53:5-5; 53:23-54:22; 55:9-17; 55:20-21; 56:9-11; 56:16-57:10; 57:13-20; 57:25-58:10; 58:13-21; 58:24-59:1; 59:9-16; 59:22-60:1; 60:3-13; 63:13-16; 63:19-64:4; 68:24-69:16; 69:19-70:11; 70:14-71:8; 71:20-72:4; 72:7-7; 72:12-14; 182:22-184:1 | |
| Wilson, Paul 30(b)(6) | 184:20-184:20 | 403-P, 403-C, F, MT, R, L, AAA, 804, H | 37:25-39:2; 39:5-40:5; 40:8-40:22; 40:25-41:12; 41:15-22; 41:25-42:9; 42:12-16; 43:9-24; 44:1-6; 44:10-11; 44:14-19; 51:17-18; 51:21-52:2; 52:5-12: 52:15-53:2; 53:5-5; 53:23-54:22; 55:9-17; 55:20-21; 56:9-11; | IMPC, V, F, 602, SCOPE, R, 403-P |

**Bridgestone's Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| | | | 56:16-57:10; 57:13-20; 57:25-58:10; 58:13-21; 58:24-59:1; 59:9-16; 59:22-60:1; 60:3-13; 63:13-16; 63:19-64:4; 68:24-69:16; 69:19-70:11; 70:14-71:8; 71:20-72:4; 72:7-7; 72:12-14; 182:22-184:1 | |

**Bridgestone's Conditional Affirmative Deposition Designations**

**Bridgestone Americas v. Schrader-Bridgeport Int'l, No. 13-0763 (GMS)**

**Bridgestone's Conditional Affirmative Deposition Designations**

| Witness | Plaintiff's Designations | Defendant's Objections | Defendant's Counter Designations | Plaintiff's Objections to Counter Designations |
|---|---|---|---|---|
| Davenport, Anthony (2014-10-22) | 217:18-217:25 | | 218:1-3 | 403-C, R, 403-P |
| Davenport, Anthony (2014-10-22) | 218:14-219:20 | | 219:24-220:7 220:16-221:11 221:22-222:2 | CS, F, 602, 403-P, R, H, IMP C |
| Davenport, Anthony (2014-10-22) | 222:3-223:15 | 403P, ARG, R, V | | |
| Davenport, Anthony (2014-10-22) | 223:18-223:18 | 403P, ARG, R, V | 224:24-225:6 225:11-14 | IMP C, F, H, R, 403-P , 602 |
| Davenport, Anthony (2014-10-22) | 225:24-226:4 | 403P, ARG, R, 403C | | |
| Davenport, Anthony (2014-10-22) | 228:7-228:11 | F, V, MT, R, 403P, 403C | | |
| Davenport, Anthony (2014-10-22) | 228:13-228:17 | F, V, MT, R, 403P, 403C | | |
| Davenport, Anthony (2014-10-22) | 228:19-229:5 | F, V, MT, R, 403P, 403C | | |
| Davenport, Anthony (2014-10-22) | 229:11-229:17 | | 230:3-231:2 | CS, F, R, 403-P, 602 |
| Davenport, Anthony (2014-10-22) | 231:5-231:8 | | 231:11-24 232:2-5 | CS, F, R, 403-P, IMP C, 602 |
| Davenport, Anthony (2014-10-22) | 232:14-232:21 | | | |
| Davenport, Anthony (2014-10-22) | 233:24-234:12 | 403C, R | 235:23-236:5 | R, 403-P, IMP C, F, 602, CS |
| Davenport, Anthony (2014-10-22) | 236:12-236:25 | CS, R | | |
| Davenport, Anthony (2014-10-22) | 237:3-237:3 | CS, R, AAA | | |
| Strahan, Samuel (2014-09-16) | 68:14-68:25 | | | |
| Strahan, Samuel (2014-09-16) | 95:4-97:6 | Scope | | |
| Strahan, Samuel (2014-09-16) | 98:2-98:20 | Scope | | |
| Strahan, Samuel (2014-09-16) | 157:7-157:11 | | | |
| Strahan, Samuel (2014-09-16) | 287:24-288:6 | R, 701 | | |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC,<br><br>              Plaintiff,<br><br>    v.<br><br>SCHRADER-BRIDGEPORT INTERNATIONAL, INC. d/b/a SCHRADER INTERNATIONAL, INC.; SCHRADER ELECTRONICS LTD.; and SCHRADER ELECTRONICS, INC.,<br><br>              Defendants. | C.A. No. 13-763-GMS<br><br>JURY TRIAL DEMANDED |

## EXHIBIT 11

## SCHRADER'S AFFIRMATIVE DEPOSITION DESIGNATIONS

The attached document includes Schrader's affirmative deposition designations; Bridgestone's objections and counter-designations to those designations; and Schrader's objections to Bridgestone's counter-designations.

Schrader has designated prior testimony of those witnesses Bridgestone has indicated it will call live at the trial consistent with Fed. R. Civ. P. 32(a)(3).  Should Bridgestone decide not to call such witnesses, Schrader reserves the right to designate any prior testimony of any of these witnesses.

More generally, Schrader incorporates by reference its Statement Regarding Evidentiary Issues and its Statement Regarding Waivers with respect to both its affirmative designations and its objections to Bridgestone's counter-designations.

Schrader's designation of particular testimony is not an admission that such testimony is appropriate for use by Bridgestone at any trial in this matter.

1

Schrader has endeavored to include on its Exhibit List all documents discussed in the below designated testimony.  To the extent any such exhibit was inadvertently omitted, it is to be considered included within the exhibits Schrader expects to introduce at trial.

Schrader reserves the right to use any and all of its initial designations as counter-designations to Bridgestone's initial designations.  Schrader also reserves the right to supplement its designations, including designations for authenticity purposes.  Schrader further reserves the right to use any deposition testimony that does not appear in these designations for purposes of impeachment.

Schrader continues its investigations and trial preparations and reserves the right, in appropriate circumstances and in accordance with all applicable Federal Rules, Local Rules and Court Orders, to amend, supplement, and/or withdraw its designations or objections to Bridgestone's counter-designations, including, but not limited to, in response to further negotiations between the parties, Court orders and rulings, and other developments in the case.

1. **Deposition of Andrew Brenz, taken on 12.04.14**:

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| **Schrader's Designations (page:lines)** | **Bridgestone's Objections** | **Bridgestone's Counter Designations (page:lines)** | **Schrader's Objections** |
| 6:18-22 | | | |
| 7:13-19 | | | |
| 8:19-9:2 | | | |
| 13:5-12 | | | |
| 13:21-14:24 | | | |
| 19:3-6 | | | |
| 22:23-23:2 | | | |
| 23:5-12 | | | |
| 24:7-13 | | | |
| 24:22-23 | | | |
| 25:1-9 | | | |
| 25:15-16 | | | |
| 25:19-23 | | | |
| 36:14-18 | | 39:6-8, 39:12, 39:14-20 | F, L, CS, 602, 403P, IMP C |
| | | 41:10-13, 41:16, 41:18–42:3 | L, 602, F, CS, V |

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 36:21-24 | | 39:6-8, 39:12, 39:14-20 | F, L, CS, 602, 403P, IMP C |
| | | 41:10-13, 41:16, 41:18–42:3 | L, 602, F, CS, V |
| 37:5-18 | | 39:6-8, 39:12, 39:14-20 | F, L, CS, 602, 403P, IMP C |
| | | 41:10-13, 41:16, 41:18–42:3 | L, 602, F, CS, V |
| 38:4-6 | | 39:6-8, 39:12, 39:14-20 | F, L, CS, 602, 403P, IMP C |
| | | 41:10-13, 41:16, 41:18–42:3 | L, 602, F, CS, V |

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 38:8-12 | | 39:6-8, 39:12, 39:14-20 | F, L, CS, 602, 403P, IMP C |
| | | 41:10-13, 41:16, 41:18–42:3 | L, 602, F, CS, V |
| 39:21-24 | | 39:6-8, 39:12, 39:14-20 | F, L, CS, 602, 403P, IMP C |
| | | 41:10-13, 41:16, 41:18–42:3 | L, 602, F, CS, V |
| 40:20-24 41:2-41:9 | | 39:6-8, 39:12, 39:14-20 | F, L, CS, 602, 403P, IMP C |
| | | 41:10-13, 41:16, 41:18–42:3 | L, 602, F, CS, V |
| 44:3-10, 17 | R, 403-P, F | | |
| 46:19-24 | | | |
| 69:13-70:2 | | 70:3-5, 70:8, 70:10-12 | L, 1002, MD, MT, 403C, 403P |

| Schrader's Designations | | Bridgestone's Counter Designations | |
| --- | --- | --- | --- |
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 70:13-71:3 | | 70:3-5, 70:8, 70:10-12 | L, 1002, MD, MT, 403C, 403P |
| 92:25-93:17 | R, 403-P | | |
| 93:24-94:14 | R, 403P | | |
| 95:14-22 | R, 403-P | | |
| 96:6-7 | R, 403-P, V, F, CS | | |
| 96:9-22 | R, 403-P, V, F, CS | | |
| 97:2-6, 8 | R, 403-P | | |
| 97:17-98:4 | R, 403-P; V, F, CS (97:24–98:4) | | |
| 98:6-15, 17 | R, 403-P; F (98:13-15) | | |
| 100:10-101:8 | R, 403-P; V, F, MT, L (101:5-8) | | |
| 101:11-13 | R, 403-P, F, CS | | |
| 101:17-20, 24 | R, 403-P, F, CS | | |
| 102:5-7 | R, 403-P | 102:8-10, 102:14 | R, F, 403P, CS, 701, 602, IMPC |
| 103:3-4 | R, 403-P, F, CS, V, L | | |
| 103:8-24 | R, 403-P, F, CS, V, L | | |
| 104:3-11 | R, 403-P, F, CS, V | | |
| 105:12-20 | R, 403-P, L | | |
| 105:22-106:9 | R, 403-P, L | | |
| 106:19-22 | R, 403-P, V, F, CS, L | | |
| 107:1-7 | R, 403-P, V, F, CS, L | | |

6

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 107:25-108:3, 5 | R, 403-P, L, V | | |
| 108:9-11 | R, 403-P, L, V | | |
| 108:13-109:5 | R, 403-P, L, V | | |
| 110:2-8 | R, 403-P, L, CS, F | | |
| 110:10-15 | R, 403-P, L, CS, F | | |
| 110:18-19, 23 | R, 403-P, L, CS, F | | |
| 111:17-22 | R, 403-P, L | | |
| 111:24-112:5 | Not testimony, F, V | 112:11-13<br><br>114:11-15, 114:17 | R, 403P, F, CS<br><br>403P, INQA, MT, CS, F |
| 112:7-10 | | 112:11-13<br><br>114:11-15, 114:17 | R, 403P, F, CS<br><br>403P, INQA, MT, CS, F |
| 112:19-23, 25 | L | 114:11-15, 114:17 | 403P, INQA, MT, CS, F |
| 113:2-19 | F | 114:11-15, 114:17 | 403P, INQA, MT, CS, F |
| 114:7-10 | F | 114:11-15, 114:17 | 403P, INQA, MT, CS, F |
| 115:24-116:1 | F | 114:11-15, 114:17 | 403P, INQA, MT, CS, F |
| 116:3-5 | F | 114:11-15, 114:17 | 403P, INQA, MT, CS, F |

7

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 116:9-12 | F | 114:11-15, 114:17 | 403P, INQA, MT, CS, F |
| 117:11-12 | R, 403-P | | |
| 117:21-118:21 | R, 403-P; V (118:16-21); L (118:8-21) | | |
| 118:23-119:5 | R, 403-P, F | | |
| 118:11-120:4 | R, 403-P, F | | |
| 120:10-121:11 | R, 403-P, F | 121:12-14, 121:16 | F, CS, V, IMPC, 403P |
| 123:2-4 | R, 403-P, F, CS | 123:18-21, 123:24 | 602, CS, F, IMPC, 403P |
| 123:6-10 | R, 403-P, F, CS | 123:18-21, 123:24 | 602, CS, F, IMPC, 403P |
| 124:15-22, 24 | R, 403-P, F; L (124:19-24) | | |
| 126:22-24 | R, 403-P, F, L | | |
| 127:1-18 | R, 403-P, F, L, V | | |
| 127:20-128:1, 3 | R, 403-P, F, L, V, CS | | |
| 128:17-20 | R, 403-P, V, F | | |
| 128:22-129:4 | R, 403-P, V, F | | |
| 129:7-16 | R, 403-P | | |
| 130:16-18 | R, 403-P, L | | |
| 130:20-23 | R, 403-P, L | | |
| 131:18-21 | R, 403-P, L | | |
| 133:7-17 | R, 403-P, L, COMP, V | | |
| 133:21-134:7 | R, 403-P, L, COMP, V | | |

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 134:16-20 | R, 403-P, F, L, CS | | |
| 134:23-25 | R, 403-P, F, L, CS | | |
| 135:2 | R, 403-P, F, L, CS | | |
| 135:6-8, 10 | R, 403-P, F, L, CS | | |
| 139:22-140:11 | R, 403-P | | |
| 141:2-13 | R, 403-P, F, L | | |
| 141:16-21 | R, 403-P, F, L, CS, V | | |
| 142:16-143:6 | R, 403-P, F | | |
| 143:8-11 | R, 403-P, F, CS | | |
| 143:15-19 | R, 403-P, F, CS, L | | |
| 143:21-144:2 | R, 403-P, F | | |
| 144:6-8 | R, 403-P, F | | |
| 144:20-22 | R, 403-P, F, CS | | |
| 145:1-8 | R, 403-P, F, CS | | |
| 145:16-23 | R, 403-P, L | 147:25–148:2, 148:4-10, 148:12-14 | 602, F, 403P, 403C, IMPC |
| 146:1-21 | R, 403-P, F; L, V (146:19-21) | 147:25–148:2, 148:4-10, 148:12-14 | 602, F, 403P, 403C, IMPC |
| 146:23-147:2 | R, 403-P, V, calls for narrative | 147:25–148:2, 148:4-10, 148:12-14 | 602, F, 403P, 403C, IMPC |
| 147:4-11 | R, 403-P, L, V | 147:25–148:2, 148:4-10, 148:12-14 | 602, F, 403P, 403C, IMPC |
| 147:13-19 | R, 403-P, L, V | 147:25–148:2, 148:4-10, 148:12-14 | 602, F, 403P, 403C, IMPC |

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 147:22-24 | R, 403-P, L, V, MT | 147:25–148:2, 148:4-10, 148:12-14 | 602, F, 403P, 403C, IMPC |
| 148:15-18 | R, 403-P, F, CS, L | 147:25–148:2, 148:4-10, 148:12-14 | 602, F, 403P, 403C |
| 148:20-149:8 | R, 403-P, F, CS, L | 147:25–148:2, 148:4-10, 148:12-14<br><br>149:9-10, 149:15 | 602, F, 403P, 403C<br><br>602, F, CS, 403P, 403C, IMPC |
| 149:17-20 | R, 403-P, F, V | 147:25–148:2, 148:4-10, 148:12-14<br><br>149:9-10, 149:15 | 602, F, 403P, 403C, IMPC<br><br>602, F, 403P, 403C |
| 149:23-150:6 | R, 403-P | 147:25–148:2, 148:4-10, 148:12-14<br><br>149:9-10, 149:15 | 602, F, 403P, 403C, IMPC<br><br>602, F, 403P, 403C |
| 150:9-14 | R, 403-P, V, L, F | 147:25–148:2, 148:4-10, 148:12-14<br><br>149:9-10, 149:15 | 602, F, 403P, 403C, IMPC<br><br>602, F, 403P, 403C, IMPC |
| 150:16-22 | R, 403-P, V, L, F | 147:25–148:2, 148:4-10, 148:12-14<br><br>149:9-10, 149:15 | 602, F, 403P, 403C, IMPC<br><br>602, F, 403P, 403C, IMPC |

10

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 150:25-151:1 | R, 403-P, V, L, F | 147:25–148:2, 148:4-10, 148:12-14<br><br>149:9-10, 149:15 | 602, F, 403P, 403C, IMPC<br><br>602, F, 403P, 403C, IMPC |
| 151:3-14 | R, 403-P, L, V, F | | |
| 151:16-19 | R, 403-P, L, V, F | | |
| 152:3-5 | R, 403-P, L, V, F | | |
| 152:8-11 | R, 403-P, L, V, F | | |
| 152:24-153:1 | R, 403-P, F | | |
| 153:4-11 | R, 403-P, F | | |
| 153:24-155:11 | R, 403-P; F, CS (155:7-11) | | |
| 155:15-19 | R, 403-P, F, CS, L | | |
| 156:1 | R, 403-P, F, CS, L | | |
| 156:3-7 | R, 403-P | | |
| 156:14-157:5 | R, 403-P; F, CS, L (157:3-5) | | |
| 157:8-9 | R, 403-P | | |
| 158:5-13 | R, 403-P, F, CS, L (158:10-13) | 158:25–159:2 | 602, F, CS, R |
| 158:15-21, 23 | R, 403-P, F, CS, L | 158:25–159:2 | 602, F, CS, R |
| 161:19-24 | R, 403-P, L | | |
| 162:5-8 | R, 403-P | | |
| 169:2-9 | 403-P, F, CS | | |

11

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 169:11-21 | R, 403-P, L | | |
| 170:19-171:10 | R, 403-P; V, L (171:8-10) | | |
| 171:12-18 | R, 403-P, V, L | | |
| 173:25-174:1, 3 | R, 403-P, V | | |
| 174:7-13 | R, 403-P | | |
| 202:8-21, 23 | | 202:25–203:1, 203:4, 203:6-10, 203:14-18, 203:22-24, 204:1, 204:3-15 | L, 602, F, 403C, 1002, MD, AAA, AF, CS, IMPC |
| 206:14-207:14 | R, 403-P | 213:15-18, 213:20, 213:22-25, 214:2, 214:4-7, 214:11-12, 214:14, 214:16-18, 214:20, 214:22-24, 215:1 | L, 602, F, 403C, 1002, MD, AAA, AF, CS, IMPC, COMP |
| 212:10-22, 24 | | 213:15-18, 213:20, 213:22-25, 214:2, 214:4-7, 214:11-12, 214:14, 214:16-18, 214:20, 214:22-24, 215:1 | L, 602, F, 403C, 1002, MD, AAA, AF, CS, IMPC, COMP |
| 213:1-2 | | 213:15-18, 213:20, 213:22-25, 214:2, 214:4-7, 214:11-12, 214:14, 214:16-18, 214:20, 214:22-24, 215:1 | L, 602, F, 403C, 1002, MD, AAA, AF, CS, IMPC, COMP |
| 213:5-9 | | 213:15-18, 213:20, 213:22-25, 214:2, 214:4-7, 214:11-12, 214:14, 214:16-18, 214:20, 214:22-24, 215:1 | L, 602, F, 403C, 1002, MD, AAA, AF, CS, IMPC, COMP |

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 213:11-13 | | 213:15-18, 213:20, 213:22-25, 214:2, 214:4-7, 214:11-12, 214:14, 214:16-18, 214:20, 214:22-24, 215:1 | L, 602, F, 403C, 1002, MD, AAA, AF, CS, IMPC, COMP |
| 216:1-25 | Not testimony | | |

2. **Deposition of Gordon Hardman, taken on 11.21.14**:

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 8:10-18 | | 8:19-21, 14:6-15 | |
| 11:10-16 | R, 403-P | | |
| 18:24-19:17 | R, 403-P, 403-C | 18:12-23, 19:18-20 | |
| 22:2-6 | R, 403-P; V (22:5-6) | 26:6-10, 26:12-19 | IMPC, F, V, COMP |
| | | 28:10-11, 28:13-20, 28:22-23, 28:25–29:6, 57:22-23, 57:25–58:9, 58:11-15 | F, CS, R, 403P, V, IMPC |
| | | 154:5-7, 154:9-16 | V, R, IMPC, CLC |

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 22:8-23 | R, 403-P, AAA | 26:6-10, 26:12-19 | IMPC, F, V, COMP |
| | | 28:10-11, 28:13-20, 28:22-23, 28:25–29:6, 57:22-23, 57:25–58:9, 58:11-15 | F, CS, R, 403P, V, IMPC |
| | | | V, R, IMPC, CLC |
| | | 154:5-7, 154:9-16 | |
| 23:1-24:2 | R, 403-P | 26:6-10, 26:12-19 | IMPC, F, V, COMP |
| | | 28:10-11, 28:13-20, 28:22-23, 28:25–29:6, 57:22-23, 57:25–58:9, 58:11-15 | F, CS, R, 403P, V, IMPC |
| | | | V, R, IMPC, CLC |
| | | 154:5-7, 154:9-16 | |
| 31:16-17 | R, 403-P | 28:10-11, 28:13-23, 28:25–29:21 | F, CS, R, 403P, V, IMPC |
| | | 32:5-7 | R, 403C, 403P |
| | | 39:9-21; | F, CS, R, |
| | | 26:6-10, 26:12-19 | IMPC, F, V, COMP |
| | | 57:22-23, 57:25–58:9, 58:11-15 | F, CS, R, 403P, V, IMPC |
| | | 154:5-7, 154:9-16 | V, R, IMPC, CLC |

14

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 31:19-22 | R, 403-P | 28:10-11, 28:13-23, 28:25–29:21<br><br>32:5-7<br><br>39:9-21;<br><br><br>26:6-10, 26:12-19<br><br>57:22-23, 57:25–58:9, 58:11-15<br><br>154:5-7, 154:9-16 | F, CS, R, 403P, V, IMPC<br><br>R, 403C, 403P<br><br>F, CS, R,<br><br><br>IMPC, F, V, COMP<br><br>F, CS, R, 403P, V, IMPC<br><br>V, R, IMPC, CLC |
| 33:19-34:2 | R, 403-P; V (34:1-2) | 28:10-11, 28:13-23, 28:25–29:21<br><br>32:5-7<br><br>39:9-21;<br><br><br>26:6-10, 26:12-19<br><br>57:22-23, 57:25–58:9, 58:11-15<br><br>154:5-7, 154:9-16 | F, CS, R, 403P, V, IMPC<br><br>R, 403C, 403P<br><br>F, CS, R,<br><br><br>IMPC, F, V, COMP<br><br>F, CS, R, 403P, V, IMPC<br><br>V, R, IMPC, CLC |

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 34:4 | R, 403-P, V | 28:10-11, 28:13-23, 28:25–29:21 | F, CS, R, 403P, V, IMPC |
| | | | R, 403C, 403P |
| | | 32:5-7 | F, CS, R, |
| | | 39:9-21; | |
| | | | IMPC, F, V, COMP |
| | | 26:6-10, 26:12-19 | F, CS, R, 403P, V, IMPC |
| | | 57:22-23, 57:25–58:9, 58:11-15 | V, R, IMPC, CLC |
| | | 154:5-7, 154:9-16 | |
| 37:3-38:8 | R, 403-P, 403-C; CS, F (38:5-8) | | |
| 38:11-12 | R, 403-P, 403-C, CS, F | | |
| 38:24-39:3 | R, 403-P | | |
| 41:10-18 | R, 403-P, F; V (41:17-18) | | |
| 41:20-42:5 | R, 403-P, F | | |
| 44:17-45:23 | R, 403-P | 26:6-10, 26:12-19 | F, V, COMP, IMPC |
| | | 28:10-11, 28:13-20, 28:22-23, 28:25–29:6, 57:22-23, 57:25–58:9, 58:11-15 | F, CS, R, 403P, V, IMPC |
| | | 154:5-7, 154:9-16 | V, R, IMPC, CLC |
| 48:4-19 | R, 403-P | | |
| 49:19-50:14 | R, 403-P | 154:5-7, 154:9-16 | V, R, IMPC, CLC |
| 51:17-23 | R, 403-P; V (51:21-23) | 154:5-7, 154:9-16 | V, R, IMPC, CLC |

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 51:25-52:20 | R, 403-P, V | 154:5-7, 154:9-16 | V, R, IMPC, CLC |
| 53:10-13 | R, 403-P, F | | |
| 53:15-54:9 | R, 403-P, F | | |
| 55:13-14, 16 | R, 403-P, V | | |
| 55:17-56:16 | R, 403-P | 57:1-2, 57:4, 57:6-8 | R, 403P, IMPC |
| 56:18 | R, 403-P | 57:1-2, 57:4, 57:6-8 | R, 403P, IMPC |
| 56:20-25 | R, 403-P | 57:1-2, 57:4, 57:6-8 | R, 403P, IMPC |
| 71:15-19 | R, 403-P | | |
| 72:12-13, 15 | R, 403-P | 26:6-10, 26:12-19  28:10-11, 28:13-20, 28:22-23, 28:25–29:6, 57:22-23, 57:25–58:15  154:5-7, 154:9-16 | F, V, COMP, IMPC  F, CS, R, 403P, V, IMPC  V, R, IMPC, CLC |
| 72:17-18, 21 | R, 403-P, AAA | 26:6-10, 26:12-19  28:10-11, 28:13-20, 28:22-23, 28:25–29:6, 57:22-23, 57:25–58:15  154:5-7, 154:9-16 | F, V, COMP, IMPC  F, CS, R, 403P, V, IMPC  V, R, IMPC, CLC |
| 72:23-24 | R, 403-P, V, F | 26:6-10, 26:12-19  28:10-11, 28:13-20, 28:22-23, 28:25–29:6, 57:22-23, 57:25–58:15  154:5-7, 154:9-16 | F, V, COMP, IMPC  F, CS, R, 403P, V, IMPC  V, R, IMPC, CLC |

17

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 73:1 | R, 403-P, V, F | 26:6-10, 26:12-19<br><br>28:10-11, 28:13-20, 28:22-23, 28:25–29:6, 57:22-23, 57:25–58:15<br><br>154:5-7, 154:9-16 | F, V, COMP, IMPC<br><br>F, CS, R, 403P, V, IMPC<br><br><br>V, R, IMPC, CLC |
| 73:8-12 | R, 403-P, F | | |
| 79:6-8 | R, 403-P, V | 81:3-4, 81:7-8, 81:10, 81:12 | F, R, CS, 403P, IMPC |
| 79:17-22 | R, 403-P, V | 81:3-4, 81:7-8, 81:10, 81:12 | F, R, CS, 403P, IMPC |
| 79:25-80:2 | R, 403-P, V | 81:3-4, 81:7-8, 81:10, 81:12 | F, R, CS, 403P, IMPC |
| 80:7-81:1 | R, 403-P, V | 81:3-4, 81:7-8, 81:10, 81:12 | F, R, CS, 403P, IMPC |
| 82:7-10 | R, 403-P | | |
| 82:23-83:3 | | | |
| 83:5-9 | R, 403-P, V, narrative (83:8-9) | 26:6-10, 26:12-19<br><br>28:10-11, 28:13-20, 28:22-23, 28:25–29:6, 57:22-23, 57:25–58:15<br><br>154:5-7, 154:9-16<br><br><br>87:25–88:2, 88:5-7, 88:9-10, 88:12-17<br><br>88:19-21, 88:25–89:21, 89:23-24, 90:1-25 | F, V, COMP, IMPC<br><br>F, CS, R, 403P, V, IMPC<br><br>V, R, IMPC, CLC<br><br>AAA, F, 403P, R<br><br><br>AAA, F, 403P, narrative, R |

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 83:12-20 | R, 403-P, V, narrative (83:19-20) | 26:6-10, 26:12-19 | F, V, COMP, IMPC |
| | | 28:10-11, 28:13-20, 28:22-23, 28:25–29:6, 57:22-23, 57:25–58:15 | F, CS, R, 403P, V, IMPC |
| | | 154:5-7, 154:9-16 | V, R, IMPC, CLC |
| | | | AAA, F, 403P, R |
| | | 87:25–88:2, 88:5-7, 88:9-10, 88:12-17 | |
| | | 88:19-21, 88:25–89:21, 89:23-24, 90:1-25 | AAA, F, 403P, narrative, R |
| 83:23-84:1 | R, 403-P, V, narrative | 26:6-10, 26:12-19 | F, V, COMP, IMPC |
| | | 28:10-11, 28:13-20, 28:22-23, 28:25–29:6, 57:22-23, 57:25–58:15 | F, CS, R, 403P, V, IMPC |
| | | 154:5-7, 154:9-16 | V, R, IMPC, CLC |
| | | | AAA, F, 403P, R |
| | | 87:25–88:2, 88:5-7, 88:9-10, 88:12-17 | |
| | | 88:19-21, 88:25–89:21, 89:23-24, 90:1-25 | AAA, F, 403P, narrative, R |

19

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 86:22-24 | R, 403-P, F, AAA, 403-C | 26:6-10, 26:12-19 | F, V, COMP, IMPC |
| | | 28:10-11, 28:13-20, 28:22-23, 28:25–29:6, 57:22-23, 57:25–58:15 | F, CS, R, 403P, V, IMPC |
| | | 154:5-7, 154:9-16 | V, R, IMPC, CLC |
| | | | AAA, F, 403P, R |
| | | 87:25–88:2, 88:5-7, 88:9-10, 88:12-17 | |
| | | 88:19-21, 88:25–89:21, 89:23-24, 90:1-25 | AAA, F, 403P, narrative, R |
| 87:2-16 | R, 403-P, F, AAA, 403-C | 26:6-10, 26:12-19 | F, V, COMP, IMPC |
| | | 28:10-11, 28:13-20, 28:22-23, 28:25–29:6, 57:22-23, 57:25–58:15 | F, CS, R, 403P, V, IMPC |
| | | 154:5-7, 154:9-16 | V, R, IMPC, CLC |
| | | | AAA, F, 403P, R |
| | | 87:25–88:2, 88:5-7, 88:9-10, 88:12-17 | |
| | | 88:19-21, 88:25–89:21, 89:23-24, 90:1-25 | AAA, F, 403P, narrative, R |

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 87:19-23 | R, 403-P, F, AAA, 403-C | 26:6-10, 26:12-19 | F, V, COMP, IMPC |
| | | 28:10-11, 28:13-20, 28:22-23, 28:25–29:6, 57:22-23, 57:25–58:15 | F, CS, R, 403P, V, IMPC |
| | | 154:5-7, 154:9-16 | V, R, IMPC, CLC |
| | | | AAA, F, 403P, R |
| | | 87:25–88:2, 88:5-7, 88:9-10, 88:12-17 | AAA, F, 403P, narrative, R |
| | | 88:19-21, 88:25–89:21, 89:23-24, 90:1-25 | |
| 95:2-3, 5 | R, 403-P | | |
| 95:7-8, 10 | R, 403-P | | |
| 95:12-17 | R, 403-P | | |
| 101:7-102:1 | R, 403-P, 403-C | | |
| 102:16-103:2 | R, 403-P, 403-C | | |
| 103:4-5 | R, 403-P, 403-C | | |
| 103:8-11 | R, 403-P, 403-C | | |
| 103:13-16 | R, 403-P, 403-C | | |
| 152:15-24 | R, 403-P, V | 154:5-7, 154:9-16 | V, R, IMPC, CLC |
| 153:1-10 | R, 403-P | 154:5-7, 154:9-16 | V, R, IMPC, CLC |
| 163:16-18, 21 | R, 403-P, V | | |
| 163:24-164:4 | R, 403-P, V, F | | |
| 164:7-16, 19 | R, 403-P, V, F | | |
| 164:20-23 | R, Not testimony | | |
| 166:1-25 | R, Not testimony | | |

21

3.  Deposition of Scot Holloway, taken on 10.08.14:

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 8:11-15 | | | |
| 8:20 | | | |
| 9:6-25 | | | |
| 13:3-6 | R, 403-P | | |
| 17:3-5 | R, 403-P, F, CS | 17:6-10 | R, 403P, IMPC, F, INQA, Misleading, MT (no context for "Mike" without 8:3-4; misleading without 11-13) |
| 17:20-18:25 | R, 403-P (18:11-25) | 19:2-5 | AAA, 403C |
| 19:6-16 | | 19:25, 20:2-10 | R, 403C, impc |
| 27:2-12 | | | |
| 31:4, 7-8 | | | |
| 31:23-32:6 | | | |
| 32:19-33:12 | R, 403-P (32:19–33:2); F (33:11-12) | | |
| 33:15-34:11 | R, 403-P (33:15-24) | | |
| 34:14-15 | | | |
| 35:6-8 | | 35:10-12 | AAA, 403C |
| 35:13-17 | R, 403-P | 35:10-12 | AAA, 403C |
| | | 35:18-19, 35:20 | F, INQA, 403P, Not Testimony, IMPC |
| 36:25-37:3 | R, 403-P, F | 36:22-24 | IMPC, F, CS, 403P, 403C |

22

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 37:9-24 | R, 403-P (37:9-11, 37:20-24) | | |
| 38:14-15 | | 38:20-21, 38:24, 39:2–3 | R, 602, F, CS, 403P, IMPC, INQA (needs 39:4-6, 36:8-10 for completeness), 403C |
| 38:17-18 | | 38:20-21, 38:24, 39:2–3 | R, 602, F, CS, 403P, IMPC, INQA (needs 39:4-6, 36:8-10 for completeness), 403C |
| 40:7-11 | R, 403-P | | |
| 41:6-21 | | | |
| 46:25-47:3 | R, 403-P, F, calls for narrative | | |
| 47:6-48:6 | R, 403-P, F, calls for narrative | | |
| 49:6-50:15 | R, 403-P, F | 50:16-17, 50:19–25, 51:2 | R, 602, F, CS, 403P, IMPC, 403C |
| 52:18-19 | | | |
| 52:22-24 | | | |
| 53:2-8 | | | |
| 55:9-13 | R, 403-P | | |
| 74:25-76:3 | R, 403-P (74:25–75:19) | | |
| 78:3-8 | R, 403-P | | |
| 80:17-81:6 | | 81:7-9 | R, 602, F, CS, 403P, IMPC, 403C |
| 81:15-17 | R, 403-P | 81:22–25, 82:2-4 | R, 602, F, CS, 403P, IMPC, 403C |

23

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 87:22-88:2 | R, 403-P | | |
| 91:4-6 | | | |
| 91:9-92:5 | R, 403-P (91:24–92:3) | | |
| 92:7-9 | | | |
| 92:11-13 | R, 403-P | | |
| 92:16-94:9 | R, 403-P, F (93:5–94:9) | | |
| 101:20-25 | | | |
| 102:10-12 | R, 403-P | 102:18-22 | R, 403P, 403C, IMPC |
| 104:11-105:4 | R, 403-P | 105:5-14 | R, 403P, 403C, CS |
| 113:4-6 | R, 403-P, F | | |
| 113: 8-12 | R, 403-P, F | | |
| 114:22-115:9 | R, 403-P (114:25–115:9) | 115:10-20 | R, 602, F, CS, 403P, IMPC, 403C, INQA (needs 115:21-23 for completeness) |
| 125:13-18 | R, 403-P | 8:20–8:25, 9:2-9:5 | R |
| 126:24-127:14 | R, 403-P, L | | |
| 128:12-15, 17 | R, 403-P, V, L | | |
| 132:3-23 | R, 403-P, V, L, F (132:18-23) | | |
| 133:24-25 | R, 403-P, V, L, F | 133:13-18 | R, 403P, IMPC, 602, F |
| 134:4-6 | R, 403-P, V, L, F | 133:13-18 | R, 403P, IMPC, 602, F |
| 139:2-5, 7 | R, 403-P, V, L | | |
| 140:16-19 | R, 403-P, L, F | | |
| 140:22-141:4, 7 | R, 403-P, L; F (141:2-7) | | |

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 159:1-25 | Not testimony | | |

4. **Deposition of David Johnson, 30(b)(6) deposition, taken on 11.21.14**:

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 7:1-9:2 | NT, SCOPE (testifying subject to Bridgestone's objections), F, R, 403-P | | |
| 9:23-10:22 | R, 403-P, AF, CS | | |
| 11:4-16 | R, 403-P, AF, F, CS | | |
| 11:24-12:2 | R, 403-P, AF, F, CS | | |
| 12:5-11 | R, 403-P, AF, F, CS | | |
| 12:14-16 | R, 403-P, AF, F, CS | | |
| 16:7-16 | | | |
| 17:2-5 | F, V, R, 403-P | | |
| 17:8-15 | F, V, R, 403-P | | |
| 21:23-22:1 | SCOPE | | |
| 22:11-24 | SCOPE, ARG, COMP, MT, R | | |
| 23:2-6 | SCOPE, ARG, COMP, MT, R | | |
| 26:15-18 | SCOPE, R | | |
| 26:20-27:3 | SCOPE, R, V | | |

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 27:5-12 | SCOPE, R, V, 403-P | | |
| 27:15-17 | AF, ARG, V, F, R, 403-P | | |
| 27:20-28:3 | AF, ARG, V, F, R, 403-P, COMP | | |
| 28:12-20 | AF, ARG, V, F, R, 403-P, COMP | | |
| 28:24-29:4 | AF, ARG, V, F, R, 403-P, COMP | | |
| 32:8-11 | AF, F, V, R, 403-P | | |
| 32:14-21 | AF, F, V, R, 403-P, MT, ARG | | |
| 32:24-33:13 | AF, F, V, R, 403-P, MT, ARG | | |
| 33:19-24 | AF, F, V, R, 403-P, ARG | 33:16-17 | R, 403C, H, INQA |
| 34:10-14 | AA, SCOPE | | |
| 34:21-35:2 | R, 403-P | | |
| 35:24-36:13 | R, 403-P, SCOPE | | |
| 36:16-22 | R, 403-P, F, SCOPE | | |
| 36:25-37:4 | R, 403-P, F, SCOPE | | |
| 39:2-40:13 | R, 403-P, 1002, COMP, V, F | | |
| 40:16-41:14 | R, 403-P, AF, COMP, F, SCOPE | | |
| 41:17-42:14 | R, 403-P, AF, COMP, F, SCOPE | | |
| 43:3-5 | R, 403-P, 1002 | | |
| 43:7-25 | R, 403-P, 1002 | | |
| 44:20-45:3 | R, 403-P, 1002 | | |
| 45:17-19 | R, 403-P, AF, F, SCOPE, CS | | |
| 45:22-46:12 | R, 403-P, AF, F, MD, ARG, COMP | | |

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 46:16-25 | R, 403-P, AF, F, MD, ARG, COMP, CS | 49:2-5 | R, 403C, 403P, IMPC, Waived (30b6 witness can't disclaim knowledge that corp has), H |
| 47:3-6 | R, 403-P, AF, F, COMP, CS | 49:2-5 | R, 403C, 403P, IMPC, Waived (30b6 witness can't disclaim knowledge that corp has), H |
| 47:20-24 | R, 403-P, AF, F, V, COMP | 49:2-5 | R, 403C, 403P, IMPC, Waived (30b6 witness can't disclaim knowledge that corp has), H |
| 48:2-20 | R, 403-P, V, COMP, 1002, AF, F | 49:2-5 | R, 403C, 403P, IMPC, Waived (30b6 witness can't disclaim knowledge that corp has), H |
| 48:23-25 | R, 403-P, V, AF, F, 1002 | 49:2-5 | R, 403C, 403P, IMPC, Waived (30b6 witness can't disclaim knowledge that corp has), H |
| 49:11-50:4 | R, 403-P, 1002 | | |
| 50:16-51:9 | R, 403-P, 1002, CS | | |
| 51:12-25 | R, 403-P, 1002, CS | | |
| 52:3-11 | R, 403-P, 1002, CS, V | | |
| 53:15-53:13 | R, 403-P, 1002, CS | | |
| 53:16-54:9 | R, 403-P, 1002, V, AF, F, MD | | |
| 54:12-14 | R, 403-P, 1002, V, AF, F, MD | | |

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 56:20-25 | R, 403-P, COMP, V | | |
| 57:3-17 | R, 403-P, COMP, V, 1002 | | |
| 58:4-18 | R, 403-P, 1002, SCOPE | | |
| 59:3-60:14 | R, 403-P, 1002, SCOPE, MD, AF | | |
| 60:18-22 | R, 403-P, 1002, SCOPE, MD, AF | | |
| 61:6-22 | R, 403-P, 1002, AF, V | | |
| 61:25-63:1 | R, 403-P, 1002, AF, V, SCOPE, F, CS | | |
| 63:4-6 | R, 403-P, SCOPE, F, CS | | |
| 64:13-65:2 | R, 403-P, 1002, V, SCOPE | | |
| 65:5-13 | R, 403-P, 1002, V, SCOPE, CS | | |
| 65:16-18 | R, 403-P, 1002, V, SCOPE, CS | | |
| 65:24-66:2 | R, 403-P, 1002 | | |
| 66:5-10 | R, 403-P, 1002 | | |
| 67:1-9 | R, 403-P, 1002, COMP, V | | |
| 67:21-68:2 | R, 403-P, 1002 | | |
| 68:18-69:12 | R, 403-P, 1002 | | |
| 70:10-21 | R, 403-P, 1002 | | |
| 71:10-23 | R, 403-P, 1002, AF, V | | |
| 72:1-11 | R, 403-P, 1002, AF, V | | |
| 72:19-73:5 | R, 403-P, 1002, H | 73:6-13 | R, 403C, 403P, IMPC, Waived (30b6 witness can't disclaim knowledge that corp has), H |

28

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 73:14-74:5 | R, 403-P, 1002, H | | |
| 74:9-75:3 | R, 403-P, 1002 | | |
| 75:18-77:2 | R, 403-P, 1002, SCOPE | | |
| 79:21-81:5 | R, 403-P, 1002, H, V, AF | | |
| 81:8-82:11 | R, 403-P, 1002, H, V, AF, COMP | | |
| 82:14-16 | R, 403-P, V, AF, COMP | | |
| 82:25-84:6 | R, 403-P, 1002 | | |
| 85:6-87:5 | R, 403-P, 1002, V, AF, CS | | |
| 87:8-11 | R, 403-P, V, AF, CS | | |
| 87:20-88:5 | R, 403-P | | |
| 88:13-17 | R, 403-P, MD, AF, 1002 | | |
| 88:23-89:1 | R, 403-P, MD, AF, 1002 | | |
| 89:20-90:7 | R, 403-P, 1002, AF, F, V | | |
| 90:10-13 | R, 403-P, 1002, AF, F, V | | |
| 90:22-92:7 | R, 403-P, 1002 | 93:25-94:3, 94:6-13 | 602, 1002, F, CS, IMPC, 403P, MD, 701, INQA, H |
| 94:21-95:19 | R, 403-P, 1002, V, F | | |
| 95:21-98:12 | R, 403-P, 1002, V, F, ARG, SCOPE | | |
| 98:18-99:22 | R, 403-P, V, F, ARG, SCOPE | 99:23-100:3 | 602, CS, 1002, H |
| 100:4-9 | R, 403-P, V | | |
| 100:12-101:6 | R, 403-P, V, F | | |
| 101:9-17 | R, 403-P, V, F, AA | | |
| 101:20-102:1 | R, 403-P, V, F, AA, CS | | |

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 102:4-17 | R, 403-P, F, CS | | |
| 102:20-103:1 | R, 403-P, F, CS | | |
| 103:4-12 | R, 403-P, F | | |
| 103:15-104:23 | R, 403-P, F, 1002 | | |
| 105:9-17 | R, 403-P, F, 1002, AF, CS | | |
| 105:21-24 | R, 403-P, F, 1002, AF, CS | | |
| 107:8-11 | R, 403-P, AA, COMP | | |
| 107:14-15 | R, 403-P, AA, COMP | | |
| 107:18-23 | R, 403-P, AA, COMP | | |
| 107:25-108:12 | R, 403-P, AA, F | | |
| 108:15-109:1 | R, 403-P, F | | |
| 109:22-110:7 | R, 403-P | | |
| 111:3-23 | R, 403-P, 1002, CS | | |
| 112:l-4 | R, 403-P, 1002, CS | | |
| 113:2-24 | R, 403-P, 1002 | | |
| 114:3-7 | R, 403-P, 1002 | | |
| 118:11-119:14 | R, 403-P, 1002 | | |
| 119:23-120:1 | MT, V | | |
| 120:4-10 | MT, COMP | | |
| 120:13-15 | MT, COMP | | |
| 121:13-23 | R, 403-P, V | | |
| 122:1-14 | R, 403-P, V | | |
| 122:22-123:9 | R, 403-P, V, COMP, SCOPE | | |

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 123:24-124:6 | R, 403-P, V, COMP, SCOPE | | |
| 124:10-125:1 | V, 403-P, R, SCOPE | | |
| 125:6-7 | V, 403-P, R, SCOPE | | |
| 126:1-24 | Not testimony | | |

5. **Deposition of Michelle Lane, taken on 08.28.14:**

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 5:20-6:17 | NT | | |
| 18:19-19:23 | | 20:21-23:11 | IMPC, R, 403C, H |
| 23:12-24 | | | |
| 31:1-7 | R | | |
| 32:4-6 | R | | |
| 43:12-16 | | | |
| 44:9-14 | R | | |
| 52:20-22 | V, CS | 52:23-25 | Not Testimony, IMPC |
| 53:1-8 | CS | 53:9-10 53:14-16 | Not Testimony, IMPC R, 403C, IMPC, H |
| 53:11-12 | | 53:14-16 | R, 403C, IMPC, H |
| 86:2-5 | V, AF, F | 86:6-7 | Not Testimony, IMPC |
| 86:14-18 | INQA, F, 403-P | | |

31

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 88:2-15 | R | | |
| 89:10-20 | R | | |
| 89:25-90:3 | | | |
| 90:5-14 | | | |
| 90:20-25 | H | | |
| 114:19-115:21 | R | | |
| 116:7-119:1 | R | | |
| 120:3-17 | | | |
| 121:6-9 | | | |
| 121:17-24 | 602, CS, R, 403-P | | |
| 122:5-10 | | | |
| 129:16-130:1 | COMP, V | | |
| 138:23-139:12 | V, F, COMP | | |
| 144:1-22 | NT | | |

**6.   Deposition of Michelle Lane, 30(b)(6) deposition, taken on 11.24.14:**

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 5:2-7:24 | NT | 7:25-9:12 | R, 403P, 403C, IMPC, H |
| 10:1-3 | CLC, COMP, R | | |
| 10:6-17 | | | |
| 10:25-11:5 | SCOPE, R | | |

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 11:8-14 | | | |
| 11:21-12:6 | SCOPE; R; V | 12:7 | Not Testimony, IMPC |
| 12:9-15, 18 | SCOPE, R | 12:16-17 | Not Testimony, IMPC |
| 12:23-13:12 | R | | |
| 19:1-18 | R | 18:18-25 | IMPC, 602, F, 1002, AF, R, 403C, 403P, H |
| 20:4-8 | R, SCOPE, COMP | 20:9-10 | Not Testimony, IMPC |
| 20:11-17, 20 | SCOPE, CS, R, V | 20:18-19 | Not Testimony, IMPC |
| 20:20-24 | SCOPE, CS | 20:25-21:1 | Not Testimony, IMPC |
| 21:2-6, 9 | SCOPE, CS | 21:7-8 | Not Testimony, IMPC |
| 22:77-14 | | 22:15-23:4<br><br><br>25:6-14 | CS, 602, R, 403P, 403C, IMPC, F, H, INQA (without 23:5-8)<br><br>CS, 602, R, 403P, 403C, IMPC, F, H, INQA (without 25:19-21) |
| 23:9-24:2 | | | |
| 24:13-21 | | | |
| 26:25-27:10 | SCOPE | | |
| 27:22-28:7 | SCOPE, R | 28:8-13 | CS, 602, R, 403P, 403C, IMPC, F, H, INQA (without 28:14-16, 28:19-25) |
| 29:1-3 | | | |
| 31:21-32:4 | R, SCOPE | | |

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 33:25-34:20 | H, NE, SCOPE, R, 403-P | | |
| 35:6-17 | SCOPE, R, 403-P | 35:18-20 | Not Testimony, IMPC |
| 35:21-24 | SCOPE, R, 403-P | | |
| 36:2-5 | H, NE, 1002 | | |
| 37:6-11 | MT, V, AF | 37:12-13 | Not Testimony, IMPC |
| 37:14-15 | | 37:17-20 | CS, 602, R, 403P, 403C, IMPC, F, H |
| 37:21-38:5 | SCOPE | | |
| 38:17-23 | SCOPE, R | | |
| 39:2-16 | CS, SCOPE, V, R, 403-P | 39:17-18 | Not Testimony, IMPC |
| 39:19-24 | SCOPE, V, COMP, R, 403-P | 39:25-40:1 | Not Testimony, IMPC |
| 40:2-20 | SCOPE, R, 403-P | | |
| 41:4-5 | SCOPE, R, 403-P | 41:6-7 | Not Testimony, IMPC |
| 41:8-13 | SCOPE, CS, R, 403-P, COMP | 41:14-15 | Not Testimony, IMPC |
| 41:16-23, 25 | SCOPE, CS, V, 403-P, R, 602, F | 41:23-24 | Not Testimony, IMPC |
| 42:2-7 | SCOPE, CS, V, 403-P, R, 602 | 42:8-9 | Not Testimony, IMPC |
| 42:10-15 | SCOPE, V, CS, R, 403-P, 602 | 42:16-17 | Not Testimony, IMPC |
| 42:18-43:1 | SCOPE, V, CS, R, 403-P | 43:2-3 | Not Testimony, IMPC |
| 43:4-8, 11 | SCOPE, V, CS, R, 403-P | 43:9-10 | Not Testimony, IMPC |
| 46:17-47:11 | H, 1002 | 47:12-15 | CS, 602, R, 403P, 403C, IMPC, F, H |
| 47:16-19 | V, SCOPE | 47:20-21 | Not Testimony, IMPC |
| 47:22-48:22 | H, SCOPE | | |
| 49:7-50:10 | | | |

34

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 51:13-18 | | | |
| 52:6-9 | SCOPE, 602, CS | 52:10-12, 15-18 | CS, 602, R, 403P, 403C, IMPC, F, H |
| 56:1-3 | | | |
| 56:6-57:8 | H, SCOPE, R, 403-P, V, CS, 602 | 57:9-10 | Not Testimony, IMPC |
| 57:12-58:7 | H, SCOPE, R, 403-P, V, CS, CLC, COMP, 602 | 58:8-9 | Not Testimony, IMPC |
| 58:10-59:12 | H, SCOPE, R, 403-P, V, CS, CLC, 602 | 59:13-14 | Not Testimony, IMPC |
| 59:15-60:1 | H, SCOPE, R, 403-P, V, CS, CLC, 602 | | |
| 60:19-61:7 | SCOPE, R, 403-P, COMP, 602, CS | 61:8-9 | Not Testimony, IMPC |
| 61:10-12 | SCOPE, R, 403-P, COMP, 602, CS | 61:13 | Not Testimony, IMPC |
| 61:14-17 | SCOPE, R, 403-P, COMP, 602, CS | | |
| 73:16-74:5, 8 | SCOPE, V, R | 74:6-7 | Not Testimony, IMPC |
| 76:17-19 | SCOPE, V, R | 76:20-21 | Not Testimony, IMPC |
| 76:22-77:11 | SCOPE, R, V | 77:12 | Not Testimony, IMPC |
| 77:14-78:9 | SCOPE | | |
| 90:1-24 | NT | | |

**7.   Deposition of John Pyne, taken on 11.19.14:**

| Schrader's Designations | Bridgestone's Counter Designations |
|---|---|

| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
|---|---|---|---|
| 9:20-22 | Not Testimony | | |
| 10:16-18 | INQA | 10:14-15, 11:1-4 | |
| 10:21-22 | | 11:1-4 | |
| 13:10-21 | R; 403-P | 14:18–15:2 | R, IMPC, H |
| 14:7-14 | | 14:18–15:2 | R, IMPC, H |
| 22:8-9 | V | 14:18–15:2 | R, IMPC, H |
| 22:12-17 | V (22:12); ARG (22:14-16) | 14:18–15:2 | R, IMPC, H |
| 26:23-27:6 | | 27:9-10, | V, R |
| | | 27:12-17, | V, R |
| | | 28:14-16, | |
| | | 29:10–30:1, | V, R |
| | | 30:3, | V, R |
| | | 30:5-10, | V, R |
| | | 30:12-23, | V, R, F |
| | | 30:25, | V, R, F |
| | | 31:12–32:17, | IMPC, F, R |
| | | 33:1-10 | F, 701, H |

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 32:18-25 | | 27:9-10, | V, R |
| | | 27:12-17, | V, R |
| | | 28:14-16, | |
| | | 29:10–30:1, | V, R |
| | | 30:3, | V, R |
| | | 30:5-10, | V, R |
| | | 30:12-23, | V, R, F |
| | | 30:25, | V, R, F |
| | | 31:12–32:17, | IMPC, F, R |
| | | 33:1-10 | F, 701, H |
| 33:16-34:2 | F, 602 (33:20-21, 34:1-2) | 27:9-10, | IMPC, V, R |
| | | 27:12-17, | IMPC, V, R |
| | | 28:14-16, | IMPC |
| | | 29:10–30:1, | V, R |
| | | 30:3, | V, R |
| | | 30:5-10, | IMPC, V, R |
| | | 30:12-23, | IMPC, V, R |
| | | 30:25, | IMPC, V, R, F |
| | | 31:12–32:17, | IMPC, F, R |
| | | 33:1-10, | F, 701, H |
| | | 34:11-20, | IMPC, H |
| | | 189:17–190:5, | IMPC, AAA, R, 403-C |
| | | 190:7-8, | IMPC, AAA, INQA, R, 403-C |

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| | | 190:11-13, | IMPC, INQA, R, 403-P, R, 403-C |
| | | 190:18-22, | IMPC, F, MT, 403-P, R, 403-C |
| | | 190:25–191:6, | IMPC, MT, 403-P, AAA, R, 403-C |
| | | 191:10, | IMPC, 403-P, AAA, R, 403-C |
| | | 191:13-25, | IMPC, 403-P, AAA, R, 403-C |
| | | 192:7-11, | IMPC, 403-P, AAA, R, 403-C |
| | | 192:14-22, | IMPC, 403-P, AAA, R, 403-C |
| | | 194:4-10, | IMPC, R, F, 403-P |
| | | 195:20-24, | IMPC, R, F, 403-P, MT, 403-C |
| | | 196:2-5, | IMPC, R, F, 403-P, MT, 403-C |
| | | 196:10–197:10, | IMPC, R, 403-P, AAA, 403-C |
| | | 197:12-15, | IMPC, R, 403-P, AAA, 403-C |
| | | 198:8-11, | IMPC, R, 403-P, AAA, 403-C |
| | | 198:14–199:2 | IMPC, R, 403-P |

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 34:8-9 | F, 602 | 27:9-10, | IMPC, V, R |
| | | 27:12-17, | IMPC, V, R |
| | | 28:14-16, | IMPC |
| | | 29:10–30:1, | V, R |
| | | 30:3, | V, R |
| | | 30:5-10, | IMPC, V, R |
| | | 30:12-23, | IMPC, V, R |
| | | 30:25, | IMPC, V, R, F |
| | | 31:12–32:17, | IMPC, F, R |
| | | 33:1-10, | F, 701, H |
| | | 34:11-20 | IMPC, H |
| 35:14-18 | R | 27:9-10, | IMPC, V, R |
| | | 27:12-17, | IMPC, V, R |
| | | 28:14-16, | IMPC |
| | | 29:10–30:1, | V, R |
| | | 30:3, | V, R |
| | | 30:5-10, | IMPC, V, R |
| | | 30:12-23, | IMPC, V, R |
| | | 30:25, | IMPC, V, R, F |
| | | 31:12–32:17, | IMPC, F, R |
| | | 33:1-10 | F, 701, H |

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 44:15-45:1 | R; LA (44:18); V (44:15-17, 44:24–45:1) | 189:17–190:5, | IMPC, AAA, R, 403-C |
| | | 190:7-8, | IMPC, AAA, INQA, R, 403-C |
| | | 190:11-13, | IMPC, INQA, R, 403-P, R, 403-C |
| | | 190:18-22, | IMPC, F, MT, 403-P, R, 403-C |
| | | 190:25–191:6, | IMPC,  MT, 403-P, AAA, R, 403-C |
| | | 191:10, | IMPC, 403-P, AAA, R, 403-C |
| | | 191:13-25, | IMPC, 403-P, AAA, R, 403-C |
| | | 192:7-11, | IMPC, 403-P, AAA, R, 403-C |
| | | 192:14-22, | IMPC, 403-P, AAA, R, 403-C |
| | | 194:4-10, | IMPC, R, F, 403-P |
| | | 195:20-24, | IMPC, R, F, 403-P, MT, 403-C |
| | | 196:2-5, | IMPC, R, F, 403-P, MT, 403-C |
| | | 196:10–197:10, | IMPC, R, 403-P, AAA, 403-C |
| | | 197:12-15, | IMPC, R, 403-P, AAA, 403-C |
| | | 198:8-11, | IMPC, R, 403-P, AAA, 403-C |
| | | 198:14–199:2 | IMPC, R, 403-P |

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 45:3-15 | R | 189:17–190:5, | IMPC, AAA, R, 403-C |
| | | 190:7-8, | IMPC, AAA, INQA, R, 403-C |
| | | 190:11-13, | IMPC, INQA, R, 403-P, R, 403-C |
| | | 190:18-22, | IMPC, F, MT, 403-P, R, 403-C |
| | | 190:25–191:6, | IMPC,  MT, 403-P, AAA, R, 403-C |
| | | 191:10, | IMPC, 403-P, AAA, R, 403-C |
| | | 191:13-25, | IMPC, 403-P, AAA, R, 403-C |
| | | 192:7-11, | IMPC, 403-P, AAA, R, 403-C |
| | | 192:14-22, | IMPC, 403-P, AAA, R, 403-C |
| | | 194:4-10, | IMPC, R, F, 403-P |
| | | 195:20-24, | IMPC, R, F, 403-P, MT, 403-C |
| | | 196:2-5, | IMPC, R, F, 403-P, MT, 403-C |
| | | 196:10–97:10, | IMPC, R, 403-P, AAA, 403-C |
| | | 197:12-15, | IMPC, R, 403-P, AAA, 403-C |
| | | 198:8-11, | IMPC, R, 403-P, AAA, 403-C |
| | | 198:14–199:2 | IMPC, R, 403-P |
| 79:19-80:10 | R | | |

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 84:11-18, 20 | R, V | 189:17–190:5, | IMPC, AAA, R, 403-C |
| | | 190:7-8, | IMPC, AAA, INQA, R, 403-C |
| | | 190:11-13, | IMPC, INQA, R, 403-P, R, 403-C |
| | | 190:18-22, | IMPC, F, MT, 403-P, R, 403-C |
| | | 190:25–191:6, | IMPC,  MT, 403-P, AAA, R, 403-C |
| | | 191:10, | IMPC, 403-P, AAA, R, 403-C |
| | | 191:13-25, | IMPC, 403-P, AAA, R, 403-C |
| | | 192:7-11, | IMPC, 403-P, AAA, R, 403-C |
| | | 192:14-22, | IMPC, 403-P, AAA, R, 403-C |
| | | 194:4-10, | IMPC, R, F, 403-P |
| | | 195:20-24, | IMPC, R, F, 403-P, MT, 403-C |
| | | 196:2-5, | IMPC, R, F, 403-P, MT, 403-C |
| | | 196:10–97:10, | IMPC, R, 403-P, AAA, 403-C |
| | | 197:12-15, | IMPC, R, 403-P, AAA, 403-C |
| | | 198:8-11, | R, 403-P, AAA, 403-C |
| | | 198:14–199:2, | R, 403-P |
| | | 206:22–207:2, | V |
| | | 207:4-13, | V, COMP, CS |
| | | 207:18–208:2, | V, COMP, CS |
| | | 208:4-21, | V |
| | | 208:23, | V |
| | | 210:4-7, | V, F |
| | | 210:10-15 | V, F |

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 85:17-21 | R, V | 189:17–190:5, | IMPC, AAA, R, 403-C |
| | | 190:7-8, | IMPC, AAA, INQA, R, 403-C |
| | | 190:11-13, | IMPC, INQA, R, 403-P, R, 403-C |
| | | 190:18-22, | IMPC, F, MT, 403-P, R, 403-C |
| | | 190:25–191:6, | IMPC,  MT, 403-P, AAA, R, 403-C |
| | | 191:10, | IMPC, 403-P, AAA, R, 403-C |
| | | 191:13-25, | IMPC, 403-P, AAA, R, 403-C |
| | | 192:7-11, | IMPC, 403-P, AAA, R, 403-C |
| | | 192:14-22, | IMPC, 403-P, AAA, R, 403-C |
| | | 194:4-10, | IMPC, R, F, 403-P |
| | | 195:20-24, | IMPC, R, F, 403-P, MT, 403-C |
| | | 196:2-5, | IMPC, R, F, 403-P, MT, 403-C |
| | | 196:10–97:10, | IMPC, R, 403-P, AAA, 403-C |
| | | 197:12-15, | IMPC, R, 403-P, AAA, 403-C |
| | | 198:8-11, | R, 403-P, AAA, 403-C |
| | | 198:14–199:2, | R, 403-P |
| | | 206:22–207:2, | V |
| | | 207:4-13, | V, COMP, CS |
| | | 207:18–208:2, | V, COMP, CS |
| | | 208:4-21, | V |
| | | 208:23, | V |
| | | 210:4-7, | V, F |
| | | 210:10-15 | V, F |

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 85:24-86:5 | R, CS | 189:17–190:5, | IMPC, AAA, R, 403-C |
| | | 190:7-8, | IMPC, AAA, INQA, R, 403-C |
| | | 190:11-13, | IMPC, INQA, R, 403-P, R, 403-C |
| | | 190:18-22, | IMPC, F, MT, 403-P, R, 403-C |
| | | 190:25–191:6, | IMPC,  MT, 403-P, AAA, R, 403-C |
| | | 191:10, | IMPC, 403-P, AAA, R, 403-C |
| | | 191:13-25, | IMPC, 403-P, AAA, R, 403-C |
| | | 192:7-11, | IMPC, 403-P, AAA, R, 403-C |
| | | 192:14-22, | IMPC, 403-P, AAA, R, 403-C |
| | | 194:4-10, | IMPC, R, F, 403-P |
| | | 195:20-24, | IMPC, R, F, 403-P, MT, 403-C |
| | | 196:2-5, | IMPC, R, F, 403-P, MT, 403-C |
| | | 196:10–97:10, | IMPC, R, 403-P, AAA, 403-C |
| | | 197:12-15, | IMPC, R, 403-P, AAA, 403-C |
| | | 198:8-11, | R, 403-P, AAA, 403-C |
| | | 198:14–199:2, | R, 403-P |
| | | 206:22–207:2, | V |
| | | 207:4-13, | V, COMP, CS |
| | | 207:18–208:2, | V, COMP, CS |
| | | 208:4-21, | V |
| | | 208:23, | V |
| | | 210:4-7, | V, F |
| | | 210:10-15 | V, F |

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 86:8-13 | R, CS | 189:17–190:5, | IMPC, AAA, R, 403-C |
| | | 190:7-8, | IMPC, AAA, INQA, R, 403-C |
| | | 190:11-13, | IMPC, INQA, R, 403-P, R, 403-C |
| | | 190:18-22, | IMPC, F, MT, 403-P, R, 403-C |
| | | 190:25–191:6, | IMPC, MT, 403-P, AAA, R, 403-C |
| | | 191:10, | IMPC, 403-P, AAA, R, 403-C |
| | | 191:13-25, | IMPC, 403-P, AAA, R, 403-C |
| | | 192:7-11, | IMPC, 403-P, AAA, R, 403-C |
| | | 192:14-22, | IMPC, 403-P, AAA, R, 403-C |
| | | 194:4-10, | IMPC, R, F, 403-P |
| | | 195:20-24, | IMPC, R, F, 403-P, MT, 403-C |
| | | 196:2-5, | IMPC, R, F, 403-P, MT, 403-C |
| | | 196:10–97:10, | IMPC, R, 403-P, AAA, 403-C |
| | | 197:12-15, | IMPC, R, 403-P, AAA, 403-C |
| | | 198:8-11, | R, 403-P, AAA, 403-C |
| | | 198:14–199:2, | R, 403-P |
| | | 206:22–207:2, | V |
| | | 207:4-13, | V, COMP, CS |
| | | 207:18–208:2, | V, COMP, CS |
| | | 208:4-21, | V |
| | | 208:23, | V |
| | | 210:4-7, | V, F |
| | | 210:10-15 | V, F |

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 92:9-12, 14 | R, V | 97:2-3, 5-14 | R, INQA, H |
| 96:21-25 | R | 97:2-3, 5-14 | R, INQA, H |
| 97:15-21 | R | 97:2-3, 5-14 | R, INQA, H |
| 101:23-102:3 | R, V | 206:22–207:2, | V, R |
| | | 207:4-13, | V, COMP, CS, R |
| | | 207:18–208:2, | V, COMP, CS, R |
| | | 208:4-21, | V, R |
| | | 208:23, | V, R |
| | | 210:4-7, | V, F, R |
| | | 210:10-15 | V, F, R |
| 102:5-11 | R | 206:22–207:2, | V, R |
| | | 207:4-13, | V, COMP, CS, R |
| | | 207:18–208:2, | V, COMP, CS, R |
| | | 208:4-21, | V, R |
| | | 208:23, | V, R |
| | | 210:4-7, | V, F, R |
| | | 210:10-15 | V, F, R |

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 102:14-17, 19 | R, V | 206:22–207:2, | V, R |
| | | 207:4-13, | V, COMP, CS, R |
| | | 207:18–208:2, | V, COMP, CS, R |
| | | 208:4-21, | V, R |
| | | 208:23, | V, R |
| | | 210:4-7, | V, F, R |
| | | 210:10-15 | V, F, R |
| 104:10-11 | R | 206:22–207:2, | V, R |
| | | 207:4-13, | V, COMP, CS, R |
| | | 207:18–208:2, | V, COMP, CS, R |
| | | 208:4-21, | V, R |
| | | 208:23, | V, R |
| | | 210:4-7, | V, F, R |
| | | 210:10-15 | V, F, R |
| 104:15-105:5 | R | 206:22–207:2, | V, R |
| | | 207:4-13, | V, COMP, CS, R |
| | | 207:18–208:2, | V, COMP, CS, R |
| | | 208:4-21, | V, R |
| | | 208:23, | V, R |
| | | 210:4-7, | V, F, R |
| | | 210:10-15 | V, F, R |

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 105:12-14 | R | 206:22–207:2, | V, R |
| | | 207:4-13, | V, COMP, CS, R |
| | | 207:18–208:2, | V, COMP, CS, R |
| | | 208:4-21, | V, R |
| | | 208:23, | V, R |
| | | 210:4-7, | V, F, R |
| | | 210:10-15 | V, F, R |
| 105:16-24 | Not question/ testimony (105:22-24) | 189:17–190:5, | IMPC, AAA, R, 403-C |
| | | 190:7-8, | IMPC, AAA, INQA, R, 403-C |
| | | 190:11-13, | IMPC, INQA, R, 403-P, R, 403-C |
| | | 190:18-22, | IMPC, F, MT, 403-P, R, 403-C |
| | | 190:25–191:6, | IMPC,  MT, 403-P, AAA, R, 403-C |
| | | 191:10, | IMPC, 403-P, AAA, R, 403-C |
| | | 191:13-25, | IMPC, 403-P, AAA, R, 403-C |
| | | 192:7-11, | IMPC, 403-P, AAA, R, 403-C |
| | | 192:14-22, | IMPC, 403-P, AAA, R, 403-C |
| | | 194:4-10, | R, F, 403-P |
| | | 195:20-24, | IMPC, R, F, 403-P, MT, 403-C |
| | | 196:2-5, | IMPC, R, F, 403-P, MT, 403-C |
| | | 196:10–97:10, | IMPC, R, 403-P, AAA, 403-C |
| | | 197:12-15, | IMPC, R, 403-P, AAA, 403-C |
| | | 198:8-11, | R, 403-P, AAA, 403-C |
| | | 198:14–199:2 | R, 403-P |

48

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 106:20-107:9 | | 189:17–190:5, | IMPC, AAA, R, 403-C |
| | | 190:7-8, | IMPC, AAA, INQA, R, 403-C |
| | | 190:11-13, | IMPC, INQA, R, 403-P, R, 403-C |
| | | 190:18-22, | IMPC, F, MT, 403-P, R, 403-C |
| | | 190:25–191:6, | IMPC, MT, 403-P, AAA, R, 403-C |
| | | 191:10, | IMPC, 403-P, AAA, R, 403-C |
| | | 191:13-25, | IMPC, 403-P, AAA, R, 403-C |
| | | 192:7-11, | IMPC, 403-P, AAA, R, 403-C |
| | | 192:14-22, | IMPC, 403-P, AAA, R, 403-C |
| | | 194:4-10, | R, F, 403-P |
| | | 195:20-24, | IMPC, R, F, 403-P, MT, 403-C |
| | | 196:2-5, | IMPC, R, F, 403-P, MT, 403-C |
| | | 196:10–97:10, | IMPC, R, 403-P, AAA, 403-C |
| | | 197:12-15, | IMPC, R, 403-P, AAA, 403-C |
| | | 198:8-11, | R, 403-P, AAA, 403-C |
| | | 198:14–199:2 | R, 403-P |

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 107:16-22 | | 189:17–190:5, | IMPC, AAA, R, 403-C |
| | | 190:7-8, | IMPC, AAA, INQA, R, 403-C |
| | | 190:11-13, | IMPC, INQA, R, 403-P, R, 403-C |
| | | 190:18-22, | IMPC, F, MT, 403-P, R, 403-C |
| | | 190:25–191:6, | IMPC,  MT, 403-P, AAA, R, 403-C |
| | | 191:10, | IMPC, 403-P, AAA, R, 403-C |
| | | 191:13-25, | IMPC, 403-P, AAA, R, 403-C |
| | | 192:7-11, | IMPC, 403-P, AAA, R, 403-C |
| | | 192:14-22, | IMPC, 403-P, AAA, R, 403-C |
| | | 194:4-10, | R, F, 403-P |
| | | 195:20-24, | IMPC, R, F, 403-P, MT, 403-C |
| | | 196:2-5, | IMPC, R, F, 403-P, MT, 403-C |
| | | 196:10–97:10, | IMPC, R, 403-P, AAA, 403-C |
| | | 197:12-15, | IMPC, R, 403-P, AAA, 403-C |
| | | 198:8-11, | R, 403-P, AAA, 403-C |
| | | 198:14–199:2 | R, 403-P |

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 108:13-17 | V | 189:17–190:5, | IMPC, AAA, R, 403-C |
| | | 190:7-8, | IMPC, AAA, INQA, R, 403-C |
| | | 190:11-13, | IMPC, INQA, R, 403-P, R, 403-C |
| | | 190:18-22, | IMPC, F, MT, 403-P, R, 403-C |
| | | 190:25–191:6, | IMPC,  MT, 403-P, AAA, R, 403-C |
| | | 191:10, | IMPC, 403-P, AAA, R, 403-C |
| | | 191:13-25, | IMPC, 403-P, AAA, R, 403-C |
| | | 192:7-11, | IMPC, 403-P, AAA, R, 403-C |
| | | 192:14-22, | IMPC, 403-P, AAA, R, 403-C |
| | | 194:4-10, | R, F, 403-P |
| | | 195:20-24, | IMPC, R, F, 403-P, MT, 403-C |
| | | 196:2-5, | IMPC, R, F, 403-P, MT, 403-C |
| | | 196:10–97:10, | IMPC, R, 403-P, AAA, 403-C |
| | | 197:12-15, | IMPC, R, 403-P, AAA, 403-C |
| | | 198:8-11, | R, 403-P, AAA, 403-C |
| | | 198:14–199:2 | R, 403-P |

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 108:20-24 | V | 189:17–190:5, | IMPC, AAA, R, 403-C |
| | | 190:7-8, | IMPC, AAA, INQA, R, 403-C |
| | | 190:11-13, | IMPC, INQA, R, 403-P, R, 403-C |
| | | 190:18-22, | IMPC, F, MT, 403-P, R, 403-C |
| | | 190:25–191:6, | IMPC,  MT, 403-P, AAA, R, 403-C |
| | | 191:10, | IMPC, 403-P, AAA, R, 403-C |
| | | 191:13-25, | IMPC, 403-P, AAA, R, 403-C |
| | | 192:7-11, | IMPC, 403-P, AAA, R, 403-C |
| | | 192:14-22, | IMPC, 403-P, AAA, R, 403-C |
| | | 194:4-10, | R, F, 403-P |
| | | 195:20-24, | IMPC, R, F, 403-P, MT, 403-C |
| | | 196:2-5, | IMPC, R, F, 403-P, MT, 403-C |
| | | 196:10–97:10, | IMPC, R, 403-P, AAA, 403-C |
| | | 197:12-15, | IMPC, R, 403-P, AAA, 403-C |
| | | 198:8-11, | R, 403-P, AAA, 403-C |
| | | 198:14–199:2 | R, 403-P |
| 109:1-9 | V | 109:16-22 | |
| 109:11-15 | | 109:16-22 | |

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 111:7-10 | V, F | 189:17–190:5, | IMPC, AAA, R, 403-C |
| | | 190:7-8, | IMPC, AAA, INQA, R, 403-C |
| | | 190:11-13, | IMPC, INQA, R, 403-P, R, 403-C |
| | | 190:18-22, | IMPC, F, MT, 403-P, R, 403-C |
| | | 190:25–191:6, | IMPC,  MT, 403-P, AAA, R, 403-C |
| | | 191:10, | IMPC, 403-P, AAA, R, 403-C |
| | | 191:13-25, | IMPC, 403-P, AAA, R, 403-C |
| | | 192:7-11, | IMPC, 403-P, AAA, R, 403-C |
| | | 192:14-22, | IMPC, 403-P, AAA, R, 403-C |
| | | 194:4-10, | R, F, 403-P |
| | | 195:20-24, | IMPC, R, F, 403-P, MT, 403-C |
| | | 196:2-5, | IMPC, R, F, 403-P, MT, 403-C |
| | | 196:10–97:10, | IMPC, R, 403-P, AAA, 403-C |
| | | 197:12-15, | IMPC, R, 403-P, AAA, 403-C |
| | | 198:8-11, | R, 403-P, AAA, 403-C |
| | | 198:14–199:2 | R, 403-P |
| 111:13-14 | | | |

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 121:1-7 | R, 403-P | 206:22–207:2, | V, R |
| | | 207:4-13, | V, COMP, CS, R |
| | | 207:18–208:2, | V, COMP, CS, R |
| | | 208:4-21, | V, R |
| | | 208:23, | V, R |
| | | 210:4-7, | V, F, R |
| | | 210:10-15 | V, F, R |
| 121:18-22 | R, 403-P | 206:22–207:2, | V, R |
| | | 207:4-13, | V, COMP, CS, R |
| | | 207:18–208:2, | V, COMP, CS, R |
| | | 208:4-21, | V, R |
| | | 208:23, | V, R |
| | | 210:4-7, | V, F, R |
| | | 210:10-15 | V, F, R |

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 122:8-14, 17 | R, 403-P, V | 124:3-10; 124:12-15 | IMPC, V, H |
| | | 124:17–125:14 | IMPC, R, H |
| | | 206:22–207:2, | V, R |
| | | 207:4-13, | V, COMP, CS, R |
| | | 207:18–208:2, | V, COMP, CS, R |
| | | 208:4-21, | V, R |
| | | 208:23, | V, R |
| | | 210:4-7, | V, F, R |
| | | 210:10-15 | V, F, R |
| 130:1-5, 7 | R, 403-P,V | 206:22–207:2, | V, R |
| | | 207:4-13, | V, COMP, CS, R |
| | | 207:18–208:2, | V, COMP, CS, R |
| | | 208:4-21, | V, R |
| | | 208:23, | V, R |
| | | 210:4-7, | V, F, R |
| | | 210:10-15 | V, F, R |

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 135:3-13 | V, F, CS | 135:16-19 | |
| | | 206:22–207:2, | V, R |
| | | 207:4-13, | V, COMP, CS, R |
| | | 207:18–208:2, | V, COMP, CS, R |
| | | 208:4-21, | V, R |
| | | 208:23, | V, R |
| | | 210:4-7, | V, F, R |
| | | 210:10-15 | V, F, R |
| 135:21-136:9, 12 | V, F | 135:16-19 | |
| | | 206:22–207:2, | V, R |
| | | 207:4-13, | V, COMP, CS, R |
| | | 207:18–208:2, | V, COMP, CS, R |
| | | 208:4-21, | V, R |
| | | 208:23, | V, R |
| | | 210:4-7, | V, F, R |
| | | 210:10-15 | V, F, R |

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 136:15-19 | V, F | 206:22–207:2, | V, R |
| | | 207:4-13, | V, COMP, CS, R |
| | | 207:18–208:2, | V, COMP, CS, R |
| | | 208:4-21, | V, R |
| | | 208:23, | V, R |
| | | 210:4-7, | V, F, R |
| | | 210:10-15 | V, F, R |
| 136:22-137:4 | V, F, CS | 206:22–207:2, | V, R |
| | | 207:4-13, | V, COMP, CS, R |
| | | 207:18–208:2, | V, COMP, CS, R |
| | | 208:4-21, | V, R |
| | | 208:23, | V, R |
| | | 210:4-7, | V, F, R |
| | | 210:10-15 | V, F, R |
| 137:7-8 | V, F, CS | 206:22–207:2, | V, R |
| | | 207:4-13, | V, COMP, CS, R |
| | | 207:18–208:2, | V, COMP, CS, R |
| | | 208:4-21, | V, R |
| | | 208:23, | V, R |
| | | 210:4-7, | V, F, R |
| | | 210:10-15 | V, F, R |

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 137:17-24 | V, F | 206:22–207:2, | V, R |
| | | 207:4-13, | V, COMP, CS, R |
| | | 207:18–208:2, | V, COMP, CS, R |
| | | 208:4-21, | V, R |
| | | 208:23, | V, R |
| | | 210:4-7, | V, F, R |
| | | 210:10-15 | V, F, R |
| 138:2-4 | V, F | 206:22–207:2, | V, R |
| | | 207:4-13, | V, COMP, CS, R |
| | | 207:18–208:2, | V, COMP, CS, R |
| | | 208:4-21, | V, R |
| | | 208:23, | V, R |
| | | 210:4-7, | V, F, R |
| | | 210:10-15 | V, F, R |

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 156:4-5 | | 146:9-10, | IMPC, V |
| | | 146:12-20, | IMPC, V, F |
| | | 147:1-4, | IMPC |
| | | 147:14-16, | IMPC |
| | | 147:18–148:6, | IMPC, CS |
| | | 148:9-10, | IMPC, CS |
| | | 159:25–160:6, | IMPC |
| | | 160:9-12, | IMPC |
| | | 160:25–161:6, | IMPC, V, F |
| | | 161:9 | IMPC, V, F |
| 156:23-157:7 | INQA | 157:9-13 | |
| | | 146:9-10, | IMPC, V |
| | | 146:12-20, | IMPC, V, F |
| | | 147:1-4, | IMPC |
| | | 147:14-16, | IMPC |
| | | 147:18–148:6, | IMPC, CS |
| | | 148:9-10, | IMPC, CS |
| | | 159:25–160:6, | IMPC |
| | | 160:9-12, | IMPC |
| | | 160:25–161:6, | IMPC, V, F |
| | | 161:9 | IMPC, V, F |

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 157:15-20 | | 146:9-10, | IMPC, V |
| | | 146:12-20, | IMPC, V, F |
| | | 147:1-4, | IMPC |
| | | 147:14-16, | IMPC |
| | | 147:18–148:6, | IMPC, CS |
| | | 148:9-10, | IMPC, CS |
| | | 159:25–160:6, | IMPC |
| | | 160:9-12, | IMPC |
| | | 160:25–161:6, | IMPC, V, F |
| | | 161:9 | IMPC, V, F |
| 158:15-20 | R, AAA, 403-P | 146:9-10, | IMPC, V |
| | | 146:12-20, | IMPC, V, F |
| | | 147:1-4, | IMPC |
| | | 147:14-16, | IMPC |
| | | 147:18–148:6, | IMPC, CS |
| | | 148:9-10, | IMPC, CS |
| | | 159:25–160:6, | IMPC |
| | | 160:9-12, | IMPC |
| | | 160:25–161:6, | IMPC, V, F |
| | | 161:9 | IMPC, V, F |

| Schrader's Designations | | Bridgestone's Counter Designations | |
| --- | --- | --- | --- |
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 159:12-16 | V, F, 403-P, R | 146:9-10, | IMPC, V |
| | | 146:12-20, | IMPC, V, F |
| | | 147:1-4, | IMPC |
| | | 147:14-16, | IMPC |
| | | 147:18–148:6, | IMPC, CS |
| | | 148:9-10, | IMPC, CS |
| | | 159:25–160:6, | IMPC |
| | | 160:9-12, | IMPC |
| | | 160:25–161:6, | IMPC, V, F |
| | | 161:9 | IMPC, V, F |
| 159:19-24 | R, 403-P | 146:9-10, | IMPC, V |
| | | 146:12-20, | IMPC, V, F |
| | | 147:1-4, | IMPC |
| | | 147:14-16, | IMPC |
| | | 147:18–148:6, | IMPC, CS |
| | | 148:9-10, | IMPC, CS |
| | | 159:25–160:6, | IMPC |
| | | 160:9-12, | IMPC |
| | | 160:25–161:6, | IMPC, V, F |
| | | 161:9 | IMPC, V, F |

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 181:10-13, 15 | V, R, 403-P | 189:17–190:5, | IMPC, AAA, R, 403-C |
| | | 190:7-8, | IMPC, AAA, INQA, R, 403-C |
| | | 190:11-13, | IMPC, INQA, R, 403-P, R, 403-C |
| | | 190:18-22, | IMPC, F, MT, 403-P, R, 403-C |
| | | 190:25–191:6, | IMPC, MT, 403-P, AAA, R, 403-C |
| | | 191:10, | IMPC, 403-P, AAA, R, 403-C |
| | | 191:13-25, | IMPC, 403-P, AAA, R, 403-C |
| | | 192:7-11, | IMPC, 403-P, AAA, R, 403-C |
| | | 192:14-22, | IMPC, 403-P, AAA, R, 403-C |
| | | 194:4-10, | R, F, 403-P |
| | | 195:20-24, | R, F, 403-P, MT, 403-C |
| | | 196:2-5, | R, F, 403-P, MT, 403-C |
| | | 196:10–97:10, | R, 403-P, AAA, 403-C |
| | | 197:12-15, | IMPC, R, 403-P, AAA, 403-C |
| | | 198:8-11, | R, 403-P, AAA, 403-C |
| | | 198:14–199:2 | R, 403-P |
| 182:18-183:20 | R, 403-P; ARG (182:18-21, 183:17-20) | 146:9-10, | IMPC, V |
| | | 146:12-20, | IMPC, V, F |
| | | 147:1-4, | IMPC |
| | | 147:14-16, | IMPC |
| | | 147:18–148:6, | IMPC, CS |
| | | 148:9-10, | IMPC, CS |
| | | 159:25–160:6, | IMPC |

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| | | 160:9-12, | IMPC |
| | | 160:25–161:6, | IMPC, V, F |
| | | 161:9, | IMPC, V, F |
| | | 189:17–190:5, | IMPC, AAA, R, 403-C |
| | | 190:7-8, | IMPC, AAA, INQA, R, 403-C |
| | | 190:11-13, | IMPC, INQA, R, 403-P, R, 403-C |
| | | 190:18-22, | IMPC, F, MT, 403-P, R, 403-C |
| | | 190:25–191:6, | IMPC,  MT, 403-P, AAA, R, 403-C |
| | | 191:10, | IMPC, 403-P, AAA, R, 403-C |
| | | 191:13-25, | IMPC, 403-P, AAA, R, 403-C |
| | | 192:7-11, | IMPC, 403-P, AAA, R, 403-C |
| | | 192:14-22, | IMPC, 403-P, AAA, R, 403-C |
| | | 194:4-10, | R, F, 403-P |
| | | 195:20-24, | R, F, 403-P, MT, 403-C |
| | | 196:2-5, | R, F, 403-P, MT, 403-C |
| | | 196:10–97:10, | R, 403-P, AAA, 403-C |
| | | 197:12-15, | IMPC, R, 403-P, AAA, 403-C |
| | | 198:8-11, | R, 403-P, AAA, 403-C |
| | | 198:14–199:2 | R, 403-P |

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 185:2-9 | R, AAA, 403-P | 185:10-11 | AAA, 403C, H |
| | | 185:14–186:10 | AAA, 403C, 403P, H |
| | | 189:17–190:5, | IMPC, AAA, R, 403-C |
| | | 190:7-8, | IMPC, AAA, INQA, R, 403-C |
| | | 190:11-13, | IMPC, INQA, R, 403-P, R, 403-C |
| | | 190:18-22, | IMPC, F, MT, 403-P, R, 403-C |
| | | 190:25–191:6, | IMPC,  MT, 403-P, AAA, R, 403-C |
| | | 191:10, | IMPC, 403-P, AAA, R, 403-C |
| | | 191:13-25, | IMPC, 403-P, AAA, R, 403-C |
| | | 192:7-11, | IMPC, 403-P, AAA, R, 403-C |
| | | 192:14-22, | IMPC, 403-P, AAA, R, 403-C |
| | | 194:4-10, | R, F, 403-P |
| | | 195:20-24, | R, F, 403-P, MT, 403-C |
| | | 196:2-5, | R, F, 403-P, MT, 403-C |
| | | 196:10–97:10, | R, 403-P, AAA, 403-C |
| | | 197:12-15, | IMPC, R, 403-P, AAA, 403-C |
| | | 198:8-11, | R, 403-P, AAA, 403-C |
| | | 198:14–199:2 | R, 403-P |

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 186:11-17 | R, AAA, 403-P | 185:10-11 | AAA, 403C, H |
| | | 185:14–186:10 | AAA, 403C, 403P, H |
| | | 189:17–190:5, | IMPC, AAA, R, 403-C |
| | | 190:7-8, | IMPC, AAA, INQA, R, 403-C |
| | | 190:11-13, | IMPC, INQA, R, 403-P, R, 403-C |
| | | 190:18-22, | IMPC, F, MT, 403-P, R, 403-C |
| | | 190:25–191:6, | IMPC,  MT, 403-P, AAA, R, 403-C |
| | | 191:10, | IMPC, 403-P, AAA, R, 403-C |
| | | 191:13-25, | IMPC, 403-P, AAA, R, 403-C |
| | | 192:7-11, | IMPC, 403-P, AAA, R, 403-C |
| | | 192:14-22, | IMPC, 403-P, AAA, R, 403-C |
| | | 194:4-10, | R, F, 403-P |
| | | 195:20-24, | R, F, 403-P, MT, 403-C |
| | | 196:2-5, | R, F, 403-P, MT, 403-C |
| | | 196:10–97:10, | R, 403-P, AAA, 403-C |
| | | 197:12-15, | IMPC, R, 403-P, AAA, 403-C |
| | | 198:8-11, | R, 403-P, AAA, 403-C |
| | | 198:14–199:2 | R, 403-P |

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 187:3-6 | R, AAA, 403-P | 185:10-11 | AAA, 403C, H |
| | | 185:14–186:10 | AAA, 403C, 403P, H |
| | | 189:17–190:5, | IMPC, AAA, R, 403-C |
| | | 190:7-8, | IMPC, AAA, INQA, R, 403-C |
| | | 190:11-13, | IMPC, INQA, R, 403-P, R, 403-C |
| | | 190:18-22, | IMPC, F, MT, 403-P, R, 403-C |
| | | 190:25–191:6, | IMPC,  MT, 403-P, AAA, R, 403-C |
| | | 191:10, | IMPC, 403-P, AAA, R, 403-C |
| | | 191:13-25, | IMPC, 403-P, AAA, R, 403-C |
| | | 192:7-11, | IMPC, 403-P, AAA, R, 403-C |
| | | 192:14-22, | IMPC, 403-P, AAA, R, 403-C |
| | | 194:4-10, | R, F, 403-P |
| | | 195:20-24, | R, F, 403-P, MT, 403-C |
| | | 196:2-5, | R, F, 403-P, MT, 403-C |
| | | 196:10–97:10, | R, 403-P, AAA, 403-C |
| | | 197:12-15, | IMPC, R, 403-P, AAA, 403-C |
| | | 198:8-11, | R, 403-P, AAA, 403-C |
| | | 198:14–199:2 | R, 403-P |

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 188:2-8 | R, AAA, 403-P | 185:10-11 | AAA, 403C, H |
| | | 185:14–186:10 | AAA, 403C, 403P, H |
| | | 189:17–190:5, | IMPC, AAA, R, 403-C |
| | | 190:7-8, | IMPC, AAA, INQA, R, 403-C |
| | | 190:11-13, | IMPC, INQA, R, 403-P, R, 403-C |
| | | 190:18-22, | IMPC, F, MT, 403-P, R, 403-C |
| | | 190:25–191:6, | IMPC,  MT, 403-P, AAA, R, 403-C |
| | | 191:10, | IMPC, 403-P, AAA, R, 403-C |
| | | 191:13-25, | IMPC, 403-P, AAA, R, 403-C |
| | | 192:7-11, | IMPC, 403-P, AAA, R, 403-C |
| | | 192:14-22, | IMPC, 403-P, AAA, R, 403-C |
| | | 194:4-10, | R, F, 403-P |
| | | 195:20-24, | R, F, 403-P, MT, 403-C |
| | | 196:2-5, | R, F, 403-P, MT, 403-C |
| | | 196:10–97:10, | R, 403-P, AAA, 403-C |
| | | 197:12-15, | IMPC, R, 403-P, AAA, 403-C |
| | | 198:8-11, | R, 403-P, AAA, 403-C |
| | | 198:14–199:2 | R, 403-P |

67

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 205:25-206:11 | R, 403-P | 206:22–207:2, | V, R |
| | | 207:4-13, | V, COMP, CS, R |
| | | 207:18–208:2, | V, COMP, CS, R |
| | | 208:4-21, | V, R |
| | | 208:23, | V, R |
| | | 210:4-7, | V, F, R |
| | | 210:10-15 | V, F, R |
| 215:23-216:6, 9 | R, 403-P,V, F, CS | 206:22–207:2, | V, R |
| | | 207:4-13, | V, COMP, CS, R |
| | | 207:18–208:2, | V, COMP, CS, R |
| | | 208:4-21, | V, R |
| | | 208:23, | V, R |
| | | 210:4-7, | V, F, R |
| | | 210:10-15 | V, F, R |
| 226:22-227:7 | R, F, 403-P | 227:8-18 | |
| 227:19-229:6 | R, 403-P; V, F (229:3-6) | 227:8-18 | |
| 229:10-16 | R, V, F, 403-P | | |
| 229:19-20 | R, V, F, 403-P | | |
| 230:8-11 | R, F, 403-P | | |
| 230:14-23 | R, V, 403-P | | |
| 230:25:231:6 | R, V, 403-P | | |
| 231:8-12 | R, V, 403-P | | |
| 232:17-20 | V | | |

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 234:5-14 | R, AAA, 403-P | | |
| 234:16-235:7 | R, 403-P | 235:8-12 | R, 403P, H |
| 235:13-14 | R, 403-P | 235:8-12 | R, 403P, H |
| 235:17-236:5 | R, F, H, V, 403-P | | |
| 236:7-25 | R, F, H, V, 403-P | 237:1-4 | R, 403P, H |
| 237:5-19 | R, 403-P; AF (237:15-19) | 237:1-4 | R, 403P, H |
| 237:21-238:2 | R, 403-P | | |
| 241:25-242:6 | R, 403-P, ARG, MT, V, F, CLC | 210:4-7, 210:10-15 | F, CS, 602 |
| 242:10-18 | R, 403-P, ARG, MT, V, F, CLC | 210:4-7, 210:10-15 | F, CS, 602 |
| 242:21-24 | R, 403-P, ARG, MT, V, F, CLC | 210:4-7, 210:10-15 | F, CS, 602 |
| 243:6-9 | R, 403-P, V, F, CLC | 210:4-7, 210:10-15 | F, CS, 602 |
| 243:12 | R, 403-P, V, F, CLC | | |
| 244:7-11 | R, 403-P, ARG, V, F, CLC | 206:22-207:2 | V, R |
| | | 207:4-13 | V, COMP, CS, R |
| | | 207:18-208:2 | V, COMP, CS, R |
| | | 208:4-21, 23 | V, R |
| 244:14-245:19 | R, 403-P, ARG, V, F, CLC | 206:22-207:2 | V, R |
| | | 207:4-13 | V, COMP, CS, R |
| | | 207:18-208:2 | V, COMP, CS, R |
| | | 208:4-21, 23 | V, R |

| Schrader's Designations | | Bridgestone's Counter Designations | |
| --- | --- | --- | --- |
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 245:22-246:6 | R, 403-P, V, F, CLC | 206:22-207:2 | V, R |
| | | 207:4-13 | V, COMP, CS, R |
| | | 207:18-208:2 | V, COMP, CS, R |
| | | 208:4-21, 23 | V, R |
| 246:7-16 | R, 403-P | | |
| 248:12-15 | R, 403-P | | |
| 248:22-249:7 | R, 403-P | | |
| 250:7-12 | R, 403-P | | |
| 250:18-19 | R, 403-P | | |
| 253:4-7 | R, 403-P, MT | | |
| 253:10 | R, 403-P, MT | | |
| 253:13-14 | R, 403-P, MT | | |
| 253:24-254:3, 5 | R, 403-P, V | | |
| 254:9-255:23 | R, 403-P; F (255:20-23) | | |
| 256:1-23 | R, 403-P; F (256:3-5) | | |
| 257:3-258:20 | R, 403-P; F (258:19-20) | | |
| 258:23-260:16 | R, 403-P, F | | |
| 260:19-261:20 | R, 403-P, F | | |
| 261:23-25 | R, 403-P, F, CS | | |
| 262:3-18 | R, 403-P, F | | |
| 262:20-263:9 | R, 403-P, F | | |
| 263:12-264:15 | R, 403-P, F | | |

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 264:17-266:5 | R, 403-P, F | | |
| 266:8-14 | R, 403-P, F | | |
| 266:17-267:6 | R, 403-P, F | 267:7-11 | INQA, R, H |
| 267:13-268:4 | R, 403-P, F | 267:7-11 | INQA, R, H |
| 268:7-12, 15 | R, 403-P, F | | |
| 279:1-25 | Not testimony | | |

8. **Deposition of John Rensel, taken on 10.22.14:**

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 7:24-8:3 | NT | | |
| 8:11-15 | | | |
| 10:19-12:12 | | | |
| 26:7-8 | NE, R; H; 403-P | | |
| 26:22-27:2 | R; H; 403-P | | |
| 56:2-3 | F; AF; CS; R | 56:4 | Not Testimony, IMPC |
| 56:5-14 | NE, F; AF; CS; R; H | | |
| 56:24-57:9 | 403-P; R; CS | | |
| 58:13-59:2 | 403-P; R; CS | 59:9-13 | R, F, CS, IMPC, H |
| 62:22-24 | 403-P; R; V; CS | 62:25 | Not Testimony, IMPC |
| 63:1-15 | 403-P; R; V; CS; H | 63:16-17 | Not Testimony, IMPC |

71

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 63:18-65:5 | 403-P; R; CS; H | | |
| 66:7-68:3 | 403-P; R; CS; H | | |
| 70:5-71:6 | 403-P; R; CS; H | 71:7 | Not Testimony, IMPC |
| 71:8-11 | 403-P; R; CS | | |
| 85:23-86:13 | NE, H; 403-P; R; CS; F; V | 86:14 | Not Testimony, IMPC |
| 86:15-21 | H; 403-P; R; CS; F | 86:22-23 | Not Testimony, IMPC |
| 86:24-87:5 | 403-P; R; CS; F; V | 87:6-7 | Not Testimony, IMPC |
| 87:8-10 | 403-P; R; CS; AAA | 87:11 | Not Testimony, IMPC |
| 87:12-23 | 403-P; R | | |
| 95:11-96:4 | 403-P; R; F; CS | 96:5-9 | Not Testimony, IMPC |
| 96:10-18 | 403-P; R; F; CS | 96:19-20 | Not Testimony, IMPC |
| 96:21-22 | 403-P; R; F; CS | | |
| 105:17-19 | NE, H | 106:23-107:3 | Not Testimony, IMPC |
| 109:10-110:23 | H | | |
| 111:21-112:11 | V; AF; F; CS | 112:12-13 | Not Testimony, IMPC |
| 112:14-16 | V; AF; F; CS | | |
| 112:25-113:1 | V; AF; F; CS | 113:2 | Not Testimony, IMPC |
| 113:3-13 | F; CS | | |
| 116:16-23 | AF; F; CS; 403-P; R | 116:24-25 | Not Testimony, IMPC |
| 117:1-4 | AF; F; CS; 403-P; R | 117:5 | Not Testimony, IMPC |
| 117:6-15 | AF; F; CS; 403-P; R; V | 117:16-17 | Not Testimony, IMPC |
| 117:18-20 | AF; F; V; CS; R; 403-P | 117:21, 117:24-118:4 | R, IMPC, H |
| 117:22-23 | AF; F; CS; R; 403-P | | |

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 132:21-133:21 | NE, H; AF; F; 403-P; R | 133:25-134:2 | R, 403C, AAA, H |
| 134:19-135:6 | AF; F; CS; 403-P; R | 135:7-8 | Not Testimony, IMPC |
| 135:9-11 | AF; F; CS; 403-P; R | | |
| 137:6-10 | AF; F; CS; V; 403-P; R | 137:11-12 | Not Testimony, IMPC |
| 137:13-25 | AF; F; CS; V; 403-P; R | 138:1-2 | Not Testimony, IMPC |
| 138:3-6, 8 | AF; F; CS; V; 403-P; R | 138:7 | Not Testimony, IMPC |
| 142:7-143:20 | NE, H; AF; F; R; CS; 403-P | 143:21-23 | Not Testimony, IMPC |
| 143:24-144:2 | H; AF; F; R; CS; 403-P | 144:3-4 | Not Testimony, IMPC |
| 144:5-10 | NE, H; AF; F; R; CS; 403-P | 144:11 | Not Testimony, IMPC |
| 144:12-21, 23 | H; AF; F; R; CS | 144:22, 144:24 | Not Testimony, IMPC |
| 148:20-151:11 | NE, H, 403-P, R | | |
| 177:6-9 | V, MT, 403-P, R | 177:10 | Not Testimony, IMPC |
| 177:11-178:5 | V, R, 403-P, CS, Mt | 178:6-7 | Not Testimony, IMPC |
| 178:8-9 | | | |
| 178:15-179:7 | NE, H, 403-P | | |
| 180:11-16 | V, R, 403-P, COMP | 180:17-18 | Not Testimony, IMPC |
| 180:19-182:16 | NE, H, R, 403-P | | |
| 182:21-184:3 | R, 403-P, H, V | 184:4 | Not Testimony, IMPC |
| 184:5-25 | MT, CS | 185:1-4 | Not Testimony, IMPC |
| 185:5-10 | V, CS, F, AF | 185:11-12 | Not Testimony, IMPC |
| 185:13-186:3 | MD, R, 403-P, CS | 186:4-5 | Not Testimony, IMPC |
| 186:6-19 | MD, R, 403-P, CS | 186:20-21 | Not Testimony, IMPC |
| 186:22-187:1 | | 187:3-12 | R, F, CS, H |

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 188:1-6 | LF, AF, CS, F | 188:7-8 | Not Testimony, IMPC |
| 188:9-16 | R, 403-P | | |
| 195:11-19 | R, 403-P, CS, MD, AAA, V | 195:20-22 | Not Testimony, IMPC |
| 195:23-196:7 | V, R, 403-P | 196:8 | Not Testimony, IMPC |
| 196:9-19 | H, NE, V, MD | 196:20-21 | Not Testimony, IMPC |
| 196:22-197:13 | R, 403-P, V, F, AF | 197:14-15, 17 | Not Testimony, IMPC |
| 197:16 | R, 403-P, F, AF, V | 197:14-15, 17 | Not Testimony, IMPC |
| 197:18-199:6 | H, NE, R, 403-P, F, AF | 199:7-8 | Not Testimony, IMPC |
| 199:9-20 | R, 403-P, CS, F, AF | 199:21-22 | Not Testimony, IMPC |
| 199:23-200:18 | H, R, 403-P, V | 200:19-20 | Not Testimony, IMPC |
| 200:21-201:7 | MD | 201:8-9 | Not Testimony, IMPC |
| 201:10-202:4 | V | 202:5 | Not Testimony, IMPC |
| 202:6-203:16 | H, NE, AF, F, CS, V, R, 403-P | 203:17-18, 83:5-16, 84:6-9 | IMPC, R, 403P, H |
| 203:19-204:2, 5 | AF, F, CS, C, R, 403-P | 204:3-4, 83:5-16, 84:6-9 | IMPC, R, 403P, H |
| 205:10-207:8 | H, NE, AF, F, 403-P, R | 207:9 | Not Testimony, IMPC |
| 207:10-16 | CS, AF, F, 403-P, R | 207:17-19 | Not Testimony, IMPC |
| 207:20-24 | AF, F, 408-P, R | 207:25-208:1 | Not Testimony, IMPC |
| 208:2-8 | AF, F, 408-P, R | 208:9-11 | Not Testimony, IMPC |
| 208:12-13 | AF, F, 408-P, R | 208:14 | Not Testimony, IMPC |
| 208:15-22 | V, Cs, H, F, AF, 403-P, R | 208:23-24 | Not Testimony, IMPC |

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 208:25-209:9 | V, CS, F, AF; 403-P, R | 209:10-12, 83:5-16, 84:6-9 | IMPC, R, 403P, H |
| 209:13-210:11 | MT, 403-P, R | 210:12-13, 83:5-16, 84:6-9 | IMPC, R, 403P, H |
| 210:14-17 | | | |
| 211:12-212:1 | H, NE, 403-P, R | | |
| 212:3-24 | MT, V, 403-P, R | 212:25-213:2 | Not Testimony, IMPC |
| 213:3-6 | V, COMP, 403-P, R | 213:7-8 | Not Testimony, IMPC |
| 213:9-214:11 | V, COMP, 403-P, R | 214:12-14 | Not Testimony, IMPC |
| 214:15-215:1 | V, H, COMP, 403-P, R | 215:2-3 | Not Testimony, IMPC |
| 215:4-13 | AAA, H, R | 215:14-15 | Not Testimony, IMPC |
| 215:16-216:17 | V, AF, F, R, 403-P | 216:18 | Not Testimony, IMPC |
| 216:19-217:5 | V, R, 403-P | 217:6, 83:5-16 | IMPC, R, 403P, H |
| 217:7-17 | | | |
| 218:2-3 | H, NE | | |
| 218:10-21 | AF, F, MD, V, R, 403-P | 218:22-24 | Not Testimony, IMPC |
| 218:25-219:7 | AF, F, MD, V, R, 403-P | 219:8-10 | Not Testimony, IMPC |
| 219:11-21 | AF, F, MD, V, R, 403-P | 219:22-25 | Not Testimony, IMPC |
| 220:4 | | | |
| 223:9-12 | AF, F, MD, V, AAA, R, 403-P | 223:13 | Not Testimony, IMPC |
| 223:14-15 | V, R, 403-P | 223:16 | Not Testimony, IMPC |

75

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 223:20-224:2 | MD, R, 403-P | 224:3-5 | Not Testimony, IMPC |
| 224:11-225:6 | 403-P, R | 226:14-16 | Not Testimony, IMPC |
| 225:21-226:13 | H, NE, MD, R, 403-P | 226:14-16 | Not Testimony, IMPC |
| 226:21-227:8 | H, CS, R, 403-P | 227:9 | Not Testimony, IMPC |
| 227:11-19 | H, V, R, 403-P | 227:19-20 | Not Testimony, IMPC |
| 227:21-228:7, 11 | MD, V, MT, 701, 403-P, R | 228:8-10 | Not Testimony, IMPC |
| 229:3-8, 12 | MD, COMP, V, 403-P, R | 229:9-11 | Not Testimony, IMPC |
| 231:25-232:7 | COMP, AF, F, CS, R, 403-P, MT | 232:8-9 | Not Testimony, IMPC |
| 232:10-16 | V, AF, F, 403-P, R | 232:17-18 | Not Testimony, IMPC |
| 232:19-23 | V, 403-P, R | 232:24-25 | Not Testimony, IMPC |
| 233:1-5 | V, CS, 403-P, R | 233:6-7 | Not Testimony, IMPC |
| 233:8-11 | V, F, AF, CS, 403-P, R | 233:12-13 | Not Testimony, IMPC |
| 233:14-20 | V, CS, 403-P, R | 233:21-22 | Not Testimony, IMPC |
| 233:23-234:1, 3 | C, V, 403-P, R | 234:2, 4 | Not Testimony, IMPC |
| 234:5-9 | V, R, 403-P | 234:10-11 | Not Testimony, IMPC |
| 234:12-22 | V, AF, F, R | 234:23-24 | Not Testimony, IMPC |
| 234:25-235:18 | R, 403-P | 235:19-20 | Not Testimony, IMPC |
| 235:21-23 | | | |
| 236:1-4 | R, COMP | 236:5 | Not Testimony, IMPC |
| 236:6-11 | | | |
| 245:1-246:13 | NT | | |

**9.   Deposition of Barry Rexroad, taken on 10.24.14:**

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 7:20-8:4 | Not testimony | | |
| 9:17-10:5 | | 9:3-18, 15:12-16:14, 17:15-18:3, 18:21-23 | IMPC, H, 403C |
| 42:4-21, 24 | R, 1002, CS | | |
| 43:1-3 | R, 1002, CS, V, F | | |
| 43:5-7 | R, 403-P, V, F | | |
| 46:6-7 | R, 403-P, V | | |
| 46:9-15 | R, 403-P, V | | |
| 46:17-47:14 | R, 403-P, V, 1002, CLC, F | | |
| 47:19, 21 | R, 403-P, V, 1002, CLC, F | | |
| 47:23-48:5 | R, 403-P, V, CLC, F | | |
| 48:13-48:20 | R, 403-P, V, CLC, MT, AF, F | | |
| 48:22-23 | R, 403-P, V, CLC, MT, AF, F | | |
| 49:1-8 | R, 403-P, V, CLC, MT, AF, F | | |
| 49:10-17 | R, 403-P, V, CS | | |
| 49:21-23 | R, 403-P, V | | |
| 49:25-50:5 | R, 403-P, V | | |
| 50:7-17 | R, 403-P, V, CS | | |
| 50:23-51:3 | R, 403-P, V, CS, MT | | |
| 51:6-11 | R, 403-P, MT | | |
| 51:15-17 | R, 403-P, V | | |
| 51:19-52:3 | R, 403-P, V | | |

77

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 52:7-9 | R, 403-P, V | | |
| 55:10-14 | R, 403-P, V, CS | | |
| 55:17-56:1 | R, 403-P, V, CS, F | | |
| 56:5-8 | R, 403-P, V, F | | |
| 56:10-25 | R, 403-P, V, F | | |
| 57:3-11, 13 | R, 403-P, V, F, CS | | |
| 57:16-23 | R, 403-P, V, F, CS | | |
| 58:16-25 | R, 403-P, V, F | | |
| 59:2-10 | R, 403-P, V, F | | |
| 59:12-60:7 | R, 403-P, V, F | | |
| 60:9-23 | R, 403-P, V, F | | |
| 61:1-62:12 | R, 403-P, V, F, NT | | |
| 65:1-18 | R, 403-P, V, CS | | |
| 65:21-66:9 | R, 403-P, V, CS, NE,  F, H | | |
| 66:11-67:17 | R, 403-P, V, H, 1002, CS, F | | |
| 67:20-68:7 | R, 403-P, CS,  F | | |
| 68:12-13 | R, 403-P, CS | | |
| 68:16-69:1 | R, 403-P, CS, 1002, H, F | | |
| 69:11-70:3 | R, 403-P, V, 1002, F, H | | |
| 70:5-12 | R, 403-P, V, F | | |
| 70:15-22, 24 | R, 403-P, V, F | | |
| 71:1-3 | R, 403-P, CS, F | | |
| 71:6-10 | R, 403-P, V, CS, F | | |

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 71:12-21 | R, 403-P, V, CS, INC, F | 71:18-22 | IMPC, H, 403C, CS |
| 72:2-8 | R, 403-P, V, CS | | |
| 72:11-12 | R, 403-P, V | | |
| 99:6-24 | PRIV, R, 403-P, CS, 1002, NE (exhibit) | 247:12-25 | IMPC, H, 403C, CS, R, L |
| 100:2-16 | PRIV, R, 403-P, CS | 247:12-25 | IMPC, H, 403C, CS, R, L |
| 100:19-101:1 | PRIV, R, 403-P, CS | 247:12-25 | IMPC, H, 403C, CS, R, L |
| 101:4-13 | PRIV, R, 403-P, CS | 247:12-25 | IMPC, H, 403C, CS, R, L |
| 101:15-21 | PRIV, R, 403-P, CS, F, V | 247:12-25 | IMPC, H, 403C, CS, R, L |
| 101:24-102:8 | PRIV, R, 403-P, CS, F, V | 247:12-25 | IMPC, H, 403C, CS, R, L |
| 102:11-103:4 | PRIV, R, 403-P, CS, V, 1002 | 247:12-25 | IMPC, H, 403C, CS, R, L |
| 103:7-14 | PRIV, R, 403-P, CS, V, 1002 | 247:12-25 | IMPC, H, 403C, CS, R, L |
| 103:17-104:4 | PRIV, R, 403-P, CS, V, 1002 | 247:12-25 | IMPC, H, 403C, CS, R, L |
| 104:7-17 | PRIV, R, 403-P, CS, 1002, F | 247:12-25 | IMPC, H, 403C, CS, R, L |
| 104:20-23 | PRIV, R, 403-P, CS, 1002, F | 247:12-25 | IMPC, H, 403C, CS, R, L |
| 105:1 | PRIV, R, 403-P, CS, | 247:12-25 | IMPC, H, 403C, CS, R, L |
| 105:4-6 | PRIV, R, 403-P, CS | 247:12-25 | IMPC, H, 403C, CS, R, L |
| 105:9-12 | PRIV, R, 403-P, CS | 247:12-25 | IMPC, H, 403C, CS, R, L |
| 105:14-106:5 | PRIV, R, 403-P, CS | 247:12-25 | IMPC, H, 403C, CS, R, L |
| 106:8-19 | PRIV, R, 403-P, CS | 247:12-25 | IMPC, H, 403C, CS, R, L |
| 106:22-107:7 | PRIV, R, 403-P, CS | 247:12-25 | IMPC, H, 403C, CS, R, L |
| 107:9-15 | PRIV, R, 403-P, CS, F | 247:12-25 | IMPC, H, 403C, CS, R, L |
| 107:18-25 | PRIV, R, 403-P, CS, F, ARG, COMP | 247:12-25 | IMPC, H, 403C, CS, R, L |

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 108:3-22 | PRIV, R, 403-P, CS, PRIV, V, ARG, COMP | 247:12-25 | IMPC, H, 403C, CS, R, L |
| 108:25-109:5 | PRIV, R, 403-P, CS, V, ARG, COMP | 247:12-25 | IMPC, H, 403C, CS, R, L |
| 109:7-12 | PRIV, R, 403-P, V, CS | 247:12-25 | IMPC, H, 403C, CS, R, L |
| 109:16-17 | PRIV, R, 403-P, V, CS | 247:12-25 | IMPC, H, 403C, CS, R, L |
| 109:20-25 | PRIV, R, 403-P, V, CS | 247:12-25 | IMPC, H, 403C, CS, R, L |
| 112:24-113:12 | R, 403-P, NE (document), 1002 | 247:12-25 | IMPC, H, 403C, CS, R, L |
| 116:12-14 | R, 403-P, V, CS, F | 247:12-25 | IMPC, H, 403C, CS, R, L |
| 116:17-23 | R, 403-P, V, CS, F | 247:12-25 | IMPC, H, 403C, CS, R, L |
| 117:1-7 | R, 403-P, V, CS, F | 247:12-25 | IMPC, H, 403C, CS, R, L |
| 117:10-16 | R, 403-P, V, CS, F | 247:12-25 | IMPC, H, 403C, CS, R, L |
| 117:19-23 | R, 403-P, CS, V | 247:12-25 | IMPC, H, 403C, CS, R, L |
| 117:25-118:7 | R, 403-P, V, CS, COMP, F | 247:12-25 | IMPC, H, 403C, CS, R, L |
| 118:11-17 | R, 403-P, V, CS, COMP, F | 247:12-25 | IMPC, H, 403C, CS, R, L |
| 121:2-124:2 | R, 403-P, PRIV, 1002, CS, ARG, NT, NE, LA, F | 247:12-25 | IMPC, H, 403C, CS, R, L |
| 124:6-9 | R, 403-P, CS, F | 247:12-25 | IMPC, H, 403C, CS, R, L |
| 124:11-16 | R, 403-P, CS, F | 247:12-25 | IMPC, H, 403C, CS, R, L |
| 124:19-125:13 | R, 403-P, CS, F | 247:12-25 | IMPC, H, 403C, CS, R, L |
| 125:17-18 | R, 403-P, V, F | 247:12-25 | IMPC, H, 403C, CS, R, L |
| 125:20-126:9 | R, 403-P, V, CS, PRIV, F | 247:12-25 | IMPC, H, 403C, CS, R, L |
| 126:12-22 | R, 403-P, V, CS, COMP | 247:12-25 | IMPC, H, 403C, CS, R, L |
| 126:25-127:10 | R, 403-P, V, CS, COMP, F | 247:12-25 | IMPC, H, 403C, CS, R, L |

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 127:13-21 | R, 403-P, V, CS | 247:12-25 | IMPC, H, 403C, CS, R, L |
| 127:23-128:6 | R, 403-P, V, CS | 247:12-25 | IMPC, H, 403C, CS, R, L |
| 128:9-14 | R, 403-P, V, CS | 247:12-25 | IMPC, H, 403C, CS, R, L |
| 128:17-129:10 | R, 403-P, V, CS, F | 247:12-25 | IMPC, H, 403C, CS, R, L |
| 129:13-14 | R, 403-P, V, CS | 247:12-25 | IMPC, H, 403C, CS, R, L |
| 197:12-22 | R, 403-P, NT | | |
| 198:3-17 | R, 1002, NE, 403-P | | |
| 200:11-201:4 | R, 403-P, V, | 248:24-249:1, 249:4-14 | IMPC, H, F, 403C, CS, R, L |
| 201:6-23 | | | |
| 203:4-16 | V | 248:24-249:1, 249:4-14 | IMPC, H, F, 403C, CS, R, L |
| 203:18-204:13 | V, F | 248:24-249:1, 249:4-14 | IMPC, H, F, 403C, CS, R, L |
| 204:15-205:9 | V, F | 248:24-249:1, 249:4-14 | IMPC, H, F, 403C, CS, R, L |
| 209:5-6 | V, R, 403-P | | |
| 209:8-20 | V, R, 403-P, | | |
| 209:22-211:7 | V, R, 403-P, H, CS, F | | |
| 211:9-21 | V, R, 403-P, H, CS, F | | |
| 211:24-212:14, 17 | V, R, 403-P, H, CS, F | | |
| 212:24-213:14 | V, R, 403-P, CS, F | 248:24-249:1, 249:4-14 | IMPC, H, F, 403C, CS, R, L |
| 213:17-22 | V, R, CS, F | 248:24-249:1, 249:4-14 | IMPC, H, F, 403C, CS, R, L |

| Schrader's Designations | | Bridgestone's Counter Designations | |
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| --- | --- | --- | --- |
| 213:25-214:20 | V, R, CS, F | 248:24-249:1, 249:4-14 | IMPC, H, F, 403C, CS, R, L |
| 214:22-217:11 | R, 1002, V, 403-P, MD, NE, F, H | 248:24-249:1, 249:4-14 | IMPC, H, F, 403C, CS, R, L |
| 217:14-24 | R, V, 1002, F | 248:24-249:1, 249:4-14 | IMPC, H, F, 403C, CS, R, L |
| 218:2-17 | R, CS, F | 248:24-249:1, 249:4-14 | IMPC, H, F, 403C, CS, R, L |
| 218:20-219:3 | R, CS | 248:24-249:1, 249:4-14 | IMPC, H, F, 403C, CS, R, L |
| 219:5-10 | R, 403-P, V | 248:24-249:1, 249:4-14 | IMPC, H, F, 403C, CS, R, L |
| 219:12-20 | R, 403-P, V, F | 248:24-249:1, 249:4-14 | IMPC, H, F, 403C, CS, R, L |
| 219:22-220:12 | R, 403-P, V, F | 248:24-249:1, 249:4-14 | IMPC, H, F, 403C, CS, R, L |
| 221:25-222:24 | R, 403-P, V, H, 1002 | | |
| 223:1-11 | R, 403-P, V | 224:3-6, 224:8-10 | IMPC, H, F, 403C, CS, R, 602 |
| 224:12-225:11 | R, 403-P | | |
| 225:15-17 | R, 403-P, V, F | | |
| 225:20-25 | R, 403-P, V, F | | |
| 226:10-14 | R, 403-P, CS | | |
| 226:17-227:7 | R, 403-P, V, F | | |
| 227:9-228:5 | R, 403-P, V, CS, F | | |
| 228:8-15 | R, 403-P, MT, CS, F | | |
| 228:18-229:10 | R, 403-P, MT, CS, F | | |

82

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 229:13-18 | R, 403-P, CS, AA, F | | |
| 229:20-25 | R, 403-P, AA, V, F | | |
| 230:2-16 | R, 403-P, V, CS, F | | |
| 230:20-23 | R, 403-P, CS, F | | |
| 230:25-231:8 | R, 403-P, CS, F | | |
| 231:11-14 | R, V, CS | | |
| 254:10-22 | Not testimony | | |

**10. Deposition of Guy Walenga, 30(b)(6) deposition, taken on 11.19.14:**

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 6:1-8:23 | Not testimony (6:1-4); R (6:3-10); R, 403 P (8:1—23) | 9:14–10:12, 12:1-8, 148:14–149:4 | R, 403P, H |
| 60:9-61:13 | AF, F, R, 403-P | 29:21-30:1, 30:5-15 | R, 403P, IMPC, H |
| | | 15:6–16:24 | R, 403P, IMPC, H |
| | | 17:6-13 | R, 403P, CS, IMPC, H |
| | | 18:10–19:23, 20:1-4 | R, 403P, F, H, CS, F, IMPC |
| | | 25:5-15, 25:18-21, 25:24, 28:10-17 | F, R, 403P, IMPC, H |
| | | 30:22–31:5, 31:13–32:7, 50:10–52:19, 52:21–53:1, 53:3–54:1, 56:17–57:1, 58:22–59:11, 61:5-8, 66:18-24 | R, 403P, IMPC, H |

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 61:16 | AF, F, R, 403-P | 29:21-30:1, 30:5-15 | R, 403P, IMPC, H |
| | | 15:6–16:24 | R, 403P, IMPC, H |
| | | 17:6-13 | R, 403P, CS, IMPC, H |
| | | 18:10–19:23, 20:1-4 | R, 403P, F, H, CS, F, IMPC |
| | | 25:5-15, 25:18-21, 25:24, 28:10-17 | F, R, 403P, IMPC, H |
| | | 30:22–31:5, 31:13–32:7, 50:10–52:19, 52:21–53:1, 53:3–54:1, 56:17–57:1, 58:22–59:11, 61:5-8, 66:18-24 | R, 403P, IMPC, H |
| 61:19 | AF, F, R, 403-P | 29:21-30:1, 30:5-15 | R, 403P, IMPC, H |
| | | 15:6–16:24 | R, 403P, IMPC, H |
| | | 17:6-13 | R, 403P, CS, IMPC, H |
| | | 18:10–19:23, 20:1-4 | R, 403P, F, H, CS, F, IMPC |
| | | 25:5-15, 25:18-21, 25:24, 28:10-17 | F, R, 403P, IMPC, H |
| | | 30:22–31:5, 31:13–32:7, 50:10–52:19, 52:21–53:1, 53:3–54:1, 56:17–57:1, 58:22–59:11, 61:5-8, 66:18-24 | R, 403P, IMPC, H |
| 127:19-128:9 | R, V, F, 403-P | | |

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 128:12-25 | R, V, F, 403-P | 71:21–72:20 | R, 403P, IMPC, H |
| | | 79:16-24, 80:1-81:2 | R, 403P, F, IMPC, H |
| | | 86:21–87:9 | R, 403P, H |
| | | 87:12-17, 87:20–88:5 | R, 403P, F, H |
| | | 88:10-12 | R, 403P, V, H |
| | | 88:16 | R, 403P, INQA, H |
| | | 88:18–89:11, 89:14-17 | R, 403P, V, AAA, CS, H |
| | | 90:1-25 | R, 403P, AAA, H |
| | | 91:3-13 | R, 403P, V, AAA, CS, H |
| | | 91:17–92:21 | R, 403P, V, CS, H |
| | | 162:23–163:3, 163:13-16, 163:19-20, 92:24–95:18 | R, 403P, H |
| | | 103:3–104:6 | R, 403P, F, CS, H, IMPC, H |
| | | 105:24–106:25, 107:3–109:9 | R, 403P, IMPC, H |
| | | 110:16-24, 111:1 | R, 403P, F, IMPC, H |
| | | 111:24–116:12 | R, 403P, IMPC, H |
| | | 135:10–136:8, 136:11-25 | R, 403P, V, H |
| | | 137:10-12 | R, 403P, H |
| | | 148:14–149:4 | R, 403P, IMPC, H |

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 144:3-12 | R, V, 403-P, CS, AF | 71:21–72:20 | R, 403P, IMPC, H |
| | | 79:16-24, 80:1-81:2 | R, 403P, F, IMPC, H |
| | | 86:21–87:9 | R, 403P, H |
| | | 87:12-17, 87:20–88:5 | R, 403P, F, H |
| | | 88:10-12 | R, 403P, V, H |
| | | 88:16 | R, 403P, INQA, H |
| | | 88:18–89:11, 89:14-17 | R, 403P, V, AAA, CS, H |
| | | 90:1-25 | R, 403P, AAA, H |
| | | 91:3-13 | R, 403P, V, AAA, CS, H |
| | | 91:17–92:21 | R, 403P, V, CS, H |
| | | 162:23–163:3, 163:13-16, 163:19-20, 92:24–95:18 | R, 403P, H |
| | | 103:3–104:6 | R, 403P, F, CS, H, IMPC, H |
| | | 105:24–106:25, 107:3–109:9 | R, 403P, IMPC, H |
| | | 110:16-24, 111:1 | R, 403P, F, IMPC, H |
| | | 111:24–116:12 | R, 403P, IMPC, H |
| | | 135:10–136:8, 136:11-25 | R, 403P, V, H |
| | | 137:10-12 | R, 403P, H |
| | | 148:14–149:4 | R, 403P, IMPC, H |

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 144:15-22 | R, V, 403-P, CS, AF | 71:21–72:20 | R, 403P, IMPC, H |
| | | 79:16-24, 80:1-81:2 | R, 403P, F, IMPC, H |
| | | 86:21–87:9 | R, 403P, H |
| | | 87:12-17, 87:20–88:5 | R, 403P, F, H |
| | | 88:10-12 | R, 403P, V, H |
| | | 88:16 | R, 403P, INQA, H |
| | | 88:18–89:11, 89:14-17 | R, 403P, V, AAA, CS, H |
| | | 90:1-25 | R, 403P, AAA, H |
| | | 91:3-13 | R, 403P, V, AAA, CS, H |
| | | 91:17–92:21 | R, 403P, V, CS, H |
| | | 162:23–163:3, 163:13-16, 163:19-20, 92:24–95:18 | R, 403P, H |
| | | 103:3–104:6 | R, 403P, F, CS, H, IMPC, H |
| | | 105:24–106:25, 107:3–109:9 | R, 403P, IMPC, H |
| | | 110:16-24, 111:1 | R, 403P, F, IMPC, H |
| | | 111:24–116:12 | R, 403P, IMPC, H |
| | | 135:10–136:8, 136:11-25 | R, 403P, V, H |
| | | 137:10-12 | R, 403P, H |
| | | 148:14–149:4 | R, 403P, IMPC, H |

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 144:25-148:11 | R, V, 4043-P, AF | 71:21–72:20 | R, 403P, IMPC, H |
| | | 79:16-24, 80:1-81:2 | R, 403P, F, IMPC, H |
| | | 86:21–87:9 | R, 403P, H |
| | | 87:12-17, 87:20–88:5 | R, 403P, F, H |
| | | 88:10-12 | R, 403P, V, H |
| | | 88:16 | R, 403P, INQA, H |
| | | 88:18–89:11, 89:14-17 | R, 403P, V, AAA, CS, H |
| | | 90:1-25 | R, 403P, AAA, H |
| | | 91:3-13 | R, 403P, V, AAA, CS, H |
| | | 91:17–92:21 | R, 403P, V, CS, H |
| | | 162:23–163:3, 163:13-16, 163:19-20, 92:24–95:18 | R, 403P, H |
| | | 103:3–104:6 | R, 403P, F, CS, H, IMPC, H |
| | | 105:24–106:25, 107:3–109:9 | R, 403P, IMPC, H |
| | | 110:16-24, 111:1 | R, 403P, F, IMPC, H |
| | | 111:24–116:12 | R, 403P, IMPC, H |
| | | 135:10–136:8, 136:11-25 | R, 403P, V, H |
| | | 137:10-12 | R, 403P, H |
| | | 148:14–149:4 | R, 403P, IMPC, H |

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 180:1-25 | Not testimony | | |

**11.  Deposition of Guy Walenga, taken on 11.19.14:**

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 6:7-8:4 | NT, R, 403-P, CS, V | | |

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 8:12-9:18 | R, 403-P, CS, V | **30(b)(6) depo:** | |
| | | 29:21-30:1; 30:5-15, 15:6–16:24 | R, 403P, IMPC, H |
| | | 17:6-13 | R, 403P, CS, IMPC. H |
| | | 18:10–19:23, 20:1-4 | R, 403P, F, H, CS, F, IMPC |
| | | 25:5-15, 25:18-21, 25:24, 28:10-17 | F, R, 403P, IMPC, H |
| | | 30:22–31:5, 31:13–32:7, 50:10–52:19, 52:21–53:1, 53:3–54:1, 56:17–57:1, 58:22–59:11, 61:5-8, 66:18-24, 71:21–72:20 | R, 403P, IMPC, H |
| | | 79:16-24, 80:1–81:2 | R, 403P, F, IMPC, H |
| | | 86:21–87:9 | R, 403P, IMPC, H |
| | | 87:12-17, 87:20–88:5 | R, 403P, F, IMPC, H |
| | | 88:10-12 | R, 403P, V, IMPC, H |
| | | 88:16 | R, 403P, INQA, IMPC, H |
| | | 88:18–89:11, 89:14-17 | R, 403P, V, AAA, CS, IMPC, H |
| | | | R, 403P, AAA, IMPC, H |
| | | 90:1-25 | R, 403P, V, AAA, CS, IMPC, H |
| | | 91:3-13 | R, 403P, V, CS, IMPC, H |
| | | 91:17–92:21 | |

90

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 8:12-9:18 (continued) | R, 403-P, CS, V | 162:23–163:3, 163:13-16, 163:19-20, 92:24–95:18 | R, 403P, IMPC , H |
| | | 103:3–104:6 | R, 403P, F, CS, H, IMPC, H |
| | | 105:24–106:25, 107:3–109:9 | R, 403P, IMPC, H |
| | | 110:16-24, 111:1 | R, 403P, F, IMPC, H |
| | | 111:24–116:12 | R, 403P, IMPC, H |
| | | 135:10–136:8 | R, 403P, V, H |
| | | 136:11-25 | R, 403P, V, IMPC, H |
| | | 137:10-12, 148:14-149:4 | R, 403P, IMPC, H |
| 9:21-10:4 | R, 403-P, V | | |
| 10:6-11:2 | R, 403-P, V | | |
| 11:11-12:14 | R, 403-P, AF, F, MT | | |
| 12:19-13:10 | R, 403-P, AF, F, MT | | |
| 13:15-22 | R, 403-P, AF, F, MT, AA | | |
| 13:25-14:1 | R, 4043-P, AA | 14:3-8 | R, H |
| 15:2-5 | R, 403-P, AF, F | | |
| 15:9-16:2 | R, 403-P, AF, F, V | | |
| 16:7-17:2 | R, 403-P, AF, F | | |
| 17:5-18:5 | R, 403-P, AF, F, V, H | | |
| 18:7-19:3 | R, 403-P, AF, F, V, H | | |
| 19:6-20:1 | R, 403-P, AF, F, V | | |

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 20:4-17 | R, 403-P, AF, F, MD | | |
| 20:20-23 | R, 403-P, AF, F MD, V | | |
| 21:1-5 | R, 403-P, AF, F, V, H | | |
| 21:9-22:7 | R, 403-P, AF, F, V | | |
| 22:10-14 | R, 403-P, AF, F, V | | |
| 22:17-24 | R, 403-P, AF, F, V, CS | | |
| 23:2-25:16 | R, 403-P, AF, F, V, CS | | |
| 25:19-26:16 | R, 403-P, 1002, AF, F | | |
| 26:21-27:7 | R, 403-P, V, 1002, AF, F, CS | | |
| 27:12-24 | R, 403-P, V, 1002, AF, F, CS | | |
| 28:1-29:14 | R, 403-P, ARG, V, | | |

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 29:17-32:2 | R, 403-P, AF, COMP, V | **30(b)(6) depo:** | |
| | | 29:21-30:1; 30:5-15, 15:6–16:24 | R, 403P, IMPC, H |
| | | 17:6-13 | R, 403P, CS, IMPC, H |
| | | 18:10–19:23 | R, 403P, F, H, CS, F, IMPC, H |
| | | 20:1-4 | |
| | | 25:5-15, 25:18-21, 25:24, 28:10-17 | F, R, 403P, IMPC, H |
| | | 30:22–31:5, 31:13–32:7, 50:10–52:19, 52:21–53:1, 53:3–54:1, 56:17–57:1, 58:22–59:11, 61:5-8, 66:18-24, 71:21–72:20 | R, 403P, IMPC, H |
| | | 79:16-24, 80:1–81:2 | R, 403P, F, IMPC, H |
| | | 86:21–87:9 | R, 403P, IMPC, H |
| | | 87:12-17, 87:20–88:5 | R, 403P, F, IMPC, H |
| | | 88:10-12 | R, 403P, V, IMPC, H |
| | | 88:16 | R, 403P, INQA, IMPC, H |
| | | 88:18–89:11, 89:14-17 | R, 403P, V, AAA, CS, IMPC, H |
| | | | R, 403P, AAA, IMPC, H |
| | | 90:1-25 | R, 403P, V, AAA, CS, IMPC, H |
| | | 91:3-13 | R, 403P, V, CS, IMPC, H |
| | | 91:17–92:21 | |

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 29:17-32:2 (continued) | R, 403-P, AF, COMP, V | 162:23–163:3, 163:13-16, 163:19-20, 92:24–95:18 | R, 403P, IMPC , H |
| | | 103:3–104:6 | R, 403P, F, CS, H, IMPC |
| | | 105:24–106:25, 107:3–109:9 | R, 403P, IMPC, H |
| | | 110:16-24, 111:1 | R, 403P, F, IMPC, H |
| | | 111:24–116:12 | R, 403P, IMPC, H |
| | | 135:10–136:8 | R, 403P, V, H |
| | | 136:11-25 | R, 403P, V, IMPC, H |
| | | 137:10-12, 148:14-149:4 | R, 403P, IMPC, H |

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 32:5-33:24 | R, 403-P, V, COMP | **30(b)(6) depo:** | |
| | | 29:21-30:1; 30:5-15, 15:6–16:24 | R, 403P, IMPC, H |
| | | 17:6-13 | R, 403P, CS, IMPC, H |
| | | 18:10–19:23, 20:1-4 | R, 403P, F, H, CS, F, IMPC |
| | | 25:5-15, 25:18-21, 25:24, 28:10-17 | F, R, 403P, IMPC, H |
| | | 30:22–31:5, 31:13–32:7, 50:10–52:19, 52:21–53:1, 53:3–54:1, 56:17–57:1, 58:22–59:11, 61:5-8, 66:18-24, 71:21–72:20 | R, 403P, IMPC, H |
| | | 79:16-24, 80:1–81:2 | R, 403P, F, IMPC, H |
| | | 86:21–87:9 | R, 403P, IMPC, H |
| | | 87:12-17, 87:20–88:5 | R, 403P, F, IMPC, H |
| | | 88:10-12 | R, 403P, V, IMPC, H |
| | | 88:16 | R, 403P, INQA, IMPC, H |
| | | 88:18–89:11, 89:14-17 | R, 403P, V, AAA, CS, IMPC, H |
| | | | R, 403P, AAA, IMPC |
| | | 90:1-25 | R, 403P, V, AAA, CS, IMP, HC |
| | | 91:3-13 | R, 403P, V, CS, IMPC, H |
| | | 91:17–92:21 | |

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 32:5-33:24 (continued) | R, 403-P, V, COMP | 162:23–163:3, 163:13-16, 163:19-20, 92:24–95:18 | R, 403P, IMPC, H |
| | | 103:3–104:6 | R, 403P, F, CS, H, IMPC |
| | | 105:24–106:25, 107:3–109:9 | R, 403P, IMPC, H |
| | | 110:16-24, 111:1 | R, 403P, F, IMPC, H |
| | | 111:24–116:12 | R, 403P, IMPC, H |
| | | 135:10–136:8 | R, 403P, V, H |
| | | 136:11-25 | R, 403P, V, IMPC, H |
| | | 137:10-12, 148:14-149:4 | R, 403P, IMPC, H |
| 34:2-35:13 | R, 403-P, MD, 1002 | | |
| 35:16-18 | R, 403-P, MD, 1002 | | |
| 35:21-37:21 | R, 403-P, MD, 1002 | | |
| 40:1-24 | NT | | |

12. **Deposition of Paul Wilson, taken on 11.04.14**:

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 8:2-15 | | | |
| 10:25-11:11 | | 10:13-22 | 804, H |

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 11:16-13:2 | 403-P, R, CLC | 13:7-11; 13:14-15; 13:23-25 | V, R, 403-C, 403-P, 804, H |
| 13:5-6 | | 13:7-11; 13:14-15; 13:23-25 | V, R, 403-C, 403-P, 804, H |
| 19:1-20:2 | | | |
| 20:5-21:2 | | | |
| 21:6-21:10 | | | |
| 21:15-23:13 | V | | |
| 23:14-24:4 | R, 403-P, F, V | 13:7-11; 13:14-15; 13:23-25 | V, R, 403-C, 403-P, 804, H |
| 24:10-18 | R, 403-C, 403-P, F, V | 13:7-11; 13:14-15; 13:23-25 | V, R, 403-C, 403-P, 804, H |
| 24:21-25:7 | R, 403-C, 403-P, F, V, AF | 13:7-11; 13:14-15; 13:23-25 | V, R, 403-C, 403-P, 804, H |
| 26:3-4 | R, 403-P, V, CS | | |
| 26:7-8 | R, 403-P, V, CS | 26:9-10; 26:13-15 | V, F, CS |
| 27:20-28:13 | R, 403-P, V | 13:7-11; 13:14-15; 13:23-25 | V, R, 403-C, 403-P, 804, H |
| 28:15-28:20 | R, 403-P, AF, F | 13:7-11; 13:14-15; 13:23-25 | V, R, 403-C, 403-P, 804, H |
| 28:23-29:3 | R, 403-P | 13:7-11; 13:14-15; 13:23-25 | V, R, 403-C, 403-P, 804, H |
| 30:18-31:6 | R, 403-P, ARG, AF, F | 13:7-11; 13:14-15; 13:23-25 | V, R, 403-C, 403-P, 804, H |
| 31:9-19 | R, 403-P, AF, F | 13:7-11; 13:14-15; 13:23-25 | V, R, 403-C, 403-P, 804, H |
| 31:22-32:23 | R, 403-P, AF, F | 13:7-11; 13:14-15; 13:23-25; | V, R, 403-C, 403-P, 804, H |

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 33:1-34:4 | R, 403-P, AF, F, V | 13:7-11; 13:14-15; 13:23-25 | V, R, 403-C, 403-P, 804, H |
| 34:6-8 | R, 403-P, PRIV | 13:7-11; 13:14-15; 13:23-25 | V, R, 403-C, 403-P, 804, H |
| 34:19-25 | R, 403-P, MT | 13:7-11; 13:14-15; 13:23-25 | V, R, 403-C, 403-P, 804, H |
| 35:4-22 | R, 403-P, 602, PRIV, V, F, AF | 13:7-11; 13:14-15; 13:23-25 | V, R, 403-C, 403-P, 804, H |
| 36:4-9 | R, 403-P, V, F | 13:7-11; 13:14-15; 13:23-25 | V, R, 403-C, 403-P, 804, H |
| 36:12-17 | R, 403-P, V, F | 13:7-11; 13:14-15; 13:23-25 | V, R, 403-C, 403-P, 804, H |
| 36:21-23 | R, 403-P, V, F | 13:7-11; 13:14-15; 13:23-25 | V, R, 403-C, 403-P, 804, H |
| 37:18-21 | R, 403-P, AAA, F, PRIV | 13:7-11; 13:14-15; 13:23-25 | V, R, 403-C, 403-P, 804, H |
| 37:24-38:3 | R, 403-P, PRIV | 13:7-11; 13:14-15; 13:23-25 | V, R, 403-C, 403-P, 804, H |
| 38:8-38:15 | R, 403-P, PRIV | 13:7-11; 13:14-15; 13:23-25 | V, R, 403-C, 403-P, 804, H |
| 38:20-24 | R, 403-P, PRIV | 13:7-11; 13:14-15; 13:23-25 | V, R, 403-C, 403-P, 804, H |
| 39:6-10 | R, 403-P, PRIV | | |
| 40:18-21 | R, 403-P, V, F, AF | 13:7-11; 13:14-15; 13:23-25 | V, R, 403-C, 403-P, 804, H |
| 40:23-42:22 | R, 403-P, V, AF, F | | |
| 42:25-43:1 | R, 403-P | | |
| 43:19-25 | R, 403-P | | |

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 44:11-13 | R, 403-P, V | | |
| 44:15-45:6 | R, 403-P | | |
| 46:4-7 | R, 403-P, V | | |
| 46:9-15 | R, 403-P, V | | |
| 46:17 | R, 403, P | | |
| 57:4-7 | R, 403-P, V, AF, F | | |
| 57:9-19 | R, 403-P, AF, F | | |
| 59:7-16 | R, 403-P, 403-C, V | | |
| 59:18-21 | R, 403-P | | |
| 60:18-61:23 | R, 403-P | | |
| 62:16-21 | R, 403-P | | |
| 63:1-65:1 | R, 403-P, L | | |
| 65:4-12 | R, 403-P, L, AAA | | |
| 71:9-19 | R, 403-P | | |
| 72:14-22 | R, 403-P | | |
| 75:1-18 | R, 403-P, F, AF, L | | |
| 75:21-76:3 | R, 403-P, 602 | | |
| 77:18-25 | R, 403-P, 403-C | | |
| 78:16-79:5 | R, 403-P, F, CS, 602 | | |
| 79:8-10 | R, 403-P, F, CS, 602 | | |
| 81:13-24 | R, 403-P, F, CS, 602 | | |
| 82:1-4 | R, 403-P, 403-C, 602 | | |
| 124:10-12 | R, 403-P,  V | | |

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 124:15-25 | R, 403-P, L | | |
| 125:3 | R, 403-P, L | | |
| 128:3-6 | R, 403-P, F | | |
| 128:11-23 | R, 403-C | | |
| 129:1-130:19 | R, 403-P, 403-C, 602, CS | | |
| 130:22-23 | R, 403-P, 602, CS | | |
| 138:6-139:12 | R, 403-P, 602, CS, F | | |
| 143:21-144:14 | R, 403-P | | |
| 145:2-3 | R, 403-P, V | | |
| 145:5-7 | R, 403-P | | |
| 147:17-22 | R, 403-P, V | | |
| 147:25-148:10 | R, 403-P, V | | |
| 148:13-149:2 | R, 403-P, C, 602, CS, COMP | | |
| 149:4:11 | R, 403-P, 602, CS | | |
| 159:13-162:2 | R, 403-P, MD | 162:3-23 | F, R, 602, CS, 804, H |
| 163:23-25 | R, 403-P, L, V, F, LA | | |
| 164:4-11 | R, 403-P, L, V, F, LA | | |
| 164:15-25 | R, 403-P, MT, L | | |
| 165:3-10 | R, 403-P, MT, L | | |
| 165:12-15 | R, 403-P, AAA | | |
| 165:17-18 | R, 403-P | | |
| 172:10-22 | R, 403-P, AF, F | | |

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 176:8-179:4 | R, 403-P, CS, F | | |
| 179:7-180:12 | R, 403-P, L, AAA, ARG | 13:7-11; 13:14-15; 13:23-25 | V, R, 403-C, 403-P, 804, H |
| 180:15-20 | R, 403-P, 602 | | |
| 182:4-7 | R, 403-P, MT, L | | |
| 182:11-183:12 | R, 403-P, MT, V, L | | |
| 183:15-186:4 | R, 403-P, F | | |
| 186:18-19 | R, 403-P, CS, F | | |
| 186:22-188:9 | R, 403-P, L, 602, F | 189:3-5; 189:9-14; 189:18-22; 190:1-3; 190:23-25; 191:1; 191:4-7; 191:10-23 | F, V, MT, CS, R, 403-P, 804, H, INQA |
| 188:12-189:2 | R, 403-P, F, 602 | 189:3-5; 189:9-14; 189:18-22; 190:1-3; 190:23-25; 191:1; 191:4-7; 191:10-23 | F, V, MT, CS, R, 403-P, 804, H, INQA |
| 194:1-3 | R, 403-P, F, 602, CS, AAA | 189:3-5; 189:9-14; 189:18-22; 190:1-3; 190:23-25; 191:1; 191:4-7; 191:10-23 | F, V, MT, CS, R, 403-P, 804, H, INQA |
| 194:10-18 | R, 403-P, CS, 602 | 189:3-5; 189:9-14; 189:18-22; 190:1-3; 190:23-25; 191:1; 191:4-7; 191:10-23 | F, V, MT, CS, R, 403-P, 804, H |
| 195:15-21 | R, 403-P, CS, F | | |
| 196:12-17 | R, 403-P, AF, V, L | | |
| 196:20-21 | R, 403-P | | |
| 197:3-199:18 | R, 403-P | 200:5-9 | R, 804, H |

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 200:10-14 | R, 403-P, F | 201:10-22; 201:25-202:5; 202:8-11 | F, R, V, COMP, 804, H |
| 200:22-201:9 | R, 403-P, F, 602, CS | 201:10-22; 201:25-202:5; 202:8-11 | F, R, V, COMP, 804, H |
| 202:16-203:1 | R, 403-P, CS, F | 203:12-14 | R, 804, H |
| 203:15-22 | R, 403-P, F, 602 | 203:12-14; 203:23-204:4 | R, 804, H |
| 204:5-205:18 | R, 403-P | 205:19-21; 205:24-206:1; 206:22-207:3; 207:6 | R, V, 804, H |
| 206:2-4 | R, 403-P, ARG | 206:22-207:3; 207:6 | R, V, 804, H |
| 206:7-21 | R, 403-P, H, CS | 206:22-207:3; 207:6 | R, V, 804, H |
| 207:7-8 | R, 403-P, MD, CS, PRIV | 206:22-207:3; 207:6 | R, V, 804, H |
| 207:11-15 | R, 403-P, ARG | | |
| 207:18-209:7 | R, 403-P, MT, PRIV | 206:22-207:3; 207:6 | R, V, 804, H |
| 209:18-23 | R, 403-P | | |
| 213:1-14 | R, 403-P, F, 602 | 213:15-16; 213:24-214:2 | R, 804, H |
| 214:3-5 | R, 403-P, L, F, CS | 213:15-16; 213:24-214:2 | R, 804, H |
| 214:8-23 | R, 403-P, F, AF, CS, 602 | 213:15-16; 213:24-214:2 | R, 804, H |
| 215:3-23 | R, 403-P, F, 602 | | |
| 216:22-218:10 | R, 403-P, 403-C, H, F, AF | | |
| 218:13-20 | R, 403-P, F, 602 | | |
| 219:12-16 | R, 403-P, F | | |

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 219:19-20 | R, 403-P, F | | |
| 220:9-17 | R, 403-P, V | | |
| 220:20-221:4 | R, 403-P, 403-C | | |
| 221:21-224:13 | R, 403-P, 602, V, CS | | |
| 224:18-226:25 | R, 403-P, H, CS | 227:1-3; 227:6-11 | F, V, CS, R, 602, 804, H |
| 228:24-229:15 | R, 403-P | | |
| 231:6-17 | R, 403-P, 602 | | |
| 231:22-233:2 | R, 403-P, L, V, MD | | |
| 233:5-234:14 | R, 403-P, 602, ARG, MD | | |
| 234:17-235:2 | R, 403-P, ARG, MD | | |
| 235:5-22 | R, 403-P | | |
| 236:7-16 | R, 403-P, F, AF, MT | | |
| 236:19-237:7 | R, 403-P, F | | |
| 237:10-239:3 | R, 403-P, V, CS, F, AF | 249:17-23; 250:6-9; 250:13-251:16 | 249:17-23 (804, H); 250:6-9 and 250:13-251:16 (F, R, CS, 403-P, 804, H) |
| 239:7-239:20 | R, 403-P, ARG, F, AF, CS | 249:17-23; 250:6-9; 250:13-251:16 | 249:17-23 (804, H); 250:6-9 and 250:13-251:16 (F, R, CS, 403-P, 804, H) |
| 239:23-240:1 | R, 403-P | 249:17-23; 250:6-9; 250:13-251:16 | 249:17-23 (804, H); 250:6-9 and 250:13-251:16 (F, R, CS, 403-P, 804, H) |
| 242:4-244:5 | R, 403-P, V, MD | | |
| 244:8-18 | R, 403-P, 403-C, F | | |

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 244:23-245:8 | R, 403-P, H | | |
| 246:6-246:15 | R, 403-P, H, F | 246:16-19; 246:23-24 | 602, CS, R, AF, MD, 804, H |
| 246:25-247:5 | R, 403-P, F | | |
| 247:16-21 | R, 403-P, V | | |
| 247:24-248:1 | R, 403-P | 249:17-23; 250:6-9; 250:13-251:16 | 249:17-23 (804, H); 250:6-9 and 250:13-251:16 (F, R, CS, 403-P, 804, H) |

13.  **Deposition of Paul Wilson, taken on 11.05.14**:

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 300:1-2 | R, 403-P, 403-C | | |
| 300:9-301:8 | R, 403-P, H | 294:19-22 | R, 403-P, 804, H |

14.  **Rule 30(b)(6) Deposition of Paul Wilson, taken on 11.05.14**:

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 6:6-16 | | | |
| 7:2-17 | | | |
| 8:5-19 | | | |
| 9:2-25 | | | |
| 10:3-25 | | | |
| 11:1-9 | | | |
| 11:17-25 | R, 403-P | | |
| 12:1-14:1 | R, 403-P | | |
| 14:14-19 | | | |
| 19:9-12 | V, F | 16:19-17:7; 17:11-18:17 | F, 403-P, R, COMP, V, 602, CS, 804, H |
| 19:15-22:25 | V, MT | 16:19-17:7; 17:11-18:17 | F, 403-P, R, COMP, V, 602, CS, 804, H |
| 23:3-23:23 | | 16:19-17:7; 17:11-18:17 | F, 403-P, R, COMP, V, 602, CS, 804, H |
| 24:23-28:18 | | | |
| 33:23-34:11 | V, F | | |
| 34:15-19 | V, F | | |
| 37:25-39:2 | | | |
| 39:5-40:4 | MT, F | | |
| 40:8-22 | R, 403-P, L, F | | |
| 40:25-41:12 | R, 403-P, V | | |

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 41:15-22 | F | | |
| 41:25-42:9 | | | |
| 42:12-16 | | | |
| 43:9-24 | R, 403-P | | |
| 44:1-6 | F, AF, V | | |
| 44:10-11 | | | |
| 44:14-45:2 | | | |
| 45:8-18 | F, AF | | |
| 45:22-47:10 | INQA, V | | |
| 47:18-24 | V | | |
| 48:2-3 | | | |
| 50:23-51:9 | F | | |
| 51:11-18 | | | |
| 51:21-23 | | | |
| 51:24-52:2 | V | | |
| 52:5-12 | ARG, F | | |
| 52:15-53:2 | R, 403-P, ARG, MD | | |
| 53:5-54:22 | R, 403-P, CS, 701, SCOPE | | |
| 55:9-17 | R, 403-P, CS, 602, F ARG, SCOPE | | |
| 55:20-21 | R, 403-P, CS, 602, SCOPE | | |

106

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 56:9-11 | R, 403-P, CS, SCOPE | | |
| 56:16-57:10 | | | |
| 57:13-20 | V | | |
| 57:25-58:10 | COMP, V, F | | |
| 58:13-21 | V | | |
| 58:24-59:1 | | | |
| 59:9-16 | F, V, MT, AAA | | |
| 59:22-60:1 | | | |
| 60:3-19 | | | |
| 61:15-62:22 | | | |
| 62:24-25 | | | |
| 63:1-16 | V, F | | |
| 63:19-64:4 | | 64:24-65:8; 65:11-19; 65:24-66:8 | F, V, 804, H CLC, 403-P |
| 68:24-69:16 | R, CS, SCOPE | | |
| 69:19-70:11 | R, CS, SCOPE | 180:1-20; 181:13-17 | F, V, L, R, MT, 403-P, COMP, 804, H |
| 70:14-72:4 | R, CS, SCOPE, F, AF | 180:1-20; 181:13-17 | F, V, L, R, MT, 403-P, COMP, 804, H |
| 72:7 | R, CS, SCOPE, F, AF | 180:1-20; 181:13-17 | F, V, L, R, MT, 403-P, COMP, 804, H |

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 72:12-14 | R, CS, SCOPE, F, AF | 180:1-20; 181:13-17 | F, V, L, R, MT, 403-P, COMP, 804, H |
| 72:23-74:18 | | 16:19-18:17 | F, 403-P, R, COMP, V, 602, CS, 804, H |
| 74:22-75:25 | | | |
| 76:3-77:6 | | 183:19-184:17; 184:20 | F, V, L, R, 403-P, V, MT, CLC, 602, 804, H |
| 77:9-78:2 | F, 701, 602, CS, SCOPE, R, 403-P | 183:19-184:17; 184:20; 180:1-20; 181:13-17 | 183:19-184:17 and 184:20 (F, V, L, R, 403-P, V, MT, CLC, 602, 804, H); 180:1-20 and 181:13-17 (F, V, L, R, MT, 403-P, COMP, 804, H) |
| 78:7-12 | F, 701, 602, CS, SCOPE, R, 403-P | 180:1-20; 181:13-17 | F, V, L, R, MT, 403-P, COMP, 804, H |
| 78:15 | F, 701, 602, CS, SCOPE, 403-P, L | 180:1-20; 181:13-17 | F, V, L, R, MT, 403-P, COMP, 804, H |
| 78:20-79:4 | F, SCOPE, 403-P | 180:1-20; 181:13-17 | F, V, L, R, MT, 403-P, COMP, 804, H |

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 80:3-7 | F, SCOPE, 403-P, CS, 602, 701 | 180:1-20; 181:13-17 | F, V, L, R, MT, 403-P, COMP, 804, H |
| 80:17-20 | F, SCOPE, 403-P, CS, 602, 701 | 180:1-20; 181:13-17 | F, V, L, R, MT, 403-P, COMP, 804, H |
| 80:23-81:18 | 403-P; SCOPE; F, 602, CS | 180:1-20; 181:13-17 | F, V, L, R, MT, 403-P, COMP, 804, H |
| 82:25-83:3 | | 82:17-20; 82:23-2; 66:23-67:15 | 82:17-20 and 82:23-2 (F, V, R, 403-P, CLC, 804, H)<br><br>66:23-67:15 (F, R, 403-P, CLC, 602, CS, 804, H) |
| 83:5-18 | | 82:17-20; 82:23-2; 66:23-67:15 | 82:17-20 and 82:23-2 (F, V, R, 403-P, CLC, 804, H)<br><br>66:23-67:15 (F, R, 403-P, CLC, 602, CS, 804, H) |
| 84:2-4 | L, V, F | 82:17-20; 82:23-2; 66:23-67:15 | 82:17-20 and 82:23-2 (F, V, R, 403-P, CLC, 804, H)<br><br>66:23-67:15 (F, R, 403-P, CLC, 602, CS, 804, H) |

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 84:7-10 | | 82:17-20; 82:23-2; 66:23-67:15 | 82:17-20 and 82:23-2 (F, V, R, 403-P, CLC, 804, H)<br><br>66:23-67:15 (F, R, 403-P, CLC, 804, H) |
| 85:4-87:5 | | | |
| 87:8-88:3 | F, H | | |
| 88:6-13 | R, 403-P, H | | |
| 89:6-92:14 | R, 403-P | | |
| 92:19-93:2 | R, 403-P, V, F | | |
| 93:5-15 | R, 403-P, V, F | | |
| 93:17-22 | R, 403-P, V, F | | |
| 94:17-95:6 | | 95:7-10; 95:13-20; 97:21-98:24 | 95:7-10 and 95:13-20 (F, V, 403-C, 403-P, 804, H)<br>97:21-98:24 (F, R, 403-C, 403-P, 804, H) |
| 96:7-16 | V | 95:7-10; 95:13-20; 97:21-98:24 | 95:7-10 and 95:13-20 (F, V, 403-C, 403-P, 804, H)<br>97:21-98:24 (F, R, 403-C, 403-P, 804, H) |
| 96:19-97:20 | | 95:7-10; 95:13-20; 97:21-98:24 | 95:7-10 and 95:13-20 (F, V, 403-C, 403-P, 804, H)<br>97:21-98:24 (F, R, 403-C, 403-P, 804, H) |

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 99:6-10 | MD | 95:7-10; 95:13-20; 97:21-98:24 | 95:7-10 and 95:13-20 (F, V, 403-C, 403-P, 804, H) 97:21-98:24 (F, R, 403-C, 403-P, 804, H) |
| 99:13-100:15 | | 95:7-10; 95:13-20; 97:21-98:24 | 95:7-10 and 95:13-20 (F, V, 403-C, 403-P, 804, H) 97:21-98:24 (F, R, 403-C, 403-P, 804, H) |
| 105:12-106:7 | | 95:7-10; 95:13-20; 97:21-98:24 | 95:7-10 and 95:13-20 (F, V, 403-C, 403-P, 804, H) 97:21-98:24 (F, R, 403-C, 403-P, 804, H) |
| 106:18-22 | | | |
| 106:25-109:20 | | | |
| 109:23-110:5 | | | |
| 111:8-19 | | | |
| 112:4-18 | MD, L, V | | |
| 112:21-113:21 | | | |
| 113:24-115:7 | L | | |
| 115:10-116:13 | | | |
| 116:18-118:7 | | | |
| 118:21-24 | | | |
| 119:2-3 | | | |
| 120:12-121:11 | R, CS, 403-P, F, MT | | |

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 121:14-122:17 | MT, F, V | | |
| 122:21-25 | | | |
| 123:1-124:1 | | | |
| 124:10-16 | | | |
| 126:16-127:5 | | | |
| 127:19-128:11 | | | |
| 128:21-129:20 | | | |
| 131:21-133:17 | | 134:9-13; 134: 17-135:20 | 134:9-13 (COMP, V, F, CLC, AAA, 403-C, 804, H)<br><br>134:17-135:20 (CLC, AAA, 403-C, F, 804, H) |
| 135:21-24 | | 134:9-13; 134: 17-135:20 | 134:9-13 (COMP, V, F, CLC, AAA, 403-C, 804, H)<br><br>134:17-135:20 (CLC, AAA, 403-C, F, 804, H) |
| 136:1-137:10 | | 137:11-13; 137:18-21 | V, 804, H |
| 139:8-140:11 | | 184:21-185:3; 185:5-11; 185:14-17; 185:19 | COMP, MT, L, F, 403-C, 403-P, R, 804, H |
| 143:18-144:21 | MT | 183:19-184:17; 184:20 | F, V, L, R, 403-P, V, MT, CLC, 602, 804, H |
| 144:24-145:3 | | 183:19-184:17; 184:20 | F, V, L, R, 403-P, V, MT, CLC, 602, 804, H |
| 145:7-19 | | 183:19-184:17; 184:20 | F, V, L, R, 403-P, V, MT, CLC, 602, 804, H |

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 148:19-149:2 | | 146:4-16; 146-148:2; 148:5-18 | 146:4-148:2 (AAA, 403-C, COMP, V, F, 804, H); 148:5-18  (AAA, 403-C, COMP, V, F, 804, H) |
| 149:16-20 | V, CS, L | 184:21-185:3; 185:5-11; 185:14-17; 185:19; 151:25-153:6 | 184:21-185:3; 185:5-11; 185:14-17; and 185:19 (COMP, MT, L, F, 403-C, 403-P, R, 804, H) 151:25-153:6 (AAA, 403-C, V, COMP, F, V, 403-P, 804, H) |
| 149:24-150:8 | V | 184:21-185:3; 185:5-11; 185:14-17; 185:19; 151:25-153:6 | 184:21-185:3; 185:5-11; 185:14-17; and 185:19 (COMP, MT, L, F, 403-C, 403-P, R, 804, H) 151:25-153:6 (AAA, 403-C, V, COMP, F, V, 403-P, 804, H) |
| 150:11-13 | | 184:21-185:3; 185:5-11; 185:14-17; 185:19; 151:25-153:6 | 184:21-185:3; 185:5-11; 185:14-17; and 185:19 (COMP, MT, L, F, 403-C, 403-P, R, 804, H) 151:25-153:6 (AAA, 403-C, V, COMP, F, V, 403-P, 804, H) |
| 150:23-151:3 | V, MT | 184:21-185:3; 185:5-11; 185:14-17; 185:19; 151:25-153:6 | 184:21-185:3; 185:5-11; 185:14-17; and 185:19 (COMP, MT, L, F, 403-C, 403-P, R, 804, H); 151:25-153:6 (AAA, 403-C, V, COMP, F, V, 403-P, 804, H) |

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 151:7-13 | V | 184:21-185:3; 185:5-11; 185:14-17; 185:19; 151:25-153:6 | 184:21-185:3; 185:5-11; 185:14-17; and 185:19 (COMP, MT, L, F, 403-C, 403-P, R, 804, H); 151:25-153:6 (AAA, 403-C, V, COMP, F, V, 403-P, 804, H) |
| 151:15 | V | 184:21-185:3; 185:5-11; 185:14-17; 185:19; 151:25-153:6 | 184:21-185:3; 185:5-11; 185:14-17; and 185:19 (COMP, MT, L, F, 403-C, 403-P, R, 804, H); 151:25-153:6 (AAA, 403-C, V, COMP, F, V, 403-P, 804, H) |
| 151:17-24 | | 184:21-185:3; 185:5-11; 185:14-17; 185:19;151:25-153:6 | 184:21-185:3; 185:5-11; 185:14-17; and 185:19 (COMP, MT, L, F, 403-C, 403-P, R, 804, H); 151:25-153:6 (AAA, 403-C, V, COMP, F, V, 403-P, 804, H) |
| 154:3-19 | CLC | | |
| 154:22-155:11 | SCOPE | | |
| 155:14-156:10 | MT | | |
| 156:14-157:7 | INQA, F, V | | |
| 157:10-158:7 | | | |
| 159:1-5 | F | | |
| 159:8-160:3 | | | |
| 160:18-162:15 | | | |
| 165:9-14 | F, V | | |
| 165:18-166:5 | SCOPE, 701 | | |

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 166:9-18 | | | |
| 166:21-167:11 | | 167:11-18 | 804, H |
| 169:5-10 | SCOPE, V, F | 184:21-185:3; 185:5-11; 185:14-17; 185:19 | COMP, MT, L, F, 403-C, 403-P, R, 804, H |
| 169:13-24 | SCOPE, V, F | 184:21-185:3; 185:5-11; 185:14-17; 185:19 | COMP, MT, L, F, 403-C, 403-P, R, 804, H |
| 170:3-25 | SCOPE, F, 602 | 184:21-185:3; 185:5-11; 185:14-17; 185:19 | COMP, MT, L, F, 403-C, 403-P, R, 804, H |
| 171:4-8 | SCOPE, F, 602 | 184:21-185:3; 185:5-11; 185:14-17; 185:19 | COMP, MT, L, F, 403-C, 403-P, R, 804, H |
| 171:13-14 | SCOPE, F, 602 | 184:21-185:3; 185:5-11; 185:14-17; 185:19 | COMP, MT, L, F, 403-C, 403-P, R, 804, H |
| 171:20-172:3 | SCOPE, F, 602 | 184:21-185:3; 185:5-11; 185:14-17; 185:19 | COMP, MT, L, F, 403-C, 403-P, R, 804, H |
| 172:10-16 | SCOPE, F, 602 | 184:21-185:3; 185:5-11; 185:14-17; 185:19 | COMP, MT, L, F, 403-C, 403-P, R, 804, H |
| 172:21-173:2 | SCOPE, F, 602 | 184:21-185:3; 185:5-11; 185:14-17; 185:19 | COMP, MT, L, F, 403-C, 403-P, R, 804, H |
| 173:8-25 | SCOPE, F, 602 | 184:21-185:3; 185:5-11; 185:14-17; 185:19 | COMP, MT, L, F, 403-C, 403-P, R, 804, H |
| 174:5-175:6 | SCOPE, F, 602 | 184:21-185:3; 185:5-11; 185:14-17; 185:19 | COMP, MT, L, F, 403-C, 403-P, R, 804, H |
| 175:12-15 | SCOPE, F, 602 | 184:21-185:3; 185:5-11; 185:14-17; 185:19 | COMP, MT, L, F, 403-C, 403-P, R, 804, H |
| 175:17-18 | SCOPE, F, 602 | 184:21-185:3; 185:5-11; 185:14-17; 185:19 | COMP, MT, L, F, 403-C, 403-P, R, 804, H |
| 175:21-23 | SCOPE, F, 602 | 184:21-185:3; 185:5-11; 185:14-17; 185:19 | COMP, MT, L, F, 403-C, 403-P, R, 804, H |

| Schrader's Designations | | Bridgestone's Counter Designations | |
|---|---|---|---|
| Schrader's Designations (page:lines) | Bridgestone's Objections | Bridgestone's Counter Designations (page:lines) | Schrader's Objections |
| 178:24-179:7 | SCOPE, F, 602 | 184:21-185:3; 185:5-11; 185:14-17; 185:19 | COMP, MT, L, F, 403-C, 403-P, R, 804, H |
| 179:13-16 | SCOPE, F, 602 | 184:21-185:3; 185:5-11; 185:14-17; 185:19 | COMP, MT, L, F, 403-C, 403-P, R, 804, H |

116

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>SCHRADER-BRIDGEPORT INTERNATIONAL, INC. d/b/a SCHRADER INTERNATIONAL, INC.; SCHRADER ELECTRONICS LTD.; and SCHRADER ELECTRONICS, INC.,<br><br>　　　　　　　Defendants. | C.A. No. 13-763-GMS<br><br>JURY TRIAL DEMANDED |

**EXHIBIT 12**

<u>**WAIVERS OF ANY CLAIMS OR DEFENSES THAT HAVE BEEN
ABANDONED BY ANY PARTY**</u>

**1.　　Bridgestone's Contentions**

　　　a.　　Bridgestone contends that Schrader has waived any argument that the Court does

not have personal jurisdiction over Schrader Electronics Ltd. and Schrader Electronics, Inc.

　　　b.　　Bridgestone contends that Schrader has waived any affirmative defenses that were

not pled in its pleadings or developed during discovery.

　　　c.　　Bridgestone contends that Schrader has waived the ability to present expert

testimony on any opinions not completely disclosed in its opening and responsive expert

reports, including, but not limited to, certain issues relating to 35 U.S.C. §§ 102, 103, and 112,

as more fully identified in Bridgestone's List of Evidentiary Issues It Intends To Raise and

below.

　　　d.　　Bridgestone contends that Schrader has waived any defense of the Asserted

Claims being invalid for failure to claim patentable subject matter under 35 U.S.C. § 101.

e.      Bridgestone contends that Schrader has waived any defense that the patents-in-suit are anticipated pursuant to 35 U.S.C. § 102.

f.      Bridgestone contends that Schrader has waived any defense that the patents-in-suit are invalid for inadequate written description pursuant to 35 U.S.C. § 112.

g.      Bridgestone contends that Schrader has waived any defense that the patents-in-suit are invalid for lack of enablement pursuant to 35 U.S.C. § 112.

h.      Bridgestone contends that Schrader has waived any defense that the patents-in-suit are invalid for indefiniteness pursuant to 35 U.S.C. § 112 (and that, in any event, this is an issue of law for the Court).

i.      Bridgestone contends that Schrader has waived any argument that prosecution history estoppel limits the application of the doctrine of equivalents (and that, in any event, this is an issue of law for the Court).

j.      Bridgestone contends that Schrader has waived any argument that either of the patents-in-suit is not entitled to an effective filing date of July 26, 2000.

k.      Bridgestone contends that Schrader has waived any argument that Bridgestone is not the exclusive owner of the patents-in-suit.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | C.A. No. 13-763 (GMS) |
| SCHRADER-BRIDGEPORT INTERNATIONAL, INC., d/b/a SCHRADER INTERNATIONAL, INC., SCHRADER ELECTRONICS LTD., and SCHRADER ELECTRONICS, INC., | ) ) ) ) ) ) | |
| Defendants. | ) | |

**EXHIBIT 13**

**WAIVERS OF ANY CLAIMS OR DEFENSES THAT HAVE BEEN
ABANDONED BY ANY PARTY**

1.      **Schrader's Contentions**

a.      Schrader contends that Bridgestone has waived any claims that were not pled in its pleadings or developed during discovery.

b.      Schrader contends that Bridgestone has waived any claim that Schrader directly or indirectly infringes (or has ever infringed) U.S. Patent No. 5,562,787.

c.      Schrader contends that Bridgestone has waived any claim for willful infringement.

d.      Schrader contends that Bridgestone has waived any claim for contributory infringement.

e.      Schrader contends that Bridgestone has waived any claim for active inducement related to any products other than EZ Sensor and EZ Tire.

f.      Schrader contends that Bridgestone has waived any claim for lost profits or other damages other than a reasonable royalty.

g.      Schrader contends that Bridgestone has waived any claim for infringement under the doctrine of equivalents.

h.      Schrader contends Bridgestone has waived any argument concerning secondary considerations of non-obviousness.

i.      Schrader contends that Bridgestone has waived any claim that the "B-Tag" system manufactured and sold by Bridgestone Corporation (Japan), and imported, offered for sale, and sold in the United States by Bridgestone, practices or constitute a commercial embodiment of the '885 Patent or the '476 Patent.

j.      Schrader contends that Bridgestone has waived the ability to present expert testimony on any opinions not completely disclosed in its opening and responsive expert reports, including, but not limited to, certain issues relating to infringement and marking, as more fully identified in Schrader's List of Evidentiary Issues.

k.      Schrader contends that Bridgestone has waived any claim to damages not specifically identified and itemized in the report of its damages expert Stephen Becker.

l.      Schrader contends that Bridgestone has waived any claim that the 31-39 kHz oscillator used to generate the Fclock and Uclock constitutes the microprocessor "lower clock speed" for purposes of satisfying the "partially awakening/partially awakens" claim limitation ('476 patent, claims 1, 2, 100 ("initiate a low-speed clock"), 136; '885 patent, claims 12, 25, 39, 67, 69, 70, 71, 76, 77, 83, 84, 88, 92)

m.      Schrader contends that Bridgestone has waived any claim that the RF oscillator used by the RF transmitter constitutes the microprocessor "higher clock speed" for purposes of

2

satisfying the "fully awakens/fully awakening" claim limitation ('476 patent, claims 1, 2, 136;

'885 patent, claims 12, 25, 39, 67, 69, 70, 71, 76, 77, 83, 84, 88, 92).

# Exhibit 14

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC,<br><br>     Plaintiff,<br><br>  v.<br><br>SCHRADER-BRIDGEPORT INTERNATIONAL, INC. d/b/a SCHRADER INTERNATIONAL, INC.; SCHRADER ELECTRONICS LTD.; and SCHRADER ELECTRONICS, INC.,<br><br>     Defendants. | C.A. No. 13-763-GMS<br><br>JURY TRIAL DEMANDED |

## <u>BRIDGESTONE'S TRIAL BRIEF</u>

Tara D. Elliott (#4483)
Heath A. Brooks (admitted *pro hac vice*)
Arianna Evers (admitted *pro hac vice*)
WILMER CUTLER PICKERING HALE
 AND DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
(202) 663-6748
tara.elliott@wilmerhale.com
heath.brooks@wilmerhale.com
arianna.evers@wilmerhale.com

Robert D. Cultice (admitted *pro hac vice*)
Cynthia D. Vreeland (admitted *pro hac vice*)
Monica Grewal (admitted *pro hac vice*)
Rachel Gurvich (admitted *pro hac vice*)
WILMER CUTLER PICKERING HALE
 AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000
robert.cultice@wilmerhale.com
cynthia.vreeland@wilmerhale.com
monica.grewal@wilmerhale.com
rachel.gurvich@wilmerhale.com

Kenneth L. Dorsney (#3726)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801-1494
(302) 888-6800
kdorsney@morrisjames.com

*Attorneys for Plaintiff
Bridgestone Americas Tire Operations, LLC*

## TABLE OF CONTENTS

I.     NATURE OF THE CASE ...............................................................................1

    A.     Overview of Infringement Allegations ..................................................1

    B.     Tire Pressure Monitoring Systems........................................................1

    C.     The Inventions of the Asserted Patents.................................................3

    D.     Background to Schrader's Infringement ................................................5

II.    CONTESTED FACTS TO BE ESTABLISHED AT TRIAL ...........................6

III.   BRIDGESTONE'S THEORY OF LIABILITY ...............................................6

    A.     Infringement ........................................................................................6

    B.     Schrader's Affirmative Defenses........................................................10

IV.    BRIDGESTONE'S THEORY OF DAMAGES, INJUNCTIVE RELIEF, AND ATTORNEYS' FEES.........................................................................12

    A.     Damages.............................................................................................12

    B.     Injunction ..........................................................................................12

    C.     Attorneys' Fees .................................................................................13

V.     BRIDGESTONE'S ANTICIPATED MOTIONS FOR JMOL .......................13

# TABLE OF AUTHORITIES

## CASES

*Georgia-Pacific Corp. v. U.S. Plywood Corp.*,
   18 F. Supp. 1116 (S.D.N.Y. 1970) ...............................................................12

*Graver Tank & Mfg. Co. v. Linde Air Prods. Co.*,
   339 U.S. 605 (1950)...................................................................................9

*eBay Inc. v. MercExchange, LLC*,
   547 U.S. 388 (2006)..................................................................................12

## RULES AND STATUTES

35 U.S.C. § 283...........................................................................................12

35 U.S.C. § 284...........................................................................................12

## I.      NATURE OF THE CASE

### A.      Overview of Infringement Allegations

This is a patent infringement action in which Plaintiff Bridgestone Americas Tire

Operations, LLC ("Bridgestone" or "Plaintiff") accuses Defendants Schrader-Bridgeport

International, Inc. d/b/a Schrader International Inc., Schrader Electronics Ltd., and Schrader

Electronics, Inc. (collectively, "Schrader" or "Defendants") of infringing United States Patent

Nos. 6,630,885 ("the '885 patent") and 7,161,476 ("the '476 patent") (collectively, "the Asserted

Patents").  The technology at issue relates to tire pressure monitoring ("TPM") systems.  The

Asserted Patents claim important performance-enhancing and power-management features that

are the foundation of state-of-the-art TPM devices.

Bridgestone is asserting claims 1 and 136 of the '476 patent and claims 12, 25, and 92 of

the '885 patent (collectively, "the Asserted Claims").  Bridgestone's infringement allegations are

directed to Schrader's Gen 3, Gen 4, Gen 5, Gen 6, EZ-Sensor, EZ-Tire, and OTR products used

for sensing tire pressure in vehicles (collectively, "the Accused Schrader Products").[1]

Bridgestone will demonstrate that the Accused Schrader Products infringe claims 1 and 136 of

the '476 patent and claims 12, 25, and 92 of the '885 patent.

### B.      Tire Pressure Monitoring Systems

Tire parameters like pressure and temperature have a profound impact on tire

performance, safety, and longevity.  Tires with properly maintained pressure have an improved

tread life and are less susceptible to failure.  In addition, vehicles with properly inflated tires

experience significant improvements in overall fuel efficiency due to a reduction in rolling

resistance.  Thus, maintaining proper inflation pressure is critical.

---

[1]      Bridgestone is also accusing certain variations of these products.

Since at least the 1980s, various TPM systems have been designed and implemented in an attempt to monitor this important tire parameter in a variety of vehicle applications. These early systems all struggled to solve a fundamental problem: how to wirelessly transmit internal tire pressure information through the tire's rubber sidewall to a monitoring device outside of the tire. To overcome this problem, two types of systems emerged—indirect TPM and direct TPM systems.

Indirect TPM systems do not actually measure tire pressure at all. Rather, they monitor other tire parameters, such as wheel rotation speed, to calculate tire pressure using an algorithm. Direct TPM systems, on the other hand, employ a device at each tire, often referred to as a tire tag, which physically measures the tire's actual pressure and transmits the measured information to a reader. Direct TPM systems may employ tire tags either on the inside or the outside of the tire. Both internally- and externally-mounted approaches have their benefits and drawbacks depending on the application.

For example, a tire tag mounted on the outside of a tire is readily accessible for servicing and replacing expendable components, such as the tire tag's battery. However, an external tire tag is also much more susceptible to the effects of weather, corrosive chemicals, mechanical damage, and theft. Securing the external tire tag to the tire also introduces an additional seal joint into the tire from which air may leak. Thus, external tire tags are simply unworkable for many applications, including operation in extreme conditions.

Internally-mounted tire tags are protected from harsh external environments and do not introduce potential new leak points into the tire's hermetic seal. But internally-mounted tire tags have two major drawbacks. First, the tire tag is not easily accessible for servicing and, most importantly, battery replacement. As a result, battery replacement requires the removal of the

wheel from the vehicle and the tire from the wheel in order to gain access to the tire tag, which is a very labor- and time-intensive task.  Second, transmitting tire pressure data from within the tire through the tire's dense rubber sidewall requires significant power and profoundly diminishes battery life.  Prior art batteries simply could not sustain tire tag operation for a long enough period to be a commercially-viable option.  Thus, internally-mounted tire tags require power-conservation techniques that promote long battery life while providing sufficient power to the sensor to perform the preferred functionality.

### C.     The Inventions of the Asserted Patents

An important aspect of Bridgestone's business is developing innovative technology to support its various tire offerings, including the sale of TPM systems.  Extending tire life and preventing tire failures is of utmost importance to Bridgestone's tire customers.  The Asserted Patents arose out of Bridgestone's R&D efforts ███████████ to improve upon the aforementioned prior art systems and provide a TPM solution for its customers.  In the mid-1990s, Bridgestone's researchers and engineers invented and sought a patent on an internally-mounted, self-powered, programmable tire tag.  Bridgestone's U.S. Patent No. 5,562,787, entitled "Method of Monitoring Conditions of Vehicle Tires," was filed on May 30, 1995 and issued on October 8, 1996.  The tire tag described in the '787 patent solved many of the problems with prior art TPM systems.

While Bridgestone worked to commercialize its invention, it continued to refine and improve the design.  The '885 patent, entitled "Electronic Tire Management System," was filed on July 26, 2001 and issued on October 7, 2003.  The '476 patent, also entitled "Electronic Tire Management System," was filed on July 26, 2001 and issued on January 9, 2007.  Both the '885 and '476 Asserted Patents claim priority to a provisional application filed on July 26, 2000.  Like

the '787 patent, the Asserted Patents generally describe improved systems and methods for measuring internal tire parameters like pressure and temperature.

The Asserted Patents describe various embodiments of self-powered, internally-mounted, programmable tire tags.  These tags can switch between various modes of operation and employ sophisticated power-management and performance-optimization techniques unknown in the prior art.  For example, asserted claim 92 of the '885 patent discloses various aspects of a novel tire tag that enters a "lucid sleep mode" from a "deep sleep mode" to measure and store tire parameters like pressure and temperature.  The tire tag's microprocessor also "periodically partially awaken[s]" to look for a "forward link transmission."  If the microprocessor detects such a transmission, it causes the tire tag to determine whether the transmission is a "valid interrogation signal," and if so, causes the tire tag to enter an "interrogation mode" in which the microprocessor "activates all necessary electrical components to receive, process and respond to the valid interrogation signal."  This three-tiered protocol offers numerous advantages over the prior art, including improved transmission response times and increased battery life.

Similarly, asserted claim 136 of the '476 patent discloses a system including a tire tag that is disposed in a vehicle tire, a sensor that measures a tire parameter on a periodic basis, and a memory in which a tire parameter is stored.  The system contains a microprocessor that causes communication between the tire tag and a remote source and causes the sensor to measure a tire parameter independent of any communication with a remote source.  The microprocessor also "periodically partially awaken[s]" to determine, "on a second periodic basis," if a received transmission is a "valid interrogation signal," and if so, "fully awaken[s]" to respond to the valid interrogation signal.  Once again, the claimed invention uses three states of awakeness and the separation of functions to promote faster operation and improved power efficiency.

4

Leveraging this history of technological advancement in the TPM field, Bridgestone announced in 2012 the commercial launch of the Bridgestone Intelligent Tag (B-TAG) as part of its Bridgestone Mining Solutions offering for its off-the-road customers.  The advanced B-TAG system utilizes an internally-mounted tire tag that monitors tire pressure and temperature and reports the data in real time to remote onboard and handheld readers.  With this system, the vehicle operator can drive while accessing information on running tires, and simultaneously, maintenance staff can monitor tire pressure remotely.  In addition, the tag transmits an early warning of a drop in tire pressure or a rise in temperature which can avert possible tire damage and potential danger, ensuring a safer working environment and reducing tire-related downtime. Ultimately, the system ensures that Bridgestone tires keep running at peak performance and allows mine operators to make informed decisions that impact safety, maintenance, and production.

### D.    Background to Schrader's Infringement

In the fall of 2000, the Transportation Recall Enhancement, Accountability and Documentation ("TREAD") Act was enacted.  The TREAD Act mandates that vehicle manufacturers report to the National Highway & Transportation Safety Administration ("NHTSA") information related to defects, reports of injury or death related to its products, and safety recalls.  In addition, the TREAD Act (via implementing regulations) mandates that new passenger cars, light trucks, and buses sold in the United States be equipped with TPM functionality beginning with the 2006 model year.  Under the TREAD Act, vehicle manufacturers were required to equip 20 percent of their 2006 model year vehicles with TPM systems.  The number increased to 70 percent of 2007 model vehicles, and to 100 percent of all 2008 model vehicles.  In addition to other requirements, the TREAD Act provides that all TPM designs must operate when the vehicle ignition is on and warn the driver when the tire is

underinflated by twenty-five percent or more of the manufacturer's recommended pressure.  If tire pressure falls below the required limits, a warning light on the vehicle's instrument panel is required to alert the driver to the problem.

The TREAD Act had a profound impact on the TPM system market.  What was once a niche market has exploded in just a few years into a multi-billion dollar industry.  Since 2008, TPM functionality has been standard on every single passenger vehicle in the United States.  As a result, there are now more than 100 million vehicles equipped with TPM functionality on U.S. roads, and nearly 15 million more entering the U.S. market each year.  The Accused Schrader Products are incorporated as original equipment by many of the world's largest automobile, truck, and equipment manufacturers ("OEMs").  Indeed, Schrader claims a ███ share of the North American OEM TPM system market.  Schrader also supplies many of the Accused Schrader Products to the aftermarket service and repair community as direct replacements for OEM parts.

As Schrader's product line has evolved since implementation of the TREAD Act, each of the Accused Schrader Products has incorporated specific power-management and performance-enhancement protocols that infringe the Asserted Claims.

## II.   CONTESTED FACTS TO BE ESTABLISHED AT TRIAL

Bridgestone intends to establish the contested facts set forth in Exhibit 2 to the proposed pretrial order.

## III.   BRIDGESTONE'S THEORY OF LIABILITY

### A.   Infringement

Bridgestone advances two theories of liability.  First, in violation of 35 U.S.C. § 271(a), Schrader has made, used, offered to sell, and/or sold in the United States, and/or imported into the United States, the Accused Schrader Products covered by the Asserted Claims.  Second, in

violation of 35 U.S.C. § 271(b), Schrader had knowledge of the Asserted Patents and acted with specific intent to actively induce its customers, partners, and/or end users to directly infringe the Asserted Patents with respect to the Accused EZ-Sensor and EZ-Tire sensors.

Bridgestone will prove all of the facts underlying these theories.  The Court has already construed the disputed claim terms of the Asserted Patents.  (D.I. 190.)  The jury must compare the construed claims to the Accused Schrader Products and make a factual determination whether all of the claim limitations are present, either literally or under the doctrine of equivalents.  An enumeration of the factual and legal issues regarding infringement that Bridgestone will establish in its favor are set forth in the Statement of Contested Issues of Fact and Law, Exhibit 2 to the joint proposed pretrial order (in addition, Bridgestone will rely on the facts enumerated in the Statement of Uncontested Facts set forth in Exhibit 1 to the joint proposed pretrial order).

Bridgestone will establish that every element of '476 asserted claims 1 and 136 and '885 asserted claims 12, 25, and 92 is found in the Accused Schrader Products, either literally or under the doctrine of equivalents.  To prove these facts, Bridgestone will rely on testimony to be adduced at trial (including expert testimony), documentation describing the structure, operation, design, testing, and use of the Accused Schrader Products (including source code, specifications, schematics, protocols, engineering documents, emails, instructions, engineering documents, and marketing documents), along with physical exhibits.  Bridgestone further intends to use demonstratives to assist in illustrating its infringement claims.

At trial, Bridgestone will prove that the Accused Schrader Products contain all of the elements necessary to infringe the Asserted Claims.  Generally speaking, the evidence will show that the Accused Schrader Products measure temperature and pressure on a periodic basis; attach

to a vehicle's tire valve stem or are patch-mounted to the interior tire wall where both means of attaching the products to the tire place the sensing electronics inside the tire; and include a sensor, microprocessor, memory, transmitter, and receiver.

The evidence will show that the Accused Schrader Products incorporate a microprocessor that controls the key operations of the sensor, including ███████████████████████

████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

█████████████████████████

The evidence will show that the Accused Schrader Products have a receiver that can receive LF signals, which can be interrogation requests for pressure or temperature information.

██████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████

    █████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████



Bridgestone submits that the Accused Schrader Products literally infringe the Asserted Claims. However, Bridgestone also will show that any element the jury may consider not literally present is found in the Accused Schrader Products under the doctrine of equivalents. For any such claim element, Bridgestone intends to show that the Accused Schrader Products perform substantially the same function, in substantially the same way, to obtain substantially the same result. *See Graver Tank & Mfg. Co. v. Linde Air Prods. Co.*, 339 U.S. 605, 608 (1950).

Bridgestone also will establish that Schrader has made, used, offered to sell, and/or sold in the United States, and/or imported into the United States, the Accused Schrader Products. As part of this proof, Bridgestone will establish that Schrader ███████████████████ ██████████████████████████████████ thereby constituting direct infringement on the part of Schrader. Bridgestone will further establish that Schrader had

knowledge of the Asserted Patents and acted with specific intent to actively induce its customers, partners, and/or end users to directly infringe the Asserted Patents.

### B.    Schrader's Affirmative Defenses

Bridgestone will establish in its favor all of the contested issues of fact and law set forth in Exhibit 2 to the joint proposed pretrial order, including those relating to Schrader's defenses. Bridgestone's trial proof will include fact and expert testimony and documentary evidence, including documents from Schrader's own files, as well as demonstratives.

### 1.    Invalidity

The Asserted Claims are presumed to be valid, and Schrader will be unable to rebut the presumption for any Asserted Claim by clear and convincing evidence.  Specifically, Schrader will be unable to establish, by clear and convincing evidence, that any Asserted Claim is invalid under 35 U.S.C.§§ 103 or 112.[2]

### a)    Obviousness (35 U.S.C. § 103)

Schrader will be unable to show that the Asserted Claims would have been obvious to one of ordinary skill in the art as of December 15, 1997 (Bridgestone's earliest claimed priority date), or in the alternative July 26, 2000 (the filing date of Provisional Application No. 60/220,896).[3]  Bridgestone will show that the scope and content of the prior art is significantly narrower than Schrader asserts in hindsight, that there are significant differences between the prior art and the Asserted Claims, and that secondary indicia of non-obviousness such as commercial success, long-felt need, failure by others, and licensing are present.

---

[2]      As reflected in Exhibit 2 to the joint proposed pretrial order,  Schrader is not presenting, and has therefore waived, any invalidity defenses based on anticipation, enablement, or written description.

[3]      Bridgestone may also present evidence supporting priority dates between December 15, 1997 and July 26, 2000.

### b)　　Indefiniteness (35 U.S.C. § 112)

Bridgestone contends that Schrader has waived any defense based on indefiniteness by failing adequately to disclose the defense during fact and expert discovery, and that, in any event, the issue should be presented only to the Court, and not the jury.  Nonetheless, Schrader will not be able to demonstrate indefiniteness by clear and convincing evidence.  Bridgestone will show that the Asserted Claims, viewed in light of the specification and prosecution history, inform those skilled in the art about the scope of the invention with reasonable certainty.

### 2.　　Laches

Schrader asserts a defense of laches that it contends bars damages prior to the May 2, 2013 filing of the complaint.  Bridgestone contends that the issue of laches should be presented only to the Court, and not the jury.  In any event, Schrader will be unable to meet its burden of proving laches.  In particular, Schrader will be unable to prove that (1) Bridgestone unreasonably and inexcusably delayed filing its infringement suit, and (2) Schrader was materially prejudiced by any such alleged delay.  Schrader further will be unable to prove that any balancing of equities makes laches appropriate—including, inter alia, because of Schrader's discovery misconduct that is the subject of Bridgestone's pending motion for sanctions.  (*See* D.I. 191, 207.)

### 3.　　Marking (35 U.S.C. § 287(a))

Schrader has indicated that it may assert that, under 35 U.S.C. § 287(a), Bridgestone did not properly mark its B-TAG TPM product such that its damages would be limited.  Bridgestone will prove that it has complied with any marking requirements necessary to support its damages claim.

## IV.    BRIDGESTONE'S THEORY OF DAMAGES, INJUNCTIVE RELIEF, AND ATTORNEYS' FEES

### A.    Damages

If Bridgestone prevails on liability, it is entitled to damages "adequate to compensate for the infringement, but in no event less than a reasonable royalty …."  35 U.S.C. § 284. Bridgestone filed this infringement suit on May 2, 2013 and is thus entitled to damages dating back to May 2, 2007.  Bridgestone seeks a reasonable royalty on Schrader's infringing sales. Bridgestone will support its damages theory with fact and expert testimony and documentary evidence, including demonstratives.

Bridgestone's expert testimony will analyze the outcome of a hypothetical licensing negotiation between the parties at the time of first infringement.  This testimony will examine the *Georgia-Pacific* factors, a non-exclusive list of considerations to be used in a reasonable royalty analysis.  *Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 18 F. Supp. 1116, 1120 (S.D.N.Y. 1970).

Bridgestone's damages expert will present testimony concerning licenses under circumstances comparable to those in the hypothetical negotiation.  These licenses will provide starting royalty rates that, after consideration of the other *Georgia-Pacific* factors, will be adjusted as appropriate to arrive at a single royalty rate to be applied to Schrader's infringing sales.

### B.    Injunction

If the jury finds that any of the Asserted Claims are infringed, Bridgestone will establish its entitlement to a permanent injunction under 35 U.S.C. § 283 and *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388 (2006), preventing Schrader and its officers, directors, agents, servants, employees, attorneys, licensees, successors, and customers and those in active concert or

participation with any of them, from making, using, importing, offering to sell, or selling any devices that infringe or contribute to the infringement of any claim of the Asserted Patents, or from inducing others to infringe any claim of the Asserted Patents.  In so doing, Bridgestone will show that it has suffered and continues to suffer irreparable harm as a result of Schrader's infringement, that monetary damages are inadequate to compensate Bridgestone for any injury resulting from Schrader's infringement, that the balance of hardships warrants a permanent injunction, and that the public interest will not be disserved by a permanent injunction. However, this is an issue for the Court.

### C.      Attorneys' Fees

Bridgestone intends to seek its attorneys' fees and costs under 35 U.S.C. § 285 and any other applicable authority.

## V.      BRIDGESTONE'S ANTICIPATED MOTIONS FOR JMOL

Based on the legal theories presented herein and subject to the evidence presented at trial, Bridgestone anticipates that it will move for judgment as a matter of law that no reasonable jury could find:

1.   Non-infringement of the Asserted Claims;

2.   That the Asserted Claims are invalid due to obviousness; and

3.   That any of Schrader's defenses bar any or all of Bridgestone's claims.

Bridgestone reserves the right to move for judgment as a matter of law on any additional issues that Schrader advances at trial depending on the evidence or lack thereof.

Dated:  May 1, 2015

_/s/ Kenneth L. Dorsney_
Kenneth L. Dorsney (#3726)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801-1494
(302) 888-6800
kdorsney@morrisjames.com

Tara D. Elliott (#4483)
Heath A. Brooks (admitted _pro hac vice_)
Arianna Evers (admitted _pro hac vice_)
WILMER CUTLER PICKERING HALE
    AND DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
(202) 663-6748
tara.elliott@wilmerhale.com
heath.brooks@wilmerhale.com
arianna.evers@wilmerhale.com

Robert D. Cultice (admitted _pro hac vice_)
Cynthia D. Vreeland (admitted _pro hac vice_)
Monica Grewal (admitted _pro hac vice_)
Rachel Gurvich (admitted _pro hac vice_)
WILMER CUTLER PICKERING HALE
    AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000
robert.cultice@wilmerhale.com
cynthia.vreeland@wilmerhale.com
monica.grewal@wilmerhale.com
rachel.gurvich@wilmerhale.com

_Attorneys for Plaintiff_
_Bridgestone Americas Tire Operations, LLC_

14

# Exhibit 15

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC, | ) ) ) | |
| Plaintiff, | ) ) ) | C.A. No. 13-763 (GMS) |
| v. | ) ) | |
| SCHRADER-BRIDGEPORT INTERNATIONAL, INC. d/b/a SCHRADER INTERNATIONAL, INC.; SCHRADER ELECTRONICS LTD.; and SCHRADER ELECTRONICS, INC., | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## DEFENDANTS' TRIAL BRIEF

OF COUNSEL:

Donald A. Degnan
Timothy P. Getzoff
HOLLAND & HART LLP
One Boulder Plaza
1800 Broadway, Suite 300
Boulder, CO 80302
(303) 473-2700

Mark A. Miller
HOLLAND & HART LLP
222 South Main Street
Suite 2200
Salt Lake City, UT 84101
(801) 799-5800

Mher Hartoonian
Benjamin N. Simler
HOLLAND & HART LLP
555 17th Street, Suite 3200
Denver, CO 80202
(303) 295-8000

May 1, 2015

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Mary B. Graham (#2256)
Jeremy A. Tigan (#5239)
Thomas Curry (#5877)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
mgraham@mnat.com
jtigan@mnat.com
tcurry@mnat.com
   *Attorneys for Schrader-Bridgeport International,*
   *Inc. d/b/a Schrader International, Inc., Schrader*
   *Electronics Ltd., and Schrader Electronics, Inc.*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..................................................................................................iii

I.  NATURE OF THE CASE ......................................................................................... 1

II. THE CONTESTED FACTS THE EVIDENCE AT TRIAL WILL ESTABLISH............. 1

III. SCHRADER'S THEORY OF COUNTERCLAIMS AND DEFENSES.......................... 3

    A.  Non-Infringement ................................................................................ 3

        1.  The Accused Products Do Not Meet The "the microprocessor . . . partially awakening" and "fully awakening" Limitations......................................... 4

        2.  The Accused Products Do Not Meet The "periodically" Limitations. ........ 4

        3.  The Accused Products Are Not "disposed in a vehicle tire" ..................... 5

        4.  The Accused Products Do Not Transmit "the last stored [measured]/[tire] parameter".................................................................................... 5

        5.  The Accused Products Cannot Receive Signals From A "remote source". 5

        6.  The Accused Products Do Not Enter A Deep Sleep Mode Wherein A "minimum number" of Components are Powered.................................... 6

        7.  The Accused Products Do Not "activate[] all necessary electrical components to receive, process, and respond to the valid interrogation signal" .................................................................................... 6

        8.  EZ Sensor and EZ Tire Do Not Perform Any Claimed Functions ............. 7

        9.  The Doctrine Of Equivalents Does Not Apply ......................................... 7

        10. Schrader Does Not Induce Infringement .................................................. 8

    B.  Invalidity ...................................................................................... 8

        1.  The Asserted Claims Are Obvious ....................................................... 8

        2.  The Asserted Claims Are Indefinite ..................................................... 9

    C.  Ownership ...................................................................................... 11

    D.  Damages......................................................................................... 11

1.      Reasonable Royalty ............................................................................... 11

2.      Non-Marking............................................................................................ 12

E.      Laches ............................................................................................................ 13

F.      Permanent Injunction ............................................................................... 14

G.      Entitlement to Attorneys' Fees ............................................................... 14

IV.     ANTICIPATED MOTIONS FOR JUDGMENT AS A MATTER OF LAW .................. 14

# TABLE OF AUTHORITIES

**Page**

**Cases**

*A.C. Aukerman Co. v. R.I. Charides Constr. Co.*,
    960 F.2d 1020 (Fed. Cir. 1992)....................................................................13

*Boundaries Solutions Inc. v. CoreLogic, Inc.*,
    No. 14-cv-761, 2014 WL 7463708 (N.D. Cal. Dec. 30, 2014)..............................8

*Centillion Data Sys., LLC v. Qwest Comm'ns Int'l*,
    631 F.3d 1279 (Fed. Cir. 2011)..................................................................3, 7

*CIVIX-DDI, LLC v. Hotels.com, LP*,
    809 F. Supp. 2d 882 (S.D. Ill. 2011).............................................................3

*Commil USA, LLC v. Cisco Systems, Inc.*,
    720 F. 3d 1361 (Fed. Cir. 2013)..................................................................8

*eBay, Inc. v. MercExchange, L.L.C.*,
    547 U.S. 388 (2006)...............................................................................13

*Emtel, Inc. v . Lipidlabs, Inc.*,
    583 F. Supp. 2d 811 (S.D. Tex. 2008) ..........................................................3

*Ethicon, Inc. v. United States Surgical Corp.*,
    135 F.3d 1456 (Fed. Cir. 1998)..................................................................11

*Georgia-Pacific v. U.S. Plywood Corp.*,
    318 F. Supp. 1116 (S.D.N.Y. 1970).............................................................12

*Global-Tech Appliances, Inc. v. SEB S.A.*,
    131 S. Ct. 2060 (2011)............................................................................8

*InterDigital Commc'ns, Inc. v. ZTE Corp.*,
    No. 1:13-CV-00009-RGA, 2014 WL 1620733 (D. Del. Apr. 22, 2014)..................9

*IPXL Holdings, L.L.C. v. Amazon.com, Inc.*,
    430 F.3d 1377 (Fed. Cir. 2005)..................................................................9

*Johnson & Johnson Assocs. v. RE Serv. Co.*,
    285 F.3d 1046 (Fed. Cir. 2002)..................................................................7

*KSR Int'l. v. Teleflex*,
    550 U.S. 398 (2007)...............................................................................9

*Laitram Corp. v. Rexnord, Inc.*,
 939 F.2d 1533 (Fed. Cir. 1991)............................................................................3

*LaserDynamics v. Quanta Computer*,
 694 F.3d 51 (Fed. Cir. 2012)..............................................................................11

*Lucent Tech., Inc. v. Gateway, Inc.*,
 580 F.3d 1328 (Fed. Cir. 2009)..........................................................................11

*Mallinckrodt, Inc. v. E–Z–Em Inc.*,
 670 F.Supp.2d 349 (D. Del. 2009)........................................................................8

*Nautilus, Inc. v. Biosig Instruments, Inc.*,
 134 S.Ct. 2120 (2014)...........................................................................................9

*Octane Fitness v. ICON Health & Fitness*,
 134 S. Ct. 1749 (2014).........................................................................................14

*Planet Bingo, LLC v. GameTech Int'l., Inc.*,
 472 F. 3d 1338 (Fed. Cir. 2006)...........................................................................7

*Procter & Gamble Co. v. Nabisco Brands, Inc.*,
 604 F. Supp. 1485 (D. Del. 1985).........................................................................8

*Proxyconn Inc. v. Microsoft Corp.*,
 C.A. No. 11–1681–DOC, 2012 WL 1835680 (C.D. Cal. May 16, 2012) ..............8

*Rembrandt Data Techs., LP v. AOL, LLC*,
 641 F.3d 1331 (Fed. Cir. 2011).............................................................................9

*Rite-Hite Corp. v. Kelley Co.*,
 56 F.3d 1538 (Fed. Cir. 1995) (en banc)............................................................11

*Sage Prods., Inc. v. Devon Indus., Inc.*,
 126 F.3d 1420 (Fed. Cir. 1997).............................................................................7

*Sicom Sys., Ltd. v. Agilent Techs., Inc.*,
 427 F.3d 971 (Fed. Cir. 2005)............................................................................10

*Siemens Med. Solutions USA, Inc. v. Saint-Gobain Ceramics & Plastics, Inc.*,
 637 F.3d 1269 (Fed. Cir. 2011).............................................................................3

*SSL Servs., LLC v. Citrix Sys., Inc.*,
 940 F. Supp. 2d 480 (E.D. Tex. 2013).................................................................13

*Symantec Corp. v. Computer Assocs. Int'l, Inc.*,
 522 F.3d 1279 (Fed. Cir. 2008)...........................................................................13

*UltimatePointer, LLC v. Nintendo Co., Ltd.*,
 No. 14-cv-865-RSL, 2014 WL 7340484 (W.D. Wash. Dec. 22, 2014) ...................................9

*VirnetX, Inc. v. Cisco Sys., Inc.*,
 767 F.3d 1308 (Fed. Cir. 2014) ..............................................................................................11

*WiAV Solutions LLC v. Motorola, Inc.*,
 732 F. Supp. 2d 634 (E.D. Va. 2010) .....................................................................................13

*Xpoint Techs., Inc. v. Microsoft Corp.*,
 730 F.Supp.2d 349 (D. Del.2010) ............................................................................................8

## Other Authorities

U.S. Patent No. 5,438,329 ............................................................................................................2

U.S. Patent No. 5,488,376 ............................................................................................................2

U.S. Patent No. 5,562,787 ............................................................................................................2

U.S. Patent No. 5,853,020 ............................................................................................................2

U.S. Patent No. 5,963,128 ............................................................................................................2

U.S. Patent No. 5,963,650 ............................................................................................................2

U.S. Patent No. 6,087,930 ............................................................................................................2

U.S. Patent No. 6,130,602 ............................................................................................................2

U.S. Patent No. 6,271,748 ............................................................................................................2

U.S. Patent No. 6,340,929 ............................................................................................................2

U.S. Patent No. 6,630,885 ...............................................................................................1, 5, 6, 10

U.S. Patent No. 6,710,708 ............................................................................................................2

U.S. Patent No. 7,161,476 ...............................................................................................1, 5, 9, 10

## Rules and Statutes

35 U.S.C. §§ 102 (a), (b), (e) ......................................................................................................9

35 U.S.C. § 103 .........................................................................................................................1, 9

35 U.S.C. § 282 ............................................................................................................................2

35 U.S.C. § 285 ..........................................................................................................................14

35 U.S.C. § 287 .............................................................................................................................. 12

Fed. R. Evid. 702 ........................................................................................................................... 7

## I.     NATURE OF THE CASE

Plaintiff Bridgestone Americas Tire Operations, LLC ("Bridgestone") accuses defendants Schrader-Bridgeport International, Inc., d/b/a Schrader International, Inc., Schrader Electronics, Ltd., and Schrader Electronics, Inc. (collectively, "Schrader") of infringing claims 12, 25 and 92 of U.S. Patent No. 6,630,885 ("the '885 Patent") and claims 1 and 136 of U.S. Patent No. 7,161,476 ("the '476 Patent") (collectively, "the Asserted Claims") through the manufacture, sale, importation, and offer for sale of TPMS sensors, receivers, and hand tools ("the Accused Products").

The evidence at trial will demonstrate that: (1) the Accused Products do not infringe the Asserted Claims; (2) Schrader does not actively induce infringement of the Asserted Claims; (3) all Asserted Claims are invalid under 35 U.S.C. §§ 103 and/or 112; (4) Bridgestone's claims are barred (in whole or in part) by the doctrine of laches; (5) Bridgestone is not the sole owner of the Patents-in-Suit; (6) if Schrader is found to be liable, Bridgestone is entitled to no more than a reasonable royalty as a measure of damages; (7) Bridgestone is not entitled to recover damages during the period of time it failed to comply with the patent law's marking requirement; and (8) if Schrader is found to be liable, Bridgestone is not entitled to a permanent injunction or recovery of its attorneys' fees or enhanced damages.

## II.     THE CONTESTED FACTS THE EVIDENCE AT TRIAL WILL ESTABLISH

1.     The Accused Products do not meet every limitation of any of the Asserted Claims.

2.     Schrader has not actively induced others to directly infringe any Asserted Claim. Schrader did not encourage any other person to infringe any Asserted Claim. Schrader was unaware of either Asserted Patent prior to the filing of this suit. Since this suit was filed, Schrader has had a good-faith belief that the Accused Products do not infringe any Asserted Claim and that the Asserted Claims are invalid.

3.      The subject matter of each Asserted Claim, taken as a whole, would have been obvious to a person of ordinary skill in the art at the time of the alleged invention of the Patents-in-Suit, based upon any combination of the Schrader Gen1 sensor product line, the Schrader Gen2 sensor product line, the Schrader Gen1B sensor product line, the Schrader Gen1B FCC documents, the Schrader Gen2 FCC documents, the Schrader Gen1B specifications, the Schrader Gen2 specifications, European Patent Publication No. EP 1 002 670 (the "Katou" application), U.S. Patent No. 6,340,929 (referred to as the "Katou" patent); U.S. Patent No. 6,271,748 (the "Derbyshire" patent), U.S. Patent No. 6,130,602 (the "O'Toole" patent), Microchip PIC 16C715 Data Sheet, Microchip PIC16C717 Data Sheet, U.S. Patent No. 6,087,930 (the "Kulka" patent), U.S. Patent No. 5,562,787 (the "Koch" patent), U.S. Patent No. 5,963,650 (the "Simionescu" patent), U.S. Patent No. 5,488,376 (the "Hurta" patent), U.S. Patent No. 5,438,329 (the "Gastonauiotis" patent), U.S. Patent No. 5,963,128 (the "McClelland 128" patent), U.S. Patent No. 6,710,708 (the "McClelland 708" patent), and U.S. Patent No. 5,853,020 (the "Widner" patent); Schrader/Eaton Truck Pressure Sensor Specification; 1998 Eaton (Steel) Circuit Schematic; as well as the knowledge of a person of ordinary skill in the art as demonstrated by knowledgeable witnesses and contemporaneous patents and publications, including all those listed in Schrader's Notice Pursuant to 35 U.S.C. § 282, which is incorporated herein in its entirety by this reference.

4.      All of the Asserted Claims are invalid for indefiniteness because they fail to reasonably apprise the public of their scope.

5.      Bridgestone unreasonably delayed in filing suit, despite knowledge of Schrader's accused activities, and that delay caused Schrader material evidentiary and economic prejudice.

6.      Bridgestone has not come forward with evidence (and therefore cannot prove at trial) that it manufactured, offered for sale, sold, or imported into the United States a product that practices any Asserted Claim of the Asserted Patents.

7.      To the extent the Court allows Bridgestone to argue at trial that it manufactured, offered for sale, sold, or imported into the United States a product that practices any Asserted Claim of the Asserted Patents, Bridgestone will not prove that from at least before May 2, 2007 through May 2, 2013 all authorized persons marked substantially all products that practice the Asserted Patents.

8.      Bridgestone has neither sole title in nor an exclusive license to the '476 or '885 Patents, and has failed to join one or more co-owners as a plaintiff.

## III.   SCHRADER'S THEORY OF COUNTERCLAIMS AND DEFENSES

### A.   Non-Infringement

In order to establish direct infringement, Bridgestone bears the burden of proving by a preponderance of the evidence that the Accused Products meet every limitation of the Asserted Claims, either literally or under the doctrine of equivalents. *See Siemens Med. Solutions USA, Inc. v. Saint-Gobain Ceramics & Plastics, Inc.*, 637 F.3d 1269, 1279 (Fed. Cir. 2011). A "failure to meet a single limitation is sufficient to negate infringement of the claim . . ." *Laitram Corp. v. Rexnord, Inc.*, 939 F.2d 1533, 1535 (Fed. Cir. 1991). Bridgestone will be unable to establish that every claim limitation is embodied in the Accused Products. Further, Bridgestone will be unable to establish that Schrader makes or sells any system (or controls any other person that puts into service a system) that meets every limitation of any Asserted Claim. *Centillion Data Sys., LLC v. Qwest Comm'ns Int'l*, 631 F.3d 1279 (Fed. Cir. 2011); *CIVIX-DDI, LLC v. Hotels.com, LP*, 809 F. Supp. 2d 882, 889-890 (S.D. Ill. 2011); *Emtel, Inc. v . Lipidlabs, Inc.*, 583 F. Supp. 2d 811,

- 3 -

834 (S.D. Tex. 2008).  In particular, and without limitation, at least the following claim limitations are not present in the Accused Products.

### 1. The Accused Products Do Not Meet The "microprocessor . . . partially awakening" and "fully awakening" Limitations

All of the Asserted Claims include as limitations "the microprocessor periodically partially awakening," "fully awakening," and/or "interrogation mode."  "Partially awakening" is construed to mean "starts and uses a clock speed that is lower than the clock speed than when [fully awake] [further awake] [in interrogation mode]." (D.I. 190 at 2). "Fully awakening" or "interrogation mode" requires that the microprocessor "uses a higher clock speed than when partially awake." (D.I. 190 at 3). These limitations require a device to partially awaken from a deep sleep mode (in which the clock oscillator used to generate the microprocessor's clock is off) by starting a low speed clock. ███████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████

### 2. The Accused Products Do Not Meet The "periodically" Limitations.

All of the Asserted Claims require "the microprocessor periodically partially awakening," and/or entering an interrogation mode on a "periodic basis" to determine if a received transmission is a valid interrogation signal.  "Periodic" is construed to mean "recurring at intervals of time." (D.I. 190 at 4). ███████████████████████████████████

███████████████████████████████████████████████████████

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

### 3.    The Accused Products Are Not "disposed in a vehicle tire"

Claim 136 of the '476 Patent requires that the sensing device be "disposed in a vehicle tire." The Accused Devices are not disposed or located in a vehicle tire, but instead are attached to the valve stem that is in turn designed to be located in the wheel rim, not the tire.  Further, Schrader does not control whether third parties insert any Accused Product into a tire, nor does Schrader make or sell tires.

### 4.    The Accused Products Do Not Transmit "the last stored [measured]/[tire] parameter"

All Asserted Claims, except Claim 92 of the '885 patent, require that the apparatus transmit "the last stored measured parameter" or "the last stored tire parameter." The plain and ordinary meaning of this phrase includes its antecedent basis as being the previously stored measured parameter taken by the sensor "on a first periodic basis." [REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

### 5.    The Accused Products Cannot Receive Signals From A "remote source"

All Asserted Claims require receipt of a "forward link transmission," or "interrogation signal," for which the Court has construed to mean a "one-way communication from a remote source to the tire tag." (D.I. 190 at 4). [REDACTED]

███████████████████████████████████████████████████

█████████████████████████████████████████████

**6.     The Accused Products Do Not Enter A Deep Sleep Mode Wherein A "minimum number" of Components are Powered**

Claim 92 of the '885 patent requires the device to "enter a deep sleep mode in which a minimum number of electrical components are powered to conserve battery power." ████

████████████████████████████████████████████████

██████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████████████

**7.     The Accused Products Do Not "activate[] all necessary electrical components to receive, process, and respond to the valid interrogation signal"**

Claim 92 of the '885 patent requires that "if" a received signal has been validated, the device then "activates all necessary electrical components to receive, process and respond" to a valid signal. █████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████████

█████████████████████████████████████████████████

████████████████████████████████████████████████████

███████

### 8.      EZ Sensor and EZ Tire Do Not Perform Any Claimed Functions

As made and sold by defendants, the accused EZ Sensor and EZ Tire products do not

contain the programming and thus are not capable of performing *any* of the functions claimed in

the Asserted Claims, and therefore do not infringe any Asserted Claim.  *See, e.g., Centillion*

*Data Sys., LLC v. Qwest Comm'ns Int'l*, 631 F.3d 1279 (Fed. Cir. 2011).

### 9.      The Doctrine Of Equivalents Does Not Apply[1]

Bridgestone also accuses Schrader of infringing the asserted claims under the doctrine of

equivalents. However, Bridgestone's infringement expert, Dr. Bagherzadeh, offered only

conclusory assertions on this issue and did not provide any analysis, reasoning, or explanation

for how the doctrine of equivalents is allegedly satisfied. As a result, Bridgestone has no

admissible expert opinion to offer on the doctrine of equivalents. *See* Fed. R. Evid. 702.

Additionally, the doctrine of equivalents may not be used to recapture scope that was

surrendered during prosecution, where the applicant distinguished the claimed invention over

existing known art alleged to be an equivalent, or where the applicant disclosed subject matter

not specifically claimed by the patent. *See, e.g.*, *Johnson & Johnson Assocs. v. RE Serv. Co.,* 285

F.3d 1046, 1054-55 (Fed. Cir. 2002). Also, the Doctrine of Equivalents cannot be used to avoid

"clear structural limitations." *Sage Prods., Inc. v. Devon Indus., Inc.*, 126 F.3d 1420, 1424-25

(Fed. Cir. 1997). In addition, the Doctrine of Equivalents applies only where the alleged

equivalent was unforeseeable during the patent's prosecution. *See, e.g.*, *Planet Bingo, LLC v.*

*GameTech Int'l., Inc.*, 472 F. 3d 1338, 1344 (Fed. Cir. 2006).

To the extent Bridgestone is permitted to advance a doctrine of equivalents theory, the

evidence will show that the Accused Products do not comprise features equivalent to the claimed

---

[1] As set out in Schrader's List of Evidentiary Issues and Schrader's Statement of Waivers of Claims or Defenses, Bridgestone has abandoned and waived its Doctrine of Equivalents arguments, and has failed to present sufficient evidence to support such a claim.

limitations. Moreover, Bridgestone's doctrine of equivalents arguments would expand the scope of the claims to include subject matter over which the claimed invention was distinguished, would recapture scope explicitly disclaimed, and/or would expand the scope to include alternatives known and reasonably foreseeable at the time of prosecution.

### 10. Schrader Does Not Induce Infringement

Induced infringement requires that Bridgestone prove that others actually infringed the Asserted Claims, that Schrader knew of the asserted patents, and that Schrader specifically intended to cause those others to infringe the patents. *See Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011). The facts will show that Schrader could not have specifically intended to cause others to infringe because Schrader was neither aware of nor willfully blind to the patents-in-suit. *See Procter & Gamble Co. v. Nabisco Brands, Inc.*, 604 F. Supp. 1485, 1488 (D. Del. 1985); *Boundaries Solutions Inc. v. CoreLogic, Inc.*, No. 14-cv-761, 2014 WL 7463708, at *3 (N.D. Cal. Dec. 30, 2014).[2] In addition, Bridgestone will not be able to show that any other person actually infringed the Asserted Claims or that Schrader took action with the specific intent to cause such infringement.

### B. Invalidity

### 1. The Asserted Claims Are Obvious

Schrader will prove by clear and convincing evidence that the Asserted Claims are obvious in view of the prior art set forth above in Section II(3), as well as the knowledge of a

---

[2] Post-filing inducement claims are not permitted. *See, e.g.*, *Xpoint Techs., Inc. v. Microsoft Corp.,* 730 F.Supp.2d 349, 357 (D. Del.2010); *Mallinckrodt, Inc. v. E–Z–Em Inc.,* 670 F.Supp.2d 349, 354 n. 1 (D. Del. 2009); *accord Proxyconn Inc. v. Microsoft Corp.*, C.A. No. 11–1681–DOC, 2012 WL 1835680, at *7 (C.D. Cal. May 16, 2012). Even if-post filing claims were permitted, there is no active inducement if the defendant reasonably believed that there was no direct infringement or that the asserted claims were invalid. *Global-Tech*, 131 S. Ct. at 2068; *Commil USA, LLC v. Cisco Systems, Inc.*, 720 F. 3d 1361, 1368-69 (Fed. Cir. 2013). The evidence will show that Schrader reasonably believed both that there was no direct infringement and that the Asserted Claims are invalid.

person of ordinary skill in the art, the admitted prior art, and the opinions set forth in the expert reports of Mr. Kell. Schrader will likewise prove that each of the aforementioned prior art references and systems qualifies as prior art to the '885 and '476 patents under 35 U.S.C. §§ 102 (a), (b), (e), and/or (g).

A patent claim is invalid as obvious if its subject matter would have been obvious to a person of ordinary skill in the art at the time of the invention. *See* 35 U.S.C. § 103. The evidence will show that each and every element of the Asserted Claims were well-known in the prior art prior to the alleged inventions. Indeed, the '885 and '476 patent specifications acknowledge that tire pressure monitoring sensors that transmitted tire pressure and/or temperature through radio frequency transmissions were well known in the art. Consequently, the claimed inventions are no more than a predictable use of prior art elements according to their established functions to achieve predictable results.  In addition, both the prior art and the patents-in-suit were directed towards the same problems, including power savings.  Thus, at the time of the alleged inventions, a person of ordinary skill in the art would have been motivated to combine the prior art references and known elements in the manner claimed by the asserted patents. *See KSR Int'l. v. Teleflex*, 550 U.S. 398, 421 (2007).

## 2.    The Asserted Claims Are Indefinite

"A patent's claims, viewed in light of the specification and prosecution history, [must] inform those skilled in the art about the scope of the invention with reasonable certainty," otherwise they are indefinite and invalid. *Nautilus, Inc. v. Biosig Instruments, Inc.,* 134 S.Ct. 2120, 2124 & 2129 (2014). As part of the indefiniteness determination, claims that impermissibly mix statutory classes are indefinite because they do not inform those of ordinary skill whether infringement occurs by manufacture or sale, or only by actual use. *See IPXL Holdings, L.L.C. v. Amazon.com, Inc.*, 430 F.3d 1377, 1384 (Fed. Cir. 2005); *Rembrandt Data*

*Techs., LP v. AOL, LLC,* 641 F.3d 1331, 1339 (Fed. Cir. 2011); *InterDigital Commc'ns, Inc. v. ZTE Corp.*, No. 1:13-CV-00009-RGA, 2014 WL 1620733, at *4-5 (D. Del. Apr. 22, 2014); *UltimatePointer, LLC v. Nintendo Co., Ltd.*, No. 14-cv-865-RSL, 2014 WL 7340484 *2-3 (W.D. Wash. Dec. 22, 2014).

All of the Asserted Claims are indefinite because they are simultaneously directed to both an apparatus or system and the method of using the apparatus or system. In addition, Claim 12 (via claim 1) of the '885 patent and Claims 1 and 136 of the '476 patent use the term "periodically awakening" in the present and future tense with reference to "a received signal" (a phrase that is both past tense and singular), so it is unclear if the only signal received is received before or during the partially awakening. Claim 25 of the '885 patent recites storage of "the device parameter," and is unclear as to whether this is the same as the "data signal representing the measured parameter" that is stored as recited in Claim1. Claim 92 of the '885 patent recites "a lucid sleep mode in which certain of the electrical components are activated to cause the sensor to measure and store the at least one tire parameter," but a person of ordinary skill in the art would not know which components are activated. Similarly, Claim 92 recites a deep sleep mode "in which a minimum number of electrical components are powered" and an interrogation mode where "all necessary components" are activated, which are vague and subjective criteria and provide insufficient information for a person skilled in the art to know which components must be activated in order to infringe. Claim 92 also recites temporal limitations using "if so" language that renders the claim nonsensical by stating that the components necessary to "receive" an interrogation signal are not activated until *after* a signal has been received and validated.  Claim 136 of the '476 patent recites "responding to the valid interrogation signal" but gives no information about what an infringing "response" would be.

### C.     Ownership

Bridgestone bears the burden of proving by a preponderance of the evidence that all co-owners of the patents-in-suit are properly joined. *Sicom Sys., Ltd. v. Agilent Techs., Inc.,* 427 F.3d 971, 975-76 (Fed. Cir. 2005); *Ethicon, Inc. v. United States Surgical Corp.*, 135 F.3d 1456, 1467 (Fed. Cir. 1998). Plaintiff will be unable to prove that it had sole (or any) title to the Patents-in-Suit before filing suit or that it has maintained ownership of the patents.

### D.     Damages

#### 1.     Reasonable Royalty

Bridgestone has failed to adduce competent expert opinion evidence of a reasonable royalty. Fed. R. Civ. p. 702. Bridgestone's expert contends a reasonable royalty based on a rate of ▮▮▮ of the total net sales price of the Accused Sensor Products, which it asserts to be the smallest saleable units that infringe the Asserted Claims. However, "[w]here the smallest salable unit is, in fact, a multi-component product containing several non-infringing features with no relation to the patented feature . . . the patentee must . . . estimate what portion of the value of the product is attributable to the patented technology." *VirnetX, Inc. v. Cisco Sys., Inc.*, 767 F.3d 1308, 1327-28 (Fed. Cir. 2014). The Accused Products have many non-infringing features, many of which are independently patented by Schrader and drive market demand, yet its expert failed to undertake any apportionment analysis to determine the value attributable to the allegedly infringing features as compared to the many other non-infringing components and functions of the Accused Products.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1550 (Fed. Cir. 1995) (en banc); *LaserDynamics v. Quanta Computer*, 694 F.3d 51 (Fed. Cir. 2012); *Lucent Tech., Inc. v. Gateway, Inc.*, 580 F.3d 1328 (Fed. Cir. 2009).

As of the October 2003 hypothetical negotiation date, a reasonable royalty for the Patents-in-Suit would have been ████████████████████████████████

████████████████████████████████████████████████

████████████████████ The evidence of record applicable to the factors set out in *Georgia-Pacific v. U.S. Plywood Corp.*, 318 F. Supp. 1116 (S.D.N.Y. 1970) compel the conclusion that Bridgestone's damages proposal is contrary to what the parties would have agreed to at the time of the hypothetical negotiation, is inconsistent with the relevant patent license agreements of record, does not properly account for the value of the non-patented technology and components in the Accused Products, does not account for Bridgestone's own practices and conduct concerning the Patents-in-Suit, does not account for the nature of the relationship between Bridgestone and Schrader at the relevant time period, does not account for the various available non-infringing alternatives to achieve the benefits of the patented technology, and is inconsistent with industry standards.

### 2.    Non-Marking

To the extent Bridgestone is able or allowed to argue or present its B-Tag product or prior prototypes as commercial embodiments of the Patents-in-Suit, Bridgestone failed to comply with the marking requirements.  The evidence will show that Bridgestone (and/or other authorized persons) failed to provide Schrader with actual or constructive notice of the patents prior to filing suit, as required for Bridgestone to be entitled to any pre-suit damages. 35 U.S.C. § 287. At least from November 2006 through May 2, 2013, Bridgestone or other authorized persons made, sold, offered for sale, or imported into the United States TPMS products. Bridgestone cannot prove compliance with the marking statute under the Patent Act by demonstrating that either these products did not practice the Asserted Claims or they were marked with the Asserted Patents. Bridgestone produced no expert opinion to show these products did not practice the patents,

refused to respond to discovery directed to the issue of whether the products were covered by the Patents-in-Suit, and failed to produce any evidence that those products were marked with the patent numbers. Therefore, Bridgestone is not entitled to damages for any infringement that might have occurred before May 2, 2013. *See, e.g.*, *WiAV Solutions LLC v. Motorola, Inc.*, 732 F. Supp. 2d 634, 640 (E.D. Va. 2010); *SSL Servs., LLC v. Citrix Sys., Inc.*, 940 F. Supp. 2d 480, 487 (E.D. Tex. 2013).

### E.    Laches

Bridgestone's claims are barred in whole or in part by laches because it "delayed filing suit for an unreasonable and inexcusable length of time from the time [it] knew or reasonably should have known of its claim against the defendant[s]," and "the delay operated to the prejudice or injury of the defendant[s]." *A.C. Aukerman Co. v. R.I. Charides Constr. Co.*, 960 F.2d 1020, 1032 (Fed. Cir. 1992). There is a presumption of material prejudice because Bridgestone's delay was more than six years. *Id.* at 1035-36. A "new laches period [does not begin] as a result of design changes implemented in . . . newer accused infringing products." *Symantec Corp. v. Computer Assocs. Int'l, Inc.*, 522 F.3d 1279, 1295 (Fed. Cir. 2008). The evidence will show ███████████████████████████████████ ███████████████████████ but waited until 2013 to file suit. Every Accused Product and their predecessors are the same in all material respects relevant to infringement of the Asserted Claims. Schrader has been materially prejudiced as a result of Bridgestone's unreasonably long delay in bringing suit, because it made investments and incurred obligations it would not otherwise have if Bridgestone had not delayed, it was denied the ability to account for Bridgestone's infringement allegations as it developed future generations of the Accused Products, and because evidence has been lost as a result of routine document destruction policies, the passage of time, and faded memories.

### F.        Permanent Injunction

If Schrader is found liable, the evidence will show that Bridgestone is not entitled to a permanent injunction, pursuant to *eBay, Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006). Bridgestone does not practice the inventions of the Patents-in-Suit, does not consider Schrader to be a competitor, does not claim to have lost sales or market share due to Schrader, and has offered to grant licenses to others for the Patents-in-Suit, including to some of its largest competitors, and including granting at least one royalty-free license. Bridgestone chose to wait a decade before bringing suit. Thus, Bridgestone has not and will not suffer irreparable harm due to the Accused Products.

### G.        Entitlement to Attorneys' Fees

Should Schrader prevail, it will seek an award of reasonable attorney and expert witness fees pursuant to 35 U.S.C. § 285. The evidence will show this is an exceptional case based on the lack of merit in Bridgestone's substantive claims as well as the exceptional nature of the manner in which Bridgestone pursued its meritless claims. *See Octane Fitness v. ICON Health & Fitness*, 134 S. Ct. 1749, 1756 (2014).

## IV.    ANTICIPATED MOTIONS FOR JUDGMENT AS A MATTER OF LAW

Schrader expects to move for judgment as a matter of law that: (1) no Accused Product infringes an Asserted Claim; (2) Bridgestone has not proven Schrader actively induces infringement; (3) the Asserted Claims are invalid for obviousness; (4) the Asserted Claims are invalid for indefiniteness; (5) Bridgestone has not proven a reasonable royalty; (6) Bridgestone has failed to prove its compliance with the marking statute; (7) Bridgestone has failed to prove it is the sole owner of the Patents-in-Suit; and (8) Bridgestone's claims are precluded in whole or in part by its laches.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/Mary B. Graham*

Mary B. Graham (#2256)
Jeremy A. Tigan (#5239)
Thomas Curry (#5877)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
mgraham@mnat.com
jtigan@mnat.com
tcurry@mnat.com
*Attorneys for Schrader-Bridgeport International,*
*Inc. d/b/a Schrader International, Inc., Schrader*
*Electronics Ltd., and Schrader Electronics, Inc.*

Donald A. Degnan
Timothy P. Getzoff
HOLLAND & HART LLP
One Boulder Plaza
1800 Broadway, Suite 300
Boulder, CO 80302
(303) 473-2700

Mark A. Miller
HOLLAND & HART LLP
222 South Main Street
Suite 2200
Salt Lake City, UT 84101
(801) 799-5800

Mher Hartoonian
Benjamin N. Simler
HOLLAND & HART LLP
555 17th Street, Suite 3200
Denver, CO 80202
(303) 295-8000

May 1, 2015

7759384_2

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>SCHRADER-BRIDGEPORT INTERNATIONAL, INC. d/b/a SCHRADER INTERNATIONAL, INC.; SCHRADER ELECTRONICS LTD.; and SCHRADER ELECTRONICS, INC.,<br><br>　　　　　　　Defendants. | C.A. No. 13-763-GMS<br><br>JURY TRIAL DEMANDED |

**EXHIBIT 16**

**[PROPOSED] PRELIMINARY JURY INSTRUCTIONS[1]**

## 1.  INTRODUCTION [AGREED][2]

Members of the jury:   Now that you have been sworn, I am now going to give you some preliminary instructions to guide you in your participation in the trial.

These instructions will give you some general rules and guidance that might apply to any civil case.   However, because this is a patent trial which will deal with subject matter that is not within the everyday experience of most of us, I will also give you some additional preliminary instructions regarding patents to assist you in discharging your duties as jurors.

---

[1] Sources: Preliminary Jury Instructions – Patent (GMS), Rev. 3/16/10 and Sample Preliminary Instruction Re: Electronic Media; as-given jury preliminary instructions in *Avid Tech. Inc. v. Harmonic, Inc.*, 1:11-cv-1040-GMS.

[2] Below, the parties have indicated where instructions are agreed, and where they are disputed.

1

2. <u>**THE PARTIES AND THEIR CONTENTIONS**</u> **[DISPUTED]**

**Bridgestone's Proposal**

Before I begin with those instructions, however, allow me to give you an overview of who the parties are and what each contends.

You may recall that during the process that led to your selection as jurors, I advised you that this is a civil action for patent infringement arising under the patent laws of the United States.

The parties in this case are the plaintiff, Bridgestone Americas Tire Operations, LLC, and the defendants, Schrader-Bridgeport International, Inc. d/b/a Schrader International, Inc.; Schrader Electronics Ltd.; and Schrader Electronics, Inc.   I will refer to Bridgestone Americas Tire Operations, LLC as "Bridgestone" and to the defendants collectively as "Schrader."

The dispute between the parties relates to the design, manufacture and operation of tire pressure monitoring systems ("TPMS").   During the trial, the parties will offer testimony to familiarize you with this technology.

Bridgestone owns two United States Patents which it alleges that Schrader infringes: Patent Nos. 6,630,885 and 7,161,476.   Because these numbers are so long, patents are usually referred to by their last three digits.   For example, Patent No. 6,630,885 is called "the '885 patent."   Likewise, Patent No. 7,161,476 is called simply "the '476 patent."   Bridgestone contends that Schrader makes, uses, sells, offers for sale, and imports products that infringe these patents.   Bridgestone seeks damages for Schrader's alleged infringement.

Bridgestone does not contend that all of Schrader's products infringe all of the claims of each patent.   Instead, Bridgestone asserts that only certain patent claims are infringed by some of Schrader's products.   I, and the attorneys and witnesses, may refer to these patent claims as

2

"asserted claims" and these products as "accused products."   An "accused product" simply refers to a product that Bridgestone asserts infringes one or more of its patents.   You, of course, will determine whether or not each accused product infringes the asserted claims of any of Bridgestone's patents.

Persons or companies sued for allegedly infringing a patent can deny infringement. They can also defend a charge of infringement by proving the patent is invalid.   In this case, Schrader denies that it infringes the asserted claims of Bridgestone's '885 and '476 patents and asserts what are called affirmative defenses to the charges of infringement.   I will tell you more about infringement in a few minutes.   I will instruct you as to defenses to a charge of infringement and possible damages resulting from a finding of infringement in my instructions to you at the close of the evidence.

**Schrader's Proposal**

Before I begin with those instructions, however, allow me to give you an overview of who the parties are and what each contends.

You may recall that during the process that led to your selection as jurors, I advised you that this is a civil action for patent infringement arising under the patent laws of the United States.

The parties in this case are the plaintiff, Bridgestone Americas Tire Operations, LLC, and the defendants, Schrader-Bridgeport International, Inc. d/b/a Schrader International, Inc.; Schrader Electronics Ltd.; and Schrader Electronics, Inc.   I will refer to Bridgestone Americas Tire Operations, LLC as "Bridgestone" and to the defendants collectively as "Schrader."

The dispute between the parties relates to the design, manufacture and operation of tire pressure monitoring systems ("TPMS").   During the trial, the parties will offer testimony to familiarize you with this technology.

Bridgestone claims that it owns two United States Patents which it alleges that Schrader infringes: Patent Nos. 6,630,885 and 7,161,476.   Because these numbers are so long, patents are usually referred to by their last three digits.   For example, Patent No. 6,630,885 is called "the '885 patent."   Likewise, Patent No. 7,161,476 is called simply "the '476 patent."   Bridgestone contends that Schrader makes, uses, sells, offers for sale, and imports products that infringe these patents.   Bridgestone seeks damages for Schrader's alleged infringement.

Bridgestone does not contend that all of Schrader's products infringe all of the claims of each patent.   Instead, Bridgestone asserts that only certain patent claims are infringed by some of Schrader's products.   I, and the attorneys and witnesses, may refer to these patent claims as "asserted claims" and these products as "accused products."   An "accused product" simply

4

refers to a product that Bridgestone asserts infringes one or more of its patents.   You, of course,
will determine whether or not each accused product infringes the asserted claims of any of
Bridgestone's patents.

Persons or companies sued for allegedly infringing a patent can deny infringement.
They can also defend a charge of infringement by proving the patent is invalid.   In this case,
Schrader denies that it infringes the asserted claims of the '476 and '885 patents and asserts that
the asserted claims are invalid.   Schrader also asserts what are called affirmative defenses to the
charges of infringement.   I will tell you more about infringement in a few minutes.   I will
instruct you as to defenses to a charge of infringement and possible damages resulting from a
finding of infringement in my instructions to you at the close of the evidence.

3.  <u>**DUTIES OF THE JURY**</u> **[AGREED]**

So, let me begin with those general rules that will govern the discharge of your duties as jurors in this case.

It will be your duty to find from the evidence what the facts are.    You and you alone will be the judges of the facts.    You will then have to apply to those facts to the law as I will give it to you both during these preliminary instructions and at the close of the evidence.    You must follow that law whether you agree with it or not.    In addition to instructing you about the law, at the close of the evidence, I will provide you with instructions as to what the claims of the patents mean.    Again, of course, you are bound by your oath as jurors to follow these and all the instructions that I give you, even if you personally disagree with them.    All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly.    Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way.    Also, do not let anything that I may say or do during the course of the trial influence you.    Nothing that I may say or do is intended to indicate, or should be taken by you as indicating, what your verdict should be.

**4.** <u>**EVIDENCE**</u> **[AGREED]**

The evidence from which you will find the facts will consist of the testimony of witnesses.   The testimony of witnesses consists of the answers of the witnesses to questions posed by the attorneys or the court—you may not ask questions.   Evidence will also consist of documents and other things received into the record as exhibits, and any facts that the lawyers agree to or stipulate to or that I may instruct you to find.

Certain things are not evidence and must not be considered by you.   I will list them for you now:

1.      Statements, arguments, and questions by lawyers are not evidence.

2.      Objections to questions are not evidence.   Lawyers have an obligation to their clients to make objections when they believe evidence being offered is improper under the rules of evidence.   You should not be influenced by the objection or by the court's ruling on it.   If the objection is sustained, ignore the question.   If it is overruled, treat the answer like any other.   If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

3.      Testimony that the court has excluded or told you to disregard is not evidence and must not be considered.

4.      Anything you may have seen or heard outside the courtroom is not evidence and must be disregarded.   You are to decide the case solely on the evidence presented here in the courtroom.

There are two kinds of evidence: direct and circumstantial.   Direct evidence is direct proof of a fact, such as testimony of an eyewitness.   Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist.   As a general rule, the law makes

no distinction between these two types of evidence, but simply requires that you find facts from all the evidence in the case, whether direct or circumstantial or a combination of the two.

### 5. **CREDIBILITY OF WITNESSES—WEIGHING CONFLICTING TESTIMONY**

**[AGREED]**

You are the sole judges of each witness's credibility.    You should consider each witness's means of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witness's biases, prejudices, or interests; the witness's manner or demeanor on the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony.

If you find the testimony to be contradictory, you must try to reconcile it, if reasonably possible, so as to make one harmonious story of it all.    But if you can't do this, then it is your duty and privilege to believe the testimony that, in your judgment, is most believable and disregard any testimony that, in your judgment, is not believable.    This instruction applies to the testimony of all witnesses, including expert witnesses.

6. **BURDEN OF PROOF [DISPUTED]**

**Bridgestone's Proposal**

As I have already told you, in this case, Bridgestone is the owner of two patents which it contends Schrader infringes.   Bridgestone, therefore, has the burden of proving infringement by what is called a preponderance of the evidence.   That means Bridgestone has to produce evidence which, considered in the light of all the facts, leads you to believe that what Bridgestone alleges is more likely true than not.   To put it differently, if you were to put Bridgestone's and Schrader's evidence on opposite sides of a scale, the evidence supporting Bridgestone's allegations would have to make the scale tip somewhat on its side.   If Bridgestone fails to meet this burden, the verdict must be for Schrader.   Bridgestone must also prove its damages by a preponderance of the evidence.

In this case, Schrader asserts that Bridgestone's patents are invalid.   A patent, however, is presumed to be valid.   Accordingly, the party challenging the patent—in this case, Schrader—has the burden of proving by clear and convincing evidence that the patent is invalid. Clear and convincing evidence is evidence that produces an abiding conviction that the truth of a factual contention is highly probable.   Proof by clear and convincing evidence is thus a higher burden than proof by a preponderance of the evidence.

Those of you who have sat on criminal cases will have heard of proof beyond a reasonable doubt.   That requirement does not apply to a civil case; therefore, you should put it out of your mind.

**Schrader's Proposal**

As I have already told you, in this case, Bridgestone claims that it is the owner of two patents which it contends Schrader infringes.   Bridgestone, therefore, has the burden of proving infringement by what is called a preponderance of the evidence.   That means Bridgestone has to produce evidence which, considered in the light of all the facts, leads you to believe that what Bridgestone alleges is more likely true than not.   To put it differently, if you were to put Bridgestone's and Schrader's evidence on opposite sides of a scale, the evidence supporting Bridgestone's allegations would have to make the scale tip somewhat on its side.   If Bridgestone fails to meet this burden, the verdict must be for Schrader.   Bridgestone must also prove its damages by a preponderance of the evidence.

In this case, Schrader asserts that Bridgestone's patents are invalid.   A patent, however, is presumed to be valid.   Accordingly, the party challenging the patent—in this case, Schrader—has the burden of proving by clear and convincing evidence that the patent is invalid. Clear and convincing evidence is evidence that produces an abiding conviction that the truth of a factual contention is highly probable.   Proof by clear and convincing evidence is thus a higher burden than proof by a preponderance of the evidence.

Those of you who have sat on criminal cases will have heard of proof beyond a reasonable doubt.   That requirement does not apply to a civil case; therefore, you should put it out of your mind.

7. <u>**GENERAL GUIDANCE REGARDING PATENTS**</u> [DISPUTED]

**Bridgestone's Proposal**

By way of background, the United States Constitution, Article I, Section 8, grants the Congress of the United States the power to enact laws "to promote the progress of science and the useful arts, by securing for limited times to authors and inventors the exclusive right to their respective writings and discoveries."   I will now play a video called "Introduction to the Patent System."   The video lasts approximately 20 minutes, and has been prepared by the Federal Judicial Center for use in patent cases to help jurors like you better understand the patent system.

<u>**Summary Of The Patent Issues**</u>

In this case, you must decide several things according to the instructions that I will give you at the end of the trial.   Those instructions will repeat this summary and will provide more detail.   One thing you need not decide is the meaning of the patent claims.   That is one of my jobs—to explain to you what the patent claims mean.   By the way, the word "claims" is a term of art and I will instruct you on its meaning at trial's end.   Meanwhile, you will find a definition in the glossary attached to these preliminary instructions.   In essence, you must decide:

(1) whether Bridgestone has proven by a preponderance of the evidence that the Schrader accused products infringe one or more of the asserted claims of the two patents;

(2) whether Schrader has proven by clear and convincing evidence that any of the asserted patent claims are invalid; and

(3) if you find any asserted patent claim is both infringed and not invalid, whether Bridgestone has proven its measure of damages for the infringement by a preponderance of the evidence.

**Schrader's Proposal**

By way of background, the United States Constitution, Article I, Section 8, grants the Congress of the United States the power to enact laws "to promote the progress of science and the useful arts, by securing for limited times to authors and inventors the exclusive right to their respective writings and discoveries."   I will now play a video called "Introduction to the Patent System."   The video lasts approximately 20 minutes, and has been prepared by the Federal Judicial Center for use in patent cases to help jurors like you better understand the patent system.

## Summary Of The Patent Issues

In this case, you must decide several things according to the instructions that I will give you at the end of the trial.   Those instructions will repeat this summary and will provide more detail.   One thing you need not decide is the meaning of the patent claims.   That is one of my jobs—to explain to you what the patent claims mean.   By the way, the word "claims" is a term of art and I will instruct you on its meaning at trial's end.   Meanwhile, you will find a definition in the glossary attached to these preliminary instructions.   In essence, you must decide:

1. Whether Bridgestone has proven by a preponderance of the evidence that it is the sole owner of the two patents;

2. whether Schrader has proven by a preponderance of the evidence that Bridgestone should be barred from pursuing a claim for infringement because of Bridgestone's unreasonable delay in filing this lawsuit;

3. whether Bridgestone has proven by a preponderance of the evidence that the Schrader accused products infringe one or more of the asserted claims of the two patents;

4. whether Schrader has proven by clear and convincing evidence that any of the asserted patent claims are invalid; and

13

5. if you find any asserted patent claim is both infringed and not invalid, whether

Bridgestone has proven its measure of damages for the infringement by a preponderance

of the evidence.

8. **<u>CONDUCT OF THE JURY</u> [AGREED]**

Now, a few words about your conduct as jurors.

First, I instruct you that during the trial you are not to discuss the case with anyone or permit anyone to discuss it with you.    Until you retire to the jury room at the end of the case to deliberate on your verdict, you simply are not to talk about this case.    If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk with you nor you with them.    In this way, any unwarranted and unnecessary suspicion about your fairness can be avoided.    If anyone should try to talk to you about the case, bring it to the court's attention promptly.

After you retire to deliberate, you may begin to discuss the case with your fellow jurors, but you cannot discuss the case with anyone else until you have returned a verdict and the case is at its end.    I know that many of you use cell phones, Blackberries, the Internet and other tools of technology to communicate.    You must not use these tools to communicate electronically with anyone about the case.    This includes your family and friends.    Just to reiterate, you may not communicate with anyone about the case on your cell phone, through e-mail, text messaging, or other messaging programs like Snapchat, through any blog, through any Internet chat room, or by way of any other social networking website, including Twitter, Facebook, My Space, LinkedIn, and YouTube.

Second, do not read or listen to anything touching on this case in any way.

Third, do not try to do any research or make any investigation about the case on your own.

Finally, do not form any opinion until all the evidence is in.    Keep an open mind until you start your deliberations at the end of the case.

During the trial, you may, but are not required to take notes regarding testimony; for example, exhibit numbers, impression of witnesses or other things related to the proceedings. A word of caution is in order.

There is generally, I think, a tendency to attach undue importance to matters which one has written down.    Some testimony which is considered unimportant at the time presented, and thus not written down, takes on greater importance later in the trial in light of all the evidence presented.    Therefore, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence.    Your notes are not evidence, and are by no means a complete outline of the proceedings or a list of the highlights of the trial.    Also, keep in mind that you will not have a transcript of the testimony to review.    So, above all, your memory will be your greatest asset when it comes time to deliberate and render a decision in this case.

If you do take notes, you must leave them in the jury deliberation room which is secured at the end of each day.    And, remember that they are for your own personal use.

I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision.

9. **<u>COURSE OF THE TRIAL</u> [AGREED]**

This trial, like most jury trials, comes in seven stages or phases.    We have already been through the first phase, which was to select you as jurors. The remaining stages are:

(2)    These preliminary instructions to you;

(3)    Opening statements which are intended to explain to you what each side intends to prove and are offered to help you follow the evidence.    The lawyers are not required to make opening statements at this time or they may defer this opening until it is their turn to present evidence.

(4)    The presentation of the evidence which will include live witnesses and may also include previously recorded testimony, as well as documents and things;

(5)    My final instructions on the law to you;

(6)    The closing arguments of the lawyers which will be offered to help you make your determination; and, finally,

(7)    Your deliberations where you will evaluate and discuss the evidence among yourselves and determine the outcome of the case.

Please keep in mind that evidence is often introduced somewhat piecemeal.    So, as the evidence comes in, you as jurors need to keep an open mind.

We will begin shortly, but first I want to outline the anticipated schedule of the trial.

## 10.  <u>TRIAL SCHEDULE</u> [AGREED]

Though you have heard me say this during the voir dire, I want to again outline the schedule I expect to maintain during the course of this trial.

This case is expected to take eight days to try.   We will normally begin the day at 9:00 A.M. promptly.   We will go until 1:00 P.M. and, after a one hour break for lunch, from 2:00 P.M. to 4:30 P.M.   There will be a fifteen minute break at 11:00 A.M. and another fifteen minute break at 3:15 P.M.   The only significant exception to this schedule may occur when the case is submitted to you for your deliberations.   On that day, the proceedings might last beyond 5:00p.m.   We will post a copy of this schedule for your convenience in the jury deliberation room.

## GLOSSARY OF PATENT TERMS

Applicants                          The named inventors who are applying for the patent.

Assignment                          Transfer of ownership rights in a patent or patent application
                                    from one person or company to another.

Claims                              The part of a patent that defines the invention.   These are found
                                    at the end of the patent specification in the form of numbered
                                    paragraphs.

Disclosure of Invention             The part of the patent specification that explains how the
                                    invention works and usually inc1udes a drawing.

File Wrapper, File History,         The written record of proceedings in the United States Patent and
or Prosecution History              Trademark Office ("Patent Office" or "PTO"), including the
                                    original patent application and later rejections, responses to the
                                    rejections and other communications between the Patent Office
                                    and the applicant.

Patent Application                  The initial papers filed in the Patent Office by an applicant.
                                    These typically include a specification, drawings, claims and the
                                    oath (Declaration) of the applicant.

Patent Examiners                    Personnel employed by the Patent Office having expertise in
                                    various technical areas who review (examine) patent applications
                                    to determine whether the claims of a patent application are
                                    patentable and whether the disclosure adequately describes the
                                    invention.

Prior art                           Any information that is used to describe public, technical
                                    knowledge prior to the invention by the applicant or more than a
                                    year prior to the filing of his/her application.

Prior Art References                Any item of prior art (publication, patent or product) used to
                                    determine patentability.

Specification                       The part of the patent application or patent that describes the
                                    invention, and may include drawings.   The specification does
                                    not define the invention, only the claims do.

19

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC, | |
| Plaintiff, | |
| v. | C.A. No. 13-763-GMS |
| SCHRADER-BRIDGEPORT INTERNATIONAL, INC. d/b/a SCHRADER INTERNATIONAL, INC.; SCHRADER ELECTRONICS LTD.; and SCHRADER ELECTRONICS, INC., | JURY TRIAL DEMANDED |
| Defendants. | |

**EXHIBIT 17**

**THE PARTIES' DRAFT PROPOSED FINAL JURY INSTRUCTIONS**

In accordance with the Court's scheduling order and the agreement between the parties, Plaintiff Bridgestone Americas Tire Operations, LLC ("Bridgestone"),  and defendants Schrader-Bridgeport International, Inc., d/b/a Schrader International, Inc.; Schrader Electronics Ltd.; and Schrader Electronics, Inc. (collectively, "Schrader") hereby submit these proposed final jury instructions.

The parties reserve the right to revise, supplement, and/or withdraw any of these instructions in light of subsequent case developments, including, but not limited to, negotiations between the parties, pretrial rulings from the Court, other case developments, the evidence presented at trial, and/or any intervening changes in the law.  The parties' submission of certain of these instructions herein is conditional and contingent on outstanding evidentiary, waiver, trial

i

presentation, and other issues that have not occurred or been decided by the Court, and the

parties incorporate their respective Statements Regarding Waiver and List of Evidentiary Issues

herein.  Specifically, Bridgestone does not believe that certain issues (namely, laches,

indefiniteness, and patent ownership) are appropriate for consideration by the jury (whether

because they are waived or because they are not properly jury issues), as more fully set forth in

its List of Evidentiary Issues.  Schrader does not believe Bridgestone should be permitted to

present a doctrine of equivalents claim at trial, as more fully set forth in its List of Evidentiary

Issues.  In the event that the Court determines that the jury shall hear any of these issues, the

parties reserve the right to submit alternative instructions on these issues.  Furthermore, each

party reserves all rights to object to any of the other party's submitted instructions and to

supplement, revise, and/or submit additional instructions depending on such changing

circumstances and rulings including through trial.

Below, the parties have indicated where instructions are agreed, and where they are

disputed.   Any instruction or part of an instruction proposed only by one party is objected to by

the other.  Cited support for each party's position may be found in the footnotes.   By mutual

agreement, the parties have not included narratives or argument in support of their respective

instructions and opposing the other side's competing instruction.  The parties agree that neither

will assert waiver on the basis of the failure of this document to include such material, and

reserve the right to submit argument and additional authority in support of their proposed

instructions and against any instruction to which they have objected at a later date.  The parties

reserve the right to lodge additional objections, cite additional authority, and supplement or

amend their objections as appropriate in light of further negotiations between the parties, the

Court's ruling on pretrial issues, the evidence presented at trial, and further developments in the law.

# TABLE OF CONTENTS

1.   GENERAL INSTRUCTIONS ............................................................................ 1

   1.1   INTRODUCTION [AGREED]................................................................ 1

   1.2   JURORS' DUTIES [AGREED]............................................................... 2

   1.3   EVIDENCE DEFINED [AGREED].......................................................... 3

   1.4   DIRECT AND CIRCUMSTANTIAL EVIDENCE [AGREED]...................... 5

   1.5   CONSIDERATION OF EVIDENCE [AGREED] ....................................... 6

   1.6   STATEMENTS OF COUNSEL [AGREED] ............................................. 7

   1.7   CREDIBILITY OF WITNESSES [AGREED]........................................... 8

   1.8   EXPERT TESTIMONY [AGREED]....................................................... 10

   1.9   DEPOSITIONS AS SUBSTANTIVE EVIDENCE [AGREED]................... 11

   1.10   NUMBER OF WITNESSES [AGREED] ............................................. 12

   1.11   BURDENS OF PROOF [DISPUTED]................................................. 13

2.   THE PARTIES AND THEIR CONTENTIONS................................................. 16

   2.1   THE PARTIES [DISPUTED]............................................................... 16

   2.2   BRIDGESTONE'S CONTENTIONS [AGREED]..................................... 18

   2.3   SCHRADER'S CONTENTIONS [DISPUTED] ....................................... 19

   2.4   SUMMARY OF PATENT ISSUES [DISPUTED] .................................. 21

3.   PATENT OWNERSHIP [DISPUTED –PROPOSED ONLY BY SCHRADER] ......... 24

4.   CLAIM CONSTRUCTION ........................................................................... 26

   4.1   PATENT CLAIMS [DISPUTED] ......................................................... 26

   4.2   CLAIM CONSTRUCTION FOR THE CASE [DISPUTED] ...................... 29

   4.3   CLAIM CONSTRUCTION – ANTECEDENT BASIS [DISPUTED—PROPOSED
ONLY BY SCHRADER] ........................................................................... 33

   4.4   INDEPENDENT AND DEPENDENT CLAIMS [DISPUTED]................... 34

5.   PATENT INFRINGEMENT .......................................................................... 36

   5.1   PATENT INFRINGEMENT—GENERALLY [DISPUTED]....................... 36

   5.2   TYPES OF INFRINGEMENT [DISPUTED]........................................... 39

   5.3   DIRECT INFRINGEMENT BY LITERAL INFRINGEMENT [DISPUTED] ........... 42

   5.4   OPEN-ENDED OR "COMPRISING" CLAIMS [DISPUTED—PROPOSED ONLY
BY BRIDGESTONE]................................................................................. 46

**5.5**   APPARATUS CLAIMS THAT RECITE CAPABILITY [DISPUTED—PROPOSED ONLY BY BRIDGESTONE]........................................................................ 47

**5.6**   DIRECT INFRINGEMENT BY DOCTRINE OF EQUIVALENTS [DISPUTED]..... 48

**5.7**   INDIRECT INFRINGEMENT—ACTIVE INDUCEMENT [DISPUTED] ................. 51

**6.   VALIDITY....................................................................................................... 55**

**6.1**   VALIDITY—GENERALLY [DISPUTED].................................................... 55

6.2   INVALIDITY OF INDEPENDENT AND DEPENDENT CLAIMS [DISPUTED—PROPOSED ONLY BY SCHRADER]........................................................ 57

**6.3**   LEVEL OF ORDINARY SKILL [DISPUTED –PROPOSED HERE BY BRIDGESTONE] [*SEE BELOW FOR SCHRADER'S PROPOSAL*] ..................................... 58

**6.4**   PRIOR ART [DISPUTED] ........................................................................ 59

**6.5**   EFFECTIVE FILING DATE [DISPUTED] ................................................. 61

**6.6**   DATE OF INVENTION [DISPUTED] ........................................................ 63

**6.7**   PRIOR ART DEFINED [DISPUTED] ........................................................ 67

**6.8**   PRIOR [PUBLIC USES AND] [OFFERS FOR SALE]/[SALES:  DISPUTED ......... 69

**6.9**   OBVIOUSNESS [DISPUTED] ................................................................. 72

**6.10**   NON-OBVIOUSNESS—HINDSIGHT [DISPUTED—PROPOSED ONLY BY BRIDGESTONE] ........................................................................................ 78

**6.11**   SCOPE AND CONTENT OF THE PRIOR ART [DISPUTED]............................ 79

**6.12**   SECOND FACTOR – DIFFERENCES BETWEEN THE CLAIMED INVENTION AND THE PRIOR ART [DISPUTED – PROPOSED ONLY BY SCHRADER]................... 83

**6.13**   THIRD FACTOR –  LEVEL OF ORDINARY SKILL [DISPUTED]..................... 85

**6.14**   FOURTH FACTOR – FACTORS INDICATING NONOBVIOUSNESS [DISPUTED—PROPOSED ONLY BY SCHRADER] .......................................... 86

**6.15**   DEFINITENESS REQUIREMENT – GENERAL [DISPUTED—PROPOSED ONLY BY SCHRADER] ........................................................................................ 88

**6.16**   DEFINITENESS REQUIREMENT – APPARATUS AND METHOD IN A SINGLE PATENT CLAIM [DISPUTED—PROPOSED ONLY BY SCHRADER]............................ 90

**7.   LACHES [DISPUTED—PROPOSED ONLY BY SCHRADER].................................. 92**

**8.   DAMAGES ..................................................................................................... 95**

**8.1**   DAMAGES – GENERALLY [DISPUTED] ................................................. 95

**8.2**   REASONABLE ROYALTY [DISPUTED—PROPOSED ONLY BY BRIDGESTONE] ........................................................................................ 97

**8.3**   REASONABLE ROYALTY – DEFINITION [DISPUTED]........................................ 98

**8.4**   REASONABLE ROYALTY – RELEVANT FACTORS [DISPUTED] .................... 100

**8.6**   REASONABLE ROYALTY – ENTIRE MARKET VALUE RULE [DISPUTED] .. 106

**8.7**     REASONABLE ROYALTY – AVAILABILITY OF NON-INFRINGING
SUBSTITUTES [DISPUTED—PROPOSED ONLY BY SCHRADER]............................. 108

**8.8**     DATE OF COMMENCEMENT OF DAMAGES [DISPUTED]................................ 109

**9.     DELIBERATION AND VERDICT** ................................................................................. **113**

**9.1**     DELIBERATION AND VERDICT [AGREED]........................................................ 113

**9.2**     DUTY TO DELIBERATE [AGREED]..................................................................... 115

**9.3**     COURT HAS NO OPINION [AGREED] ................................................................. 116

# 1.  <u>GENERAL INSTRUCTIONS</u>

## 1.1     INTRODUCTION[1] [AGREED]

Members of the jury, now it is time for me to instruct you about the law you must follow in deciding this case.

Each of you has been provided a copy of these instructions.  You may read along as I deliver them if you prefer, however, I would encourage you to focus your attention on me while the instructions are being read.  You will be able to take your copies with you into your deliberations and refer to them at that time, if necessary.

I will start by explaining your duties and the general rules that apply in every civil case.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

Then I will explain the positions of the parties and the law you will apply in this case.

Finally, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

---

[1] Source(s):  Final Jury Instructions, *Avid Tech. Inc. v. Harmonic, Inc.*, 1:11-cv-1040-GMS (D. Del. Jan. 31, 2014), D.I. 153; Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware (March 1993) § 1.1; SAMPLE:  Miscellaneous Jury Instructions (GMS),  *available at* http://www.ded.uscourts.gov/judge/judge-gregory-m-sleet.

## 1.2   JURORS' DUTIES[2] [AGREED]

Members of the Jury, it is important that you bear in mind the distinction between your duties and my duties. You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. You are the sole judges of the facts. It is your judgment, and your judgment alone, to determine what the facts are, and nothing I have said or done during this trial was meant to influence your decisions about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if, by a preponderance of the evidence, the defendants are liable.

Now, as far as my duty is concerned, I have the duty of advising you about the law that you should apply to the facts as you find them. You are not to consider whether the principles I state to you are sound or whether they accord with your own views about policy. You are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. You must accept them despite how you feel about their wisdom. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

---

[2] Source(s): Final Jury Instructions, *Avid Tech. Inc. v. Harmonic, Inc.*, 1:11-cv-1040-GMS (D. Del. Jan. 31, 2014), D.I. 153; Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware (March 1993) § 1.2; SAMPLE: Miscellaneous Jury Instructions (GMS), *available at* http://www.ded.uscourts.gov/judge/judge-gregory-m-sleet.

**1.3     EVIDENCE DEFINED[3] [AGREED]**

You must make your decision based only on the evidence that you saw and heard here in court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying at trial under oath, deposition testimony that was presented to you, the exhibits that I allowed into evidence, the stipulations to which the lawyers agreed, and the facts that I have judicially noticed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. The arguments of the lawyers are offered solely as an aid to help you in your determination of the facts.  Their questions and objections are not evidence. My legal rulings are not evidence. My comments and questions are not evidence.  Certain charts, summaries and graphics have been used to illustrate testimony from witnesses. These charts, summaries and graphics are not themselves evidence, and only are as good as the underlying evidence supporting them. You should, therefore, give them only as much weight as you think the underlying evidence deserves.

During the trial I may have not let you hear the answers to some of the questions that the lawyers asked. I also may have ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I may have ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things.  Do not speculate about what a witness might have said or what an exhibit might have shown. These

---

[3] Source(s):  Final Jury Instructions, *Avid Tech. Inc. v. Harmonic, Inc.*, 1:11-cv-1040-GMS (D. Del. Jan. 31, 2014), D.I. 153; Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware (March 1993) § 1.4; SAMPLE:  Miscellaneous Jury Instructions (GMS),  *available at* http://www.ded.uscourts.gov/judge/judge-gregory-m-sleet; Final Jury Instructions in *Finjan, Inc. v. Symantec, Corp.* (Dist. Del.., Civil Action No. 10-593-GMS) (D.I. 743) (12/20/12).

things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

**1.4      DIRECT AND CIRCUMSTANTIAL EVIDENCE[4] [AGREED]**

You have heard the terms direct and circumstantial evidence.

Direct evidence is evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact.  If a witness testified that she saw it raining outside, and you believed her, that would be direct evidence that it was raining.

Circumstantial evidence is a chain of circumstances that indirectly proves a fact.  If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, nor does it say that one is any better than the other.  You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

---

[4] Source(s):  Final Jury Instructions, *Avid Tech. Inc. v. Harmonic, Inc.*, 1:11-cv-1040-GMS (D. Del. Jan. 31, 2014), D.I. 153; Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware (March 1993) § 1.6; SAMPLE:  Miscellaneous Jury Instructions (GMS),  *available at* http://www.ded.uscourts.gov/judge/judge-gregory-m-sleet.

**1.5      CONSIDERATION OF EVIDENCE[5] [AGREED]**

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

---

[5] Source(s):  Final Jury Instructions, *Avid Tech. Inc. v. Harmonic, Inc.*, 1:11-cv-1040-GMS (D. Del. Jan. 31, 2014), D.I. 153; Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware (March 1993) § 1.5; SAMPLE:  Miscellaneous Jury Instructions (GMS),  *available at* http://www.ded.uscourts.gov/judge/judge-gregory-m-sleet.

## 1.6   STATEMENTS OF COUNSEL[6] [AGREED]

A further word about statements and arguments of counsel.  The attorneys' statements and arguments are not evidence.  Instead, their statements and arguments are intended to help you review the evidence presented.  If you remember the evidence differently from the attorneys, you should rely on your own recollection.

The role of attorneys is to zealously and effectively advance the claims of the parties they represent within the bounds of the law.  An attorney may argue all reasonable conclusions from evidence in the record.  It is not proper, however, for an attorney to state an opinion as to the truth or falsity of any testimony or evidence.  What an attorney personally thinks or believes about the testimony or evidence in a case is not relevant, and you are instructed to disregard any personal opinion or belief concerning testimony or evidence that an attorney has offered during opening or closing statements, or at any other time during the course of the trial.

---

[6] Source(s):  Final Jury Instructions, *Avid Tech. Inc. v. Harmonic, Inc.*, 1:11-cv-1040-GMS (D. Del. Jan. 31, 2014), D.I. 153; SAMPLE:  Miscellaneous Jury Instructions (GMS),  *available at* http://www.ded.uscourts.gov/judge/judge-gregory-m-sleet.

**1.7      CREDIBILITY OF WITNESSES[7] [AGREED]**

You are the sole judges of each witness's credibility.  You should consider each witness's

means of knowledge; strength of memory; opportunity to observe; how reasonable or

unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been

contradicted; the witness's biases, prejudices, or interests; the witness's manner or demeanor on

the witness stand; and all circumstances that, according to the evidence, could affect the

credibility of the testimony.

If you find the testimony to be contradictory, you must try to reconcile it, if reasonably

possible, so as to make one harmonious story of it all.  But if you can't do this, then it is your

duty and privilege to believe the testimony that, in your judgment, is most believable and

disregard any testimony that, in your judgment, is not believable.

In determining the weight to give to the testimony of a witness, you should ask yourself

whether there is evidence tending to prove that the witness testified falsely about some important

fact, or, whether there was evidence that at some other time the witness said or did something, or

failed to say or do something, that was different from the testimony he or she gave at trial.  You

have the right to distrust such witness' testimony in other particulars and you may reject all or

some of the testimony of that witness or give it such credibility as you may think it deserves.

You should remember that a simple mistake by a witness does not necessarily mean that

the witness was not telling the truth.  People may tend to forget some things or remember other

things inaccurately.  If a witness has made a misstatement, you must consider whether it was

---

[7] Source(s): Final Jury Instructions, *Avid Tech. Inc. v. Harmonic, Inc.*, 1:11-cv-1040-GMS (D. Del. Jan. 31, 2014), D.I. 153;Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware (March 1993) § 1.7; SAMPLE:  Miscellaneous Jury Instructions (GMS), *available at* http://www.ded.uscourts.gov/judge/judge-gregory-m-sleet.

simply an innocent lapse of memory or an intentional falsehood, and that may depend upon whether it concerns an important fact or an unimportant detail.

This instruction applies to all witnesses.

**1.8      EXPERT TESTIMONY[8] [AGREED]**

Expert testimony is testimony from a person who has a special skill or knowledge in some science, profession, or business.  This skill or knowledge is not common to the average person but has been acquired by the expert through special study or experience.

In weighing expert testimony, you may consider the expert's qualifications, the reasons for the expert's opinions, the reliability of the information supporting the expert's opinions, as well as the factors I have previously mentioned for weighing testimony of any other witness. Expert testimony should receive whatever weight and credit you think appropriate, given all the other evidence in the case.  You are free to accept or reject the testimony of experts, just as with any other witness.

---

[8] Source(s):  Final Jury Instructions, *Avid Tech. Inc. v. Harmonic, Inc.,* 1:11-cv-1040-GMS (D. Del. Jan. 31, 2014), D.I. 153; SAMPLE:  Miscellaneous Jury Instructions (GMS),  *available at* http://www.ded.uscourts.gov/judge/judge-gregory-m-sleet.

**1.9      DEPOSITIONS AS SUBSTANTIVE EVIDENCE[9] [AGREED]**

During this trial, you have heard testimony from the playing of videotape excerpts or the reading of written excerpts from depositions.  A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.  Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness testified in person here in the courtroom.

---

[9] Source(s):  Final Jury Instructions, *Avid Tech. Inc. v. Harmonic, Inc*., 1:11-cv-1040-GMS (D. Del. Jan. 31, 2014), D.I. 153.

**1.10     NUMBER OF WITNESSES[10] [AGREED]**

One more point about the witnesses.  Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified.  What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.  Concentrate on that, not the numbers.

---

[10] Source(s):  Final Jury Instructions, *Avid Tech. Inc. v. Harmonic, Inc*., 1:11-cv-1040-GMS (D. Del. Jan. 31, 2014), D.I. 153;Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware (March 1993) § 1.8; SAMPLE:  Miscellaneous Jury Instructions (GMS), *available at* http://www.ded.uscourts.gov/judge/judge-gregory-m-sleet.

## 1.11    BURDENS OF PROOF [DISPUTED]

**BURDENS OF PROOF: BRIDGESTONE'S PROPOSAL**[11]

This is a civil case in which Bridgestone is charging Schrader with patent infringement and seeks damages for this alleged infringement.  Bridgestone has the burden of proving these claims by what is called a preponderance of the evidence.  Proof by a preponderance of the evidence means proof that something is more likely true than not.  To put it differently, if you were to put all the evidence on the opposite sides of a scale, the evidence supporting Bridgestone's claims would make the scales tip somewhat on Bridgestone's side.

Preponderance of the evidence does not depend on the number of witnesses.  If the evidence as to a particular element or issue is evenly balanced, the party has not proved the element by a preponderance of the evidence and you must find against that party.  In determining whether any fact has been proven by a preponderance of the evidence, you may consider the testimony of all witnesses, regardless of who called them, and all exhibits received into evidence regardless of who produced them

In this case, Schrader contends that the asserted patents are invalid.  Schrader has the burden of proving invalidity by clear and convincing evidence.  Clear and convincing evidence is evidence that produces an abiding conviction that the truth of a factual contention is highly probable.  Proof by clear and convincing evidence is thus a higher burden than proof by a preponderance of the evidence.  Those of you who are familiar with criminal cases will have

---

[11] Sources:  Final Jury Instructions, *Avid Tech. Inc. v. Harmonic, Inc.*, 1:11-cv-1040-GMS (D. Del. Jan. 31, 2014), D.I. 153; Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware (March 1993) § 1.3; SAMPLE:  Miscellaneous Jury Instructions (GMS), available at http://www.ded.uscourts.gov/judge/judge-gregory-m-sleet; Final Jury  Instructions, *Finjan Software Ltd. v. Secure Computing Corp.*, 2008 WL 9878279, Jury Instruction No. 9; Final Jury Instructions, *Edwards Lifesciences LLC v. Medtronic Corevalve LLC*, 1:12-cv-23-GMS, D.I. 168, §1.10 (Jan. 14, 2014).

heard the term "proof beyond a reasonable doubt."  That burden does not apply in a civil case; therefore, you should put it out of your mind in considering whether or not the parties have met their burdens of proof on various issues.

**BURDENS OF PROOF:  SCHRADER'S PROPOSAL**[12]

In any legal action, facts must be proved by a required weight of the evidence, known as the "burden of proof." In a civil case such as this, there are two different burdens of proof that are used. The first is called preponderance of the evidence. The second is called clear and convincing evidence.

When an issue is identified as requiring proof by a preponderance of the evidence, that means the party with the burden of proving that issue must produce evidence that, when considered in light of all the facts, leads you to believe that what that party claims is more likely true than not.  To put it differently, if you were to put the evidence supporting an issue and the evidence opposing an issue on opposite sides of a scale, the evidence supporting the issue would have to make the scales tip somewhat on the issue's side.

Preponderance of the evidence, however, does not depend on the number of witnesses or amount of evidence that a particular party presents.  Rather, it depends on the amount of weight that you attribute to the evidence presented to you.

When an issue is identified as requiring proof by clear and convincing evidence, it means that the party with the burden of proving that issue must produce evidence that leaves you with an abiding conviction that the facts as asserted by that party are highly probable.

Those of you who are familiar with criminal cases will have heard the term "proof beyond a reasonable doubt."  That burden does not apply in a civil case; therefore, you should put it out of your mind.

---

[12] Sources:  Final Jury Instructions *in Edwards Lifesciences AG v. CoreValve Inc.*, C.A. No. 08-091 (GMS); *Finjan, Inc. v. Symantec Corp.* (Dist. Del., Civil Action No. 10-593-GMS) (D.I. 743) (12/20/12); Final Jury Instruction in *CNH America LLC and Blue Leaf I.P., Inc. v. Kinze Mfg., Inc.* (Dist. Del., Civil Action No. 08-945-GMS) (D.I. 301) (2/10/11); Honorable Chief Judge Sleet, Miscellaneous Jury Instructions, pp. 6-7 (Rev. 1/18/06).

## 2.  THE PARTIES AND THEIR CONTENTIONS

**2.1     THE PARTIES[13] [DISPUTED]**

**THE PARTIES:  BRIDGESTONE'S PROPOSAL[14]**

As I did at the start of the case, I will give you a summary of each side's contentions in this case.  I will then provide you with detailed instructions on what each side must prove to win on each of its contentions.

The Plaintiff in this case is Bridgestone Americas Tire Operations, LLC ("Bridgestone"). Bridgestone is the owner of United States Patents No. 6,630,885 and 7,161,476.  I will refer to these patents as the "Asserted Patents" or by their last three numbers, as the "'885 Patent" and the "'476 Patent."

The Defendants in this case are Schrader-Bridgeport International, Inc. d/b/a Schrader International, Inc., Schrader Electronics Ltd. and Schrader Electronics, Inc.  As we have done throughout the trial, in these instructions I will refer to the plaintiff as Bridgestone and the defendants as Schrader.

---

[13] The only dispute between parties' competing instructions is whether Bridgestone "is the owner" or "claims to be" the owner of the patents-in-suit.  Bridgestone contends that the issue of patent ownership has been waived.

[14] Source(s):  Final Jury Instructions, *Avid Tech. Inc. v. Harmonic, Inc.*, 1:11-cv-1040-GMS (D. Del. Jan. 31, 2014), D.I. 153; Federal Circuit Bar Association Model Patent Jury Instructions Summary of Contentions (May 2014).

**THE PARTIES:  SCHRADER'S PROPOSAL**

As I did at the start of the case, I will give you a summary of each side's contentions in this case.  I will then provide you with detailed instructions on what each side must prove to win on each of its contentions.

The Plaintiff in this case is Bridgestone Americas Tire Operations, LLC ("Bridgestone").  Bridgestone claims to be the owner of United States Patents No. 6,630,885 and 7,161,476.  I will refer to these patents as the "Asserted Patents" or by their last three numbers, as the "'885 Patent" and the "'476 Patent."

The Defendants in this case are Schrader-Bridgeport International, Inc. d/b/a Schrader International, Inc., Schrader Electronics Ltd. and Schrader Electronics, Inc.  As we have done throughout the trial, in these instructions I will refer to the plaintiff as Bridgestone and the defendants as Schrader.

**2.2    BRIDGESTONE'S CONTENTIONS [AGREED]**

Bridgestone seeks money damages from Schrader for allegedly infringing the '885 and the '476 Patents by making, using, selling, and/or offering for sale in the United States and/or importing into the United States products that Bridgestone contends are covered by (that is, meet every element of) claims 12, 25, and 92 of the '885 Patent and claims 1and 136 of the '476 Patent.  These are the Asserted Claims.  The products that are alleged to infringe are Schrader's Gen3, Gen4, Gen5, and Gen6 devices, including its EZ-Sensors, EZ-Tire Sensors, and OTR Sensors.  These are the "Accused Products."

Bridgestone also contends that Schrader has actively induced infringement of these claims of the Asserted Patents.

I will explain further each of these contentions.

**2.3     SCHRADER'S CONTENTIONS [DISPUTED]**[15]

**SCHRADER'S CONTENTIONS:  BRIDGESTONE'S PROPOSAL**[16]

Schrader denies that it has infringed the asserted claims of the '885 Patent and '476 Patent because the accused products do not meet every element of any asserted claim and contends that, in addition, the asserted claims are invalid.

I will explain further each of these contentions.

---

[15] The parties dispute whether Schrader's Contentions should reference laches and marking issues and the applicable law on marking.

[16] Source:  Final Jury Instructions, *Avid Tech. Inc. v. Harmonic, Inc.*, 1:11-cv-1040-GMS (D. Del. Jan. 31, 2014), D.I. 153.

**SCHRADER'S CONTENTIONS:  SCHRADER'S PROPOSAL**

Schrader denies that it has infringed the asserted claims of the '885 Patent and '476 Patent because the accused products do not meet every element of any asserted claim and contends that, in addition, the asserted claims are invalid.

Schrader further contends that Bridgestone is barred in whole or in part from enforcing its patents against Schrader because Bridgestone unreasonably delayed in filing this lawsuit.

Schrader further contends that Bridgestone is precluded from seeking damages prior to the date when Bridgestone provided notice as required under the patent law's marking statute.

I will explain further each of these contentions.

**2.4     SUMMARY OF PATENT ISSUES [DISPUTED][17]**

**SUMMARY OF PATENT ISSUES:  BRIDGESTONE'S PROPOSAL[18]**

I will now summarize the issues that you must decide and for which I will provide

instructions to guide your deliberations.   You must decide the following main issues:

1.   Whether Bridgestone has proven by a preponderance of the evidence that Schrader infringed

one or more of the Asserted Claims of the '885 and the '476 Patents;

2.   Whether Schrader has proven by clear and convincing evidence that any of those claims is

obvious;

3.    If that any one of the Asserted Claims has been infringed and is not invalid, the amount of

monetary damages adequate to compensate Bridgestone for Schrader's infringement.

---

[17] The parties dispute whether the listing patent issues should reference (1) the doctrine of equivalents; (2) laches; (2) indefiniteness; and (4) marking.

[18] SOURCE(S): Final Jury Instructions, *Avid Tech. Inc. v. Harmonic, Inc.*, 1:11-cv-1040-GMS (D. Del. Jan. 31, 2014), D.I. 153; AIPLA's Model Patent Jury Instructions, §1 (2014).

**SUMMARY OF PATENT ISSUES:  SCHRADER'S PROPOSAL**

I will now summarize the issues that you must decide and for which I will provide instructions to guide your deliberations.  You must decide the following main issues:

1. Whether Bridgestone has proven by a preponderance of the evidence that Schrader's Accused Products directly and literally infringe one or more of the Asserted Claims of the '885 and '476 Patents; Whether Bridgestone has proven by a preponderance of the evidence that Schrader has actively induced others to directly and literally infringe one or more of the Asserted Claims of the '885 and '476 Patents.

2. Whether Schrader has proven by clear and convincing evidence that one or more of the Asserted Claims of the '885 Patent or '476 Patent is invalid as obvious to a person of ordinary skill in the art at the time of the invention.

3. Whether Schrader has proven by clear and convincing evidence that one or more of the Asserted Claims of the '885 Patent or '476 Patent is invalid for failure to comply with the definiteness requirement because the claim(s), read in light of the specification fail to inform those skilled in the art about the scope of the invention with reasonable certainty.

4. Whether Schrader has proven by a preponderance of the evidence that Bridgestone unreasonably and unjustifiably delayed in filing this lawsuit against Schrader.

5. Whether Bridgestone has proven by a preponderance of the evidence that it complied with the marking requirement by marking the patent numbers on substantially all of its products that practiced the patents since the dates that each of the Asserted Patents issued.

6. If in answering the above questions, you find Schrader liable for patent infringement and you find against Schrader and in favor of Bridgestone on Schrader's other defenses, you must then decide the amount of reasonable royalty damages adequate to compensate Bridgestone

for Schrader's infringement. Bridgestone has the burden to establish the amount of its

damages by a preponderance of the evidence.

3.  <u>PATENT OWNERSHIP</u> [DISPUTED –PROPOSED ONLY BY SCHRADER][19]

Before you can decide any of the other issues in this case, you must first decide whether

Bridgestone has proven by a preponderance of the evidence that it is the exclusive owner of the

'885 Patent and the '476 Patent.  A co-owner of a patent may not enforce a patent against

another person unless all co-owners have voluntarily joined as plaintiffs.  Bridgestone Americas

Tire Operations, LLC is the only plaintiff in this case.

If you find that Bridgestone has proven by a preponderance of the evidence that

Bridgestone Americas Tire Operations, LLC is the only owner of the '885 Patent or the '476

Patent and that there are no co-owners of either patent, then you must continue to decide the

remaining questions.  However, if you find that Bridgestone has not met its burden of proving

---

[19] Sources:  *McKesson Automation, Inc. v. Swisslog Italia S.p.A.*, 712 F. Supp. 2d 283, 294-295 (D. Del. 2010) ("[The patentee] bears the burden of establishing that it has standing to bring an action for patent infringement. . . Where more than one party owns rights in a patent, 'a co-owner acting alone will lack standing.'  This requirement aims to ensure that accused infringers are not 'subjected to multiple suits and duplicate liability' from other parties who might also assert rights in the same patent." (internal citations omitted)); *Sicom Sys., Ltd. v. Agilent Techs., Inc.,* 427 F.3d 971, 975-76 (Fed. Cir. 2005); *Ethicon, Inc. v. United States Surgical Corp.*, 135 F.3d 1456, 1467 (Fed. Cir. 1998); *Argentum Medical, LLC v. Noble Biomaterials*, No. 3:08–CV–1305, 2010 WL 2650493, at *5 (M.D. Pa. July 1, 2010).

Bridgestone objects to this instruction in its entirety and believes it should not be given. Bridgestone's sources:  *See, e.g.*, *Dow Chem. Co. v. Nova Chems. Corp.* (Can.), 458 Fed. Appx. 910, 912 (Fed. Cir. 2012) ("There is no dispute that Dow is indeed the original assignee of the patents in suit and record title holder at the U. S. Patent and Trademark Office ('PTO'). Therefore Dow is the presumed owner of the patents in suit." (citing *SiRF Tech., Inc. v. Int'l Trade Comm'n*, 601 F.3d 1319, 1327-28 (Fed. Cir. 2010) ("The recording of an assignment with the PTO is not a determination as to the validity of the assignment. However, we think that it creates a presumption of validity as to the assignment and places the burden to rebut such a showing on one challenging the assignment."))); *Dow Chem*, 458 F. App'x 910 ("Nova failed to overcome the presumption of title created by the record of assignment filed with the PTO"); *Dow Chem. Co.*, 726 F. Supp. 2d 459 (D. Del. 2010) (same, and trying issue of ownership to the bench after infringement case); *DDB Techs., L.L.C. v. MLB Advanced Media, L.P.*; 517 F.3d 1284, 1291 (Fed. Cir. 2008)  (holding that facts relating to threshold standing question were not intertwined with issues of infringement or invalidity, meaning they were not appropriate for presentation to jury).

that Bridgestone Americas Tire Operations, LLC is the only owner of '885 Patent or the '476

Patent, then you need not decide any of the other remaining issues.

# 4.   CLAIM CONSTRUCTION

## 4.1   PATENT CLAIMS [DISPUTED]

### PATENT CLAIMS:  BRIDGESTONE'S PROPOSAL[20]

Before you can decide many of the issues in this case, you will need to understand the role of patent "claims." The patent claims are the numbered sentences at the end of each patent. The patent claims involved here are claims 12, 25, and 92 of the '885 Patent (exhibit __ in evidence) and claims 1 and 136 of the '476 Patent (exhibit __ in evidence).

Each of the claims must be considered individually, and to show patent infringement, plaintiff need only establish that one claim has been infringed.

The claims are important because it is the words of the claims that define what a patent covers.  The figures and text in the rest of the patent provide a description and/or examples of the invention and provide a context for the claims, but it is the claims that define the breadth of the patent's coverage.  Each claim is effectively treated as if it were a separate patent, and each claim may cover more or less than another claim.  Therefore, what a patent covers depends, in turn, on what each of its claims covers.

In patent law, the requirements of a claim are often referred to as "claim elements" or "claim limitations."  When a product meets each and every requirement of a claim, the claim is said to "cover" that product, and that product is said to "fall" within the scope of that claim.  In

---

[20] Source(s):  Final Jury Instructions, *Avid Tech. Inc. v. Harmonic, Inc.*, 1:11-cv-1040-GMS (D. Del. Jan. 31, 2014), D.I. 153; Federal Circuit Bar Association Model Patent Jury Instructions, § 2.1 (May 2014); Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware, § 3.1 (March 1993); *see also, e.g.*, *Teleflex, Inc. v. Ficosa North America Corp.*, 299 F.3d 1313, 1323 (Fed. Cir. 2002) ("A two-step process is used in the analysis of patent infringement: first, the scope of the claims are determined as a matter of law, and second, the properly construed claims are compared to the allegedly infringing device to determine, as a matter of fact, whether all of the limitations of at least one claim are present, either literally or by a substantial equivalent, in the accused device").

other words, a claim covers a product only where each and every one of the claim elements or limitations is present in that product.

You will first need to understand what each claim covers in order to decide whether or not there is infringement of the claim and to decide whether or not the claim is invalid.  The law says that it is my role to define the terms of the claims and it is your role to apply my definitions to the issues that you are asked to decide in this case.  Therefore, as I explained to you at the start of the case, I have determined the meaning of the claims and I will provide to you my definitions of certain claim terms.  You must accept my definitions of these words in the claims as being correct.  It is your job to take these definitions and apply them to the issues that you are deciding, including the issues of infringement and validity.

**PATENT CLAIMS:  SCHRADER'S PROPOSAL**[21]

Patent claims are intended to define, in words, the boundaries of the invention.  Only the claims of the patent can be infringed.  Neither the written description, nor the drawings of a patent can be infringed.  Each of the claims must be considered individually.  You must use the same claim meaning for both your decision on infringement and your decision on invalidity.

---

[21] Source:  *Energy Transportation Group, Inc. v. Sonic Innovations, Inc.*, et al., D. Del. 05-422 (GMS); Final Jury Instructions [D.I. 311], *Edwards Lifesciences AG v. CoreValve Inc.*, C.A. No. 08-091 (GMS).

**4.2     CLAIM CONSTRUCTION FOR THE CASE [DISPUTED]**

**CLAIM CONSTRUCTION FOR THE CASE:  BRIDGESTONE'S PROPOSAL**[22]

I will now explain to you the meaning of some of the words of the claims in this case.  In doing so, I will explain some of the requirements of the claims.  As I have previously instructed you, you must accept my definition of these words in the claims as correct, and you must use my definitions to make your decisions of whether an Asserted Claim is infringed or invalid.  For any words in the claim for which I have not provided you with a definition, you should apply their plain and ordinary meaning.  You should not take my definition of the language of the claims as an indication that I have a view regarding how you should decide the issues that you are being asked to decide, such as infringement and invalidity.  Those issues are yours to decide.

For claim language where I have not provided you with any definition, you should apply the claim language's plain and ordinary meaning.

| Claim Term(s) | Construction |
|---|---|
| partially awakens<br><br>partially awakening | '476 claims 1 and 136, and '885 claims 12 and 25: starts and uses a clock speed that is lower than the clock speed than when fully awake<br><br>'885 claims 92: starts and uses a clock speed that is lower than the clock speed than when in interrogation mode |
| fully awakening<br><br>fully awakens<br><br>further awakening | uses a higher clock speed than when partially awake. |
| microprocessor | programmable controller |
| periodic | recurring at intervals of time |

---

[22] Source(s): Final Jury Instructions, *Avid Tech. Inc. v. Harmonic, Inc.*, 1:11-cv-1040-GMS (D. Del. Jan. 31, 2014), D.I. 153; Federal Circuit Bar Association Model Patent Jury Instructions, § 2.3 (May 2014); Order Construing the Terms of U.S. Patent Nos. 7,161,476; 6,630,885; and 5,562,787 [D.I. 190]. NOTE:  The parties maintain their objections to any adverse claim-construction rulings and reserve their rights to appeal any such rulings.

| Claim Term(s) | Construction |
|---|---|
| periodically | |
| forward link packet | one-way communication from a remote source to the tire tag |
| forward link signals | |
| forward link transmission | |
| interrogation signal | |
| tire tag | an electronic tire management system device |
| [a][the]device | a piece of equipment |
| disposed in a vehicle tire | located in a vehicle tire/located on a vehicle |

**CLAIM CONSTRUCTION FOR THE CASE:  SCHRADER'S PROPOSAL[23]**

You have a copy of the '885 and '476 patents in your juror binder. As I already said, the claims at issue are claims 12, 25, and 92 of the '885 Patent and claims 1 and 136 of the '476 Patent.

The meaning of a patent claim – what we call claim construction – is a question of law over which I have sole jurisdiction. I have already made the legal determination as to what certain terms in the Asserted Claims mean.

You must apply the definitions for these terms as I construed them.  In determining whether Schrader infringes the Asserted Claims or if the Asserted Claims are invalid, you may not assign your own meaning or understanding of these terms – you must follow my definitions. For any terms in the claim for which I have not provided you with a definition, you should apply plain and ordinary meaning of the term as it would be understood by a person of ordinary skill in the art.

I will now provide you with a list of claim terms from the Asserted Claims, and the meaning of the terms the Court construed.  For your convenience and reference, a copy of these claim terms are also set forth in Appendix A at the end of these instructions.

| Claim Term(s) | Construction |
|---|---|
| partially awakens<br><br>partially awakening | starts and uses a clock speed that is lower than the clock speed than when [fully awake] [further awake] [in interrogation mode] |
| fully awakening<br><br>fully awakens<br><br>further awakening | uses a higher clock speed than when partially awake. |

---

[23] Source(s): Final Jury Instructions [D.I. 311], *Edwards Lifesciences AG v. CoreValve Inc.*, C.A. No. 08-091 (GMS) Order Construing the Terms of U.S. Patent Nos. 7,161,476; 6,630,885; and 5,562,787 [D.I. 190].

| Claim Term(s) | Construction |
|---|---|
| Microprocessor | programmable controller |
| periodic<br><br>periodically | recurring at intervals of time |
| forward link packet<br><br>forward link signals<br><br>forward link transmission<br><br>interrogation signal | one-way communication from a remote source to the tire tag |
| tire tag | an electronic tire management system device |
| [a][the]device | a piece of equipment |
| disposed [within] [in] [inside of] [a] [the] vehicle tire I disposed on a vehicle | located [within] [in] [inside of] [a] [the] vehicle tire located on a vehicle |

**4.3     CLAIM CONSTRUCTION – ANTECEDENT BASIS[24] [DISPUTED—PROPOSED ONLY BY SCHRADER]**

When applying the ordinary meaning of patent claim language, it is important to understand the difference between the words "a" and "the."  The word "a" is known as an indefinite article and is used in a patent claim when first introducing an element or limitation to the claim.  The word "the" is known as a definite article and refers back to the same element or limitation that was introduced previously.  For example, if the phrase "a saved value," is used in a claim, and the claim later uses the phrase "the saved value," then "saved value" must be the same "saved value" in both parts of the claim.

---

[24] Source(s): *Warner-Lambert Co. v. Apotex Corp.*, 316 F.3d 1348, 1356 (Fed. Cir. 2003); *NTP, Inc. v. Research In Motion, Ltd*, 418 F.3d 1282, 1306 (Fed. Cir. 2005); *Eastman Chem. Co. v. Basf Aktiengesellschaft,* No. 01-1101, 47 Fed. Appx. 566, 574-574 (Fed. Cir. 2002); *Tuna Processors, Inc. v. Hawaii Int'l Seafood, Inc.,* Nos. 2008-1410, 1435, 327 Fed. Appx. 204, 210 (Fed. Cir. 2009); *Yamaha Corp. v. ESS Technology, Inc.*, 82 F.3d 435 (Fed. Cir. 1996) (table); *Slimfold Mfg. Co. v. Kinkead Properties, Inc.*, 626 F.Supp. 493, 495 (N.D.Ga. 1985), *affirmed*, 810 F.2d 1113 (Fed. Cir. 1987); *Zenith Elecs. Corp. v. Exzec, Inc.*, 1995 WL 275591, at *5 (N.D.Ill. May 8, 1995). The parties dispute whether this instruction is appropriate for the jury in light of the Court's claim construction rulings.  Bridgestone objects to this instruction in its entirety and believes it should not be given.

**4.4     INDEPENDENT AND DEPENDENT CLAIMS [DISPUTED]**

**INDEPENDENT AND DEPENDENT CLAIMS:  BRIDGESTONE'S PROPOSAL**[25]

This case involves two types of patent claims:  independent claims and dependent claims.

An "independent claim" sets forth all of the requirements that must be met in order to be covered by that claim.  Thus, it is not necessary to look at any other claim to determine what an independent claim covers.  In this case, claim and 92 of the '885 Patent is an independent claims.  Claims 1 and 136 of the '476 Patent are independent claims.

The remainder of the Asserted Claims are "dependent claims."  A dependent claim does not itself recite all of the requirements of the claim but refers to another claim for some of its requirements.  In this way, the claim "depends" on another claim.  A dependent claim incorporates all of the requirements of the claim to which it refers.  The dependent claim then adds its own additional requirements.  To determine what a dependent claim covers, it is necessary to look at both the dependent claim and the claim to which it refers.  A product that meets all of the requirements of both the dependent claim and the claim to which it refers is covered by that dependent claim.

Some of the claims of the patents-in-suit are broader than other claims.  You are not to imply the limitations or words of the narrower or dependent claim into a broad or independent claim if the broader claim does not include the same limitations.

---

[25] Source(s):  Final Jury Instructions, *Avid Tech. Inc. v. Harmonic, Inc.*, 1:11-cv-1040-GMS (D. Del. Jan. 31, 2014), D.I. 153; Federal Circuit Bar Association Model Patent Jury Instructions (May 2014); Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware, § 3.3 (March 1993); *RF Delaware, Inc. v. Pacific Keystone Technologies, Inc.* 326 F.3d 1255, 1262 (Fed. Cir. 2003) (("The court . . . erred in reading limitations of narrower or dependent claims . . . into a broader independent claim.").

**INDEPENDENT AND DEPENDENT CLAIMS: SCHRADER'S PROPOSAL[26]**

This case involves two types of patent claims: independent claims and dependent claims.

An "independent claim" sets forth all of the requirements that must be met in order to be covered by that claim. Thus, it is not necessary to look at any other claim to determine what an independent claim covers. In this case, claim and 92 of the '885 Patent is an independent claims. Claims 1 and 136 of the '476 Patent are independent claims.

The remainder of the Asserted Claims are "dependent claims." A dependent claim does not itself recite all of the requirements of the claim but refers to another claim for some of its requirements. In this way, the claim "depends" on another claim. A dependent claim incorporates all of the requirements of the claim to which it refers. The dependent claim then adds its own additional requirements. To determine what a dependent claim covers, it is necessary to look at both the dependent claim and the claim to which it refers. A product that meets all of the requirements of both the dependent claim and the claim to which it refers is covered by that dependent claim.

---

[26] Source(s): Final Jury Instructions, *Avid Tech. Inc. v. Harmonic, Inc.*, 1:11-cv-1040-GMS (D. Del. Jan. 31, 2014), D.I. 153; Federal Circuit Bar Association Model Patent Jury Instructions § 2.2a (May 2014); Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware, § 3.3 (March 1993).

## 5.  **PATENT INFRINGEMENT**

**5.1     PATENT INFRINGEMENT—GENERALLY [DISPUTED]**

**PATENT INFRINGEMENT GENERALLY:  BRIDGESTONE'S PROPOSAL[27]**

A patent confers on its owner the right to exclude others from doing a number of things, such as making, using, offering to sell, or selling within the United States, or importing into the United States, any patented invention during the term of its patent.  Any company which makes, uses, sells, offers to sell, or imports without the patent owner's permission, any product in the United States legally protected by at least one claim of a patent before the patent expires, infringes the patent.  Any company that actively induces others to make, use, offer to sell, or sell within the United States, or import into the United States, the patented invention, before the patent expires, also infringes the patent.

The patent owner may enforce its rights by filing a lawsuit for patent infringement.  Here, Bridgestone, the patent owner, has sued Schrader, the accused infringer, and has alleged that certain of the Accused Products infringe one or more of claims 12, 25, and 92 of the '885 Patent and claims 1 and 136 of the '476 Patent.  You must decide whether Bridgestone has proven by a preponderance of the evidence that one or more of Schrader's accused products infringe one or more of the asserted claims.

In this case, Bridgestone claims that Schrader makes, uses, sells offers to sell, and/or sells the accused products in the United States, and/or imports the accused products into the United

---

[27] Source(s): 35 U.S.C. § 271; Final Jury Instructions, *Edwards Lifesciences LLC v. Medtronic Corevalve LLC*, 1:12-cv-23-GMS, D.I. 168 (Jan. 14, 2014); Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware, § 3.4 (March 1993); Final Jury  Instructions, *Finjan Software Ltd. v. Secure Computing Corp.*, 2008 WL 9878279, Jury Instruction No. 14; *see also, e.g., Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1340 (Fed. Cir. 2007) ("[The] plaintiff is injured by any party that makes, uses, sells, offers to sell, or imports the patented invention. . . . [T]hese exclusionary rights must be enforced through or in the name of the owner of the patent[.]").

States, and thereby directly infringes the asserted patents.  Bridgestone also claims that Patents

by actively inducing others to use certain of the accused products in the United States in an

infringing manner.

**PATENT INFRINGEMENT GENERALLY:  SCHRADER'S PROPOSAL[28]**

A patent owner may enforce his right to stop others from making, using, or selling the patented invention by filing a lawsuit for patent infringement. Here, Bridgestone has sued Schrader, and has alleged that Schrader's products infringe at least one claim of Bridgestone's '885 and '476 patents. I will refer to Schrader's products as the accused products.

Deciding whether a claim has been infringed is a two-step process. First, the meaning of the patent claim is determined as a matter of law. That job is for the Court, and I have just explained to you what the key terms of the asserted claims mean as a matter of law. In the second step, you must compare each claim as I have interpreted it to the accused products to determine whether every element of the claim can be found in the accused products. This element-by-element comparison is your responsibility as the jury in this case.

---

[28] Sources:  *Energy Transportation Group, Inc. v. Sonic Innovations, Inc., et al.*, D. Del. 05-422 (GMS) AIPLA's Model Patent Jury Instructions, § 3.1 (2014); Final Jury Instructions in *Finjan, Inc. v. Symantec Corp.* (Dist. Del., Civil Action No. 10-593-GMS) (D.I. 743) (12/20/12); see also Final Jury Instruction in *CNH America LLC and Blue Leaf I.P., Inc. v. Kinze Mfg., Inc.* (Dist. Del., Civil Action No. 08-945-GMS) (D.I. 301) (2/10/11).

**5.2     TYPES OF INFRINGEMENT [DISPUTED]**

**TYPES OF INFRINGEMENT: BRIDGESTONE'S PROPOSAL[29]**

I will now instruct you how to decide whether or not Schrader has infringed the '885 and the '476 patent.  Infringement is assessed on a claim-by-claim basis.  Therefore, there may be infringement as to one claim but no infringement as to another.

In this case, there are two possible ways that a claim may be infringed.  The two types of patent infringement are called: (1) direct infringement, and (2) indirect infringement, also known as active inducement.

To prove infringement, Bridgestone must prove that the requirements for one or more of these types of infringement are met by a preponderance of the evidence, i.e, that it is more likely than not that all of the requirements of one or more of each of these types of infringement have been proved.

I will now explain each of these types of infringement in more detail.

---

[29] Source(s):  Final Jury Instructions, *Avid Tech. Inc. v. Harmonic, Inc.*, 1:11-cv-1040-GMS (D. Del. Jan. 31, 2014), D.I. 153; Federal Circuit Bar Association Model Patent Jury Instructions, § 3.1 (May 2014).

**TYPES OF INFRINGEMENT:  SCHRADER'S PROPOSAL[30]**

There are two types of patent infringement: (1) direct infringement, and (2) indirect infringement.

Direct infringement requires infringement by Schrader.

Indirect infringement is also known as active inducement.  There cannot be active inducement without someone else engaging in direct infringement.

In this case, Bridgestone alleges that Schrader directly infringes and actively induces the direct infringement of the Asserted Claims of the '885 and '476 patents.

To prove infringement, Bridgestone must prove that the requirements for one or more of these types of infringement are met by a preponderance of the evidence, i.e, that it is more likely than not that all of the requirements of one or more of each of these types of infringement have been proved.

I will now explain each of these types of infringement in more detail.

---

[30] Source: Federal Circuit Bar Association Model Patent Jury Instructions, § 3.1 (May 2014); Final Jury Instructions in *Shelbyzyme LLC v. Genzyme Corp.* (Dist. Del., Civil Action No. 09-768-GMS) (D.I. 183) (7/13/12).

**2.1**   **DIRECT INFRINGEMENT—KNOWLEDGE OF PATENT OR INTENT TO INFRINGE IS IMMATERIAL[31] [DISPUTED—PROPOSED ONLY BY BRIDGESTONE]**

Schrader would be liable for directly infringing the '885 Patent or the '476 Patent if you find that Bridgestone has proven by a preponderance of the evidence that Schrader has made, used, sold, offered for sale, and/or imported  into the United States the inventions defined in one or more of the asserted claims of one of those patents.

A person may directly infringe a patent without knowledge that what he is doing is an infringement of the patent.  He may also infringe even though in good faith he believes that what he is doing is not an infringement of any patent.

---

[31] Source(s): Final Jury Instructions, *Edwards Lifesciences LLC v. Medtronic Corevalve LLC*, 1:12-cv-23-GMS, D.I. 168 (Jan. 14, 2014); Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware, § 3.5 (March 1993); AIPLA Model Jury Instructions, § 3.1 (2014); 35 U.S.C. § 271(a).

**5.3    DIRECT INFRINGEMENT BY LITERAL INFRINGEMENT [DISPUTED]**

**DIRECT INFRINGEMENT BY LITERAL INFRINGEMENT:  BRIDGESTONE'S PROPOSAL**[32]

There are two types of direct infringement:  (1) "literal infringement" and (2) "infringement under the doctrine of equivalents."

To determine whether there is literal infringement, you must compare each accused product with the Asserted Claim using my instructions as to the meaning of the patent claims.  If an accused product includes each and every element of an Asserted Claim, Schrader directly infringes that claim.  If the product lacks one or more elements recited in a claim, Schrader does not directly infringe that claim.  You must determine, separately for each asserted claim, whether or not there is infringement.  There is one exception to this rule: a dependent claim cannot be infringed unless its independent claim is also infringed.

The presence of additional features in an accused product does not mean that the product does not infringe a patent claim.  The same features of an accused product may satisfy more than one element of a claim.

---

[32]Source(s):  Final Jury Instructions, *Avid Tech. Inc. v. Harmonic, Inc.*, 1:11-cv-1040-GMS (D. Del. Jan. 31, 2014), D.I. 153; *see also, e.g.*, Ninth Circuit Model Jury Instructions 4.4, 4.5, 4.6, & 4.11 (2007) (cited in Third Circuit Model Civil Jury Instructions, Appendix 2, at p. 15 (2014)); *Ericsson, Inc. v. D-Link Sys.*, 773 F.3d 1201 (Fed. Cir. 2014); *Aristocrat Techs. Austl. PTY Ltd. v. Int'l Game Tech.*, 709 F.3d 1348 (Fed. Cir. 2013) (to prove direct infringement, patentee must show "each and every step of the method or process was performed" by either the accused infringer itself or "through another acting under [the accused infringer's] direction or control); *Cross Med. Prods. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1311 (Fed. Cir. 2005); *BMC Res., Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1381 (Fed. Cir. 2007) ("A party cannot avoid infringement, however, simply by contracting out steps of a patented process to another entity. In those cases, the party in control would be liable for direct infringement. It would be unfair indeed for the mastermind in such situations to escape liability. District courts in those cases have held a party liable for infringement.").

Schrader is also liable for direct infringement if any of its agents (e.g., anyone acting under Schrader's direction or control, including pursuant to a contractual agreement with Schrader) made, used, sold, offered for sale within, or imported into the United States, a product that meets all of the requirements of any asserted claim and did so without the permission of Bridgestone during the time the '476 or '885 patents were in force.

## DIRECT INFRINGEMENT BY LITERAL INFRINGEMENT:  SCHRADER'S PROPOSAL[33]

In order to prove direct infringement, Bridgestone must prove by a preponderance of the evidence that Schrader made, used, sold, offered for sale within, or imported into the United States a product that meets all of the requirements of an Asserted Claim and that it did so without the permission of Bridgestone during the time the Asserted Patents were in force. You must compare the product with each and every one of the requirements of an Asserted Claim to determine whether all of the requirements of that claim are met.

If an Accused Product includes each and every element of an Asserted Claim, Schrader directly infringes that claim.  If the product lacks even one element recited in a claim, Schrader does not directly infringe that claim.

A system claim in a patent is directly infringed by "use" only if the alleged infringer put the invention into service. That means that to directly infringe a system claim, a single person (the alleged direct infringer) must control the system as a whole and obtain benefit from it. Put another way, a person does not directly infringe unless the person actually uses all portions of the claimed invention.  Supplying components of a system to a customer for the customer's use is not the same as the supplier using the system, and does not constitute "use" for infringement by the supplier. A party also does not "make" a system for purposes of infringement unless the party combines every claim element, which it does not do if another person completes the system by

---

[33] Source(s):  Federal Circuit Bar Association Model Patent Jury Instructions, § 3.1a (May 2014); *Centillion Data Sys., LLC v. Qwest Comm'ns Int'l*, 631 F.3d 1279, 1284, 1286, 1288 (Fed. Cir. 2011) ("We hold that to 'use' a system for purposes of infringement, a party must put the invention into service, i.e., control the system as a whole and obtain benefit from it. . . In order to 'put the system into service,' the end user must be using all portions of the claimed invention… Supplying the software for the customer to use is not the same as using the system… In order to 'make' the system under § 271(a), Qwest would need to combine all of the claim elements—this it does not do."); *CIVIX-DDI, LLC v. Hotels. Com, LP*, 809 F. Supp. 2d 882, 889-890 (S.D. Ill. 2011); *Emtel, Inc. v. Lipidlabs, Inc.*, 583 F. Supp. 2d 811, 834 (S.D. Tex. 2008).

adding another component. It also is not direct infringement for a supplier to provide instructions or prompts to its customers in their performance of the steps necessary to complete infringement, or to facilitate or arrange for the customer's involvement in the alleged infringement.

You must determine, separately for each asserted claim, whether or not there is infringement.  There is one exception to this rule: a dependent claim cannot be infringed unless its independent claim is also infringed.   On the other hand, if you find that an independent claim has been infringed, you must still decide, separately, whether the product meets additional requirements of any claims that depend from the independent claim, thus, whether those claims have also been infringed.

## 5.4    OPEN-ENDED OR "COMPRISING" CLAIMS[34] [DISPUTED—PROPOSED ONLY BY BRIDGESTONE]

The beginning portion, or preamble, of all of the Asserted Claims include the transitional phrase "comprising," and the remaining asserted claim contains the transitional phrase "that includes."  The word "comprising" means "including the following but not excluding others." A claim that uses the word "comprising" or "including" is not limited to products having only the elements that are recited in the claim, but also covers products that add additional elements. If you find, for example, that an accused product includes all of the elements of a claim, the fact that the accused product might include additional steps would not avoid literal infringement of a claim that uses "comprising" language.

---

[34] Source(s): Final Jury Instructions, *Edwards Lifesciences LLC v. Medtronic Corevalve LLC*, 1:12-cv-23-GMS, D.I. 168 (Jan. 14, 2014); Final Jury  Instructions, *Finjan Software Ltd. v. Secure Computing Corp.*, 2008 WL 9878279; AIPLA Model Patent Jury Instructions, § 3.7 (2014); Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware, § 3.11 (March 1993).  *See also, e.g.*, *Outside the Box Innovations, LLC v. Travel Caddy, Inc.*, 695 F.3d 1285, 1305 (Fed. Cir. 2012) ("The usage 'comprising' means that additional components may be present in the device, but does not change the elements that are stated in the claim."); *Sandisk Corp. v. Memorex Products, Inc.*, 415 F.3d 1278, 1284 (Fed Cir. 2005) ("Neither includes, nor comprising, forecloses additional elements that need not satisfy the stated claim limitations."); *KIS, S.A. v. Foto Fantasy, Inc.*, 60 F. App'x 319, 323 n. 3 (Fed. Cir. 2003) ("Because Claim 1 was drafted using the recognized term of art 'comprising' in the transitional language, it is an 'open' claim that must be construed as including the recited elements, but not excluding additional, unrecited elements.").

**5.5   APPARATUS CLAIMS THAT RECITE CAPABILITY[35] [DISPUTED— PROPOSED ONLY BY BRIDGESTONE]**

When the asserted claims recite the capability to perform a function, an accused device may be found to infringe if it is reasonably capable of satisfying the claim limitations, even though it may also be capable of noninfringing modes of operation.  Actually showing the performance of the function is unnecessary.

---

[35] Source(s):  *See, e.g., Ericsson, Inc. v. D-Link Sys.*, 773 F.3d 1201, 1215-17 (Fed. Cir. 2014) ("In sum, when the asserted claims recite capability, our case law supports finding infringement by a 'reasonably capable' accused device on a case-by-case basis particularly where, as here, there is evidence that the accused device is *actually used* in an infringing manner and then can be so used without significant alterations."); *Finjan, Inc. v. Secure Computing Corp.*, 626 F.3d 1197, 1204 (Fed. Cir. 2010) ("to infringe a claim that recites capability and not actual operation, an accused device 'need only be capable of operating' in the described mode…an accused device may be found to infringe if it is reasonably capable of satisfying the claim limitations, even though it may also be capable of noninfringing modes of operation.")

### 5.6     DIRECT INFRINGEMENT BY DOCTRINE OF EQUIVALENTS [DISPUTED]

**DIRECT INFRINGEMENT BY DOCTRINE OF EQUIVALENTS:  BRIDGESTONE'S PROPOSAL**[36]

If a company makes, uses, sells, offers to sell within, or imports into the United States a product that does not meet all of the requirements of a claim and thus does not literally infringe that claim, there can still be direct infringement if that product satisfies that claim "under the doctrine of equivalents."

Under the doctrine of equivalents, a product infringes a claim if the accused product contains elements corresponding to each and every requirement of the claim that is equivalent to, even though not literally met by, the accused product.  You may find that an element in the accused product is equivalent to a requirement of a claim that is not met literally if a person having ordinary skill in the field of technology of the patent would have considered the differences between them to be "insubstantial" or would have found that the structure in the accused product (1) performs substantially the same function and (2) works in substantially the same way (3) to achieve substantially the same result as the requirement of the claim.  In order for the structures to be considered interchangeable, the structure must have been known at the time of the alleged infringement to a person having ordinary skill in the field of technology of the patent.  Interchangeability at the present time is not sufficient.  In order to prove infringement by "equivalents," Bridgestone must prove the equivalency of the structure to a claim element by a preponderance of the evidence.

---

[36] Source:  Federal Circuit Bar Association Model Patent Jury Instructions, § 3.1c (May 2014).

**DIRECT INFRINGEMENT BY DOCTRINE OF EQUIVALENTS: SCHRADER'S PROPOSAL**[37] [38]

If a company makes, uses, sells, offers to sell within, or imports into the United States a product that does not meet all of the requirements of a claim and thus does not literally infringe that claim, there can still be direct infringement if that product satisfies that claim "under the doctrine of equivalents."

Under the doctrine of equivalents, a product infringes a claim if the accused product contains elements corresponding to each and every requirement of the claim that is equivalent to, even though not literally met by, the accused product. You may find that an element in the accused product is equivalent to a requirement of a claim that is not met literally if a person having ordinary skill in the field of technology of the patent would have considered the differences between them to be "insubstantial" or would have found that the structure in the accused product (1) performs substantially the same function and (2) works in substantially the same way (3) to achieve substantially the same result as the requirement of the claim. In order for the structures to be considered interchangeable, the structure must have been known at the time of the alleged infringement to a person having ordinary skill in the field of technology of the patent. Interchangeability at the present time is not sufficient. In order to prove infringement

---

[37] The parties dispute whether Bridgestone's argument under the doctrine of equivalents is properly preserved (Bridgestone) or waived (Schrader). Schrader objects to any instruction mentioning the doctrine of equivalents based on its evidentiary contention that Bridgestone has waived and is otherwise barred from asserting infringement based on the doctrine of equivalents. Subject to and without waiving its objections, Schrader proposes this instruction in the event its evidentiary objection is overruled. The parties also dispute whether the last paragraph of Schrader's instruction is appropriate under the facts of the case and Schrader's experts' opinion.

[38] Source: Federal Circuit Bar Association Model Patent Jury Instructions § 3.1d (May 2014).

by "equivalents," Bridgestone must prove the equivalency of the structure to a claim element by a preponderance of the evidence.

You may not determine that an alternative aspect of a product is equivalent to an unmet requirement of a claim if a finding of infringement under the doctrine of equivalents would effectively eliminate that requirement.  Specifically, the alleged equivalent cannot eliminate or ignore an element or requirement of the claim.

**5.7 INDIRECT INFRINGEMENT—ACTIVE INDUCEMENT [DISPUTED]**

**INDIRECT INFRINGEMENT—ACTIVE INDUCEMENT: BRIDGESTONE'S PROPOSAL** [39]

Bridgestone alleges that Schrader is also liable for actively inducing someone else to directly infringe the '885 Patent and the '476 Patent, literally or under the doctrine of equivalents. As with direct infringement, you must determine whether there has been active inducement on a claim-by-claim basis.

Schrader is liable for active inducement of a claim only if Bridgestone proves by a preponderance of the evidence that:

(1) Schrader's customers or end users directly infringe the claim;

(2) Schrader took action during the time the '885 and '476 Patents were in force intending to cause the infringing acts by its customers or end users; and

(3) Schrader was aware of the '885 Patent and/or the '476 Patent and knew that the acts of its customers or end users, if taken, would infringe an asserted claim of the patents or that Schrader believed there was a high probability that its customers or end users would infringe patents by Bridgestone and Schrader took deliberate steps to avoid learning of that infringement.

In order to establish active inducement of infringement, it is not sufficient that Schrader's customers or end users themselves directly infringe the claim. Nor is it sufficient that Schrader

---

[39] Source(s): Final Jury Instructions, *Avid Tech. Inc. v. Harmonic, Inc.,* 1:11-cv-1040-GMS (D. Del. Jan. 31, 2014), D.I. 153; Federal Circuit Bar Association Model Patent Jury Instructions, § 3.2 (May 2014); *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2072 (2011); *Lucent Technologies, Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1321-22 (Fed. Cir. 2009); *Commil USA, LLC v. Cisco Sys. Inc.*, 720 F.3d 1361, 1369 (Fed. Cir. 2013) ("evidence of an accused inducer's good-faith belief of invalidity *may* negate the requisite intent for induced infringement"); Question Presented, *Commil U.S.A., LLC v. Cisco Sys., Inc.*, No. 13-896 (Dec. 5, 2014) ("Whether the Federal Circuit erred in holding that a defendant's belief that a patent is invalid is a defense to induced infringement under 35 U.S.C. s 271(b).")

was aware of the acts by its customers or end users that allegedly constitute the direct infringement.  Rather, you must find that Schrader specifically intended its customers or end users to infringe the '885 Patent and/or the '476 Patent or that Schrader believed there was a high probability that its customers or end users would infringe the '885 Patent or the '476 Patent, but took deliberate actions to avoid learning that fact.

## INDIRECT INFRINGEMENT—ACTIVE INDUCEMENT: SCHRADER'S PROPOSAL[40]

Bridgestone alleges that Schrader is also liable for actively inducing someone else to directly infringe the '885 Patent and the '476 Patent, literally or under the doctrine of equivalents.  As with direct infringement, you must determine whether there has been active inducement on a claim-by-claim basis.

Schrader is liable for active inducement of a claim only if Bridgestone proves by a preponderance of the evidence that:

(1) Schrader's customers or end users directly infringe the claim;

(2) Schrader took action during the time the '885 and '476 Patents were in force intending to cause its customers or end users to infringe the claim; and

(3) Schrader was aware of the '885 Patent and/or the '476 Patent and knew that the acts of its customers or end users, if taken, would infringe an asserted claim of the patents or that Schrader believed there was a high probability that its customers or end users would infringe the '885 Patent and/or the '476 Patent and Schrader took deliberate steps to avoid learning of that infringement.

If you find that Schrader was aware of the '885 and '476 patents, but that Schrader believed either that the acts it encouraged did not infringe those patents or that the '885 and '476 patents were invalid, Schrader cannot be liable for inducement.

In order to establish active inducement of infringement, it is not sufficient that Schrader's customers or end users themselves directly infringe the claim.  Nor is it sufficient that Schrader was aware of the acts by its customers or end users that allegedly constitute the direct infringement.  Rather, you must find that Schrader specifically intended its customers or end

---

[40] Federal Circuit Bar Association Model Patent Jury Instructions, § 3.2  (May 2014)

users to infringe the '885 Patent and/or the '476 Patent or that Schrader believed there was a high

probability that its customers or end users would infringe the '885 Patent or the '476 Patent, but

took deliberate actions to avoid learning that fact.  The mere fact, if true, that Schrader knew or

should have known that there was a substantial risk that someone's acts would infringe the

Asserted Claims is not sufficient for a finding of active inducement of infringement.

# 6.  VALIDITY

## 6.1     VALIDITY—GENERALLY [DISPUTED][41]

**VALIDITY—GENERALLY:  BRIDGESTONE'S PROPOSAL[42]**

Schrader contends that the Asserted Claims of the Asserted Patents are invalid.  Under United States patent law, issued patents are presumed valid.  Schrader must therefore prove invalidity by clear and convincing evidence.

You must evaluate and determine the claimed invalidity as to each Asserted Claim separately.  I will now instruct you on the rules you must follow in deciding whether or not Schrader has proven that any of the Asserted Claims are invalid.

---

[41] The parties dispute whether indefiniteness is an issue for the judge (Bridgestone) or the jury (Schrader).  *See infra*.

[42] Source(s):  Final Jury Instructions, *Avid Tech. Inc. v. Harmonic, Inc.*, 1:11-cv-1040-GMS, § 5.1 (D. Del. Jan. 31, 2014), D.I. 153; Federal Circuit Bar Association Model Patent Jury Instructions, § 4.1 (May 2014).

## VALIDITY—GENERALLY:  SCHRADER'S PROPOSAL [43]

Schrader contends that the Asserted Claims of the Asserted Patents are invalid.  Under United States patent law, issued patents are presumed valid.  Schrader must therefore prove invalidity by clear and convincing evidence.

Schrader contends that one or more of the Asserted Claims is invalid for the following reasons: 1) as obvious in view of one or more prior art references, and 2) for failure to comply with the definiteness requirement.

You must evaluate and determine the claimed invalidity as to each Asserted Claim separately.  I will now instruct you on the rules you must follow in deciding whether or not Schrader has proven that any of the Asserted Claims are invalid.

---

[43] Sources: Final Jury Instructions, *Avid Tech. Inc. v. Harmonic, Inc*., 1:11-cv-1040-GMS, § 5.1 (D. Del. Jan. 31, 2014), D.I. 153; Federal Circuit Bar Association Model Patent Jury Instructions, § 4.1 (May 2014).

## 6.2    INVALIDITY OF INDEPENDENT AND DEPENDENT CLAIMS [DISPUTED— PROPOSED ONLY BY SCHRADER][44]

As I stated earlier there are two different types of asserted claims in the '885 and '476 patents.  One type of claim is called an independent claim.  The other type of claim is called a dependent claim.  An independent claim is a claim that does not refer to any other claim of the patent.  An independent claim must be read separately from the other claims to determine the scope of the claim.

A dependent claim is a claim that refers to at least one other claim in the patent. A dependent claim includes all of the elements of the claims to which the dependent claim refers, as well as the elements recited only in the dependent claim itself.

For example, claim 1 of the '476 patent is an independent claim and recites several elements.  Claim 2 of the '476 patent is a dependent claim that incorporates all the elements of claim 1, further includes additional elements.

You must evaluate the invalidity of each asserted claim separately.  However, if you find that a dependent claim is invalid, then you must also find the independent claim to which that dependent claim refers is invalid.  Conversely, you may find an independent claim to be invalid even if you find one of its dependent claims to be valid.

---

[44] Source(s):  AIPLA Model Patent Jury Instructions, § 5.2 (2014)
Bridgestone objects to this instruction in its entirety and believes it should not be given.

**6.3    LEVEL OF ORDINARY SKILL**[45] **[DISPUTED –PROPOSED HERE BY BRIDGESTONE]**[46] [*SEE BELOW FOR SCHRADER'S PROPOSAL*]

Some of the instructions about invalidity that I am about to give you refer to the concept

of a "person of ordinary skill in the art."

In deciding what the level of ordinary skill in the field of the invention is, you should

consider all the evidence introduced at trial, including but not limited to:

a)    the levels of education and experience of the inventor and other persons actively

working in the field;

b)    the types of problems encountered in the field;

c)    prior art solutions to those problems;

d)    rapidity with which innovations are made; and

e)    the sophistication of the technology.

---

[45] Source(s):  Final Jury Instructions, *Avid Tech. Inc. v. Harmonic, Inc.*, 1:11-cv-1040-GMS, § 5.3 (D. Del. Jan. 31, 2014), D.I. 153; Federal Circuit Bar Association Model Patent Jury Instructions, § 4.3c (i) (May 2014); *Ruiz v. A.B. Chance Co.*, 234 F.3d 654, 666-67 (Fed. Cir. 2000).

[46] Note that the parties disagree as to the placement of this instruction as well as its content. Bridgestone has placed it here, ahead of the discussion of prior art and invention date.  Schrader has placed the instruction in the context of the obviousness discussion only.

**6.4     PRIOR ART [DISPUTED]**

**PRIOR ART:  BRIDGESTONE'S PROPOSAL**[47]

Prior art may include items that were on sale, publications, or patents that disclose elements of the claimed inventions.  To be prior art, the item or reference must have been on sale, published, or patented either before the date of the inventions claimed in the patents or more than one year before the effective filing date of the '476 and '885 patents (i.e, before July 26, 1999, which is more than one year before the provisional application's filing date of July 26, 2000).  I will instruct you more specifically regarding when a product, publication, or patent qualifies as prior art shortly.

---

[47] Source(s):  Federal Circuit Bar Association Model Patent Jury Instructions § 4.3a-2 (May 2014); Final Jury Instructions, *Edwards Lifesciences LLC v. Medtronic Corevalve LLC*, 1:12-cv-23-GMS, D.I. 168, § 4.5 (Jan. 14, 2014); 35 U.S.C. § 111(b); 35 U.S.C. § 102.

**PRIOR ART:  SCHRADER'S PROPOSAL**[48]

Prior art may include items that were publicly known or that have been used or offered for sale, publications, or patents that disclose the claimed inventions or elements of the claimed inventions.  To be prior art, the item or reference must have been made, known, used, published, or patented either before the date of the inventions claimed in the patents or more than one year before the effective filing date of the patent application.  I will instruct you more specifically regarding when a product or publication qualifies as prior art shortly.

---

[48] Source(s):  35 U.S.C. 102; Federal Circuit Bar Association Model Patent Jury Instructions § 4.3a-1 (May 2014).

**6.5      EFFECTIVE FILING DATE [DISPUTED]**

**EFFECTIVE FILING DATE:  BRIDGESTONE'S PROPOSAL[49]**

Some of the instructions about invalidity that I am about to give you require you to know the filing date of the patents in question. The filing date may also be referred to as the "effective filing date."  The effective filing date is the filing date of the earliest application for which the patent is entitled. In this case, the effective filing date for both the '476 and the '885 patents is the filing date of the provisional application, July 26, 2000.

---

[49] Source(s): 35 U.S.C. § 119(e)(1); *Avid Tech. Inc. v. Harmonic, Inc.*, 1:11-cv-1040-GMS, §5.2 (D. Del. Jan. 31, 2014), D.I. 153; 35 U.S.C. § 100(i)(1)(B);*Tech Licensing Corp. v. Videotek, Inc.*, 545 F.3d 1316, 1327 (Fed. Cir. 2008); *Poweroasis, Inc. v. T-Mobile USA, Inc.*, 522 F.3d 1299, 1303 (Fed. Cir. 2008).  Bridgestone contends that Schrader has waived any argument that the patents-in-suit are not entitled to a July 26, 2000 effective filing date.

**EFFECTIVE FILING DATE:  SCHRADER'S PROPOSAL**[50]

Some of the instructions about invalidity that I am about to give you require you to know the filing date of the patents in question. This filing date may also be referred to as the "effective filing date."  In this case, the effective filing date of the '885 patent is July 26, 2000.  The effective filing date of the '476 patent is July 26, 2001.

Bridgestone bears the burden of presenting evidence establishing that the claims of the '476 patent are entitled to an earlier effective filing date.

---

[50] Source(s): 35 U.S.C. § 119(e)(1); Final Jury Instructions in *Finjan, Inc. v. Symantec Corp.* (Dist. Del., Civil Action No. 10-593-GMS) (D.I. 743) (12/20/12); *Poweroasis, Inc. v. T-Mobile USA, Inc.*, 522 F.3d 1299, 1305-1306 (Fed. Cir. 2008) ("When neither the PTO nor the Board has previously considered priority, there is simply no reason to presume that claims in a CIP application are entitled to the effective filing date of an earlier filed application. Since the PTO did not make a determination regarding priority, there is no finding for the district court to defer to… The district court therefore correctly placed the burden on [the patentee] to come forward with evidence to prove entitlement to claim priority to an earlier filing date."); *Bone Care Int'l, LLC v. Pentech Pharm., Inc.*, 741 F.Supp.2d 865, 873 (N.D. Ill. 2010).

### 6.6     DATE OF INVENTION [DISPUTED]

**DATE OF INVENTION:  BRIDGESTONE'S PROPOSAL**[51]

The date of invention is either when the invention was reduced to practice or when conceived, provided the inventors were diligent in reducing the invention to practice.  Diligence means working continuously, though not necessarily every day.

Conception is the mental part of an inventive act, i.e., the formation in the mind of the inventor of a definite and permanent idea of the complete and operative invention as it is thereafter to be applied in practice, even if the inventor did not know at the time that the invention would work.  Conception of an invention is complete when the idea is so clearly defined in the inventor's mind that, if the idea were communicated to a person having ordinary skill in the field of the technology, he or she would be able to reduce the invention to practice without undue research or experimentation.  This requirement does not mean that the inventor has to have a prototype built, or actually explained her or his invention to another person.  But, there must be documentary evidence beyond the inventor's own testimony that confirms the date on which the inventor had the complete idea.  This is known as corroborating evidence.  Conception may be proven when the invention is shown in its complete form by drawings, disclosure to another person, or other forms of evidence presented at trial.

---

[51] Source(s):  Federal Circuit Bar Association Model Patent Jury Instructions § 4.3a-1 (May 2014); *Burroughs Wellcome Co. v. Barr Laboratories, Inc.*, 40 F.3d 1223, 1228 ("Thus, the test for conception is whether the inventor had an idea that was definite and permanent enough that one skilled in the art could understand the invention; the inventor must prove his conception by corroborating evidence, preferably by showing a contemporaneous disclosure."); *Power Integrations, Inc. v. Fairchild Semiconductor Intern., Inc.*, 585 F.Supp.2d 468, 575-76 (D. Del. 2008) ("Rather, the burden of proof remains on the defendant to establish by clear and convincing evidence that the patentee's invention date does not  precede the date of the ostensible prior art reference.").

A claimed invention is "reduced to practice" when it has been constructed, used, or tested sufficiently to show that it will work for its intended purpose.  An invention may also be reduced to practice even if the inventor has not made or tested a prototype of the invention if it has been fully described in a filed patent application.

## DATE OF INVENTION:  SCHRADER'S PROPOSAL[52]

The date of invention is either when the invention was reduced to practice or when conceived, provided the inventors were diligent in reducing the invention to practice. Diligence means working continuously, though not necessarily every day.

Conception is the mental part of an inventive act, i.e., the formation in the mind of the inventor of a definite and permanent idea of the complete and operative invention as it is thereafter to be applied in practice, even if the inventor did not know at the time that the invention would work.  Conception of an invention is complete when the idea is so clearly defined in the inventor's mind that, if the idea were communicated to a person having ordinary skill in the field of the technology, he or she would be able to make and use the invention without having to do too much research or experimentation.  This requirement does not mean that the inventor has to have a prototype built, or actually explained her or his invention to another person.  But, there must be documentary evidence beyond the inventor's own testimony that confirms the date on which the inventor had the complete idea.  This is known as corroborating evidence.  Conception may be proven when each of the elements of a claim are shown in complete form by drawings, disclosure to another person, or other forms of evidence presented at trial.

A claimed invention is "reduced to practice" when it has been constructed, used, and tested sufficiently to show that it will work for its intended purpose. An invention may also be reduced to practice even if the inventor has not made or tested a prototype of the invention if it has been fully described in a filed patent application.

---

[52] Sources:  Federal Circuit Bar Association Model Patent Jury Instructions § 4.3a-1 (May 2014); *Kridl v. McCormick*, 105 F.3d 1446, 1449-1450 (Fed. Cir. 1997); *Coleman v. Dines*, 754 F.2d 353, 359 (Fed. Cir. 1985).

You must determine whether Bridgestone has proven by clear and convincing evidence that the date of invention for each claim was earlier than the effective filing date of July 26, 2000 for the '885 patent or July 26, 2001 for the '476 patent and, if so, on what date the invention was fully conceived or reduced to practice.  Any testimony you rely on must be independently corroborated by evidence that confirms the date on which the inventor had the complete idea.  If you determine that Bridgestone proved by corroborated, clear, and convincing evidence that a claim was fully conceived but not fully reduced to practice before its effective filing date, you must also determine whether Bridgestone has proven by clear and convincing evidence that the inventors were diligent in reducing their invention to practice.

If you determine that Bridgestone failed to prove by clear and convincing evidence that the date of invention for each claim was earlier than the effective filing date, you must consider the invention date to be the same as the effective filing date: July 26, 2000 for the '885 patent and July 26, 2001 for the '476 patent.

**6.7     PRIOR ART DEFINED [DISPUTED]**

**PRIOR ART DEFINED:  BRIDGESTONE'S PROPOSAL[53]**

You must determine what is the prior art that may be considered in determining whether any of the claims of the Asserted Patents are obvious.  Prior art that you may consider in your invalidity analysis includes the following:

(1) A printed publication in the United States or a foreign country of someone other than Bridgestone, published before the date of the claimed inventions.

(2) A published patent application or issued United States patent filed by someone other than Bridgestone in the United States or a foreign country before the date of the claimed inventions.

(3) Patents that issued more than one year before the filing of the provisional patent application (i.e., before July 26, 1999, which is more than one year before the filing date of July 26, 2000).

(4) Printed publications having a publication date more than one year before the date of the filing of the provisional patent application (i.e., before July 26, 1999, which is more than one year before the filing date of July 26, 2000).

(5) Any product that was in on sale in the United States more than one year before the filing of the provisional patent application (i.e., before July 26, 1999, which is more than one year before the filing date of July 26, 2000).  I will further explain what it means for a product to be in public use or on sale in a moment.

---

[53] Source(s):  Final Jury Instructions, *Avid Tech. Inc. v. Harmonic, Inc.*, 1:11-cv-1040-GMS, §5.4 (D. Del. Jan. 31, 2014), D.I. 153; 35 U.S.C. § 102; 35 U.S.C. § 111 b (4).

## PRIOR ART DEFINED:  SCHRADER'S PROPOSAL[54]

You must determine what is the prior art that may be considered in determining whether any of the claims of the Asserted Patents are obvious.  Prior art that you may consider in your invalidity analysis includes the following:

(1) Any product that was publicly known or used by someone other than Bridgestone in the United States before the date of the claimed inventions.  A product is known when the information about it was reasonably accessible to the public on that date.

(2) A printed publication in the United States or a foreign country of someone other than Bridgestone, published before the date of the claimed inventions.

(3) A published patent application or issued United States patent filed by someone other than Bridgestone in the United States or a foreign country before the date of the claimed inventions.

(4) Patents that issued more than one year before the effective filing date of the patent.

(5) Printed publications having a publication date more than one year before the date of the effective filing date of the patent.

(6) Any product that was in public use or offered for sale in the United States more than one year before the effective filing date of the patent.  I will further explain what it means for a product to be in public use or offered for sale in a moment.

---

[54] Source(s):  Final Jury Instructions, *Avid Tech. Inc. v. Harmonic, Inc.*, 1:11-cv-1040-GMS, §5.4 (D. Del. Jan. 31, 2014), D.I. 153; AIPLA Model Patent Jury Instructions, § 5.0 (2014).

## 6.8    PRIOR [PUBLIC USES AND] [OFFERS FOR SALE]/[SALES]:  DISPUTED PRIOR SALES:  BRIDGESTONE'S PROPOSAL[55]

Prior art may include a product that embodies elements of the invention if it was on sale in the United States more than one year before the filing of the provisional patent application— i.e., before July 26, 1999, which is more than one year before the filing date of the provisional patent application.  In order for the invention to be invalid for obviousness based on a product that was "on sale," the subject matter that renders the invention obvious must have been subject to a commercial offer for sale in the United States before July 26, 1999, and the product offered for sale before that date must have contained every limitation needed to make the asserted patent claims obvious.  In addition, there must be documentary evidence that confirms that the subject matter that allegedly renders the patents' claims obvious was "on sale" a year before the filing of the provisional patent application.  Therefore, Schrader must prove on a claim-by-claim basis, by clear and convincing evidence, with corroborating documentary evidence, that the product in question contained all of the subject matter that supposedly renders the claims obvious prior to July 26, 1999.

---

[55] Source(s):  AIPLA Model Instructions, §§6.2, 6.3 (2014); *See, e.g.*, *Finnigan Corp. v. Int'l Trade Comm'n*, 180 F.3d 1354, 1369-70 (Fed. Cir. 1999) ("In the end, what we are left with is Jefferts' testimony concerning his alleged public use. Such evidence is insufficient as a matter of law to establish invalidity of the patent. . . . such testimony alone cannot surmount the hurdle that the clear and convincing evidence standard imposes in proving patent invalidity."); *Colucci v. Callaway Golf Co.*, 750 F. Supp. 2d 767, 774 (E.D. Tex. 2010) ("This failure to corroborate that a putter containing every limitation in the '927 patent (with the exception of the retrieval means) was offered for sale prior to the filing date precludes Callway from invalidating the patent under s 103."); *Netscape Commc'ns Corp. v. ValueClick, Inc.,* 684 F. Supp. 2d 699, 710 (E.D. Va. 2010) (Analyzing obviousness based on alleged 102(b) art on a claim-by-claim basis and  noting "as to identity between the offered product and the patented invention, the Federal Circuit has also held that a party invoking the § 102(b) on-sale bar must prove that the device sold fully anticipated the claimed invention or would have rendered the claim invention obvious by its addition to the prior art.").

## PRIOR PUBLIC USES AND OFFERS FOR SALE:  SCHRADER'S PROPOSAL[56]

On Sale

The sale or offer for sale in the United States of a product may be prior art to a patent claim if the product was sold or offered for sale more than one year before the effective filing date  of the patent.  The date of invention for the patent claims is irrelevant to this category of prior art.  If the sale or offer for sale of a product is more than one year before the patent application was filed, then the product may be prior art, regardless of the date of invention.

In order for there to be an offer for sale, two requirements must be met.  First, the product must have been the subject of a commercial offer for sale.  Second, the product must be developed to the point where there was reason to expect that it would work for its intended purpose, even if it is not ready for commercial production, or has not been technically perfected.

Even a single offer for sale to a single customer may be a commercial offer, even if the customer does not accept the offer.  It is not required that a sale was actually made.  The essential question is whether there was an attempt to obtain a commercial benefit from the invention.

Prior Public Use

The public use of a product may be prior art to a patent claim where the product was known to or used by someone in the United States more than one year before the effective filing date of the patent.  If the prior use was more than one year before the effective filing date of the application for the patent, then the date of invention for the patent claims is irrelevant. A public

---

[56] Source:  AIPLA Model Patent Jury Instructions §§ 6.2, 6.3 (2014); ABA Model Patent Jury Instructions, Nos. 10.6.4 and 10.6.5.

use more than one year before the effective filing date of the patent may be prior art regardless of the date of invention.

A product was in public use if it was accessible to the public or commercially exploited.  Factors relevant to the determination of whether a use was public include the nature of the activity that occurred in public; public access to the use; confidentiality obligations imposed upon observers; commercial exploitation; and the circumstances surrounding testing and experimentation.  A product is publicly used if it is used by a person who is not under any limitation, restriction, or obligation of secrecy.  The absence of affirmative steps to conceal the use of a product is evidence of a public use.  However, secret use by a third party is not public, unless members of the public or employees of the third party have access to the product.

In order to be a public use, the product also must have been reduced to practice or described in drawings or other descriptions sufficient to allow a person of ordinary skill in the art to make or use the product or have reason to believe it would work for its intended purpose.  A product is reduced to practice when it has been constructed and determined that it works for its intended purpose.

**6.9    OBVIOUSNESS [DISPUTED]**

**OBVIOUSNESS:  BRIDGESTONE'S PROPOSAL[57]**

Even though an invention may not have been identically disclosed or described before it was made by an inventor, in order to be patentable, the invention must also not have been obvious to a person of ordinary skill in the field of technology of the patent at the time the invention was made.

Schrader may establish that a patent claim is invalid by proving, by clear and convincing evidence, that the claimed inventions would have been obvious to persons having ordinary skill in the art at the time the inventions were made.

The issue is not whether individual elements of the claimed inventions might have been known or obvious at the time of the invention.  The inventions as a whole must have been obvious.

The following factors must be evaluated to determine whether Schrader has established that any of the claimed inventions are obvious:

(1)    the scope and content of the prior art relied upon by Schrader;

(2)    the difference or differences, if any, between each Asserted Claim that Schrader contends is obvious and the prior art;

---

[57] Source(s):  Final Jury Instructions, *Avid Tech. Inc. v. Harmonic, Inc.*, 1:11-cv-1040-GMS, § 5.6 (D. Del. Jan. 31, 2014), D.I. 153; Federal Circuit Bar Association Model Patent Jury Instructions, § 4.3c (May 2014); AIPLA Model Patent Jury Instructions , §7.0, 74. (2014); *Graham v. John Deere Co. of Kansas City*, 383 U.S. 1, 86 (1966); *Morpho Detection, Inc. v. Smiths Detection, Inc.*, 957 F. Supp. 2d 655, 669 (E.D. Va. 2013) ("As stated in the jury instructions . . . 'most, if not all, inventions rely on buildings blocks of prior art.'"); *Demaco Corp. v. F. Von Langsdorff Licensing Ltd.*, 851 F.2d 1387, 1392 (Fed.Cir.), *cert. denied*, 488 U.S. 956 (1988).

(3)     the level of ordinary skill in the art at the time the inventions of the Asserted

Patents were made; and

(4)     additional considerations, if any, that indicate that the invention was obvious or

not obvious.

Each of these factors must be evaluated, although they may be analyzed in any order.

You must perform a separate analysis for each of the claims Schrader asserts is invalid.

The existence of each and every element of a claimed invention in the prior art does not

necessarily prove obviousness.  Most, if not all, inventions rely on building blocks of prior art.

In considering whether a claimed invention is obvious, you may but are not required to

find obviousness if you find that at the time of the claimed invention, there was a reason that

would have prompted a person having ordinary skill in the field of the invention to combine the

known elements in a way the claimed invention does, taking into account such factors as: (1)

whether the claimed invention was merely the predictable result of using prior art elements

according to their known function(s); (2) whether the claimed invention provides an obvious

solution to a known problem in the relevant field; (3) whether the prior art teaches or suggests

the desirability of combining elements claimed in the invention; (4) whether the prior art teaches

away from combining elements in the claimed invention; (5) whether it would have been obvious

to try the combinations of elements, such as when there is a design need or market pressure to

solve a problem and there are a finite number of identified, predictable solutions; and (6) whether

the change resulted more from design incentives or other market forces. To find it rendered the

invention obvious, you must find that the prior art provided a reasonable expectation of success.

Obvious to try is not sufficient in unpredictable technologies.

In determining whether a claimed invention was obvious, consider each claim separately. Do not use hindsight, i.e., consider only what was known at the time of the invention. That is, you should not consider what is known today or what was learned from the teachings of the patent. You should not use the patent as a road map for selecting and combining items of prior art. You must put yourself in the place of a person of ordinary skill in the art at the time the invention was made. I will instruct you in more detail about the appropriate analysis in a moment.

Before deciding the issue of obviousness, you must also consider certain factors, which, if established, may indicate that the invention would not have been obvious. No factor alone is dispositive, and you must consider the obviousness or nonobviousness of the invention as a whole.

1. Were products covered by the claim commercially successful specifically because of the merits of the claimed invention rather than due to advertising, promotion, salesmanship, or features of the product other than those found in the claim?

2. Was there long felt need for a solution to the problem facing the inventors, which was satisfied by the claimed invention?

3. Did others try, but fail, to solve the problem solved by the claimed invention?

4. Did others copy the claimed invention?

5. Did the claimed invention achieve unexpectedly superior results over the closest prior art?

6. Did others in the field, or Schrader praise the claimed invention or express surprise at the making of the claimed invention?

7. Did others accept licenses under '885 and '476 patents because of the merits of the claimed invention?

These factors are only relevant to non-obviousness if there is a direct causal link between them and the invention covered by the patent claims, i.e., that the claimed invention was a substantial reason for the existence of any of these factors.   A prima facie case of nexus is generally made out when the patentee shows both that there is commercial success, and that the thing that is commercially successful is the invention disclosed and claimed in the patent; then the burden shifts to the challenger, here Schrader, to rebut the showing with evidence that the success is due to extraneous factors.

Even if you conclude that some of the above indicators have been established, those factors should be considered along with all the other evidence in the case in determining whether Schrader has proven that the claimed invention would have been obvious as of the date of invention.

## OBVIOUSNESS:  SCHRADER'S PROPOSAL[58]

Even though an invention may not have been identically disclosed or described before it was made by an inventor, in order to be patentable, the invention must also not have been obvious to a person of ordinary skill in the field of technology of the patent at the time the invention was made.

Here, Schrader also contends that the Asserted Claims are invalid because the claimed inventions are "obvious."

Schrader may establish that a patent claim is invalid by proving, by clear and convincing evidence, that the claimed inventions would have been obvious to persons having ordinary skill in the art at the time the inventions were made.

In deciding obviousness, you must avoid using hindsight; that is, you should not consider what is known today or what was learned from the teachings of the asserted patents themselves. You should not use the asserted patents as a road map for selecting and combining items of prior art.  You must put yourself in the place of a person of ordinary skill in the art at the time the invention was made.

The issue is not whether individual elements of the claimed inventions might have been known or obvious at the time of the invention.  The inventions as a whole must have been obvious.

The following factors must be evaluated to determine whether Schrader has established that any of the claimed inventions are obvious:

(1)       the scope and content of the prior art relied upon by Schrader;

---

[58] Source(s): AIPLA Model Patent Jury Instructions, § 7.0 (2014).

(2)      the difference or differences, if any, between each Asserted Claim that Schrader

contends is obvious and the prior art;

(3)      the level of ordinary skill in the art at the time the inventions of the Asserted

Patents were made; and

(4)      additional considerations, if any, that indicate that the invention was obvious or

not obvious.

Each of these factors must be evaluated, although they may be analyzed in any order.

You must perform a separate analysis for each of the claims Schrader asserts is invalid.

I will now explain the four factors in more detail.

**6.10    NON-OBVIOUSNESS—HINDSIGHT**[59] **[DISPUTED—PROPOSED ONLY BY BRIDGESTONE]**

The question of obviousness is simple to ask but difficult to answer.  A person of ordinary skill is presumed to have knowledge of the relevant prior art at the time of the patentee's inventions.  If you find the available prior art shows each of the elements of the asserted claims, you must determine whether it would then to combine or coordinate these elements in the same manner as the asserted claims.  The difficulty that attaches to all honest attempts to answer this question can be attributed to the strong temptation to rely on hindsight while undertaking this evaluation.  It is wrong to use the patents-in-suit as a guide through the maze of prior art references, combining the right references in the right way so as to achieve the result of the asserted claims.  Rather, you must cast your mind back to the time of the invention and consider only the thinking of one of ordinary skill in the art, guided only by the prior art and what was known in the field.

---

[59] Source(s): Final Jury Instructions, *Edwards Lifesciences LLC v. Medtronic Corevalve LLC*, 1:12-cv-23-GMS, § 4.9 (Jan. 14, 2014), D.I. 168; Final Jury Instructions, *Grape Tech. Group, INc. v. Jingle Networks, Inc.*, 1:08-cv-00408-GMS, § 4.5 (Dec. 8, 2010), D.I. 172; Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware, §4.8.5 (March 1993); *Tokai Corp. v. Easton Enterprises, Inc.*, 632 F.3d 1358, 1378 (Fed. Cir. 2011).

**6.11    SCOPE AND CONTENT OF THE PRIOR ART [DISPUTED]**

**SCOPE AND CONTENT OF THE PRIOR ART:  BRIDGESTONE'S PROPOSAL[60]**

In considering whether the claimed invention was obvious at the time it was a made, you must first determine the scope and content of the prior art.

The scope and content of prior art for deciding whether the invention was obvious has certain limitations beyond simply the date of the alleged prior art reference.  A reference qualifies as prior art for an obviousness determination under § 103 only when it is analogous to the claimed invention.  Two separate tests define the scope of analogous prior art: (1) whether the art is from the same field of endeavor, regardless of the problem addressed and, (2) if the reference is not within the field of the inventor's endeavor, whether the reference still is reasonably pertinent to the particular problem with which the inventor is involved.  When a party attacking the validity of a patent relies on prior art which was specifically considered by the Examiner during the prosecution of the application leading to the issuance of the patent, that party bears the burden of overcoming the deference due a qualified government agency official presumed to have performed his or her job.

---

[60] Source(s):  Final Jury Instructions, *Avid Tech. Inc. v. Harmonic, Inc.*, 1:11-cv-1040-GMS, § 5.7 (D. Del. Jan. 31, 2014), D.I. 153; Federal Circuit Bar Association Model Patent Jury Instructions, § 4.3c(ii) (May 2014).  *See also In re Klein*, 647 F.3d 1343, 1348 (Fed. Cir. 2011); *Innovention Toys, LLC. V. MGA Entertainment, Inc.*, 637 F.3d 1314, 1321 (Fed. Cir. 2011); *In re Bigio*, 381 F.3d 1320, 1325 (Fed. Cir. 2004).

**FIRST FACTOR:  SCOPE AND CONTENT OF THE PRIOR ART:  SCHRADER'S PROPOSAL:** [61]

In considering whether the claimed invention was obvious at the time it was a made, you must first determine the scope and content of the prior art.

The scope and content of prior art for deciding whether the invention was obvious includes prior art in the same field as the claimed invention, regardless of the problem addressed by the item or reference, and prior art from different fields that a person of ordinary skill in the art using common sense might combine if familiar so as to solve the problem, like fitting together the pieces of a puzzle.  When a party attacking the validity of a patent relies on prior art which was specifically considered by the Examiner during the prosecution of the application leading to the issuance of the patent, that party bears the burden of overcoming the deference due a qualified government agency official presumed to have performed his or her job.  When a party challenging the validity of a patent presents evidence that was not considered by the Examiner during the prosecution of the application which resulted in the issued patent, such new evidence may be given more weight and may make it easier to satisfy that party's burden, because the considered judgment of the Examiner may lose significant force if the Examiner did not have all material facts.

Prior art includes any of the following items received into evidence during trial

1. any product or method that was publicly known or used by others in the United States before the patented invention was made;

---

[61] Source(s): Federal Circuit Bar Association Model Patent Jury Instructions (May 2014) § 4.3c(ii); AIPLA Model Patent Jury Instructions, §§ 5.0-5.1 (2014); *Microsoft Corp. v. i4i Ltd. P'ship.*, 564 U.S.__, 131 S. Ct. 2238, 2251 (2011); *SIBIA Neurosciences, Inc. v. Cadus Pharm. Corp.*, 225 F.3d 1349, 1355-56 (Fed. Cir. 2000); *Group One, Ltd. V. Hallmark Cards, Inc.*, 407 F.3d 1297, 1306 (Fed. Cir. 2005).

2. patents that issued more than one year before the filing date of the patent, or before the invention was made;

3. publications having a date more than one year before the filing date of the patent, or before the invention was made;

4. any product or method that was in public use or on sale in the United States more than one year before the patent was filed;

5. any product or method that was made or used by anyone before the named inventors created the patented product where the product was not abandoned, suppressed, or concealed.

In this case, you must consider the following to be prior art for the '885 patent and the '476 patent:

- U.S. Patent No. 6,130,602 (referred to as the "O'Toole" patent)

- Microchip PIC 16C715 Data Sheet (TRWSCH006008-6184)

- U.S. Patent No. 6,087,930 (referred to as the "Kulka" patent)

- U.S. Patent No. 5,562,787 (referred to as the "Koch" patent)

- U.S. Patent No. 5,963,650 (referred to as the "Simionescu" patent)

- U.S. Patent No. 5,488,376 (referred to as the "Hurta" patent)

- U.S. Patent No. 5,438,329 (referred to as the "Gastonauiotis" patent)

- U.S. Patent No. 5,963,128 (referred to as the "McClelland 128" patent)

- Schrader Generation 1B Specification (TRWSCH005575-94)

- Schrader Generation 1B FCC documents (TRWSCH005492-521)

- Schrader Generation 2 Specification (TRWSCH005430-71)

- U.S. Patent No. 6,271,748 (referred to as the "Derbyshire" patent)

- U.S. Patent No. 5,853,020 (referred to as the "Widner" patent)

You must also consider the following to be prior art for the '476 patent unless you conclude Bridgestone proved that the '476 patent is entitled to an earlier effective filing date:

- European Patent Publication No. EP 1 002 670 (referred to as the "Katou" application), and corresponding U.S. Patent No. 6,340,929

- U.S. Patent No. 6,710,708 (referred to as the "McClelland 708" patent)

- Microchip PIC 16C717 Data Sheet

- Schrader Generation 2 FCC documents (TRWSCH005522-562)

In addition, you must consider the following items to be prior art for the '885 patent unless you have found that Bridgestone proved by clear and convincing evidence that the claimed inventions in the '885 patent were either (a) fully conceived and reduced to practice before the date corresponding to each of these pieces of art, or (b) fully conceived before the date corresponding to each of these pieces of art and also diligently reduced to practice thereafter.

| Date | Prior Art |
|------|-----------|
| November 11, 1999 | European Patent Publication No. EP 1 002 670 (referred to as the "Katou" application), and corresponding U.S. Patent No. 6,340,929 |
| February 5, 1999 | U.S. Patent No. 6,710,708 (referred to as the "McClelland 708" patent) |
| September 16, 1999 | Microchip PIC 16C717 Data Sheet |

**6.12    SECOND FACTOR – DIFFERENCES BETWEEN THE CLAIMED INVENTION AND THE PRIOR ART [DISPUTED – PROPOSED ONLY BY SCHRADER][62]**

You should analyze whether there are any relevant differences between the prior art and the claimed invention from the view of a in the art at the time of the invention.  Your analysis must determine the impact, if any, of such differences on the obviousness or nonobviousness of the invention as a whole, and not merely some portion of it.  In analyzing the relevance of the differences between the claimed invention and the prior art, you do not need to look for precise teaching in the prior art directed to the subject matter of the claimed invention.  You may take into account the inferences and creative steps that a person of ordinary skill in the art would have employed in reviewing the invention.  For example, if the claimed invention combined elements known in the and the combination yielded results that were predictable to a person of ordinary skill in the art at the time of the invention, then this evidence would make it more likely that the claim was obvious.  On the other hand, if the combination of known elements yielded unexpected or unpredictable results, or if the prior art teaches away from combining the known elements, then this evidence would make it more likely that the claim that successfully combined those elements was not obvious.

Importantly, a claim is not proved obvious merely by demonstrating that each of the elements was independently known in the prior art.  Most, if not all, inventions rely on building blocks long since uncovered, and claimed discoveries almost of necessity will likely be combinations of what is already known.  Therefore, you should consider whether a reason existed at the time of the invention that would have prompted a person of ordinary skill in the art

---

[62] Source(s): AIPLA's Model Patent Jury Instructions § 7.2 (2014).  Bridgestone objects to this instruction in its entirety and believes it should not be given.

in the relevant field to combine the known elements in the way the claimed invention does.  The reason could come from the prior art, the background knowledge the nature of any problem or need to be addressed, market demand, or common sense.  You may also consider whether the problem or need was known, the possible approaches to solving the problem or addressing the need were known and finite, and the solution was predictable through use of a known option.

If you find that a reason existed at the time of the invention to combine the elements of the prior art to arrive at the claimed invention, this evidence would make it more likely that the claimed invention was obvious.  Again, you must undertake this analysis separately for each claim that Schrader contends is obvious.

**6.13     THIRD FACTOR –  LEVEL OF ORDINARY SKILL [DISPUTED]**[63]

**SCHRADER'S PROPOSAL [*SEE ABOVE FOR BRIDGESTONE'S PROPOSAL*]**

The determination of whether a claimed invention is obvious is based on the perspective of a person of ordinary skill in the field of tire pressure monitoring systems.  The person of ordinary skill is presumed to know all prior art that you have determined to be reasonably relevant.  The person of ordinary skill is also a person of ordinary creativity that can use common sense to solve problems.

When determining the level of ordinary skill in the art, you should consider all the evidence submitted by the parties, including evidence of:

1. the level of education and experience of persons actively working in the field at the time of the invention, including the inventor;

2. the types of problems encountered in the art at the time of the invention; and

3. the sophistication of the technology in the art at the time of the invention, including the rapidity with which innovations were made in the art at the time of the invention.

---

[63] Source(s): AIPLA's Model Patent Jury Instructions § 7.3 (2014).

Note that the parties disagree as to the placement of this instruction as well as its content. Bridgestone believes that it should be placed above, ahead of the discussion of prior art and invention date.  Schrader has placed the instruction here, in the context of the obviousness discussion.  Bridgestone's proposal appears above at 6.2.

**6.14    FOURTH FACTOR – FACTORS INDICATING NONOBVIOUSNESS
[DISPUTED—PROPOSED ONLY BY SCHRADER][64]**

Before deciding the issue of obviousness, you must also consider certain factors, which,

if established, may indicate that the invention would not have been obvious.  No factor alone is

dispositive, and you must consider the obviousness or nonobviousness of the invention as a

whole.

1. Were products covered by the claim commercially successful specifically because of

the merits of the claimed invention rather than due to advertising, promotion, salesmanship, or

features of the product other than those found in the claim?

2. Was there long felt need for a solution to the problem facing the inventors, which was

satisfied by the claimed invention?

3. Did others try, but fail, to solve the problem solved by the claimed invention?

4. Did others copy the claimed invention?

5. Did the claimed invention achieve unexpectedly superior results over the closest prior

art?

6. Did others in the field, or Schrader praise the claimed invention or express surprise at

the making of the claimed invention?

7. Did others accept licenses under '885 and '476 patents because of the merits of the

claimed invention?

These factors are only relevant to non-obviousness if there is a direct causal link between

them and the invention covered by the patent claims, i.e., that the claimed invention was a

substantial reason for the existence of any of these factors.  Bridgestone bears the burden of

---

[64] Source(s): AIPLA's Model Patent Jury Instructions § 7.4 (2014); *WMS Gaming, Inc. v. International Game Technology*, 184 F.3d 1339, 1359 (1999); *Demaco Corp. v. F. Von Langsdorff Licensing Ltd.*, 851 F.2d 1387, 1392 (Fed.Cir.), *cert. denied*, 488 U.S. 956 (1988).

establishing this link between any asserted non-obviousness factor above and the claimed invention. Even if you conclude that some of the above indicators have been established, those factors should be considered along with all the other evidence in the case in determining whether Schrader has proven that the claimed invention would have been obvious as of the date of invention.

**6.15   DEFINITENESS REQUIREMENT – GENERAL[65] [DISPUTED—PROPOSED ONLY BY SCHRADER]**

The patent law contains a requirement that the patent claims must particularly point out and distinctly claim the subject matter which the applicant regards as the invention.  This is also known as the definiteness requirement.  Schrader contends that the Asserted Claims are invalid for lack of definiteness.  You must determine whether Schrader has shown by clear and convincing evidence that the claims do not meet the law's requirement for definiteness.

Patent claims fail to meet the definiteness requirement if, when read in light of the specification delineating the patent and the prosecution history, they fail to inform persons

---

[65] Source(s):  35 U.S.C. § 112, para. 2; *Nautilus, Inc. v. Biosig Instruments, Inc.*, 134 S.Ct. 2120, 2124, 2129 (2014) ("[A] patent is invalid for indefiniteness if its claims, read in light of the specification delineating the patent, and the prosecution history, fail to inform, with reasonable certainty, those skilled in the art about the scope of the invention. . . a patent must be precise enough to afford clear notice of what is claimed, thereby 'appris [ing] the public of what is still open to them,' . . . The definiteness requirement, so understood, mandates clarity, while recognizing that absolute precision is unattainable.); *Interval Licensing LLC v. AOL, Inc.*, 766 F.3d 1364, 1371-72 (Fed. Cir. 2014) ("The claims, when read in light of the specification and the prosecution history, must provide objective boundaries for those of skill in the art… there is an indefiniteness problem if the claim language 'might mean several different things' and 'no informed and confident choice is available among the contending definitions'. . . a term of degree fails to provide sufficient notice of its scope if it depends 'on the unpredictable vagaries of any one person's opinion.'" (internal citations omitted)); *BJ Services Co. v. Halliburton Energy Services, Inc.*, 338 F,3d 1368, 1372 (Fed. Cir. 2003) ("Like enablement, definiteness, too, is amenable to resolution by the jury where the issues are factual in nature.").  In view of the Court's ruling that issues of fact preclude summary judgment on indefiniteness, Schrader believes this is an issue properly presented to the jury.

Bridgestone objects to this instruction in its entirety and believes that it should not be given. Bridgestone reiterates its position that its issue, if not waived, should not be presented to the jury and notes that neither the Federal Circuit Bar Association Model Patent Jury Instructions nor theAIPLA Model Jury Instructions contain definiteness instructions.  *See also, e.g., ePlus, Inc. v. Lawson Software, INc.*, 700 F. 3d 509, 517 (Fed. Cir. 2012) ("[I]ndefiniteness is a question of law and in effect part of claim construction."); *OPTi, Inc. v. VIA Technologies, Inc.*, No. 2:10-CV-00279-JRG, 2014 WL 4292084, at *7 (E.D. Tex. Aug. 29, 2014) ("Indefiniteness is a matter of law, to be decided by the Court. No question of indefiniteness was presented to the jury, and the jury was not instructed on indefiniteness."); *Biosig Instruments, Inc. v. Nautilus, Inc.*, 2012-1289 (Fed. Cir. Apr 23, 2015).

skilled in the art about the scope of the claimed invention with reasonable certainty.  Reasonable

certainty requires that the claims, when read in light of the specification and the prosecution

history, use language that provides objective boundaries for those skilled in the art. A claim is

indefinite if the claim language might mean several different things and no informed and

confident choice is available among the contending definitions.  A term of degree, for example,

fails to provide sufficient notice of its scope and is indefinite if its interpretation depends on a

person's subjective opinion.   Even though the law recognizes that absolute precision is

unattainable, the law also requires that patent claims be precise enough to afford clear notice to

the public of what is claimed, thereby allowing the public to know what can be done without

infringing the claim.

**6.16   DEFINITENESS REQUIREMENT – APPARATUS AND METHOD IN A SINGLE PATENT CLAIM[66] [DISPUTED—PROPOSED ONLY BY SCHRADER]**

The patent law recognizes that a single patent claim may cover either an apparatus (i.e., a system or product) or a method (i.e., a process), but not both. Sometimes, an apparatus claim recites physical structures and describes the function that the structure is capable of performing, which is permitted. However, it is impermissible for an apparatus claim to recite physical structures and also recite a process or action that must be performed or carried out. If a patent

---

[66] Source(s): *IPXL Holdings, L.L.C. v. Amazon.com, Inc.*, 430 F.3d 1377, 1384 (Fed. Cir. 2005) ("The Board of Patent Appeals and Interferences ("Board") of the PTO . . . has made it clear that reciting both an apparatus and a method of using that apparatus renders a claim indefinite under section 112, paragraph 2. . . The Board correctly surmised that, as a result of the combination of two separate statutory classes of invention, a manufacturer or seller of the claimed apparatus would not know from the claim whether it might also be liable for contributory infringement because a buyer or user of the apparatus later performs the claimed method of using the apparatus. Thus, such a claim 'is not sufficiently precise to provide competitors with an accurate determination of the 'metes and bounds' of protection involved' and is 'ambiguous and properly rejected' under section 112, paragraph 2. This rule is well recognized and has been incorporated into the PTO's Manual of Patent Examination Procedure." (internal citations omitted)); *Rembrandt Data Techs., LP v. AOL, LLC*, 641 F.3d 1331, 1339 (Fed. Cir. 2011); *InterDigital Commc'ns, Inc. v. ZTE Corp.*, C.A. No. 13-9-RGA, 2014 WL 1620733, at *4–5 (D. Del. Apr. 22, 2014); *UltimatePointer, LLC v. Nintendo Co., Ltd.*, No. 14-cv-865-RSL, 2014 WL 7340484, at *2–3 (W.D. Wash. Dec. 22, 2014); *BJ Services Co. v. Halliburton Energy Services, Inc.*, 338 F,3d 1368, 1372 (Fed. Cir. 2003) ("Like enablement, definiteness, too, is amenable to resolution by the jury where the issues are factual in nature."). In view of the Court's ruling that issues of fact preclude summary judgment on indefiniteness, Schrader believes this is an issue properly presented to the jury.

Bridgestone objects to this instruction in its entirety and believes that it should not be given. As noted above, Bridgestone does not believe this issue, if not waived, is appropriate for presentation to the jury. *See supra.* Bridgestone further disputes Schrader's interpretation of the law. *See, e.g., Microprocessor Enhancement v. Texas Instruments*, 520 F.3d 1367, 1375 (Fed. Cir. 2008) ("[A]pparatus claims are not necessarily indefinite for using functional language.. . . . [The asserted claim], however, is clearly limited to a pipelined processor possessing the recited structure and capable of performing the recited functions, and is thus not indefinite under *IPXL Holdings*."); *Radware, Ltd. v. A10 Networks, Inc.*, 2014 WL 2738538, at *4-5 (N.D. Cal. June 11, 2014); *Apple, Inc. v. Samsung Electronics Co., Ltd.*, 876 F.Supp.2d 1141, 1150-52 (N.D. Cal. June 29, 2012); *Yodlee Inc., v. Cashedge, Inc.*, No. 05-01550, 2006 WL 3456610, at *4-5 (N.D. Cal. Nov. 29, 2006).

claim includes both apparatus elements (physical or structural features) and also method elements (procedures or actions to be performed or carried out), the claim is by definition unclear about whether infringement occurs when someone makes a product, or whether infringement occurs only when that product is actually used.  Such claims are invalid as indefinite because they do not provide reasonable certainty to those skilled in the art about what constitutes infringement.

### 7.  <u>LACHES</u> [DISPUTED—PROPOSED ONLY BY SCHRADER][67]

---

[67] Source(s): Federal Circuit Bar Association Model Patent Jury Instructions § 5.2 (May 2014). In view of the Court's ruling that issues of fact preclude summary judgment on laches, Schrader believes those factual issues are properly presented to the jury.  *Crown Packaging Tech., Inc. v. Rexam Beverage Can Co.*, 498 F.Supp.2d 718, 733 (D. Del. 2007) *amended*, No. CIVA 05-608 MPT, 2007 WL 2207926 (D. Del. July 30, 2007) ("Crown will be permitted to submit laches evidence to the jury."); *Joy Technologies, Inc. v. Flakt, Inc.*, 772 F.Supp. 842 (D. Del. 1991) (denying motion to bifurcate laches finding overlapping issues with patent issues); *PacTool Intern. Ltd. v. Kett Tool Co., Inc.*, 2012 WL 13686 (W.D. Wash. 2012) ("With regard to the defenses of laches, waiver, equitable estoppel, implied license and unclean hands, PacTool has failed to persuade the Court that the evidence is so prejudicial that it requires a separate trial. Based on the parties' briefs and evidence in the record, the case can be managed by a single trial and it is unlikely that the jury will be confused or make a mistake if the evidence on equitable issues is presented."); *France Telecom S.A. v. Marvell Semiconductor Inc.*, No. 12-CV-04967-WHO, 2014 WL 4272771, at *1 (N.D. Cal. Aug. 28, 2014) ("Marvell will be allowed to present evidence and argument regarding its laches defense to the jury."); *Figgie Int'l, Inc. v. Wilson Sporting Goods Co.*, No. 86 C 5757, 1987 WL 13574, at *2 (N.D. Ill. July 6, 1987) ("Accordingly, the laches issue will require the Court to examine the scope of the plaintiff's patent, which will also be necessary in proving infringement at the full trial on the merits. Consequently, the Court finds that a separate trial on the issue of laches would be a waste of judicial time and resources."); *Mainland Indus., Inc. v. Standal's Patents, Ltd.*, 799 F.2d 746 (Fed. Cir. 1986) ("The trial judge reviewed the jury's findings on laches and estoppel and found them supported by substantial evidence. We agree with the conclusion of the trial judge.").

Bridgestone objects to this instruction in its entirety and believes that it should not be given.  As noted above and elsewhere in its pretrial filings, Bridgestone does not believe that this issue is appropriate for presentation to the jury.  *See, e.g., Integrated Tech. Corp. v. Rudolph Techs., Inc.*, 734 F.3d 1352, 1361 (Fed. Cir. 2013) ("[l]aches is an equitable defense to patent infringement . . ."); *Robert Bosch, LLC v. Pylon Mfg. Corp.*, 719 F.3d 1305, 1313 (Fed. Cir. 2013) ("juries do not sit in equity"); *Gen. Electro Music Corp. v. Samick Music Corp.*, 19 F.3d 1405, 1408 (Fed. Cir. 1994) (explaining that facts underlying an equitable defense "are not jury questions."); *CIF Licensing, LLC v. Agere Sys. Inc.*, No. CIV.A. 07-170-JJF, 2010 WL 582744, at *1 (D. Del. Feb. 17, 2010) (noting in post-trial order memorializing rulings on motions in limine that "Defendant was not permitted to present any evidence on its defenses of laches, licensing, or exhaustion to the jury" because "By its Motion, Plaintiff contended that admitting evidence of these equitable defenses would lead to jury confusion and cause unfair prejudice."); *See also Intertech Licensing Corp. v. Brown & Sharpe Mfg. Co.*, 708 F. Supp. 1423, 1424 (D. Del. 1989) ("Following initial legal maneuvering by the parties, explained later, the Court, pursuant to Rule 42(b), Fed.R.Civ.P., tried, without a jury, the separate issue of laches on December 5, 1988."); *Ill. Tool Works, Inc. v. MOC Prods. Co.*, 946 F. Supp. 2d 1042, 1046 (S.D. Cal. 2012) ("Presenting the jury with such evidence [regarding equitable defenses] may contaminate their factual findings on legal issues, which must be made strictly on the basis of the evidence and the law, without reference to the considerations of fairness or equity.").

Schrader contends that: (1) Bridgestone delayed filing the lawsuit for an unreasonably long period of time, and (2) Schrader has been or will be prejudiced in a significant way due to Bridgestone's delay in filing the lawsuit. This is referred to as laches. Schrader must prove delay and prejudice by a preponderance of the evidence.

Whether Bridgestone's delay was unreasonably long and unjustified is a question that must be answered by considering the facts and circumstances as they existed during the period of delay. There is no minimum amount of delay required to establish laches. If suit was delayed for six years, a rebuttable presumption arises that the delay was unreasonable and unjustified, and that material prejudice resulted. This presumption shifts the burden of proof to Bridgestone to come forward with evidence to prove that the delay was justified or that material prejudice did not result.  If Bridgestone presents such evidence, the burden of proving laches remains with Schrader. Laches also may be found for delays of less than six years if there is proof of unreasonably long delay causing material prejudice to Schrader.  Facts and circumstances that can justify a long delay can include:

(1)     being involved in other litigation during the period of delay;

(2)     being involved in negotiations with [alleged infringer] during the period of delay;

(3)     poverty or illness during the period of delay;

(4)     wartime conditions during the period of delay;

(5)     being involved in a dispute about ownership of the patent during the period of delay; or

(6)     minimal amounts of allegedly infringing activity by [alleged infringer] during the period of delay.

If you find unreasonable delay occurred, but if you also find that Bridgestone has rebutted the presumption of material prejudice described above, you must then determine whether Schrader suffered material prejudice as a result of Bridgestone's delay. Prejudice to Schrader can be evidentiary or economic.

Whether Schrader suffered evidentiary prejudice is a question that must be answered by evaluating whether Bridgestone's delay in filing this case resulted in Schrader not being able to present evidence that was lost as a result of the delay.  Evidentiary prejudice may result from the loss of important records, the death or impairment of an important witness(es), the unreliability or fading of memories about important events because they occurred in the distant past, or other similar types of things.

Economic prejudice is determined by whether or not Schrader changed its economic position during the period of delay that caused Schrader to incur financial obligations or make investments beyond merely paying for infringement (such as if Schrader could have switched to a noninfringing product if sued earlier), and also by whether Schrader's losses or obligations as a result of that change in economic position likely would have been avoided if Bridgestone had filed this lawsuit sooner.  In all scenarios though, the ultimate determination of whether laches should apply in this case is a question of fairness, given all the facts and circumstances.

# 8.  DAMAGES

## 8.1    DAMAGES – GENERALLY [DISPUTED]

**DAMAGES – GENERALLY:  BRIDGESTONE'S PROPOSAL**[68]

If you find that Schrader infringed any valid claim of the '885 Patent or the '476 Patent, you must then consider what amount of damages to award to Bridgestone.  Bridgestone has the burden to establish the amount of its damages by a preponderance of the evidence.    Bridgestone must prove the amount of damages with reasonable certainty, but need not prove the amount of damages with mathematical precision.

Patent law provides that in the case of infringement of a valid patent claim, the owner of the patent shall be awarded damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer.  Damages are compensation for all losses suffered as a result of the infringement.  In this case, Bridgestone seeks a reasonable royalty on sales of the accused products.

It is not relevant to the question of damages whether Schrader benefited from, realized profits from, or even lost money as a result of the alleged infringement.  The only issue is the amount necessary to adequately compensate Bridgestone for Schrader's infringement.  Adequate compensation is the amount that would return Bridgestone to the position it would have occupied had there been no infringement.  You must consider the amount of injuries Bridgestone suffered without regard to Schrader's gains or losses from the infringement.

---

[68]Source(s):  Final Jury Instructions, *Avid Tech. Inc. v. Harmonic, Inc.*, 1:11-cv-1040-GMS, § 6.1 (D. Del. Jan. 31, 2014), D.I. 153; Final Jury Instructions, *Edwards Lifesciences LLC v. Medtronic Corevalve LLC*, 1:12-cv-23-GMS, D.I. 168, § 5.1, 5.2 (Jan. 14, 2014); Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware, § 6.1, 6.3 (March 1993); 35 U.S.C. § 284.

**DAMAGES – GENERALLY:  SCHRADER'S PROPOSAL**[69]

If you find that the Accused Products infringe any of the Asserted Claims of the '885 or '476 patents, and you also find that those claims are not invalid, you must then also determine the whether Bridgestone has met its burden to prove the amount of damages to be awarded for the infringement.  On the other hand, if you find either that the asserted patent claims is invalid or that they are not infringed, then you need not consider damages in your deliberations.

Bridgestone must prove each element of its damages – including the amount of the damages – by a preponderance of the evidence.

If proven by Bridgestone, the amount of those damages should be based on a reasonable royalty.  You may not add anything to the amount of damages to punish an accused infringer or to set an example. You also may not add anything to the amount of damages for interest.

The fact that I am instructing you on damages does not mean that the Court believes that one party or the other should win in this case.  My instructions about damages are for your guidance only.

---

[69] Source: AIPLA's Model Patent Jury Instructions § 11.0 (2014).

**8.2    REASONABLE ROYALTY[70] [DISPUTED—PROPOSED ONLY BY BRIDGESTONE]**

If you find that Bridgestone has established infringement, Bridgestone is entitled to at least a reasonable royalty to compensate it for that infringement. A reasonable royalty is the minimum permissible measure of damages set by the patent laws and is not necessarily the actual measure of damages, but is merely the floor below which damages should not fall.  Accordingly, you may find damages in excess of a reasonable royalty if you find that the facts so warrant.

---

[70] Source(s):  *Finjan Software Ltd. v. Secure Computing Corp*., 2008 WL 9878279, Jury Instruction No. 30; Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware, § 6.10 (March 1993); AIPLA's Model Patent Jury Instructions § 11.14 (2014).

**8.3**     **REASONABLE ROYALTY – DEFINITION [DISPUTED]**

**REASONABLE ROYALTY – DEFINITION:  BRIDGESTONE'S PROPOSAL**[71]

A royalty is a payment made to a patent owner in exchange for the right to make, use, or sell the claimed invention.  A reasonable royalty is the amount of royalty payment that the patent owner and the infringer would have agreed to in a hypothetical arms-length negotiation taking place at a time prior to when the infringement first began.  In considering this hypothetical negotiation, you should focus on what the expectations of the patent owner and the infringer would have been had they entered into an agreement at that time, and had they acted reasonably in their negotiations. For purposes of this case, the parties agree that the date of the hypothetical negotiation is on or about October 7, 2003.

In determining a reasonable royalty, you must assume that both parties believed the patents were valid and infringed and the patent owner and infringer were willing to enter into an agreement.  The reasonable royalty you determine must be a royalty that would have resulted from the hypothetical negotiation, and not simply a royalty either party would have preferred. Evidence of things that happened after the infringement first began can be considered in evaluating the reasonable royalty only to the extent that the evidence aids in assessing what royalty would have resulted from a hypothetical negotiation.

---

[71] Source(s):  Final Jury Instructions, *Avid Tech. Inc. v. Harmonic, Inc.*, 1:11-cv-1040-GMS, § 6.10 (D. Del. Jan. 31, 2014), D.I. 153; Federal Circuit Bar Association Model Patent Jury Instructions § 6.6 (May 2014); Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware, § 6.10 (March 1993).

## REASONABLE ROYALTY – DEFINITION:  SCHRADER'S PROPOSAL[72]

A royalty is a payment made to a patent owner in exchange for the right to make, use, or sell the claimed invention.  A reasonable royalty is the amount of royalty payment that the patent owner and the infringer would have agreed to in a hypothetical arms-length negotiation taking place at a time prior to when the infringement first began.  In considering this hypothetical negotiation, you should focus on what the expectations of the patent owner and the infringer would have been had they entered into an agreement at that time, and had they acted reasonably in their negotiations.  For purposes of this case, the parties agree that the date of the hypothetical negotiation is on or about October 7, 2003.

In determining a reasonable royalty, you must assume that both parties believed the patents were valid and infringed and the patent owner and infringer were willing to enter into an agreement.  The reasonable royalty you determine must be a royalty that would have resulted from the hypothetical negotiation, and not simply a royalty either party would have preferred. The value to the buyers of infringing product(s) of the use of the patented technology measures the royalty.  Evidence of things that happened after the infringement first began can be considered in evaluating the reasonable royalty only to the extent that the evidence aids in assessing what royalty would have resulted from a hypothetical negotiation.  Although evidence of the actual profits an alleged infringer made may be used to determine the anticipated profits at the time of the hypothetical negotiation, the royalty may not be limited or increased based on the actual profits the alleged infringer made.

---

[72] Source(s):  Final Jury Instructions, *Avid Tech. Inc. v. Harmonic, Inc.*, 1:11-cv-1040-GMS, § 6.10 (D. Del. Jan. 31, 2014), D.I. 153; Federal Circuit Bar Association Model Patent Jury Instructions § 6.6 (May 2014); Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware, § 6.10 (March 1993); *Aqua Shield v. Inner Pool Cover Team*, 774 F.3d 766, 770 (Fed. Cir. 2014).

**8.4      REASONABLE ROYALTY – RELEVANT FACTORS [DISPUTED]**

**REASONABLE ROYALTY– RELEVANT FACTORS: BRIDGESTONE'S PROPOSAL** [73]

Some of the kinds of factors that you may consider in determining the reasonable royalty are:

(1)      The royalties received by the Bridgestone for the licensing of the patent-in-suit, proving or tending to prove an established royalty.

(2)      The rates paid by the Schrader for the use of other patents comparable to the patent-in- suit.

(3)      The nature and scope of the license, as exclusive or nonexclusive, or as restricted or nonrestricted in terms of territory or with respect to whom the manufactured product may be sold.

(4)      Bridgestone's established policy and marketing program to maintain his or her right to exclude by not licensing others to use the invention or by granting licenses under special conditions designed to preserve that right to exclude.

(5)      The commercial relationship between Bridgestone and Schrader, e.g., whether they are competitors in the same territory in the same line of business.

(6)      The effect of selling the patented product in promoting sales of other products of the licensee, the existing value of the invention to the licensor as a generator of sales of his nonpatented items, and the extent of such derivative or convoyed sales.

(7)      The duration of the patent and the term of the license.

---

[73] Source(s):  Final Jury Instructions, *Avid Tech. Inc. v. Harmonic, Inc.*, 1:11-cv-1040-GMS, § 6.11 (D. Del. Jan. 31, 2014), D.I. 153; Federal Circuit Bar Association Model Patent Jury Instructions § 6.7 (May 2014).

(8)     The established profitability of the product made under the patents, its

commercial success, and its current popularity.

(9)     The utility and advantages of the patented property over the old modes or devices,

if any, that had been used for working out similar results.

(10)    The nature of the patented invention, the character of the commercial embodiment

of it as owned and produced by the licensor, and the benefits to those who have

used the invention.

(11)    The extent to which Schrader has made use of the invention and any evidence

probative of the value of that use.

(12)    The portion of the profit or of the selling price that may be customary in the

particular business or in comparable business to allow for the use of the invention

or analogous inventions.

(13)    The portion of the realizable profits that should be credited to the invention as

distinguished from nonpatented elements, the manufacturing process, business

risks, or significant features or improvements added by the infringer.

(14)    The opinion and testimony of qualified experts.

(15)    The amount that a licensor (such as the Bridgestone) and a licensee (such as the

Schrader) would have agreed upon (at the time the infringement began) if both

had been reasonably and voluntarily trying to reach an agreement; that is, the

amount which a prudent licensee—who desired, as a business proposition, to

obtain a license to manufacture and sell a particular article embodying the

patented invention—would have been willing to pay as a royalty and yet be able

to make a reasonable profit and which amount would have been acceptable by a prudent patentee who was willing to grant a license.

No one factor is dispositive and you can and should consider the evidence that has been presented to you in this case on each of these factors.  You may also consider any other factors which in your mind would have increased or decreased the royalty the infringer would have been willing to pay and the patent owner would have been willing to accept, acting as normally prudent business people.  The final factor establishes the framework which you should use in determining a reasonable royalty, that is, the payment that would have resulted from a negotiation between the patent owner and the infringer taking place at a time prior to when the infringement began.

## REASONABLE ROYALTY– RELEVANT FACTORS: SCHRADER'S PROPOSAL [74]

Some of the kinds of factors that you may consider in determining the reasonable royalty are:

(1)     The royalties received by the Bridgestone for the licensing of the patent-in-suit, proving or tending to prove an established royalty.

(2)     The rates paid by the Schrader for the use of other patents comparable to the patent-in- suit.

(3)     The nature and scope of the license, as exclusive or nonexclusive, or as restricted or nonrestricted in terms of territory or with respect to whom the manufactured product may be sold.

(4)     Bridgestone's established policy and marketing program to maintain his or her right to exclude by not licensing others to use the invention or by granting licenses under special conditions designed to preserve that right to exclude.

(5)     The commercial relationship between Bridgestone and Schrader, e.g., whether they are competitors in the same territory in the same line of business.

(6)     The effect of selling the patented product in promoting sales of other products of the licensee, the existing value of the invention to the licensor as a generator of sales of his nonpatented items, and the extent of such derivative or convoyed sales.

(7)     The duration of the patent and the term of the license.

---

[74] Source(s):  Final Jury Instructions, *Avid Tech. Inc. v. Harmonic, Inc.*, 1:11-cv-1040-GMS, § 6.11 (D. Del. Jan. 31, 2014), D.I. 153; Federal Circuit Bar Association Model Patent Jury Instructions § 6.7 (May 2014); *Aqua Shield v. Inner Pool Cover Team*, 774 F.3d 766, 770 (Fed. Cir. 2014).

(8)     The established profitability of the product made under the patents, its

        commercial success, and its current popularity.

(9)     The utility and advantages of the patented property over the old modes or devices,

        if any, that had been used for working out similar results.

(10)    The nature of the patented invention, the character of the commercial embodiment

        of it as owned and produced by the licensor, and the benefits to those who have

        used the invention.

(11)    The extent to which Schrader has made use of the invention and any evidence

        probative of the value of that use.  In other words, what would the infringer have

        anticipated the profit-making potential from the use of the patented technology to

        be, as compared to using non-infringing alternatives.

(12)    The portion of the profit or of the selling price that may be customary in the

        particular business or in comparable business to allow for the use of the invention

        or analogous inventions.

(13)    The portion of the realizable profits that should be credited to the invention as

        distinguished from nonpatented elements, the manufacturing process, business

        risks, or significant features or improvements added by the infringer.

(14)    The opinion and testimony of qualified experts.

(15)    The amount that a licensor (such as the Bridgestone) and a licensee (such as the

        Schrader) would have agreed upon (at the time the infringement began) if both

        had been reasonably and voluntarily trying to reach an agreement; that is, the

        amount which a prudent licensee—who desired, as a business proposition, to

        obtain a license to manufacture and sell a particular article embodying the

patented invention—would have been willing to pay as a royalty and yet be able to make a reasonable profit and which amount would have been acceptable by a prudent patentee who was willing to grant a license.

No one factor is dispositive and you can and should consider the evidence that has been presented to you in this case on each of these factors.  You may also consider any other factors which in your mind would have increased or decreased the royalty the infringer would have been willing to pay and the patent owner would have been willing to accept, acting as normally prudent business people.  The final factor establishes the framework which you should use in determining a reasonable royalty, that is, the payment that would have resulted from a negotiation between the patent owner and the infringer taking place at a time prior to when the infringement began.

## 8.6    REASONABLE ROYALTY – ENTIRE MARKET VALUE RULE [DISPUTED] SCHRADER'S PROPOSAL[75]

A product may be composed of both non-infringing components and infringing components.  In such products, royalties should be based not on the entire product, but instead on the "smallest salable" unit that practices the patent.

However, where the smallest salable unit is itself a multi-component product containing several non-infringing features with no relation to the patented feature, Bridgestone must persuade you by a preponderance of the evidence as to the portion of the value of the product that is specifically attributable to the patented technology.

The exception to this rule is known as the "entire market value rule."  If you find that Bridgestone proved that the demand for the entire multi-component product is attributable only to the patented features, Bridgestone can be awarded a reasonable royalty based on the value of the entire product.

---

[75] Source(s): AIPLA's Model Patent Jury Instructions § 11.17 (2014); *VirnetX, Inc. v. Cisco Systems, Inc.*, 767 F.3d 1308, 1327 (Fed. Cir. 2014) ("Where the smallest salable unit is, in fact, a multi-component product containing several non-infringing features with no relation to the patented feature (as VirnetX claims it was here), the patentee must do more to estimate what portion of the value of that product is attributable to the patented technology. . . VirnetX's expert relied on the entire value of the iOS devices as the 'smallest salable units,' without attempting to apportion the value attributable to the VPN On Demand and FaceTime features.  Thus, it is clear that the jury's verdict was tainted by the erroneous jury instruction.").

**BRIDGESTONE'S CONDITIONAL PROPOSAL**[76]

If an accused product includes components or features beyond the elements of the claimed

invention, damages must be based upon the value of the claimed invention.  For example, if the

value of the accused product is based on many features, including other technical features or

patented technologies unrelated to the claimed invention, you may award damages only based on

the value of the claimed invention.

---

[76] AIPLA's Model Patent Jury Instructions § 11.17 (2014); Bridgestone does not believe that any instruction on this topic is appropriate in the context of this case, but proposes this in the event that the Court determines such an instruction is warranted.   Sources: AIPLA's Model Patent Jury Instructions § 11.17 (2014); *Ericsson, Inc. v. D-Link Systems, Inc.*, 773 F.3d 1201 (Fed. Cir. 2014) ("where multi-component products are involved, the governing rule is that the ultimate combination of royalty base and royalty rate must reflect the value attributable to the infringing features of the product, and no more. ").

**8.7    REASONABLE ROYALTY – AVAILABILITY OF NON-INFRINGING SUBSTITUTES[77] [DISPUTED—PROPOSED ONLY BY SCHRADER]**

In determining a reasonable royalty, you may also consider evidence concerning the availability and cost of non-infringing substitutes for the patented invention.  A non-infringing substitute must be a product that does not infringe the patent because it does not include all the features required by the claims of the patent.

---

[77] Source(s): AIPLA's Model Patent Jury Instructions § 11.20 (2014).
Bridgestone objects to this instruction in its entirety and believes it should not be given.

**8.8      DATE OF COMMENCEMENT OF DAMAGES [DISPUTED]**

**DATE OF COMMENCEMENT OF DAMAGES:  BRIDGESTONE'S PROPOSAL[78]**

If you find that Schrader infringed any valid claim of the Asserted Patents, Bridgestone is entitled to damages for infringement beginning from the later of:  the date that infringement began or May 2, 2007.

However, if Schrader has proven that Bridgestone sells a product that includes the claimed invention, you must determine whether, during the time period in which that Bridgestone product was sold, Schrader had notice of the asserted patents.  For purposes of the time period during which that Bridgestone product was sold, the start of damages is the earlier of:

a.  The date that Bridgestone first began marking substantially all of its products embodying the patented invention.  Marking means placing the word "patent" or "pat." and the patent number, with the word "patent" or the abbreviation "pat." together with a website associating the patented article with the patent number or when, from the character of the product article, the patented article cannot be marked, by fixing to it or its packaging a label containing a similar notice.  Bridgestone has the burden of establishing that it substantially complied with the marking requirement; or

b.  By filing a complaint for patent infringement, which occurred on May 2, 2013.

---

[78] Sources:  35 U.S.C. § 286; 35 U.S.C. § 287; Federal Circuit Bar Association Model Patent Jury Instructions, § 6.8 (May 2014); *Sealant Sys. Int'l, Inc. v. TEK Global S.R.L.*, No. 5:11-CV-00774-PSG, 2014 WL 1008183, at *31 (N.D. Cal. Mar. 7, 2014); *Texas Digital Sys., Inc. v. Telegenix, Inc.*, 308 F.3d 1193, 1220 (Fed. Cir. 2002) (abrogated on other grounds); *WiAV Solutions LLC v. Motorola, Inc.*, 732 F.Supp.2d 634, 640-43 (E.D. Va. 2010).

In other words, Bridgestone may not recover damages for any period between the date on which it began selling a product including the claimed invention and May 2, 2013, during which it did not comply with that marking requirement for substantially all of its products that embody the patented invention.

If you find that Bridgestone does not or, during any time period during which you find infringement, did not, sell a product covered by the asserted patents, then you may award damages for that time period without regard to the marking requirement; the recovery of damages is not limited where are no products to mark.  In other words, the recovery of damages is only precluded for the period of time, if any, that Bridgestone made, used, or sold unmarked patented articles in the United States, and before it filed the complaint in this action, which was on May 2, 2013.

## DATE OF COMMENCEMENT OF DAMAGES:  SCHRADER'S PROPOSAL[79]

In determining the amount of damages, you must determine when the damages began. Bridgestone has the burden of proving either that neither it nor any authorized persons has made, imported, sold, or offered for sale any product in the United States that includes any of the inventions claimed in the Asserted Patents, even if that invention is not in one of the Asserted Claims. Alternatively, if Bridgestone fails to prove that, you must determine whether Bridgestone has proven by a preponderance of the evidence that both it and all other authorized persons have "marked" substantially all of those products that include any of the inventions of the '885 Patent or the '476 Patent.

"Marking" means placing directly on the product either the word "patent" or the abbreviation "pat." and also the patents' numbers, or the abbreviation "pat." together with an address of a posting on the Internet that associates the patented article with the number of the patent.  If, but only if, it is not reasonably possible to mark the product itself, Bridgestone and other authorized persons may mark the package containing the products with a similar label. If the patented article has markings or printing on it other than the appropriate patent marking, then marking the package is not sufficient to comply with the marking requirement.

A person is authorized if he, she, or it (e.g., a company) was licensed to practice the patents, or if Bridgestone was or should have been aware of that person's use and did not take reasonable steps to prevent it.

---

[79] Source(s): Federal Circuit Bar Association Model Patent Jury Instructions § 6.9 (May 2014); *Texas Digital Sys., Inc. v. Telegenix, Inc.,* 308 F.3d 1193, 1219-20 (Fed. Cir. 2002); 35 U.S.C. 287(a); *Belden Techs., Inc. v. Superior Essex Commc'ns LP,* 733 F.Supp.2d 517, 534-35 (D. Del. 2010); *WiAV Solutions LLC v. Motorola, Inc.*, 732 F.Supp.2d 634, 640-43 (E.D. Va. 2010); *DR Systems, Inc. v. Eastman Kodak Co.*, No. 08–CV–0669, 2009 WL 2632685 at *4 (S.D. Cal. 2009).

If you find that Bridgestone has not proven compliance with the marking requirement by a preponderance of the evidence, then you must also find that Bridgestone is not entitled to damages for any infringement that might have occurred before it filed this lawsuit on May 2, 2013.

# 9.   DELIBERATION AND VERDICT

## 9.1   DELIBERATION AND VERDICT[80] [AGREED]

That concludes the part of my instructions explaining the law that governs your

deliberations over the patent issues in this case.  Now let me finish up by explaining some things

about how to conduct your deliberations in the jury room.

How you conduct your deliberations is up to you.  But, however you conduct those

deliberations, please remember that your verdict must represent the considered judgment of each

juror.  Your verdict must be unanimous.  I would offer the suggestion that at the outset you

decide which one of you will serve as your foreperson.

A form of verdict has been prepared for you.  You will take this form to the jury room

and when you have reached unanimous agreement as to your verdict, you will have your

foreperson fill in, date and sign the form.  You will then return to the courtroom, your foreperson

will give the form to my Deputy Clerk and your verdict shall be announced.

It is proper to add the caution that nothing said in these instructions, and nothing in the

form of a verdict, is meant to suggest or convey in any way or manner any intimation as to what

verdict I think you should find.  What the verdict shall be is your sole and exclusive duty and

responsibility.

Now let me explain how you may communicate questions or messages to the court.

Once you start deliberating, do not talk to the Jury Officer, to my Deputy Clerk, or to me,

or to anyone else except each other about the case.  Further, as I instructed you at the beginning

---

[80] Source(s):  Final Jury Instructions, *Avid Tech. Inc. v. Harmonic, Inc.*, 1:11-cv-1040-GMS, §
7.1 (D. Del. Jan. 31, 2014), D.I. 153; Uniform Jury Instructions for Patent Cases in the United
States District Court for the District of Delaware, §§7.1, 7.2 (March 1993); SAMPLE:
Miscellaneous Jury Instructions (GMS), available at http://www.ded.uscourts.gov/judge/judge-
gregory-m-sleet; Sample Final Jury Instruction Re: Electronic Media, available at
http://www.ded.uscourts.gov/judge/judge-gregory-m-sleet.

of these proceedings, you may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry or computer; the Internet, any Internet service, or any text or instant messaging service; or any Internet chat room, blog, or social networking website such as Twitter, Facebook, My Space, LinkedIn, or YouTube, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the Jury Officer.  The question or message will be given to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you.  One more thing about messages.  Do not ever write down or tell anyone else how you stand on your votes.  For example, do not write down or tell anyone else that you are split 6-2, or 4-4, or whatever your vote happens to be.  That should stay secret until you are finished.

## 9.2     DUTY TO DELIBERATE[81] [AGREED]

After the lawyers complete their closing arguments, you will be free to talk about the case in the jury room.  It will be your duty, as jurors, to consult with one another and to deliberate with a view toward reaching an agreement, to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement, if you can do so without violence to your individual judgment.  Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.

In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence solely because the opinion of your fellow jurors, or just for the purpose of returning a verdict or to get the case over with.  Remember at all times that you are not partisans.  You are judges of the facts, not me.  Your sole interest is to seek the truth from the evidence in this case.  In order for you as a jury to return a verdict, it is necessary that each juror agree to the verdict.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  You should feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

---

[81] Source(s):  Final Jury Instructions, *Avid Tech. Inc. v. Harmonic, Inc.*, 1:11-cv-1040-GMS, § 7.2 (D. Del. Jan. 31, 2014), D.I. 153; SAMPLE:  Miscellaneous Jury Instructions (GMS), available at http://www.ded.uscourts.gov/judge/judge-gregory-m-sleet.

**9.3**     **COURT HAS NO OPINION**[82] **[AGREED]**

Let me finish up by repeating something that I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in any way.  You must decide the case yourselves based on the evidence presented.

---

[82] Source(s):  Final Jury Instructions, *Avid Tech. Inc. v. Harmonic, Inc.*, 1:11-cv-1040-GMS, § 7.3 (D. Del. Jan. 31, 2014), D.I. 153; SAMPLE:  Miscellaneous Jury Instructions (GMS), available at http://www.ded.uscourts.gov/judge/judge-gregory-m-sleet.

# Exhibit 18

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC,<br><br>                    Plaintiff,<br><br>v.<br><br>SCHRADER-BRIDGEPORT INTERNATIONAL, INC. d/b/a SCHRADER INTERNATIONAL, INC.; SCHRADER ELECTRONICS LTD.; and SCHRADER ELECTRONICS, INC.,<br><br>                    Defendants. | C.A. No. 13-763-GMS<br><br>JURY TRIAL DEMANDED |

**BRIDGESTONE'S PROPOSED VERDICT FORM**

**We, the jury, unanimously find as follows:**

**QUESTION 1: INFRINGEMENT**

Question 1(a): Do you find that Bridgestone has proven, by a preponderance of the evidence, that the Schrader Defendants have infringed, literally or under the doctrine of equivalents, any of the following claims of <u>U.S. Patent No. 6,630,885</u>?

**Please answer in each row with a "Yes" or a "No".**

| <u>'885 Patent</u> | YES<br>(for Bridgestone) | NO<br>(for Schrader) |
|---|---|---|
| **Claim 12** | | |
| Schrader OTR Sensors | | |
| Schrader Gen3 Sensors | | |
| Schrader Gen4 Sensors | | |
| Schrader Gen5 Sensors | | |
| Schrader Gen6 Sensors | | |
| Schrader EZ-Sensors | | |
| Schrader EZ-Tire Sensors | | |

1

| '885 Patent | YES (for Bridgestone) | NO (for Schrader) |
|---|---|---|
| **Claim 25** | | |
| Schrader OTR Sensors | | |
| Schrader Gen3 Sensors | | |
| Schrader Gen4 Sensors | | |
| Schrader Gen5 Sensors | | |
| Schrader Gen6 Sensors | | |
| Schrader EZ-Sensors | | |
| Schrader EZ-Tire Sensors | | |
| **Claim 92** | | |
| Schrader OTR Sensors | | |
| Schrader Gen3 Sensors | | |
| Schrader Gen4 Sensors | | |
| Schrader Gen5 Sensors | | |
| Schrader Gen6 Sensors | | |
| Schrader EZ-Sensors | | |
| Schrader EZ-Tire Sensors | | |

Question 1(b): Do you find that Bridgestone has proven, by a preponderance of the evidence, that the Schrader Defendants have infringed, literally or under the doctrine of equivalents, any of the following claims of U.S. Patent No. 7,161,476?

**Please answer in each row with a "Yes" or a "No".**

| '476 Patent | YES (for Bridgestone) | NO (for Schrader) |
|---|---|---|
| **Claim 1** | | |
| Schrader OTR Sensors | | |
| Schrader Gen3 Sensors | | |
| Schrader Gen4 Sensors | | |
| Schrader Gen5 Sensors | | |
| Schrader Gen6 Sensors | | |
| Schrader EZ-Sensors | | |
| Schrader EZ-Tire Sensors | | |
| **Claim 136** | | |
| Schrader OTR Sensors | | |
| Schrader Gen3 Sensors | | |
| Schrader Gen4 Sensors | | |
| Schrader Gen5 Sensors | | |

2

| **'476 Patent** | **YES**<br>**(for Bridgestone)** | **NO**<br>**(for Schrader)** |
|---|---|---|
| Schrader Gen6 Sensors | | |
| Schrader EZ-Sensors | | |
| Schrader EZ-Tire Sensors | | |

3

## QUESTION 2: OBVIOUSNESS

**The '885 Patent**

Question 2(a): Do you find that the Schrader Defendants have proven, by clear and convincing evidence, that any of the following claims of U.S. Patent No. 6,630,885 are invalid because they were obvious?

**Please answer in each row with a "Yes" or a "No".**

**"Yes" means the claim is invalid, and "No" means the claim is *not* invalid.**
**Do not answer for any claim which you did not find infringed by one or more Schrader products.**

| '885 Patent | YES (for Schrader) | NO (for Bridgestone) |
|---|---|---|
| Claim 12 | | |
| Claim 25 | | |
| Claim 92 | | |

**The '476 Patent**

Question 2(b): Do you find that the Schrader Defendants have proven, by clear and convincing evidence, that any of the following claims of U.S. Patent No. 7,161,476 are invalid because they were obvious?

**Please answer in each row with a "Yes" or a "No".**

**"Yes" means the claim is invalid, and "No" means the claim is *not* invalid.**
**Do not answer for any claim which you did not find infringed by one or more Schrader products.**

| '476 Patent | YES (for Schrader) | NO (for Bridgestone) |
|---|---|---|
| Claim 1 | | |
| Claim 136 | | |

4

## QUESTION 3: MONETARY DAMAGES

If you have found at least one claim of the '885 or '476 patents to be infringed and not invalid, please answer the following question.

What total amount of damages has Bridgestone Americas Tire Operations, LLC shown by a preponderance of the evidence would be adequate to compensate it for Schrader's infringement?

Amount of Damages $_____

SO SAY WE ALL, this ____ date of June 2015

_____

Foreperson

# Exhibit 19

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC,<br><br>                    Plaintiff,<br><br>        v.<br><br>SCHRADER-BRIDGEPORT INTERNATIONAL, INC. d/b/a SCHRADER INTERNATIONAL, INC.; SCHRADER ELECTRONICS LTD.; and SCHRADER ELECTRONICS, INC.,<br><br>                    Defendants. | C.A. No. 13-763-GMS<br><br>JURY TRIAL DEMANDED |

## <u>SCHRADER'S PROPOSED VERDICT FORM</u>

**Instructions:**

**(1)   When answering the following questions and filling out the Verdict Form, please refer to the Jury Instructions for guidance on the law applicable to the subject matter covered by each question.**

**(2)   Throughout the verdict form, please answer in each cell with a "Yes" or a "No".**

**We, the jury, unanimously find as follows:**

## <u>OWNERSHIP</u>

**Question 1(a): Ownership of the '885 Patent.**

Do you find that Bridgestone has proven by a preponderance of the evidence that Bridgestone Americas Tire Operations, LLC is the sole owner of U.S. Patent No. 6,630,885?

| YES<br>(for Bridgestone) | NO<br>(for Schrader) |
|---|---|
| | |

**Question 1(b): Ownership of the '476 Patent.**

Do you find that Bridgestone has proven by a preponderance of the evidence that Bridgestone Americas Tire Operations, LLC is the sole owner of U.S. Patent No. 7,161,476?

| YES<br>(for Bridgestone) | NO<br>(for Schrader) |
|---|---|
|  |  |

## INFRINGEMENT

**Question 2(a): Direct Literal Infringement of the '885 Patent.**

Do you find that Bridgestone has proven, by a preponderance of the evidence, that the Schrader Defendants have directly and literally infringed any of the following claims of U.S. Patent No. 6,630,885?

**Please answer in each row with a "Yes" or a "No".**

| '885 Patent | YES<br>(for Bridgestone) | NO<br>(for Schrader) |
|---|---|---|
| **Claim 12** | | |
| Schrader OTR Sensors | | |
| Schrader Gen3 Sensors | | |
| Schrader Gen4 Sensors | | |
| Schrader Gen5 Sensors | | |
| Schrader Gen6 Sensors | | |
| Schrader EZ-Sensors | | |
| Schrader EZ-Tire Sensors | | |
| **Claim 25** | | |
| Schrader OTR Sensors | | |
| Schrader Gen3 Sensors | | |
| Schrader Gen4 Sensors | | |
| Schrader Gen5 Sensors | | |
| Schrader Gen6 Sensors | | |
| Schrader EZ-Sensors | | |
| Schrader EZ-Tire Sensors | | |
| **Claim 92** | | |
| Schrader OTR Sensors | | |
| Schrader Gen3 Sensors | | |
| Schrader Gen4 Sensors | | |
| Schrader Gen5 Sensors | | |
| Schrader Gen6 Sensors | | |
| Schrader EZ-Sensors | | |

| '885 Patent | YES (for Bridgestone) | NO (for Schrader) |
|---|---|---|
| Schrader EZ-Tire Sensors | | |

**Question 2(b): Direct Literal Infringement of the '476 Patent.**

Do you find that Bridgestone has proven, by a preponderance of the evidence, that the Schrader Defendants have directly and literally infringed any of the following claims of U.S. Patent No. 7,161,476?

**Please answer in each row with a "Yes" or a "No".**

| '476 Patent | YES (for Bridgestone) | NO (for Schrader) |
|---|---|---|
| **Claim 1** | | |
| Schrader OTR Sensors | | |
| Schrader Gen3 Sensors | | |
| Schrader Gen4 Sensors | | |
| Schrader Gen5 Sensors | | |
| Schrader Gen6 Sensors | | |
| Schrader EZ-Sensors | | |
| Schrader EZ-Tire Sensors | | |
| **Claim 136** | | |
| Schrader OTR Sensors | | |
| Schrader Gen3 Sensors | | |
| Schrader Gen4 Sensors | | |
| Schrader Gen5 Sensors | | |
| Schrader Gen6 Sensors | | |
| Schrader EZ-Sensors | | |
| Schrader EZ-Tire Sensors | | |

**Question 3(a): Induced Literal Infringement of the '885 Patent.**

Do you find that Bridgestone has proven, by a preponderance of the evidence, that the Schrader Defendants have actively induced another party to directly and literally infringe any of the following claims of U.S. Patent No. 6,630,885?

**Please answer in each row with a "Yes" or a "No."**

| '885 Patent | YES (for Bridgestone) | NO (for Schrader) |
|---|---|---|
| **Claim 12** | | |
| Schrader EZ-Sensors | | |

3

| '885 Patent | YES (for Bridgestone) | NO (for Schrader) |
|---|---|---|
| Schrader EZ-Tire Sensors | | |
| **Claim 25** | | |
| Schrader EZ-Sensors | | |
| Schrader EZ-Tire Sensors | | |
| **Claim 92** | | |
| Schrader EZ-Sensors | | |
| Schrader EZ-Tire Sensors | | |

**Question 3(b): Induced Literal Infringement of the '476 Patent.**

Do you find that Bridgestone has proven, by a preponderance of the evidence, that the Schrader Defendants have actively induced another party to directly and literally infringe any of the following claims of U.S. Patent No. 7,161,476?

**Please answer in each row with a "Yes" or a "No."**

| '476 Patent | YES (for Bridgestone) | NO (for Schrader) |
|---|---|---|
| **Claim 1** | | |
| Schrader EZ-Sensors | | |
| Schrader EZ-Tire Sensors | | |
| **Claim 136** | | |
| Schrader EZ-Sensors | | |
| Schrader EZ-Tire Sensors | | |

4

## INVALIDITY

**Question 4(a): Obviousness ('885 patent).**

Do you find that the Schrader Defendants have proven by clear and convincing evidence that the claimed invention(s) recited in the asserted claims of the '885 patent, would have been obvious to a person of ordinary skill in the field at the time of the invention ?

> **Please answer in each row with a "Yes" or a "No".**
>
> **"Yes" means the claim would have been obvious to a person of ordinary skill in the field at the time of the invention, and "No" means the claim would not have been obvious to a person of ordinary skill in the field at the time of the invention.**

| '885 Patent | YES<br>(for Schrader) | NO<br>(for Bridgestone) |
|---|---|---|
| Claim 12 | | |
| Claim 25 | | |
| Claim 92 | | |

**Question 4(b): Obviousness ('476 patent).**

Do you find that the Schrader Defendants have proven by clear and convincing evidence that the claimed invention(s) recited in the asserted claims of the '476 patent, would have been obvious to a person of ordinary skill in the field at the time of the invention?

> **Please answer in each row with a "Yes" or a "No" .**
>
> **"Yes" means the claim would have been obvious to a person of ordinary skill in the field at the time of the invention, and "No" means the claim would not have been obvious to a person of ordinary skill in the field at the time of the invention.**

| '476 Patent | YES<br>(for Schrader) | NO<br>(for Bridgestone) |
|---|---|---|
| Claim 1 | | |
| Claim 136 | | |

**Question 5(a): Indefiniteness ('885 patent).**

Do you find that the Schrader Defendants have proven by clear and convincing evidence that the claimed invention(s) recited in the below asserted claims of the '885 patent, are indefinite?

**Please answer in each row with a "Yes" or a "No".**

**"Yes" means the claim is indefinite, and "No" means the claim is not indefinite.**

| '885 Patent | YES (for Schrader) | NO (for Bridgestone) |
|---|---|---|
| Claim 12 | | |
| Claim 25 | | |
| Claim 92 | | |

**Question 5(b): Indefiniteness ('476 patent).**

Do you find that the Schrader Defendants have proven by clear and convincing evidence that the claimed invention(s) recited in the below asserted claims of the '476 patent, are indefinite?

**Please answer in each row with a "Yes" or a "No".**

**"Yes" means the claim is indefinite, and "No" means the claim is not indefinite.**

| '476 Patent | YES (for Schrader) | NO (for Bridgestone) |
|---|---|---|
| Claim 1 | | |
| Claim 136 | | |

## LACHES

**Question 6(a):**

Do you find that Schrader has proven by a preponderance of the evidence that Bridgestone delayed unreasonably and unjustifiably in filing this lawsuit?

| YES<br>(for Schrader) | NO<br>(for Bridgestone) |
|---|---|
|  |  |

**If your answer to 6(a) is Yes, please answer Question 5(b).**

**Question 6(b):**

Do you find that Bridgestone's delay was for at least six years?

| YES<br>(for Schrader) | NO<br>(for Bridgestone) |
|---|---|
|  |  |

## PATENT MARKING[1]

**Question 7(a):**

Do you find that Bridgestone has proven by a preponderance of evidence that Bridgestone or any person authorized by Bridgestone has not sold, offered for sale, made, or imported into the United States any product that practices one or more claims of the '885 or '476 patents?

| YES<br>(for Bridgestone) | NO<br>(for Schrader) |
|---|---|
|  |  |

**If your answer to 7(a) is No, please answer Question 7(b) and 7(c).**

---

[1] Patent Marking may not be applicable depending on outcome of pretrial evidentiary and/or waiver issues.

**Question 7(b):**

On what date do you find that Bridgestone or any other authorized person first started selling, offering for sale, making, or importing into the United States a product that practices one or more claims of the '885 or '476 patents?

DATE:   _____

**Question 7(c):**

On what date (if ever) do you find that Bridgestone proved it began to substantially comply with the marking requirement for any such products it and all other authorized parties sold, offered for sale, made, or imported into the United States that practice one or more claims of the '885 or '476 patents?

DATE:   _____   OR      NEVER
(circle NEVER or state date of compliance)

## DAMAGES

**Question 8: Damages.**

If you have found at least one claim of the '885 or '476 patents is both infringed <u>and</u> not found to be invalid, please answer the following question.

What total amount of reasonable royalty damages, if any, has Bridgestone Americas Tire Operations, LLC shown by a preponderance of the evidence would be adequate to compensate it for Schrader's infringement?

Amount of Damages $_____

SO SAY WE ALL, this ___ date of June 2015

_____

Foreperson

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC, <br><br>                 Plaintiff, <br><br>    v. <br><br> SCHRADER-BRIDGEPORT INTERNATIONAL, INC. d/b/a SCHRADER INTERNATIONAL, INC.; SCHRADER ELECTRONICS LTD.; and SCHRADER ELECTRONICS, INC., <br><br>            Defendants. | C.A. No. 13-763-GMS <br><br> JURY TRIAL DEMANDED |

**EXHIBIT 20**

**JOINT PROPOSED VOIR DIRE QUESTIONS**

1. Does the length of this trial or the schedule contemplated by the Court present a special problem to any of you?

2. This case is an action for patent infringement arising under the patent laws of the United States. The Plaintiff in this case is Bridgestone Americas Tire Operations, LLC (or simply "Bridgestone"). The defendants in this case are Schrader-Bridgeport International, Inc., Schrader Electronics Ltd., and Schrader Electronics, Inc. (or simply "Schrader"). For those of you selected to serve as jurors, I will give you more detailed instructions about the meaning of the word infringement once you are sworn in as jurors and again at the conclusion of the trial. For now, I will simply tell you that Bridgestone alleges that certain tire pressure monitoring devices made and sold by Schrader infringe two of Bridgestone's patents. Schrader denies Bridgestone's infringement allegations, and asserts that the patents are invalid. Other than what you

have heard in court today, does anyone know or has anyone heard anything about this case?

3.      Have you or anyone you know well ever heard of ▆▆▆▆?

4.      Bridgestone is a tire manufacturer and Schrader is an auto parts manufacturer.  Have you or has anyone you know well ever been employed by or had a business relationship with either Bridgestone or Schrader?

5.      Have you or any member of your immediate family ever been employed by Ocean Tomo Intellectual Capital Equity, who may be one of the witnesses in this case?

6.      Have you or any member of your immediate family ever been employed by a company affiliated with either Bridgestone Americas Tire Operations or Schrader-Bridgeport International, Inc., Schrader Electronics Ltd., or Schrader Electronics, Inc.?  For example, have you or any member of your immediate family ever been employed by Bridgestone Corp? Firestone?  Have you or any member of your immediate family ever been employed by Sensata Technologies?  Madison Dearborn Partners?  Pinafore Holdings?  Tomkins PLC?

7.      Have you or any member of your immediate family ever owned stock or had any financial interest in Bridgestone Corp (traded on Tokyo Stock Exchange)?  Ever owned stock or had any financial interest in Sensata Technologies (traded on NYSE)?  Madison Dearborn Partners?  Pinafore Holdings?  Or Tomkins PLC?

8.      Have you or any member of your immediate family ever had a negative or positive experience with the products or services of Bridgestone or Firestone that might make it difficult for you to be a fair and impartial juror in this case?

9. Have you or any member of your immediate family ever had a negative or positive experience with the products or services of Schrader that might make it difficult for you to be a fair and impartial juror in this case?

10. Has anyone here had training in engineering or in the law?

11. Have you or any member of your family ever had a problem with an electronic tire pressure sensor?

12. Have you or any member of your immediate family ever been employed by an auto parts manufacturer?

13. Have you or any member of your immediate family ever been employed by a tire manufacturer?

14. Have you or any member of your immediate family ever been employed by an auto mechanic?

15. Have you or any member of your immediate family ever been employed by an auto manufacturer such as Toyota, Honda, Ford, GM, etc.?

16. Have you or any member of your immediate family ever driven a mining truck?

17. Have you or any member of your immediate family ever been employed in the field of radio frequency identification or RFID technology?

18. Have you or any member of your immediate family ever been employed in the field of integrated circuits?

19. Do you have any opinion or feelings about any of these companies or automobile parts manufacturers in general or about large corporations or disputes between large corporations?

20.     Look around the other potential jury members.  Do you know any of the others, or have you had any relationship with any of the other jurors before today?

21.     Bridgestone Americas Tire Operations is represented by the law firms WilmerHale and Morris James and attorneys Heath Brooks, Anna Chauvet, Kenneth Dorsney, Arianna Evers, Tara Elliott, Monica Grewal, Rachel Gurvich, and Cynthia Vreeland. Schrader is represented by the law firms Holland & Hart and Morris, Nichols, Arsht & Tunnell and attorneys Thomas Curry, Nadya Davis, Donald Degnan, Timothy Getzoff, Mary Graham, Mher Hartoonian, Jane Michaels, Mark Miller, Benjamin Simler, and Jeremy Tigan.  Do you or does anyone you know well know any of these attorneys or have you or has anyone you know well had any business dealing with, or been employed by, any of these attorneys or their respective law firms?

22.     Do any of you know or know anything about any of the following persons who may be witnesses called to testify in this case either live or through the reading of prior testimony:

     a.     Nader Bagherzadeh ("BAH-her-ZAH-day")

     b.     Stephen Becker

     c.     Andrew Brenz

     d.     Hugh Charvat

     e.     David  Coombs

     f.     Anthony Davenport

     g.     James Davies

     h.     Brett Floyd

     i.     Ronald C. Grush

j.      Gordon Hardman

k.      Molly Hardman

l.      Scot Holloway

m.      David Johnson

n.      Dennis Jones

o.      Curtis Kell

p.      Russell Koch

q.      Michelle Lane

r.      Stephen McClelland

s.      Richard Mihran

t.      Nevin Molyneaux

u.      Robin Montgomery

v.      David Przygocki

w.      Jack Pyne

x.      John Rensel

y.      Barry Rexroad

z.      Samuel Strahan

aa.     Hiroyoshi Takigawa

bb.     Graeme Thompson

cc.     John Turner

dd.     Carl Wacker

ee.     Guy Walenga

ff.     Shirley Webster

gg.    Paul Wilson

23.    Some of the witnesses in this case are affiliated with the University of California at Irvine and the University of Colorado.  Have you or any member of your immediate family ever attended any of these universities or been employed by any of these universities?

24.    Have any of you or has anyone you know well ever been involved in litigation in any way, either as a party, witness, or juror?

25.    As you heard, this is a patent infringement case. Does anyone here have knowledge of patents or the process of applying for a patent?

26.    Have you or has anyone you know well ever been employed by the United States Patent and Trademark Office?

27.    Do you hold any opinions about the U.S. Patent and Trademark Office that might keep you from being a fair and impartial juror?

28.    Do you have any opinions about the relationship between patents and the public interest that might keep you from being a fair and impartial juror?

29.    Have you or anyone in your immediate family ever applied for or obtained a patent in the U.S. or abroad?

30.    Have you or any member of your immediate family ever had an experience with patents or the patent system that has resulted in feelings that might keep you from being a fair and impartial juror?

31.    Have you or has anyone you know well ever applied for a patent at the Patent and Trademark Office?

32.    Have you or has anyone you know well been involved in patent litigation?

33.     Have you ever worked at a company that has accused another entity or has been

accused of infringing a patent?

34.     Do you believe companies frequently try to infringe or violate the patent rights of

other companies?

35.     Have you ever worked as a software engineer or electrical engineer?

36.     Have you ever served as a juror in a criminal or a civil case or as a member of a grand

jury in either a federal or state court?

37.     Have you or has anyone in your immediate family ever served on a jury in a case

involving a United States or foreign patent?

38.     Have you or has anyone in your immediate family ever participated in a lawsuit as a

party or in any other capacity (such as a plaintiff, defendant, or witness)?

39.     Is there any member of the panel who has any special disability or problem that

would make serving as a member of the jury difficult or impossible?

40.     Do you have any negative opinion or feeling about people or corporations that file

lawsuits asking for monetary compensation or do you think that the amount of money

a jury can award in a trial should have a limit?

41.     Do you have difficulty reading or understanding English?

42.     If you are selected to sit on this case, will you be able to render a verdict solely on the

evidence presented at the trial and in the context of the law as I will give it to you in

my instructions, disregarding any other ideas, notions, or beliefs about the law you

may have or that you may have encountered in reaching your verdict?

43.     Having heard the questions put to you by the Court, does any other reason suggest

itself to you as to why you could not sit on this jury and render a fair verdict based on

the evidence presented to you and in the context of the Court's instructions to you on the law?

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC,<br><br>                    Plaintiff,<br><br>     v.<br><br>SCHRADER-BRIDGEPORT INTERNATIONAL, INC. d/b/a SCHRADER INTERNATIONAL, INC.; SCHRADER ELECTRONICS LTD.; and SCHRADER ELECTRONICS, INC.,<br><br>                    Defendants. | C.A. No. 13-763-GMS<br><br>JURY TRIAL DEMANDED |

**EXHIBIT 21**

**BRIDGESTONE'S LIST OF EVIDENTIARY ISSUES**

     1.     Schrader should be precluded from presenting to the jury any argument, evidence, or suggestion of, or otherwise referencing, any other litigation, including:

     a.   Bridgestone/Firestone/Ford rollover accidents or any litigation relating to such accidents.

     b.   The litigation between Bridgestone and Computer Methods Corporation ("CMC").

     c.   Any litigation instituted by or involving ███████████, or any related entities.

     2.     Schrader should be precluded from presenting to the jury any argument, evidence, or suggestion of, or otherwise referencing, its equitable defense that Bridgestone's claims should be barred or limited due to laches (including, e.g., ██████████████████ ████████████████████████).

1

3.      Schrader should be precluded from presenting to the jury any argument, evidence, or suggestion, or otherwise referencing arguments that Schrader's accused products do not infringe Bridgestone's patents because they are covered by Schrader's own patents, or referencing the fact that it owns patents that purportedly cover its products other than as necessary to advance properly-disclosed invalidity arguments based on Schrader prior art patents (if any), or to respond to damages arguments relating to Schrader's purchase of U.S. Patent No. 7,518,495.

4.      Schrader should be precluded from presenting any evidence, argument, or suggestion of, or otherwise referencing arguments inconsistent with the Court's claim construction, including Dr. Mihran's opinion that the Schrader accused products are not "tire tags" because they are not "disposed," "in," "inside of," or "within" a vehicle tire.

5.      Schrader should be precluded from presenting any evidence, argument, or suggestion of, or otherwise referencing, opinions not properly disclosed or supported by Mr. Kell in his expert reports, including opinion, evidence or argument regarding:  (1) anticipation of the asserted claims; (2) obviousness based on combinations not specifically identified by Mr. Kell; (3) obviousness based on combinations for which Mr. Kell has not articulated any rationale for the particular combination of references; (4) invalidity based on U.S. Patent Nos. 6,271,748 (Derbyshire) or 5,853,020 (Widner), alone or in combination; and (5) invalidity arguments based on testimony concerning Schrader's  "Gen2" products that is not corroborated by documentary evidence prior to one year before the effective filing date of the invention, (i.e., the 102(b) bar date).

6.      Schrader should be precluded from presenting any evidence, argument, suggestion of, or otherwise referencing, the argument that either of the patents-in-suit is not

2

entitled to an effective filing date of July 26, 2000, the date on which the corresponding provisional patent application was filed.

7.      Schrader should be precluded from presenting to the jury any argument, evidence, or suggestion of, or otherwise referencing, the argument that ███████████████████, or any other entity besides Bridgestone, has an ownership interest in the patents-in-suit.

8.      Schrader should be precluded from presenting to the jury any argument, evidence, or suggestion of, or otherwise referencing, any defense that Bridgestone's patents are invalid due to anticipation, lack of written description, lack of enablement, or indefiniteness.

9.      Schrader should be precluded from presenting to the jury any evidence or argument concerning non-infringement opinions by Mr. Kell or invalidity opinions offered by Dr. Mihran.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC, | ) ) ) | |
| Plaintiff, | ) ) ) | C.A. No. 13-763 (GMS) |
| v. | ) ) | |
| SCHRADER-BRIDGEPORT INTERNATIONAL, INC. d/b/a SCHRADER INTERNATIONAL, INC.; SCHRADER ELECTRONICS LTD.; and SCHRADER ELECTRONICS, INC., | ) ) ) ) ) ) | |
| Defendants. | ) | |

**EXHIBIT 22**

**SCHRADER'S LIST OF EVIDENTIARY ISSUES**

Schrader will seek preclusion of the following:

1.      Presentation by Bridgestone to the jury of any argument, evidence, suggestion of, or other reference to any infringement theory that was not disclosed in Bridgestone's infringement contentions ("Claim Charts") including:

a.      That the ███████████████████████████████ constitutes the microprocessor "lower clock speed" for purposes of satisfying the "partially awakening/partially awakens" claim limitation ('476 patent, claims 1, 2, 100 ("initiate a low-speed clock"), 136; '885 patent, claims 12, 25, 39, 67, 69, 70, 71, 76, 77, 83, 84, 88, 92);

b.      That the ███████████████████ constitutes the microprocessor "higher clock speed" for purposes of satisfying the "fully awakens/fully awakening" claim limitation ('476 patent, claims 1, 2, 136; '885 patent, claims 12, 25, 39, 67, 69, 70, 71, 76, 77, 83, 84, 88, 92).

2.      Presentation to the jury of any evidence or argument concerning opinions not properly disclosed or supported by Dr. Bagherzadeh in his expert reports, including opinions regarding any theory of infringement based on the doctrine of equivalents and secondary considerations of non-obviousness.

3.      Presentation to the jury of any evidence or arguments concerning the doctrine of equivalents.

4.      Presentation to the jury of any evidence or arguments concerning secondary considerations of non-obviousness.

5.      Presentation to the jury of any argument, evidence, or suggestion that Schrader infringes (or has ever infringed) U.S. Patent No. 5,562,787 ("the '787 patent"), which is no longer asserted in this case.

6.      Presentation to the jury of any argument, evidence, or reference regarding the "B-Tag" product manufactured by Bridgestone Japan and sold in the United States by Bridgestone.

7.      Presentation to the jury of any evidence, argument, or other reference to any sales or advertising by Schrader of alleged infringing products in any country or region other than the United States.

8.      Presentation to the jury of any evidence, argument, or other reference to any foreign legal or administrative proceedings involving foreign counterpart patents to the patents-in-suit, including the actions pending in Germany between the parties concerning the foreign counterpart to the '885 patent.

9.      Presentation to the jury of any evidence, argument, or other reference to the acquisition of Schrader by Madison Dearborn Partners and/or Sensata Technologies B.V.

10.     Presentation to the jury of any evidence, argument, other reference to any prior legal actions for alleged patent infringement involving Schrader, including prior litigation involving Schrader and Continental Automotive Systems.

11.     Presentation to the jury of any opinions from Dr. Becker, given his failure to satisfy the total market value rule or apply any apportionment analysis.  At the very least, Bridgestone should be precluded from presenting any evidence or argument relating to any opinions from Dr. Becker that are not presented or supported in his expert reports.